UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.0:24-cv-61886

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants.

_____/

## COMPLAINT

Plaintiff, XYZ Corporation (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" (herein collectively referred to as "Defendants"), which will be filed as an exhibit hereto under seal, and in support thereof, states as follows:

## INTRODUCTION

1. This case involves copyright infringements pursuant to the Copyright Act, 17 U.S.C. § 101 et seq.

2. Plaintiff holds one (1) U.S. copyright registration for a 2-D visual art image. The image has been registered with the United States Copyright Office and protected from infringement under federal copyright law.

3. Without Plaintiff's permission or license, Defendants are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of Plaintiff's copyrighted art within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs").

4. As a result, Plaintiff is enduring continuous damages to its copyrights at the hands of the Defendants herein, who unlawfully reproduce Plaintiff's copyrighted artwork to sell for substantial profits. Furthermore, the goodwill associated with Plaintiff's copyrighted artwork is being harmed by Defendants tricking and confusing the public.

5. In summary, Plaintiff has spent significant amounts of resources in connection with copyright enforcement efforts, including legal fees and investigative fees to battle the harm caused by Defendants' counterfeit actions.

## PARTIES

6. Plaintiff is a Limited Company of China, and is otherwise sui juris.

7. Plaintiff is the author and owner of a visual 2-D artwork copyright (hereinafter "Copyrighted Art") registered with the United States Copyright Office. A true and correct

copy of Plaintiff's Copyright will be attached to the Amended Complaint as Exhibit 1 (filed under seal).

8. Upon information and belief, Defendants are individuals, partnerships and/or business entities of unknown makeup, who either reside and/or operate in foreign jurisdictions.

9. Defendants target their business activities towards consumers throughout the United States, including Florida and this District using the operation of Internet based e-commerce stores, such as Amazon.com, via Internet marketplace websites using their Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiff.

10. Upon information and belief, Defendants distribute products from foreign jurisdictions and ship their goods to fulfilment centers within the United States to redistribute their products from those locations to the American consumer.

11. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

12. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing unauthorized reproductions or derivative works of one or more of Plaintiff's Copyrighted Art unless preliminarily and permanently enjoined.

13. Plaintiff has and will continue to suffer damages as a result of Defendants' copyright infringements unless injunctive and monetary relief is awarded by this Honorable Court.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this case pursuant to the Federal Copyright Act, 17 U.S.C. § 101 et seq., and 28 U.S.C. §§ 1331 and 1338.

15. Defendants are subject to personal jurisdiction in this district because they purposefully direct their sales of goods, utilizing Plaintiff's Copyright, to Florida residents by operating stores through online Platforms that offer shipping within the United States, including Florida and this District. The Defendants infringe Plaintiff's Copyright in this District by manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing unauthorized reproductions of Plaintiff's Copyright through such Internet based e-commerce stores and fully interactive commercial Internet websites and Plaintiff's claims arise out of these activities.

16. Venue is proper over Defendants in this District pursuant 28 U.S.C. § 1391 and 28 U.S.C. § 1400, since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this District by advertising, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Copyright into this District and the Defendants are subject to personal jurisdiction within this District with respect to the action brought herein.

## GENERAL ALLEGATIONS

17. Plaintiff has filed this lawsuit against Defendants to enjoin online copyright infringers who trade upon Plaintiff's valuable copyrights by offering to sell and/or selling unauthorized copies of Plaintiff's federally registered Copyrighted Art.

18. Plaintiff's Copyright registration is valid, in full force and effect, unrevoked and uncanceled.

19. Plaintiff's registration of the Copyrighted Art pre-dates Defendants' infringement thereof. See Plaintiff's Certificates of Registration with the U.S. Copyright Office attached hereto as Exhibit 1.

20. Plaintiff's registration of the Copyrighted Art is valid, in full force and effect, unrevoked and uncanceled. This registration constitutes a prima facie evidence of validity and of Plaintiff's exclusive rights to the Copyrighted Art pursuant to 17 U.S.C § 410 (c).

21. Upon information and belief, Defendants are advertising, offering for sale, selling, and/or distributing unauthorized copies of Plaintiff's Copyrighted Art in U.S. interstate commerce.

22. Defendants offer to sell exact copies and/or confusingly similar copies of Plaintiff's Copyrighted Art (hereinafter referred to as the Defendants' "Counterfeit Copies") through Internet based e-commerce stores operating under the Seller IDs.

23. Upon information and belief, Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Copies without authority to use the Copyrighted Art.

24. Defendants solicit, market, and advertise the Counterfeit Copies based on depictions, presentations, photographs, and/or images that are identical or substantially similar to Plaintiff's Copyrighted Art.

25. At all times relevant hereto, Defendants knew or should have known of Plaintiff's ownership of the Copyrighted Art, including its exclusive right to use and license such intellectual property.

26. Defendants' use of Plaintiff's Copyrighted Art to create the Counterfeit Copies, is without Plaintiff's consent or authorization.

27. Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or wilful blindness to Plaintiff's rights. If Defendants' wilful and intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

28. Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias seller identification names being used and/or controlled by them.

29. Upon information and belief, Defendants continuously create new websites and online marketplace accounts using the Seller IDs listed in Schedule A (Exhibit 2 to the Complaint - filed under seal), as well as other unknown fictitious names and addresses.

30. Further, upon information and belief, Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff in order to avoid being detected and shut down.

31. Plaintiff has no adequate remedy at law.

32. Plaintiff is suffering irreparable harm, injury and substantial damages directly and proximately caused by Defendants' unauthorized and wrongful use of Plaintiff's Copyrighted Art.

33. Defendants must be enjoined from continuing to advertise, distribute, offer for sale and/or sell images that directly infringe on Plaintiff's copyright protections pursuant to federal copyright law.

## COUNT I
## COPYRIGHT INFRINGEMENT

34. Plaintiff reincorporates and realleges paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Plaintiff has valid copyright ownership of the Copyrighted Art (See Exhibit 1) at issue in this lawsuit, pursuant to the Copyright Act, 17 U.S.C. §411. The registration for Plaintiff's Copyrighted Art is valid, subsisting, unrevoked and unconcealed.

36. Pursuant to the Copyright Act, Plaintiff has the exclusive rights and privileges to reproduce, prepare derivative works, distribute copies, and import copies into the Unites States of Plaintiff's Copyrighted Art. See 17 U.S.C. §106.

37. Without Plaintiff's authorization, Defendants have infringed one or more of Plaintiff's exclusive rights relating to the federally registered Copyrighted Art. See 17 U.S.C. §106.

38. Defendants copied, displayed and/or prepared derivative works of Plaintiff's Copyrighted Art through their advertising, distributing, offering for sale, and selling of Defendants' Counterfeit Copies in violation of Plaintiff's exclusive rights. See 17. USC. § 106.

39. Defendants are directly liable for infringing Plaintiff's Copyrighted Art under the Copyright Act, 17 U.S.C. §§ 106(1), (2), (3), (5) & 501.

40. The foregoing acts of infringement have been wilful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights in the Copyrighted Art.

41. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights, Plaintiff is entitled to actual damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

42. Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching themselves at Plaintiff's expense.

43. Consequently, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c), or such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

44. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

45. Furthermore, Plaintiff is entitled to injunctive relief, as set forth below, because of the continuing infringements of Plaintiff's Copyrighted Art and because of the significant threat of future infringement as evidenced herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment, an award of equitable relief and monetary relief against Defendants as follows:

A. Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C.§ 502(a), and Federal Rule of Civil Procedure 65; enjoining Defendants, their affiliates, officers, agents, representatives, servants, employees, and all persons acting in concert or participation therewith, from using Plaintiff's Copyrighted Art in manufacturing or causing to be manufactured, producing, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Copies; from infringing, counterfeiting, and from using any reproduction, counterfeit, copy, or colourable imitation of the Copyrighted Art in connection with the publicity, promotion, offer for sale, sale, or advertising of any goods sold by Defendants.

B. Entry of an order pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority, that upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, associated ecommerce stores and websites, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing infringements of Plaintiff's Copyrighted Art. The Internet marketplace platforms include but are not limited to; Amazon, ebay, Wayfair.

C. Entry of an Order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority, that upon Plaintiff's request, any Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court, identify any name, address and e-mail address known to be associated with Defendants' respective Seller IDs.

D. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing infringements of the Copyrighted Art via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Copyrighted Art associated with and/or linked to the same sellers or linked to any other alias seller identify cation names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing infringements of the Copyrighted Art.

E. Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

F. Entry of an Order requiring Defendants to account and pay Plaintiff for all profits and damages resulting from Defendants' copyright infringements, together with appropriate interest thereon; that Defendants be required to account to Plaintiff for, and disgorge to Plaintiff, and to pay to Plaintiff, all the gains, profits, savings and advantages realized by Defendants from their acts of copyright infringement described above; or, at Plaintiff's election, that Plaintiff be awarded statutory damages from Defendants for all infringements involved with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than seven hundred and fifty ($750.00) or more than thirty thousand ($30,000.00) as the court considers just pursuant to 17 U.S.C. § 504 (c)(1), or if the infringement was committed wilfully, the court in its discretion may increase the award of statutory damages to a sum of not more than one hundred and fifty thousand dollars ($150,000.00) per each registered Copyrighted Art infringed, as provided by 17 U.S.C. § 504 (c)(2).

G. Entry of an award, pursuant to 17 U.S.C. § 505, of Plaintiff's costs, disbursements, and reasonable attorneys' fees, associated with bringing this lawsuit.

H. Entry of an award of prejudgment interest on the judgment amount.

I. Entry of an Order for such other and further relief as the Court may deem just and

Respectfully submitted on this 10th day of October, 2024.

**FELDENKRAIS LAW, P.A.**

Attorneys for Plaintiffs

20533 Biscayne Blvd. Suite 469

Aventura, FL 33180

Telephone: (305) 528-9614

Email: mfeldenkrais@gmail.com

By:/s/ Michael Feldenkrais, Esq.

Florida Bar No. 991708