UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 0:24-cv-61886

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants.

_____/

**PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO FILE UNDER SEAL AND TO TEMPORARILY PROCEED UNDER PSEUDONYM**

Plaintiff, XYZ Corporation (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, hereby moves *ex parte* for this Honorable Court under S. D. Fla. L. Rule 5.4(b), to grant leave authorizing it to file under seal Schedule "A" which lists the defendants, individuals, partnerships, and unincorporated associations of Plaintiff's Complaint. (ECF No. 1) as well as the other documents identified herein, and to temporarily proceed under a pseudonym until such time as Defendants are notified of this lawsuit. Various law firm has been showcased in several Chinese IP defense websites and if not allowed to proceed under pseudonym temporarily, its case is in peril (see below links and argument). In support of its request, Plaintiff states as follows:

**INTRODUCTION:**

1. Plaintiff has filed the Complaint in the instant case alleging Copyright ("Plaintiff's IP Rights") infringement from e-commerce sellers that manufacture, market, solicit, distribute, offer for sale and/or display content infringing on Plaintiff's IP Rights through various e-

1

commerce platforms, including but not limited to Amazon, Walmart, eBay and others. [ECF No. 1].

2. Plaintiff moves to file the following documents under seal:

   (i) Plaintiff's Amended Complaint, which will identify and include additional allegations regarding Plaintiff;

   (ii) Schedule "A" to the Amended Complaint which lists with specificity the defendants, individuals, partnerships, and unincorporated associations in Plaintiff's Complaint as Exhibit 3;

   (iii) Copies of Plaintiff's copyright registration with relevant samples attached to the Amended Complaint as Exhibits 1;

   (iv) Web page captures of the Defendants' infringing e-commerce listings subject of Plaintiff's IP infringement claim;

   (v) Summons;

   (vi) Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets & Incorporated Memorandum of Law and its accompanying Declarations, including by Plaintiff's representative and Proposed Order;

   (vii) Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) & Incorporated Memorandum of Law and its accompanying Declarations (including by Plaintiff's representative) and Proposed Order;

   (viii) Plaintiff's Motion for Leave to Conduct Expedited Third Party Discovery and Memorandum of Law and Proposed Order.

3. Plaintiff has not effectuated service of the Complaint (ECF No. 1) at the time of this filing. Upon consideration and granting of the present *Ex Parte* Motion for Leave to File Under Seal and to Temporarily Proceed under Pseudonym, Plaintiff will submit its Motion for Alternate Service of Process requesting leave to serve the Seller IDs identified on Schedule

"A" by email and website posting because the majority are believed to be foreign nationals or entities operating in a foreign jurisdiction.

4. Sealing this portion of the file is necessary to prevent Defendants from learning of these proceedings prior to the completion of Plaintiff's investigation but most importantly, subsequent application for and execution of a temporary restraining order to include a temporary asset restraint.

5. Furthermore, if Defendants learn of Plaintiff's identity before Plaintiff completes its investigation, Defendants will be able to determine which copyright is at issue in this lawsuit and will be able to evade prosecution for their infringements of Plaintiff's IP rights.

6. In fact, if Defendants were to learn of Plaintiff's identity or of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the concealment, dissipation, hiding and or transferring of assets which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief.

7. Foreign defendants dealing in counterfeit goods routinely work together in avoiding prosecution for their infringements of U.S. intellectual property. For example, in China there are multiple chats (We Chats) and websites, such as "Seller Defense", which post intellectual property infringements lawsuits in various districts within the United States in an effort to aid the infringing defendants in undermining the plaintiff's efforts of enforcing their U.S. intellectual property rights. *See* Seller Defense, https://sellerdefense.cn/allcase-2023/ (last visited September 23, 2024).

8. Various counsel have also been previously involved in filing lawsuits against various intellectual property infringers and the details of such counsels has been featured on the Chinese Seller Defense website to warn defendants against freezing assets in lieu of such similar intellectual property infringement lawsuits filed in the Southern District of Florida. Seller Defense posted on its website material that had been filed under seal in this District to warn defendants against various counsels regarding freezing assets. *See* https://sellerdefense.cn/allcase-2023/ (last visited September 23, 2024).

9. Once Plaintiff has completed its investigation, the anticipated temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will file an Amended Complaint, if necessary, which identifies Plaintiff and Defendants and their online marketplace accounts and will move to unseal these documents and to serve Defendants via electronic service of process.

10. Finally, Plaintiff respectfully requests for this case to be sealed until this Court has ruled on the motions identified in ¶ 2(i)-(viii), above.

## MEMORANDUM OF LAW

Pursuant to Local Rule 5.4(b) and (d), Southern District of Florida, this Court may grant leave to file documents under seal and by *ex parte* request where the moving party: sets forth the factual and legal basis for departing from the policy that Court filings are public, describes the information or documents to be sealed (the "proposed sealed material") with particularity, and specifies the proposed duration of the requested sealing. The public generally has a right of access to judicial records, but the right to access can be overcome by a showing of good cause, which "balances the asserted right of access against the other party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1309 (11th Cir. 2001).

Furthermore, while not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously. *Doe v. Megless,* 654 F. 3d 404 (3d Cir. 2011). The Eleventh Circuit held, Fed. R. Civ. P. 10 (a) "protects the public's legitimate interest in knowing all the facts involved, including the identity of the parties" but the rule is not absolute and a party may proceed under a pseudonym only in exceptional cases. *Plaintiff B v. Francis*, 631 F. 3d 1310, 1315 (11th Cir. 2011). However, under certain special circumstances parties are allowed to use fictitious names. *Id.* at 1320.

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously. *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*.

4

at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315–16). The court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff* B, 631 F.3d at 1316). The first step is three prongs: whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* (citing *Plaintiff B*, 631 F.3d at 1316). Two other factors to consider include whether the plaintiff "faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* (citations omitted).

Here, regarding the first step, none of the three prongs apply. This suit does not involve government activity or Plaintiff's illegal conduct. Nor can it be said that Plaintiff's disclosure of its real name in this IP Rights suit constitutes "information of utmost intimacy," which generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. See *Plaintiff B*, 631 F.3d at 1316, 1317; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). It is also undisputed that Plaintiff faces no threat of physical harm absent anonymity.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendants. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. In this case, there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff that potentially suffers economic harm and damage to its reputation by allowing Defendants—whose personal identities are essentially unknown—to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade prosecution.

If Defendants discover Plaintiff's identity they will act in concert to thwart enforcement of Plaintiff's intellectual property rights. Plaintiff requests to temporarily proceed under a pseudonym in this action until Defendants' e-commerce stores and financial accounts are restrained. These

assertions are based on the information shared on Chinese chats and websites such as SellerDefense dealing exclusively with violations of intellectual property, including in this very District. See Seller Defense, https://sellerdefense.cn/allcase-2023/ (last visited September 23, 2024). Additionally, the relief requested herein has been granted in similar cases in this District. Specifically, the court stated that "because it is clear that a foreign entity is monitoring the filings in this specific case in an effort to aid counterfeiters in evading prosecution, the Court finds that—in this unique situation—Plaintiff should be allowed to temporarily proceed under a pseudonym in the public filings." *See XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:23-cv-24601-CMA (S.D. Fla. December 18, 2023); *XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No.: 0:21-cv-60957-Singhal/Valle (S.D. Fla. May 10, 2021) (ECF No. 9); *see also XYZ Corporation v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A,* Case No.: 0:21-cv-61085-RAR (S.D. Fla. June 3, 2021) (ECF No. 9).

As stated above, Schedule "A" to the Complaint identifies the Defendants in the instant action by Seller ID, the e-commerce store URL link, and provides the internet listing subject of Plaintiff's IP Rights infringement. The true identity of these entities is unknown at this time and further investigation is required by the Plaintiff. However, based on the use of Chinese characters and foreign languages frequently used in the Seller IDs, e-commerce stores, email addresses, item descriptions and mailing addresses, the Plaintiff reasonably believes that the majority of the parties on Schedule "A" are either foreign nationals or operating from a foreign jurisdiction.

As a result, the failure to file Schedule "A" under seal may result in the entities moving assets and thereby preventing the collection or enforcement of any award for damages. The fact that the entities identified in Schedule "A" appear to be foreign nationals or entities based in foreign jurisdictions further complicates the collection or enforcement of any award for damages. In *Dell Inc. v. Belgium Domains, LLC,* No. 07-22674, 2007 WL 6862341, at *7 (S.D. Fla. Nov. 21, 2007), the Court granted a motion to seal where the defendants "will likely destroy evidence or move it out of the jurisdiction" if provided with advance notice.

Finally, Plaintiff requests that documents identified above ¶ 2(i)-(viii), remain under seal so that the Court has the opportunity to consider and rule on Plaintiff's *Ex Parte* Motion for Temporary Restraining Order, Motion for Alternate Service and Motion for Expedited Discovery. Once accounts have been restrained, the information of Defendants known and thereafter served, all pleadings and orders filed will be made available to Defendants, including the actual name of Plaintiff.

Plaintiff respectfully requests that the docket remain under seal until further order from this Court but that Plaintiff be permitted to continue to file electronically through CM/ECF.

WHEREFORE, Plaintiff respectfully requests for this Court to grant its *Ex Parte* Motion for Leave to File Under Seal and to Temporarily Proceed under Pseudonym. Respectfully submitted on this October 16, 2024-.

**FELDENKRAIS LAW, P.A.**

Attorneys for Plaintiffs

20533 Biscayne Blvd. Suite 469

Aventura, FL 33180

Telephone: (305) 528-9614

Email: mfeldenkrais@gmail.com

By:/s/ Michael Feldenkrais, Esq.

Florida Bar No. 991708