**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO. 0:24-cv-61886**

XYZ CORPORATION,

Plaintiff,                                                                 **FILED UNDER SEAL**

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants,

_____/

## NOTICE OF FILING UNDER SEAL DECLARATION OF PLAINTIFF

Plaintiff, by and through undersigned counsel, hereby notices his filing under seal, pursuant to Court Order (ECF No. 10), of Declaration of Plaintiff in Support of Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction and Order Restraining Transfer of Assets.

Respectfully Submitted this 13th day of November, 2024.

                                                    **FELDENKRAIS LAW, P.A.**
                                                  Attorneys for Plaintiffs
                                                  20533 Biscayne Blvd. Suite 469
                                                  Aventura, FL 33180
                                                  Telephone: (305) 528-9614
                                                  Email: mfeldenkrais@gmail.com
                                                  By: /s/ Michael Feldenkrais, Esq.
                                                  Florida Bar No. 991708

1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 0:24-cv-61886

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants,

_____/

**DECLARATION OF GUANGZHOU TINPOD ELECTRONIC TECHNOLOGY CO., LTD. IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND ORDER RESTRAINING TRANSFER OF ASSETS**

I, _Mingzhi Cao_ declare, and state as follows:

1. I am over 18 years of age; am a citizen of China and I have personal knowledge of the facts set forth herein.

2. I make this declaration in support of Guangzhou tinpod Electronic Technology Co., Ltd. (hereinafter "Plaintiff") Ex Parte Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Motion for Injunction").

3. If called upon to do so, I could and would competently testify to the following facts set forth below.

2

## GUANGZHOU TINPOD ELECTRONIC TECHNOLOGY CO., LTD. COPYRIGHT RIGHTS

4. Guangzhou tinpod Electronic Technology Co., Ltd. registered with the United States Patent and Trademark Office Copyright, No. VAu 1-517-249, for 2-dimensional artwork for Black Castor Oil 1, Black Castor Oil 2, Black Castor Oil 3 and Black Castor Oil 4 (hereinafter "Plaintiff's Copyright"). A true and correct copy of the federal patent registration and accompanying images are attached to the Plaintiff's Complaint.

5. Plaintiff owns all rights, title and interest to the Copyright, No. VAu 1-517-249, for 2-dimensional artwork for Black Castor Oil 1, Black Castor Oil 2, Black Castor Oil 3 and Black Castor Oil 4.

6. Plaintiff has expended time, money and other resources in creating, developing, and otherwise drawing the "Plaintiff's Copyright".

7. Plaintiff suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or offer to sell goods using identical or substantially similar copies incorporating and infringing the "Plaintiff's Copyright".

8. The harm caused by Defendants is both a monetary loss and a damage to the goodwill of the "Plaintiff's Copyright".

9. Plaintiff discovered Defendants were manufacturing, promoting, advertising, offering for sale and/or selling goods using the "Plaintiff's Copyright", without authorization through e-commerce stores operating under the seller identities named in Schedule A attached to the pleadings as an Exhibit.

10. Plaintiff conducted a search which has established that Defendants are using various storefronts including but not limited to; Amazon, eBay, and Walmart e-commerce platforms, to sell and offer to sell products to consumers in the United States and the State of Florida, including the Southern District of Florida, utilizing the "Plaintiff's copyright" without authorization.

11. Prior to filing this lawsuit, Plaintiff or someone under its direction and supervision personally accessed Defendants' Internet based e-commerce stores operating under their respective seller identifications through the Amazon, Walmart, and e-bay e-commerce platforms, as identified on Schedule A (hereinafter "Seller IDs"), attached to the pleadings as an Exhibit.

12. Upon accessing each of the e-commerce stores, either Plaintiff or someone under its direction and supervision was able to view advertisements for products utilizing the "Plaintiff's Copyright", add products to the online shopping cart, and proceed to a point of checkout, for each of Defendants' e-commerce store. Web page captures and screenshots were taken of the infringing products and orders were initiated via each Defendants' Seller IDs.

13. Prior to filing this lawsuit, Plaintiff or someone under its direction and supervision analyzed each of the screenshots and photographs of the products shown, as they appeared on Defendants' online e-commerce stores, and determined that products are being offered for sale to residents of the United States and the State of Florida using unauthorized and infringing copies of the "Plaintiff's Copyright".

14. Plaintiff has not assigned, licensed or authorized any of the Defendants to use the "Plaintiff's Copyright".

**IRREPARABLE INJURY**

15. Every time Defendants offer to sell and/or sell a product using the "Plaintiff's Copyright" there is a direct loss to Plaintiff.

16. Monetary damages cannot adequately compensate for Defendants' ongoing infringement because monetary damages fail to address the loss of control over Plaintiff's intellectual property and goodwill.

17. The ability of Defendants to manufacture, reproduce, modify, distribute and/or display unauthorized 'copies' of the "Plaintiff's Copyright" for their own commercial benefit without compensation to Plaintiff impairs the market value of the "Plaintiff's Copyright" since others competing with Defendants' businesses, or in related business areas, will not want to obtain a license the "Plaintiff's Copyright" if it is already associated with a competing business. In addition, potential licensees of the "Plaintiff's Copyright" will not want to pay license fees if they see other commercial enterprises taking and using my copyright in 2-dimensional artwork for their own commercial purposes without paying any fee at all.

18. Loss of quality control over goods sold utilizing the "Plaintiff's Copyright" without authorization is neither calculable nor precisely compensable.

19. As a result of Defendants flooding the e-commerce marketplace with unauthorized products bearing the "Plaintiff's Copyright", it is highly probable that Plaintiff will continue to suffer irreparable harm unless Defendants' infringing activity is stopped.

I, declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on this 13 day of November, 2024.

*Mingzhi Cao*

Name: Mingzhi Cao

On behalf of Guangzhou tinpod Electronic Technology Co., Ltd.

## DECLARATION BY THE COPYRIGHT OWNER

### TO WHOM IT MAY CONCERN

We, **Guangzhou tinpod Electronic Technology Co., Ltd.**, the sole author of the copyright filed and registered with United States office of Copyright with the registration number VAu 1-517-249, hereby declare the following,

1. We have published Four photographs of Black Castor Oil in 2022;
2. We have filed the copyright application for these Four photograph on November 20, 2023;
3. We received the registration certificate on January 31, 2024 with registration number VAu 1-517-249;
4. The Four photographs have been mentioned in Annexure A.

We further declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. We also acknowledge that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C. 1001) and may jeopardize the validity of the application or any patent issuing thereon.

Date: September 25, 2024

Respectfully,

Authorised Signatory: **Mingzhi Cao**

Designation: _Manager_

Signature: _Mingzhi Cao_

Page 1 of 1

**Annexure A**







