## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

**Case No.: 0:24-cv-61886**

XYZ CORPORATION,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants,

_____/

### SEALED ORDER ON PLAINTIFF'S
### *EX PARTE* MOTION FOR ORDER AUTHORIZING
### ALTERNATE SERVICE OF PROCESS ON DEFENDANTS
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)

**THIS CAUSE** comes before the Court upon Plaintiff's Ex-Parte Motion Authorizing Alternative Service of Process on the Defendants (the "Motion"), ECF No. [16].  The Court has reviewed the motion and is otherwise duly advised and for the reasons stated herein, said motion is **GRANTED**.

On October 10, 2024, Plaintiff Guangzhou tinpod Electronic Technology Co., Ltd., proceeding anonymously in this case as XYZ Corporation ("Plaintiff"), filed the present action for copyright infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying, soliciting for sale, and using Plaintiff's federally registered copyright or a substantially similar reflection thereof, in violation of federal copyright law.  ECF No. [1]. Plaintiff subsequently amended the complaint on October 28, 2024.  ECF No. [11].

In its Motion, Plaintiff requests an order authorizing service of process on Defendants by e-mail service and website posting.  Plaintiff alleges that electronic service by these means is sufficient to provide notice to Defendants, who are believed to reside in or operate from the People's Republic of China ("China") or other foreign nations and have established Internet-based businesses and utilize electronic means as reliable forms of contact.  *Id.*; *see also* ECF No. [13] at ¶ 9.

Plaintiff requests leave of Court to serve process on Defendants via electronic mail ("email") and website posting.  Federal Rule of Civil Procedure Rule 4(h) outlines the proper means of service upon foreign corporations, including "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f), except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).  An alternative method of service under Rule 4(f)(3) is available without first attempting service by other means.  *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).  "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

The Court finds that alternative service of process under Rule 4(f)(3) is warranted, and the means of service proposed by Plaintiff are acceptable.  Rule

4(f)(3) permits the court to order service by any means not prohibited by international agreement, as long as the method of service comports with constitutional notions of due process. Although the United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), the Hague Convention does not specifically preclude service by e-mail and website posting. The Court notes that China has declared that it opposes to the alternative means of service outlined in Article 10 of the Hague Convention. However, the objection is specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via e-mail or website posting. Where a signatory nation to the Hague Convention has objected to an alternative means of service, that objection is limited to those specific means and does not represent an objection to other forms of service, such e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to one means of service under the Hague Convention "does not equate to an express objection" to other means of service). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service if the signatory nation at issue has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement.

Additionally, due process is not offended by the proposed methods of service. Defendants have at least one known and valid form of electronic contact, and Plaintiff has created a website for the sole purpose of providing notice of this

action to Defendants. The address to this website will be provided to Defendants through their known e-mail accounts and onsite contact forms embedded in Defendants' respective e-commerce stores or websites. Service by e-mail and website posting is therefore reasonably calculated, under all circumstances, to apprise Defendants of the pending action and afford them an opportunity to respond. Moreover, these are the most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses.

Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting. Accordingly, it is **ORDERED AND ADJUDGED** that the Motion is **GRANTED**. Plaintiff is permitted to serve the Summonses, Amended Complaint, and other filings and discovery in this matter upon each Defendant by:

a. sending emails to each Defendant via the e-mail accounts provided by each Defendant as part of the data related to their respective e-commerce stores, including customer service e-mail addresses and onsite contact forms, or by the ecommerce platform e-mail for each of the e-commerce stores, and in the email providing the address to Plaintiff's designated website to Defendants; AND

b. publicly posting a copy of the Summonses, Amended Complaint, and all filings in this matter on the Plaintiff's designated website found at https://www.dropbox.com/scl/fo/dh2rehfj2aq8iml74aq6y/AC_3AOj1_ UG9eFflS6R9OJ0?rlkey=04bdkwic0l7yg4ugf1rfg1awl&dl=0.

**DONE AND ORDERED** in Miami, Florida this 2nd day of December, 2024.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**