UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61886-JB

XYZ CORPORATION,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

## DEFENDANT'S UNOPPOSED EMERGENCY MOTION TO CONTINUE THE PRELIMINARY INJUNCTION HEARING
*December 12, 2024*

Defendants, SHANWU, KuiyaShangmao, Libanshangmao, Yongxudedian, Lihaitengshisanzhan, FCZJYUS, Shengzhenshifeikoushengwukejiyouxiangongsi, Stellar Express, Li521322101, Mianyangchuangshiyou, Beauty Nature, Tangxiashangmao, Yep US, Mcukv Beauty, Aliver Official, Elaimei, SEFUDUN, and Oimmal (collectively, "Aliver"), by and through their attorney, Griffin Klema, Esq., move on an emergency basis pursuant Local Rule 7.1(d)(1) to continue the preliminary injunction hearing set for Thursday, December 12, 2024, at 10:30 AM, as set in the Court's temporary restraining order, DE 19 at 10-11. The Aliver defendants seek a ruling on this motion by 8:00 PM today.

On December 11, 2024, at approximately 9:56 PM, local time in China (10:56 AM Eastern time), defendants Aliver received an email with a DropBox link containing ten files. Among those files is the Court's (still sealed) temporary restraining order, DE 19 ("TRO"), as well as eight other documents:



While defendants were aware of the existence of the lawsuit prior to receiving the link and the documents, they only received the TRO with less than 24 hours' advance notice of the December 12, 2024, PI hearing. The TRO document in the DropBox shows

that it was modified at approximately the same time as defendants received the email form "Eservice Feldenkrais Law" <eservice@feldenkraislawpa.com>. A redacted copy of that email is attached hereto as Exhibit A.

Presently, defendants have not even received a copy of plaintiff's sealed, ex parte motion for preliminary injunction, let alone a summons. Under no circumstances could the Aliver defendants be prepared to defend against the relief sought by plaintiff at tomorrow's hearing. Nor has its counsel had time to prepare an adequately-briefed motion on how proceeding with the hearing would violate their right to due process of law, aside from other procedural rules that in all likelihood have not been followed. For example, it is impossible for the Aliver defendants to comply with the Court's deadline for them to prepare a written opposition to the preliminary injunction, or preparing their evidence which they intend to present at same.

Additionally, the allegations of the plaintiff are false, with the complaint failing to state a claim for relief, and other very serious defects in this frivolous suit. All of these issues the Aliver defendants intend on presenting, and may further seek damages for plaintiff's improper request for a temporary restraining order and that damages that have resulted from plaintiff's baseless claim, including a claim on the bond posted by plaintiff.

More troublingly, the undersigned counsel, upon being engaged, contacted plaintiff's counsel pursuant to pre-filing conferral, and learned that plaintiff's counsel, Mr. Feldenkrais, was unaware of the hearing. Conferring with him, the parties agreed that the hearing should be continued, and the undersigned is authorized to represent that plaintiff does not oppose the relief sought in this motion.

Should the Court so require, the undersigned is available to provide a declaration

in support of the factual assertions contained herein.

**WHEREFORE**, the Aliver defendants respectfully request the Court continue the preliminary injunction hearing; if not continued, then for an order allowing counsel for the Aliver defendants to appear by telephonic means at the hearing; and for such further relief as the Court deems just and proper.

## CERTIFICATION OF EMERGENCY

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

## CERTIFICATE OF CONFERRAL

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and is authorized to represent that plaintiff does not oppose the relief requested in this motion.

        /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendants*