UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 0:24-cv 61886

XYZ CORPORATION,

Plaintiff,                      **FILED UNDER SEAL**

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

_____/

## [proposed] SEALED ORDER AUTHORIZING EXTENSION OF TRO

THIS CAUSE comes before the Court upon Plaintiff's Motion Authorizing Extension of Temporary Restraining Order (hereinafter referred to as "TRO"), issued on December 2, 2024 (ECF No. 19). The Court has reviewed the motion and is otherwise duly advised and for the reasons stated herein, said motion is GRANTED.

On 10th October, 2024, Plaintiff Guangzhou tinpod Electronic Technology Co., Ltd. ("Plaintiff") filed the present action for Copyright infringement alleging that Defendants, through e-commerce stores operating under the seller identification names set forth on Schedule "A" (the "Seller IDs") (ECF No. 11), are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, using Plaintiff's federally registered

Copyright or a substantially similar reflection thereof, in violation of federal Copyright law. (ECF No.1).

In its Motion, Plaintiff requests an order authorizing Extension of TRO, issued on December 2, 2024 (ECF No. 19), for an additional fourteen days beyond its original expiration on December 16, 2024, for good cause shown, particularly in view of the lengthy submissions submitted by the parties on November 13, 2024. Fed. R. Civ. P. 65(b)(2); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 440 n.15 (1974). Plaintiff pleaded that an extension of time here will allow Plaintiff to obtain the required information and expedited discovery as setforth in the order to serve Defendants who will, in turn, have time to appear and respond to the TRO (ECF No. 19), Motion for a Temporary Restraining Order, (ECF No. 14), and will also allow for non-party financial institutions to confirm that Defendants' financial accounts have been restrained pursuant to the TRO, thereby safeguarding the court's directive and preserving the status quo. Good cause may exist when necessary to preserve the status quo and prevent irreparable harm while procedural or compliance challenges are addressed. *Cisco Systems v. Wuhan Wolon Communication Technology Co., Ltd,* 5:21-cv-04272-EJD, (N.D. Cal. Jul. 23, 2021). Further, extension can take place due to delays in obtaining third-party financial institution compliance. *XYZ Corp. v. Doe*, 75 Mass. App. Ct. 311 (Mass. App. Ct. 2009).

After careful consideration, the Court finds good cause to extend the TRO and continue the hearing on the Preliminary Injunction originally scheduled for December 16, 2024. Accordingly, it is hereby

**ORDERED** AND **ADJUDGED** as follows:

1. Plaintiff's Motion, [ECF No. 27], is **GRANTED**.

2. Plaintiff shall serve Defendants with this Order in accordance with the Court's instructions in the Order Granting Alternative Service, [ECF No. 10].

3.  In accordance with the Temporary Restraining Order, Plaintiff shall file a notice of compliance. See [ECF No. 19].

4.  Within **seven (7) days** of completing service, Plaintiffs must move to unseal Schedule "A" and add all of the Defendants as parties through CM/ECF.

**DONE AND ORDERED** in Miami, Florida on this ___ day of _____, 2024.

_____

Jacqueline Becerra

United States District Court Judge

cc: Counsel of Record