UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61886-JB

XYZ CORPORATION,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

## DEFENDANT SHENZHEN MOULIS ELECTRONIC CO., LTD.'S OPPOSITION TO PRELIMINARY INJUNCTION AND ORDER RESTRAINING TRANSFER OF ASSETS

    Defendant, Shenzhen Moulis Electronic Co., Ltd. ("Shenzhen Moulis") (associated with seller IDs on Schedule "A": SHANWU, KuiyaShangmao, Libanshangmao, Yongxudedian, Lihaitengshisanzhan, FCZJYUS, Shengzhenshifeikoushengwukejiyouxiangongsi, Stellar Express, Li521322101, Mianyangchuangshiyou, Beauty Nature, Tangxiashangmao, Yep US, Mcukv Beauty, Aliver Official, Elaimei, SEFUDUN, and Oimmal), by and through its undersigned attorneys, pursuant to the Court's Orders, DE 19 and 23, oppose Plaintiff's motion for preliminary injunction and an order restraining transfer of assets, DE 14, and in support thereof Shenzhen Moulis submits the following memorandum of law and supporting evidentiary facts.

### I.    INTRODUCTION

    Shenzhen Moulis Electronic Co., Ltd., is a company based in Shenzhen, China which specializes in the manufacture, wholesale and retail sale of various kinds of personal care and beauty products, such as cosmetics, makeup, oral care products, hair care products, etc., under its

own well-established brand and registered trademark, "ALIVER" (U.S. Registration Nos. 5,614,277 and 6,833,660). (Fu Decl., ¶ 5, Ex. A, p.2).

Guangzhou tinpod Electronic Technology Co., Ltd. ("Plaintiff"), like many other plaintiffs pursuing similar legal actions against numerous e-commerce sellers, has endeavored to consolidate hundreds of foreign defendants into a single lawsuit in an improper effort to extort small settlements from each. Their aim is to swiftly obtain not only injunctive relief to halt purported infringement but also to freeze the financial accounts of these foreign defendants held by e-commerce platforms such as Amazon, eBay, or Alibaba. Often, the frozen amounts far exceed the alleged gross sales of the products in question. This strategy relies on the fact that many defendants are small-scale enterprises located outside the U.S., hindered by language and cultural barriers or lacking the financial means to engage U.S. attorneys for their defense. Alternatively, these foreign defendants may recognize that the expenses associated with defending themselves often surpass the frozen funds. Consequently, alleged copyright owners such as Plaintiff pursue default judgments against absent defendants and petition for turnover orders, often without substantiating damages, effectively appropriating funds from these defendants in their absence.

Notably, the Temporary Restraining Order was entered before Shenzhen Moulis was served with the summons and complaint on December 11, 2024, only one day before the court's previously scheduled hearing for the Preliminary Injunction, thus depriving Shenzhen Moulis of the opportunity to file an opposition at an earlier time and mitigate against the ongoing and improper seizure and impoundment of its funds and storefronts. As a result of this lawsuit and the Temporary Restraining Order, Walmart has frozen **all** the funds in Shenzhen Moulis' accounts, not just amounts tied to any allegedly-infringing products, which in effect is shutting down Shenzhen Moulis' entire businesses, not just the small part of it allegedly at issue in this case. (Fu Decl., ¶

14, Ex. A, p.3).

More importantly, the evidence in this case will show that the alleged copyrighted (Pl. Ex. 1 of Amended Complaint) asserted by Plaintiff was not created by Plaintiff but was instead copied from Shenzhen Moulis's own works. At this early stage, Plaintiff cannot demonstrate a substantial likelihood of success on the merits to its claim for copyright infringement. There are serious questions going to both Plaintiff's purported ownership of the alleged copyrighted works and to the alleged access and copying by Shenzhen Moulis.

## II.  LEGAL STANDARD

A "preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 676 (2008). A district court should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Id.* at 20.

To obtain injunctive relief, the moving party is required to demonstrate: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant, and (4) that granting the injunction would not disserve the public interest. *Suntrust Bank v. Houghton Mifflin Company*, 268 F.3d 1257, 1265 (11th Cir. 2001); see also *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995). Plaintiff's moving papers fail to meet this standard, particularly the first part.

### III. ARGUMENT

#### A. PLAINTIFF WILL NOT PREVAIL ON THE MERITS TO ITS COPYRIGHT INFRINGEMENT CLAIM

Plaintiff's moving papers fail to establish a substantial likelihood of success on the merits. The element of a substantial likelihood of success is generally considered the "most important because granting a motion for preliminary injunction would be inequitable if the movant does not have a chance of success on the merits." *Skyjet, Inc. v. CSDS Asset Mgmt., LLC*, 2022 U.S. Dist. LEXIS 150264 *20 (S.D. Fla. Jul. 7, 2022) (quoting *Learning Experience Sys., LLC v. Foxborough Child Care, LLC*, No. 10-cv-80561, 2010 U.S. Dist. LEXIS 93867, 2010 WL 3565712, at *4 (S.D. Fla. Aug. 19, 2010)); see also *Gonzalez ex rel. Gonzalez v. Reno*, No. 00-11424-D, 2000 WL 381901, at *1 (11th Cir. Apr. 19, 2000) (confirming that the first element is "generally" the most important); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (same). "It is not enough that a merely colorable claim is advanced." *Id.* (quoting *S. Wine & Spirits of Am., Inc. v. Simpkins*, No. 10-21136-CIV, 2011 U.S. Dist. LEXIS 5762, 2011 WL 124631, at *2 (S.D. Fla. Jan. 14, 2011)).

The moving "party's failure to demonstrate a substantial likelihood of success on the merits may defeat the party's claim, regardless of its ability to establish any of the other elements." *Id.* (quoting *Haitian Refugee Ctr., Inc. v. Christopher*, 43 F.3d 1431, 1432 (11th Cir. 1995)). Here, Plaintiff must prove facts that clearly establish a claim for copyright infringement. A prima facie case of copyright infringement requires a showing that: 1) the plaintiff owns a valid copyright; and 2) the defendant copied protected elements. *Peter Letterese & Assoc., v. World Inst. of Scientology Enters., Int'l*, 533 F.3d 1287, 1301 (11th Cir. 2008).

1. **DEFENDANT'S COPYRIGHT WAS REGISTERED PRIOR TO PLAINTIFF'S ALLEGED COPYRIGHT**

To establish the first element, i.e. a valid copyright, Plaintiff presented a copy of a Certificate of Registration (Number VAu 1-517-249), a supposedly "unpublished" work as of the date of registration (November 20, 2023), and having a registration date of January 31, 2024. (Pl. Ex. 1). Nowhere does Plaintiff state when the asserted works were published, either in the declaration or motion itself. However, a copyright registration's presumption of validity may be rebutted, and the burden then shifts back to the plaintiff to establish that the copyright is valid. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (citing 17 U.S.C. § 410(c)).

Plaintiff's alleged copyright is invalid for a number of reasons. First, Plaintiff's copyright certificate shows an effective date of November 20, 2023, which is the date that Plaintiff filed its application to register its copyright, and a registration decision date of January 31, 2024. However, the president of Shenzhen Moulis and its owner, Ms. Li Fu ("Ms. Fu"), had previously filed for copyright on the "black caster oil" work on September 24, 2023, registration no. VA 2-365-787, with a registration decision date of October 13, 2023. (Fu Decl., ¶¶6, 10, Ex. A, p.2-3).

Consistent with its ALIVER brand, Shenzhen Moulis began selling its product online, direct to consumers, long before Plaintiff claims to have applied for its own registration. Decl. of Griffin Klema, ¶¶ 3-4, Ex. 1-2. This work, created by Shenzhen Moulis and used on its ALIVER product at least as of March 22, 2023, shows that Plaintiff's claimed copyright is a mere derivative and knock-off of Shenzhen Moulis's own product. Compare Decl. of Klema, Ex 1 and 2 with Pltf.'s Mot. at 8-9.

Furthermore, Shenzhen Moulis's copyright application for "black caster oil" was filed two months prior to Plaintiff's application date and Shenzhen Moulis had already been selling product and had successfully registered its copyright before Plaintiff filed its alleged copyright for

registration. More importantly, Shenzhen Moulis created the design of the copyrighted art on or around November 2022 and began selling the Accused Product on Amazon at least as early as December 2022, almost one year prior to Plaintiff's effective date or filing date. (Fu Decl., ¶¶6, 10, Ex. A, p.2).

Consistent with Shenzhen Moulis's original product designs, it had access to and used certain graphics in its product listings and in its product labels. For example, the caster leaf shown on Shenzhen Moulis's ALIVER web page is identical to the graphic used in its box and bottle label designs. Decl. of Klema, ¶ 5, Ex. 3-4. A further example is the leaf and pods graphic similarly found on Shenzhen Moulis's ALIVER product listing and in Plaintiff's claimed work, which is, in fact Shenzhen Moulis's industrial artwork. This is not a coincidence.

It is important to note that Plaintiff's alleged copyrighted work was unpublished at the time of filing. Although Plaintiff's Copyright Registration asserts that the completion date was in 2022, there is no corroborating evidence to demonstrate the Plaintiff's publication of its claimed works in 2022 or at any other time. Aside from a deficient and conclusory declaration, Plaintiff offers no evidence to substantiate the claimed creation date of 2022. On the other hand, Shenzhen Moulis presented evidence indicating that Shenzhen Moulis created and published its designs of the black castor oil products in 2022. *Id.*

2. **PLAINTIFF DID NOT CREATE THE COPYRIGHTED ART**

As a threshold matter, the purported declaration of "Guangzhou tinpod Electronic Technology Co., Ltd.," is legally deficient and does not constitute proper evidence on which the Court can rely. The declaration asserts a collective "we" as the declarant and collectively in each of the enumerated lines. While it might be purportedly signed by "Mingzhi Cao" it does not connect that person in any way to the juristic entity. Nowhere does it state that that person has

personal knowledge of the facts contained in the declaration. Fed. R. Evidence 602. Bizarrely, it concludes that any false statements "may jeopardize the validity of the application or any patent issuing thereon." There is no patent at issue in this case, only a purported (and invalid) copyright registration. It also refers to the alleged work as "photographs" which are not the same as two dimensional industrial art, as the registration claims.

In comparison to Plaintiff's claimed "creation" of industrial art, Shenzhen Moulis has produced what actual, full, and complete piece of production-based digital print material is. Decl. of Fu, Ex. 2:



Furthermore, a careful comparison of the purported work in "Annexure A" of Plaintiff's declaration is materially different from what it represents in its motion. Compare Mot. at 9 with Decl. of Cao:



Note the absence of leaves at the center-top of each. Also note the beans overlapping with the text "Jamaican Black." These are just some of the facts that will come out during discovery to show that Plaintiff is not the author of the purported works, nor does it have any copyright in them. Plaintiff has defrauded this Court, and Shenzhen Moulis intends to prove that fact and seek damages for being wrongfully enjoined.

Based on this evidence, there is no reason to believe that Plaintiff created or published the alleged copyrighted works in 2022 or at any other time. Instead, Shenzhen Moulis contends that after it began selling its castor oil product in December 2022, Plaintiff saw the product's commercial success and then filed a copyright registration application in November 2023, falsely claiming an earlier creation date for the purpose of pursuing this suit. Shenzhen Moulis's sales of the black castor oil products, which began about one year before the Plaintiff's copyright application, raises a significant question of fact regarding whether Plaintiff copied or misappropriated Shenzhen Moulis's designs and subsequently filed them for copyright registration.

Therefore, Plaintiff cannot demonstrate ownership of a valid copyright sufficient to justify the issuance of a TRO or any further prejudgment injunctive relief. At the very least, the foregoing facts rebut any prima facie claim of a valid copyright by the Plaintiff.

3. **NO PROOF OF COPYING**

Plaintiff's motion also falls short of proving the second prong of a claim of copyright infringement, namely, copying of protected elements. *Peter Letterese & Assoc. v. World Inst. of Scientology Enters., Intern'l*, 533 F.3d 1287, 1300 (11th Cir. 2008). In its moving papers, Plaintiff states that "[Defendants'] images that depict the art are virtually exact duplicates or substantially similar images to Plaintiff's Copyrighted Art." However, Plaintiff's argument relies heavily on the assumption that Plaintiff's Copyrighted Art came first. As set forth above, Shenzhen Moulis had already registered its copyright for "black castor oil" before Plaintiff filed its alleged copyright for registration, used it in commerce before Plaintiff's registration, and therefore there is a substantial question as to when Plaintiff created or published its Copyright Art. Without having the answer to that question of fact, it is impossible to judge whether there

has been any copying of protected elements based solely on striking similarity.

      **B.**    **PLAINTIFF CANNOT ESTABLISH THE OTHER ELEMENTS FOR INJUNCTIVE RELIEF**

Failing to establish what is widely regarded as the most critical factor—success on the merits—the Plaintiff is unable to demonstrate any of the remaining elements required for injunctive relief.

      1.    **NO THREAT OF IRREPARABLE INJURY – UNDUE DELAY**

By presenting a case that raises significant factual disputes regarding the Plaintiff's asserted copyright ownership, Plaintiff has entirely failed to demonstrate a substantial threat of irreparable harm. Instead, Plaintiff relies solely on a presumption of irreparable injury, without providing ant concrete evidence of such harm. In fact, Plaintiff is wrongfully invoking the authority of this Court to further its unlawful ends, and Shenzhen Moulis is the party which is in fact being damaged. As such, it intends to make a claim on the bond (assuming Plaintiff actually posted one, given that Plaintiff has utterly failed to properly adhere to the Court's TRO by posting all documents to the DopBox link). Furthermore, because Plaintiff has not established a substantial likelihood of success on the merits, it cannot substantiate the existence of a substantial threat of irreparable injury.

Plaintiff's motion can also be denied solely on the grounds of delay, especially when combined with the hardship it will cause to the Defendants, *infra*. As another decision in this District noted in *Wreal LLC v. Amazon.com, Inc.*, "courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." 2015 U.S. Dist. LEXIS 176382 at *52 (S.D. Fla. 2015). Accordingly, even if a movant were to establish a likelihood of success on the merits, injunctive relief is improper absent a showing of irreparable injury. *Snook*

*v. Trust Co. of Georgia Bank of Savannah*, N.A., 909 F.2d 480, 486 (11th Cir. 1990).

In the Eleventh Circuit, a two-month delay in seeking injunctive relief is, alone, sufficient reason to justify the denial of a preliminary injunction. *Id., see also Wreal LLC.*, 2015 U.S. Dist. LEXIS 176382, at * 52-53. A party's delay of two-months or more in moving for injunctive relief is fatal to any claim that it is likely to suffer irreparable injury without this relief. As noted in *Wreal*, a plaintiff "concerned about a harm truly believed to be irreparable would and should act swiftly to protect itself." *Wreal LLC*, 2015 U.S. Dist. LEXIS 176382, *52. Plaintiff also cited *Wreal* in its motion and agrees that "a delay in seeking the preliminary injunction militates against a finding of irreparable harm." *Id.* at 1248 (Pl. Motion for Preliminary Injunction, p.14).

Here, however, Plaintiff did not seek injunctive relief for almost a year after the various sellers began selling the accused products online. Even if Plaintiff argues that time was needed to apply for and obtain its copyright registration, it cannot account for the one-year gap between whenever it claims to have been injured and its filing of this suit. Plaintiff delayed asserting its alleged rights for almost two years, significantly exceeding the two-month period recognized in this Circuit as constituting undue delay. That delay "is by itself sufficient grounds to deny the request for an injunction." *Id*.

2. **BALANCE OF HARMS FAVORS SHENZHEN MOULIS**

Enjoining another's conduct is an extreme remedy. Before issuing a preliminary injunction, a court must identify the harm the preliminary injunction might cause the defendant and weigh it against plaintiff's threatened injury. *Winter*, 129 S. Ct. at 376.

Here, Plaintiff's argument relies on the assumption that Plaintiff's copyright claim is valid. It is not. As demonstrated above, Shenzhen Moulis created the works, registered the copyright in them, and began selling product long before Plaintiff. On the present limited record, there are

serious issues of fact as to whether Plaintiff copied or misappropriated Shenzhen Moulis's designs by filing a copyright application of images almost identical to Shenzhen Moulis's prior copyrighted art, and thus defrauding the Copyright Office and now this Court. If the Court grants Plaintiff injunctive relief, Shenzhen Moulis will continue to suffer substantial harm already caused by the improper ex parte application for the TRO. Since the Temporary Restraining Order has been granted, all of Shenzhen Moulis' financial assets – not just for the Accused Products but all products – have been seized, and their e-commerce listings have been suspended, which have caused and will continue to cause significant financial harm to Shenzhen Moulis's businesses. (Fu Decl., ¶ 14, Ex. A, p.3,) Such irreparable harm is disproportionate to any harm to the Plaintiff, especially when Shenzhen Moulis have a valid copyright prior to Plaintiff's. Even considering the bond payment that Plaintiff has been required to post, the harm to Shenzhen Moulis's business far exceeds the amount of the security, especially considering the number of named defendants and the serious questions going to Plaintiff's claim on the merits.

3. **THE PUBLIC INTEREST IS NOT SERVED BY THE REQUESTED INJUNCTIVE RELIEF**

In this case, the public interest is not served by upholding Plaintiff's clearly questionable and potentially fraudulent Copyright claim. Issuing such injunctive relief would result in stifling legitimate competition as opposed enforcing valid intellectual property rights.

/ / /

/ / /

IV. **CONCLUSION**

Based on the foregoing, Shenzhen Moulis Electronic Co., Ltd. respectfully requests that the Court:

a) dissolve the TRO by separate order which Shenzhen Moulis can then immediately have submitted to its retailers and third parties that have wrongfully enjoined it and unfreeze its accounts and storefronts;

b) deny Plaintiff's request for a preliminary injunction;

c) strike the declaration of Mingzhi Cao;

d) sever Shenzhen Moulis from the remaining defendants in this case;

e) unseal all filings in this case;

f) require Plaintiff to post additional bond as security for its wrongful application for injunctive relief to cover not only Shenzhen Moulis's damages caused thereby, but also for its reasonable attorney's fees which it will be entitled to pursuant to 17 U.S.C. § 505; and

g) for such further relief as the Court deems just and proper.

Date: December 14, 2024                             Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Griffin Klema
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Griffin C. Klema, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 100279
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Griffin@KlemaLaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Klema Law, P.L.**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　PO Box 172381
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tampa, FL 33672
　　　　　　　　　　　　　　　　　　　　　　　　　　　　420 W. Kennedy Boulevard
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tampa, FL 33606
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: 202-713-5292
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Shenzhen Moulis Electronic Co., Ltd.*

/s/ Di Li
Di Li, Esq.
**DI LI LAW, P.C.**
18725 Gale Ave., Suite 208
City of Industry, CA 91748
Tel.: (626) 723-4849
Fax: (626) 956-0744
Email: di@dililaw.com
*Attorney for Defendant*
*Shenzhen Moulis Electronic Co., Ltd.*
*Pro Hac Vice admission pending*