**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:24-cv-61886-JB**

XYZ CORPORATION,

     Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

---

### DEFENDANT SHENZHEN MOULIS ELECTRONIC CO., LTD. OBJECTION TO EXTENSION OF THE TEMPORARY RESTRAINING ORDER AND PROPOSED MODIFICATION TO TEMPORARY RESTRAINING ORDER

Defendant, Shenzhen Moulis Electronic Co., Ltd., (corresponding to seller IDs on Schedule A: SHANWU, KuiyaShangmao, Libanshangmao, Yongxudedian, Lihaitengshisanzhan, FCZJYUS, Shengzhenshifeikoushengwukejiyouxiangongsi, Stellar Express, Li521322101, Mianyangchuangshiyou, Beauty Nature, Tangxiashangmao, Yep US, Mcukv Beauty, Aliver Official, Elaimei, SEFUDUN, and Oimmal), by and through its attorney, Griffin Klema, Esq., and pursuant to the Court's instructions at the December 16, 2024, preliminary injunction hearing objects to the Court's extension of the TRO and submits a proposed order to modify the temporary restraining order.

This case has been and continues to be mismanaged by plaintiff, which has caused further damages to the defendants by the unwarranted extension of the temporary restraining order. Pursuant to the Court's TRO, DE 19, plaintiff was required to, among other things, provide copies of documents filed in this case by placing them in the DropBox folder link identified in the TRO. Plaintiff has repeatedly failed to do so,

hampering the defendants' ability to respond and violating due process.

On Thursday, December 12, 2024, the undersigned contacted plaintiff's counsel after Shenzhen Moulis received the email and link to a DropBox folder with some of the filings in this case. Notably, it did not contain the summons. Nor did it contain the plaintiff's motion seeking the TRO, DE 14. It did not contain any discovery responses. To date, it still does not contain these filings, among others that have been submitted in this case. Presently, this is the extent of the documents plaintiff has placed in the DropBox, two of which are screen shots of document submissions, and not a filing itself:



It is hardly surprising that no other defendants appeared for the reset preliminary injunction hearing on December 16, 2024, because not only did plaintiff fail to serve the summons (and thus depriving the Court of personal jurisdiction over the defendants), plaintiff failed to include the order resetting the hearing, and failed to include the underlying motion for the TRO and preliminary injunction, among many, many other documents, depriving all Schedule A defendants of due process. This has been and continues to be an improper use of an extraordinary remedy by plaintiff for the purpose of shakedown settlements.

As yet a further example of Shenzhen Moulis's ongoing concerns is the fact that when the undersigned contacted plaintiff's counsel shortly after being served last Thursday, December 12, 2024, Mr. Feldenkrais was totally unaware that the Court had even scheduled a hearing for Friday, December 13, 2024. Had the undersigned not acted, plaintiff would not have appeared before the Court last Friday, and the Court would have been *required* to dissolve the order. Fed. R. Civ. P. 65(b)(3) ("the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. **At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order**"). Plaintiff was unprepared to proceed with the motion even at the reset hearing, and the Court should have denied it outright, as Shenzhen Moulis was prepared to proceed with its argument and evidence.

Instead, the combination of plaintiff's dilatory conduct, admission that it had no idea what defendants were served; no idea how much money the TRO had restrained, and failure to timely notify the defendants sufficiently in advance of the hearing combined with

Shenzhen Moulis's timely action has resulted in plaintiff securing *more* relief than it is entitled to. That should not have happened. Additionally, repeated requests for the information in compliance with the Court's order continue to be slow and, to date, are still incomplete. All of this foot-dragging has benefitted plaintiff to the defendants' detriment, and violates all Schedule A defendants' due process.

Additionally, it was not until the hearing that Shenzhen Moulis learned that plaintiff had any objection to its appearance on behalf of the 18 seller IDs. Mr. Feldenkrais never once contacted counsel for Shenzhen Moulis in a good faith effort to address the concern before filing plaintiff's "motion" (improperly under seal). This is highly irregular, improper, and unprofessional—to say nothing of multiple violations of the Court's order.

Notwithstanding plaintiff's late filing, the undersigned contacted Mr. Feldenkrais after the hearing, and he stated plaintiff would not object to Shenzhen Moulis appearing as defendant of record for the 18 seller IDs provided a declaration explaining the relationships is submitted. Due to the time difference between US Eastern time and mainland China time, Shenzhen Moulis was not able to provide the declaration today. However, it intends on filing same as soon as possible so that it may be heard on plaintiff's motion for preliminary injunction.

Furthermore, it appears that plaintiff has entirely failed to comply with Rule 65(b)(1)(B), as there does not appear[1] to be any certification from Mr. Feldenkrais what efforts he made to give notice to the defendants. Fokiss, Inc. v. TLM Global, LLC, no. 24-cv-14096, (S.D. Fla. Apr. 23, 2024) (citing Woodard-CM, LLC v. Sunlord Leisure

---

[1] Again, because plaintiff has failed to place all court filings in the DropBox and has not otherwise provided them to defense counsel.

Products, Inc., No. 20-cv-23104, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020) ("the requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process")). Nor is there evidence that plaintiff actually posted the bond. Fed. R. Civ. P. 65(c).

Because the Court sua sponte decided to extend the duration of the TRO without holding the preliminary injunction hearing, Shenzhen Moulis requests that the Court enter on the record the reasons for the TRO's extension, consistent with Fed. R. Civ. P. 65(b)(2), as it was unclear at the hearing what those reasons were. Plaintiff's failures should not support a finding of good cause. Shenzhen Moulis again reiterates its objection that it has been deprived of the opportunity to have the TRO dissolved, as it had provided two days' notice to plaintiff, appeared at the hearing, and requested that the TRO end on its own terms and that no preliminary injunction be entered. Fed. R. Civ. P. 65(b)(4) ("The court must then hear and decide the motion as promptly as justice requires.").

Finally, enclosed is Shenzhen Moulis's proposed amendments to the TRO to ensure that it is properly tailored to the products at issue in this case, should the Court not sua sponte reconsider its oral ruling at the hearing and decline to extend the TRO. Regardless of whether the Court modifies the TRO, the docket and filings should all be immediately unsealed so that it and all other defendants can have proper notice of the issues in this suit.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381

Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*