UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 0:24-cv-61886

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

_____/

## MOTION TO COMPEL DISCOVERY OF DEFENDANTS

Plaintiff, Guangzhou tinpod Electronic Technology Co., Ltd. (hereinafter referred to as "Plaintiff"), by and through undersigned counsel and pursuant to the Copyright Act, 17 U.S.C. § 501 et seq, respectfully moves a motion to compel discovery of the Individuals, Partnerships, and Unincorporated Associations (collectively, the "Defendants") identified on Schedule "A", in the amended Complaint (ECF No. 11) to e-commerce platforms Amazon and E-bay. In support thereof, Plaintiff respectfully submits the following:

**I.      BACKGROUND**

Plaintiff is the author and owner of a one (1) United States Copyright, No. VAu 1-517-249,

for 2-dimensional artwork for Black Castor Oil 1, Black Castor Oil 2, Black Castor Oil 3 and Black Castor Oil 4 (hereinafter "Plaintiff's Copyright") registered with the United States Copyright Office and protected from infringement under federal copyright law. Plaintiff has filed this copyright infringement lawsuit against Defendants, as e-commerce sellers who are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of Plaintiff's copyrighted art within this District through various Internet based e-commerce platforms, including but not limited to; Amazon, eBay, Walmart and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs"). Every time Defendants offer to sell and/or sell a product using Plaintiff's copyrighted artwork there is a direct loss, for which monetary damages cannot adequately compensate because monetary damages fail to address the loss of control over Plaintiff's intellectual property and goodwill. See Declaration of Guangzhou tinpod Electronic Technology Co., Ltd., 13 November, 2024 ("Plaintiff Decl.") (ECF No. 12), attached hereto.

The Copyright Act allows Plaintiff to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. *See* 17 U.S.C § 504. To preserve that disgorgement remedy, Plaintiff filed for an *Ex Parte* order restraining Defendants' assets including funds specifically transmitted through all possible online marketplace payment providers, including but not limited to Amazon, Amazon Pay, Walmart, eBay, PayPal, platforms (collectively referred to as "financial entities"). (ECF No. 14) and motion for alternate Service (ECF No. 16). Plaintiff requested this remedy because as a result of Defendants flooding the e-commerce marketplace with unauthorized reproductions and derivatives using Plaintiff's copyright artwork, it is highly probable that Plaintiff will continue to suffer irreparable harm unless Defendants' infringing activity is stopped by this Court. See Plaintiff Decl. (ECF No. 12).

Accordingly, this Court granted an *Ex-Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets directing the Defendants and any third-party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who are providing services for any of the Defendants, including but not limited to, Amazon, Amazon Pay, PayPal, eBay, Walmart, and their related companies and affiliates (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of notice of this Order to restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for Defendants' benefit or to be transferred into Defendants' respective financial accounts, restrain any other financial accounts tied thereto, and immediately divert those restrained funds to a holding account for the trust of the Court. Also, the court directed the Third Party Providers to provide the Plaintiff expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) the identity and location of Defendants identified in Schedule "A" including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related. (ECF No. 19). The court also granted motion for alternate Service (ECF No 18).

## II.  ARGUMENTS

On December 3rd, 2024, pursuant to the order for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (ECF No. 19), the Plaintiff on served its First Set of Requests along with the TRO order and list of the Defendants identified in Schedule "A" to the e-commerce platforms Amazon and Walmart and thereafter on December 16th,

2024 to E-bay.

On December 10th, 2024, after various reminders and communications from the Plaintiff, the contact information and sales data from the Walmart US legal team was shared. However, the total sales data from the infringing product separately has not been provided to the Plaintiff till now. Thereafter, the Plaintiff on dated December 11th, 2024 in compliance with the TRO order and grant of Motion for Alternate Service served the copies of the Amended Complaint, Motion, and TRO Order on each Defendants (as shared by the Walmart) by e-mail via their corresponding e-mail address. In addition, Plaintiff also posted copies of the Amended Complaint, Motion, and this Order, as well as all other documents filed in this action, on the website located at https://www.dropbox.com/scl/fo/dh2rehfj2aq8iml74aq6y/AC3AOj1UG9eFflS6R9OJ0?rlkey=04bdkwic0l7yg4ugf1rfg1awl&dl=0 and provided the URL to the website to Defendants via e-mail. Thereby, such notice so given shall be deemed good and sufficient service thereof.

However, the Plaintiff **has till date not received** any contact information and sales data of the Defendants as identified in Schedule "A" from Amazon and E-bay. Moreover, none of the stores of such Defendants has been restrained till now and neither the total sales data from the infringing product has been provided to the Plaintiff, thereby causing constant loss and damage to the Plaintiff. By such act these platforms are non-compliant with the Court TRO orders (ECF No. 19).

On December 10th, 2024, the Plaintiff again asked for an update on its request from Amazon to which a reply was made by Ms. Jamella Archer (Paralegal, E: arcjamel@amazon.com) on dated December 11th, 2024 confirming to forward the Plaintiff's request to their TRO inbox for review and processing. On the same day, another response from Ms. Jamella Archer was received stating that she is currently out of the office until December 17th, 2024 and will not have access to e-mails during this time and for immediate assistance, directing the Plaintiff to reach out to tro-notices@amazon.com.

On December, 16th and 17th, 2024, the Plaintiff accordingly again requested the Amazon team for sharing the information but has not received any reply since then. Thus, the Plaintiff through its Counsel has made constant efforts via e-mail communications to get the desired information from these e-commerce platforms and restrain the Defendants from transferring the funds but it has been of no avail. The E-mail conversations with e-commerce platforms Amazon, E-bay and Walmart has been Exhibited as Exhibit-A, Exhibit-B and Exhibit-C.

### III. CONCLUSION

Plaintiff is enduring continuous damages to its Copyright at the hands of the Defendants not restrained till now in this matter, who unlawfully reproduce goods using Plaintiff's copyright to sell for substantial profits. Such Defendants are damaging the goodwill associated with Plaintiff's copyright and harming, tricking and confusing the public. As a result, Plaintiff respectfully seeks the granting, of this Motion to compel discovery of the Defendants identified on Schedule "A", in the amended Complaint (ECF No. 11) to e-commerce platforms Amazon, Walmart and E-bay and enter the Order as to Defendants in the form submitted herewith.

Respectfully submitted on this 18th Day of December, 2024

**FELDENKRAIS LAW, P.A.**
Attorneys for Plaintiffs
20533 Biscayne Blvd. Suite 469
Aventura, FL 33180
Telephone: (305) 528-9614
Email: mfeldenkrais@gmail.com
By: /s/ Michael Feldenkrais, Esq.
Florida Bar No. 991708