UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61886-JB

XYZ CORPORATION,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

## DECLARATION OF GRIFFIN C. KLEMA, ESQ.

I, Griffin C. Klema, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 of the following is true and correct:

1.    I am counsel for defendant Shenzhen Moulis Electronic Co., Ltd. in this action. I submit this declaration in response to the Court's order [ECF 38] overruling Shezhen Moulis' objection to the extension of the temporary restraining order ("TRO") to explain what information I had—and did not have—prior to the hearing on Monday, December 16, 2024, as well as my efforts to comply with the Court's oral instructions to submit a proposed order to modify the TRO. The Court's frustration is understandable, but that is not be attributed to me or my client. I submit this declaration to ensure the record is complete and accurately reflects the facts leading up to the Court's order.

**My initial engagement and communications with opposing counsel**

2.    Upon being engaged in this matter on December 11, 2024, I received an email forwarded to me from Di Li, which was sent by plaintiff's counsel's firm. A copy of that email is attached hereto as Exhibit 1. That email represented that "Copies of all the

papers for the lawsuit" were in the folder. I then accessed the DropBox link included in the email and found only eight documents, all of which I downloaded and saved to my file. Among them was the court's TRO. I reviewed the TRO and the other seven documents. There appeared to be many documents missing, including the underlying motion which precipitated the TRO and which was arguing for entry of the preliminary injunction ("PI") and the matter the Court would hear within hours. Nor were there any supporting documents for that motion with the exception of a file titled "Final Declaration.pdf" which had no stamp indicating it had been filed with the Court. There was no summons, no bond, nor any certification of plaintiff's counsel among the documents.

3. Later on December 11, 2024, I contacted counsel for plaintiff, Michael Feldenkrais at 2:06 PM, to introduce myself, note my representation of Shenzhen Moulis, and note that Ms. Di Li, Esq. would be co-counsel. I asked if he had any objection to her appearance pro hac vice, which he did not. I also discussed the upcoming preliminary injunction hearing that was originally set for Friday, December 13, 2024, pursuant to the TRO. I was alarmed that Mr. Feldenkrais was totally unaware of the scheduled hearing. We discussed the possibility of a joint motion to continue the hearing, though he seemed uncertain what to do. I advised that I needed to take action on behalf of my client given the urgency, and he agreed not to oppose my client's request to continue the PI hearing. He advised he was out of his office and could not do anything for at least an hour. We spoke for approximately seven minutes.

4. He then called me at 5:38 PM and we spoke for about four minutes. We continued our discussion I advised that I would submit an unopposed emergency motion

for continuation of the hearing to ensure that my client would not be prejudiced by plaintiff's late notice. He did not mention that he would be filing for an extension of the TRO or that he had any objection to my client's appearance in the matter.

5. I again tried to reach him by phone at 7:25 PM and he did not answer. I therefore sent an email requesting that all court filings be immediately added to the DropBox. A true and correct copy of my email is attached as Exhibit 2. He replied by text, and again reiterated my need for all the court filings. He responded "Will do".

6. The following morning, December 12, 2024, at 9:56 AM he replied to my email with a new DropBox link. I reviewed the link and saw what appeared to be only an additional eighteen .PDF files corresponding to the plaintiff's evidence for the PI hearing. No other new documents were included, and still missing the critical PI documents. I again spoke with him by phone and asked him to provide documents that were missing from the DropBox, and urged him to carefully review the Court's temporary restraining order, noting that it not only provided his client relief, but also imposed obligations—obligations which had not been fulfilled at that point which critically included lack of court filings and the underlying motion itself. I was optimistic that Mr. Feldenkrais would promptly review the TRO and ensure his client was in compliance with it. Multiple times I asked him for the underlying motion and all other documents. He repeatedly replied, claiming they were there, and I continued to follow up indicating it (and the other court filings) were not. Our email chain and text messages respecting my multiple requests for the documents and filings in this case are attached as Composite Exhibit 3. A person named "Ash" represented to me that "We have added all documents in the folder." I again reviewed the DropBox and there continued to be missing considerable information. Still missing was

the summons, and many other court filings. No certification from Mr. Feldenkrais. No declaration of the plaintiff supporting the TRO or PI.

7. I finally received the plaintiff's motion for TRO and PI at about 11:12 AM on December 12, 2024, which I immediately forwarded to Ms. Li. But I still had not received Mr. Feldenkrais' certification, the plaintiff's declaration, or a summons. Ms. Li then prepared the initial draft response in opposition to that motion, which I then revised, provided my own declaration concerning the facts that would not support the plaintiff's request for a preliminary injunction.

8. In the interim, the Court granted the defendant's unopposed emergency motion to continue the PI hearing, stating that "The preliminary injunction hearing set for December 12, 2024 is hereby RESET to December 16, 2024 at 9:00 a.m." [ECF 23]. I then submitted my client's opposition to the PI motion in compliance with the strict timing requirements of the TRO. [ECF 30].

9. Prior to the December 16, 2024, hearing, I did not receive any further documents or filings from Mr. Feldenkrais, nor any further communications whatsoever. I was under the impression that the parties and the Court would, consistent with the order, [ECF 23], address the preliminary injunction at the reset hearing.

**The December 16, 2024, hearing and subsequent filings**

10. At the hearing, I was quite confused why the Court seemed disinclined to proceed with the PI motion as it had ordered and for which my client was prepared to argue and address, particularly given that I had not received any other filings or notice that anything else would be addressed at the hearing. However, it came to light that Mr.

Feldenkrais had previously submitted a "motion to oppose notice of entry of parties" [ECF 31], which Mr. Feldenkrais only emailed to me at 9:28 AM in the middle of the hearing.

11. The Court mentioned some kind of extension filed by the plaintiff, and it was not clear to me what the Court was referring to at the hearing. I believed it could have been plaintiff's motion to continue the hearing further, consistent with what Mr. Feldenkrais and I had discussed the prior Wednesday—*not* a motion seeking further extraordinary relief to extend the duration of the TRO itself. Nevertheless, the Court extended the TRO for a further four days, which appeared to me, at that time, to be a sua sponte decision, and not relief being granted pursuant to a request by the plaintiff, since I had not seen any such request nor was an ore tenus motion made at the hearing.

12. The Court then entered its minutes indicating an order would be forthcoming. [ECF 33]. I expected that order to memorialize the Court's oral instructions from the hearing. Not having received an order, but understanding the Court had requested my client to submit a proposed modification of the TRO, I submitted its objection and proposed order later that evening on December 16, 2024. [ECF 35].

13. By that point, I was still in the dark about what was going on in this case, not having received most of the court filings in this case.

14. It was not until the Court ordered that the docket be unsealed, [ECF 36], and the clerk confirmed it was done, [ECF 37] at 9:22 AM on Tuesday, December 17, 2024, that I finally had access to the filings in this case. It was at that point that I learned plaintiff had made a request to extend the TRO. Mr. Feldenkrais never provided that motion to me, or the other documents I was repeatedly requesting. I immediately paid for the relevant missing PACER documents from my file and reviewed them. Again, it was

not until that moment that I knew Mr. Feldenkrais had sought an extension of the TRO, or even saw other filings relevant to his client's request for a restraining order and preliminary injunction, including his certification [ECF 13], plaintiff's declaration, [ECF 12], motion to extend the TRO, [ECF 27], plaintiff's bond, [ECF 25], among others aside from the few that his office included in the DropBox, contrary to the Court's TRO.

15. While the Court's frustration with this proceeding is quite understandable, that is not attributable to my conduct. More importantly for my reputation and the Court's statements now on the record, it was inaccurate for the Court to assert that either I (or Ms. Li) "should know" that "the Court addressed a pending Motion for Extension of Temporary Restraining Order" when neither Ms. Li nor I had any knowledge of such a motion having been filed or that the Court was entertaining such as sealed ex parte motion at that morning's hearing. As far as I knew, Monday's hearing was on plaintiff's motion seeking the preliminary injunction, consistent with the Court's order, [ECF 23], which stated that "The preliminary injunction hearing set for December 12, 2024 is hereby RESET to December 16, 2024 at 9:00 a.m." It was a total surprise and shock that *anything* other than the preliminary injunction matter had been addressed at that hearing.

16. Had Mr. Feldenkrais simply provided the court filings to me in a timely and professional manner in advance of the hearing, I am confident that most of these issues could have been addressed and not wasted the Court's time.

17. Again, the Court's minutes following the hearing, [ECF 33], indicated an order would follow. Not having received an order by 7:00 PM on December 16, 2024, I then prepared my clients written objection, [ECF 35], consistent with what I had asserted at the hearing and understood the Court to have requested.

18. The Court's subsequent order on December 17, 2024, [ECF 36], directed me to do something which was impossible, namely to "file a proposed modified TRO by close of business on December 16, 2024." The Court's order today, [ECF 38] stating that "the Court had instructed counsel for Shenzhen to file a notice identifying the specific portions of the TRO that he believed were too broad" is inconsistent with my understanding of the Court's oral directive, and not included in the Court's minutes. [ECF 33]. Perhaps the Court intended to submit the December 17, 2024, order soon after those minutes, but that did not come until after I already submitted my client's proposed order. Again, I believed the proposed order submitted with Shenzhen Moulis's objection satisfied the Court's oral instructions.

19. Regardless, now that all the filings have been unsealed, I do not foresee there being any further surprise issues in this case, and I look forward to fairly advocating for my client at the upcoming reset preliminary injunction hearing. Furthermore, to the extent the Court faults me for not confirming exactly what it expected at the hearing, I will endeavor to do so before the hearing concludes.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendants*