UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61886-JB

XYZ CORPORATION,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

---

### ALIVER DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO OPPOSE ENTRY OF PARTIES DE 31

The eighteen Aliver Defendants, DE 42, pursuant to Local Rule 7.1, file this memorandum in opposition to plaintiff's motion opposing their entry in this case, DE 31. Defendants are at a complete loss as to plaintiff's continued objection despite efforts to confer after plaintiff filed its ex parte motion under seal. The sole basis seems to be to prevent the Court from hearing its arguments that plaintiff's case is frivolous. Its motion should be denied, and the Aliver Defendants heard, given that they have and continue to suffer concrete injury by plaintiff's wrongfully-procured temporary restraining order.

### PROCEDURAL HISTORY & FACTS

This is a Schedule A case predicated on a theory of copyright infringement against 195 different online retail storefronts. DE 11. At least eighteen of those defendants, the Aliver Defendants, have been impacted by the Court's entry of a Temporary Restraining Order, DE 19, and have sought to be heard in this matter.

Plaintiff, realizing that the Aliver Defendants are not willing to settle but rather

intend to defend themselves with Shenzhen Moulis seeking to invalidate the plaintiff's copyright certificate, filed a "motion to oppose entry of parties" predicated on a theory that the defendants are non-parties seeking to intervene. DE 31. Plaintiff's motion travels under Rule 24, arguing without foundation that "disposing of this Complaint (ECF No. 1) by the Plaintiff shall not as a practical matter impair or impede the Shenzhen Moulis Electronic Co., Ltd. ability to protect its interest." DE 31 at ¶ 4.

Following the hearing and being served with plaintiff's motion on December 16, 2024, defense counsel contacted plaintiff's counsel by phone, and Mr. Feldenkrais represented that plaintiff would not oppose their appearance if a declaration was provided. Ex. 1, Decl of Klema, ¶ 2. In a good faith effort to avoid the Court from having to address the appearance and involvement of the very defendants against whom plaintiff seeks to obtain a judgment, plaintiff refused to withdraw its motion, thus forcing the Aliver Defendants to file this memorandum in opposition. Ex. 1, Decl of Klema, at Ex. 1-1.

Despite the Aliver Defendants' efforts to address this case efficiently through their ultimate controlling parent entity, Shenzhen Moulis Electronic Co., Ltd., they now have each appeared in their own capacity on their own behalf to avoid plaintiff's baseless argument, but to no avail. Plaintiff continues to object. Irrespective of whether plaintiff has doubts or would like to challenge their relationship to Shenzhen Moulis, its motion is entirely misguided and frivolous. While plaintiff has now agreed that Shenzhen Moulis Electronic Co., Ltd. can proceed, it continues to object to the other 17 defendants, thus forcing the Court to enter an order on a contested motion concerning the defendants' appearance in this action.

**ARGUMENT**

Defendants are quite bewildered at plaintiff's continued objection to their appearance in this case given that plaintiff (presumably) is seeking a judgment against each defendant upon being properly named (i.e. as an individual or juristic entity, not merely an alias or storefront name) so that it can obtain an executable judgment. Plaintiff's present refusal to recognize the defendants' appearance in this matter is deeply troubling in light of the fact that plaintiff has no basis in *fact* to object. Even in the face of sworn testimony about each entity's relationship it still contends that's just a "representation" and "there is no evidence of" the relationship. Ex. 1-1. "You have filed a declaration that states they are all owned by your client yet have failed to provide same." Id. Same what? Shenzhen Moulis declared under oath about its status as the parent of those entities, and further each of them has appeared in their own right, but plaintiff nevertheless asserts that the defendants' appearance "continues to be opposed" and furthermore that Mr. Feldenkrais "will continue to oppose . . . all of your filed documents in this matter…" Ex. 1-1.

If plaintiff has continuing concerns about each of these defendants, it could pursue the matter in discovery.[1] Regardless, plaintiff's motion appears purely dilatory and vexatious—in what appears to be calculated to secure more time to obtain further settlements from other non-appearing defendants. Its motion is due to be denied and sanctions ought to be imposed.

---

[1] For avoidance of doubt, the Aliver Defendants do not waive any objections they might have with respect to any discovery plaintiff might pursue.

**1. The Motion Should be Denied for Violating Local Rule 7.1(a)(3)**

As a threshold matter, the Court may summarily dispose of plaintiff's motion for failure to confer with defense counsel as required by Local Rule 7.1(a)(3) ("[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion"). A plaintiff's failure to comply with Local Rule 7.1 "is sufficient cause for the denial of the motion." Williams v. Ocean Title Co., 2007 WL 1805792, at *1 (S.D. Fla. June 22, 2007). The rule is not hortatory, but mandatory; to avoid wasting scarce judicial resources on matters which could and ought to have been resolved between counsel before undertaking unnecessary effort, both by litigants and the Court. Consequently, "[t]he Court takes the pre-filing requirements of Rule 7.1(a)(3) seriously" and "the impact of a party's failure to comply with Rule 7.1(a)(3) is ultimately left with the discretion of the Court." Nanotech Ent., Inc. v. R&T Sports Mktg., Inc., No. 14-61608-CIV, 2014 WL 12611203, at *3 (S.D. Fla. Sept. 24, 2014).

Here, plaintiff's motion is devoid of the required certificate. There is also no dispute that it was improperly filed under seal. Nor does plaintiff cite any "law, Court rule, or Court order" that would have justified its filing under seal. L.R. 5.4(a), and the Court's prior order allowing certain documents to be filed under seal was not one of the eight allowed. DE 10. Not once did plaintiff raise its concern until it filed the sealed motion. Now, it appears that at least part of the concern could have been addressed, had plaintiff discharged its obligations of pre-filing conferral: plaintiff now does not oppose Shenzhen Moulis Electronic Co., Ltd. defending itself in this action. Ex. 1-1. That agreement, coming *after* the rescheduled PI hearing has resulted in actual, negative consequences to Shenzhen Moulis because the Court did not proceed with the PI hearing as a direct consequence of

plaintiff's motion. Had plaintiff conferred, Shenzhen Moulis at a minimum could have been heard and the plaintiff's PI motion as to it addressed on December 16, 2024. Decl. of Klema, 40-0, ¶ 10.

Again, plaintiff's failure to confer resulted in unwarranted expenditure of time by the Court as well as by Shenzhen Moulis. The balance of plaintiff's arguments as to the 17 other defendants are still without merit, see infra, but the Court may dispose of plaintiff's motion without necessitating an extensive written order on the merits.

It also would not abuse its discretion in under Local Rule 7.1(a)(3) to sanction plaintiff for failing to confer. L.R. 7.1(a)(3) (the court may "impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee"); Williams, 2007 WL 1805792, at *1. Such a sanction seems particularly apt where plaintiff seems to be objecting to the appearance of the very entities against whom it seeks to obtain a judgment—all without any foundation or logical explanation.

### 2. The Motion Should be Denied on its Merits

Separately, plaintiff's motion fails on its merits, and should be denied. Rule 24 exists to prevent involvement of persons or entities who do not have a stake in a lawsuit.

Here, the Aliver Defendants, and Shenzhen Moulis Electronic Co., Ltd. in particular, have undeniably been impacted by the actions of third-parties subject to the Court's temporary restraining order, including Walmart. Nowhere does plaintiff contest that the Aliver Defendants' accounts have been frozen, nor could it. Plaintiff is fully aware of the impacts the TRO is causing to parties like the Aliver Defendants, but it has not been forthcoming with the Court about that fact. It is very likely that plaintiff as been contacted

by numerous defendants, and possibly already obtained settlements in this suit. Its failure to provide adequate notice consistent with the court's TRO has allowed plaintiff to proceed in violation of basic due process requirements. Even as to the Aliver Defendants, plaintiff has still failed to provide defense counsel with the discovery that it has received from Walmart. Decl. of Klema, DE 40-0. It strains credulity to imagine a party that has no financial accounts restrained would engage counsel at its considerable expense to appear and oppose a court order that has no impact on them. It should come as no surprise that the Aliver Defendants, now appearing on their individual behalves apart from Shenzhen Moulis, are seeking to defend themselves in this case. DE 46.

While plaintiff might explore the relationship between the 18 defendants in discovery if it so chooses, there is no proper basis to prevent them from even appearing in this matter and being heard on a court order that is directly impacting their business operations.

Furthermore, intervention under Rule 24 was not designed to prevent or delay a defendant from appearing in court **as a proper party**, but rather to ensure non-parties could intervene where they "claim[] and interest relating to the property or transaction that is the subject of the action" such that proceeding with the lawsuit and "disposing of the action may … impair or impede" that party's "ability to protect its interest." Fed. R. Civ. P. 24(a)(2). That is not the case here. Without any foundation whatsoever, plaintiff asserts that the Court, in entering a judgment on the plaintiff's complaint, would "not as a practical matter impair or impede the Shenzhen Moulis Electronic Co., Ltd. ability to protect its interests." That is entirely untrue and plaintiff has no basis in fact to state otherwise. It might actually have facts in its possession that directly refute its representation to this

court in the form of discovery responses from the online platforms. No one knows because plaintiff has not filed it in court nor provided it to the defendants.

Plaintiff further contends that some ethereal "principles of natural justice" are relevant to the Court's legal analysis. They are not. Unsurprisingly, it cites no authority for that assertion or its argument that it would suffer an "undue hardship" if it actually had to prove its case in a contested proceeding against the party claiming superior intellectual property rights. Its failure to cite proper authority is further evidence of plaintiff's shoot-from-the-hip attitude towards federal court litigation.

The proper standard for a "Rule 24 inquiry is whether the intervenor has a legally protectable interest in the litigation." Chiles v. Thornburgh, 865 F. 2d 1197, 1212 (11th Cir. 1989). The Aliver Defendants do have such an interest as the actual party in interest. Plaintiff's refusal to accept the fact that they are the actual defendants is not only bizarre, but against the plaintiff's own interests to ensure it has a properly executable judgment. Plaintiff's counsel simply labels the defendants' effort to appear as "intervention." That is, without question, not what is occurring. "[T]here is a difference between the question whether one is a proper plaintiff or defendant in an initial action and the question whether one is entitled to intervene…" Id. at n.16 (quoting Shapiro, Some Thought on Intervention Before Courts, Agencies and Arbitrators, 81 HARV. L. REV. 721, 726 (1986)). The Shapiro article on which the Eleventh Circuit relied illustrates how absurd plaintiff's arguments are. The distinction between being a proper party and entitlement to intervene "should go without saying." Shapiro, 81 HARV. L. REV. at 726. Yet plaintiff here fails to articulate why the Aliver Defendants are *not* already the very parties against which it is seeking a judgment.

Even if the Aliver Defendants were seeking to intervene (which they are not), they would have Article III standing to do so, given their direct financial impact of their product listings being disabled and accounts restrained. Town of Chester v. Laroe Estates, 581 U.S. 433 (2017). And even then, they would not need to show such constitutional standing unless they sought "relief that is different from that which is sought by a party with standing." Id. Plaintiff's motion should be denied.

There is no quarreling with the fact that the Aliver Defendants have sought to appear and defend against plaintiff's allegations in their own right as proper defendants, not as intervenors. Plaintiff has simply artificially claimed that is what is happening rather than undertaking its obligation to add defendants in their proper capacity once it learns who they are (i.e. upon receiving discovery responses from the online platforms).

The Aliver Defendants are at a complete loss as to understand plaintiff's argument, though its conduct to date appears to be in the vein of the infamous Prenda Law firm. E.g., Indictment, U.S. v. Hansmeier, No. 16-cr-00334, ECF No. 1, ¶¶ 9, 13 24 (D. Minn. Dec. 14, 2016) (ultimately convicting plaintiff lawyers criminally for copyright litigation fraud perpetrated through ex parte filings and seeking to obtain fraudulent settlements).

## CONCLUSION

Plaintiff's motion should be denied. It is wholly frivolous and vexatious, wasting the Court's time and scarce judicial resources.

WHEREFORE, the Aliver defendants request the Court:

a) deny plaintiff's motion to oppose entry of parties, DE 31;

b) find that plaintiff unreasonably violated Local Rule 7.1(a)(3);

c) sanction plaintiff's counsel for bad faith failure to confer prior to filing plaintiff's motion, and bad faith refusal to withdraw plaintiff's motion after being provided the Fu declaration DE 42-1;

d) award the Aliver Defendants their reasonable attorney's fees in preparing the Fu declaration, this motion, and for preparing for and attending the hearing on it;

e) allow the Aliver Defendants to be heard on December 19, 2024, in opposition to plaintiff's motion for a preliminary injunction and otherwise proceed in their defense in this case; and

f) for such further relief as the Court deems just and proper.

   /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for the Aliver Defendants, DE 42*