# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF FLORIDA

# MIAMI DIVISION

## CASE NO. 0:24-cv-61886

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants.

_____/

**MOTION TO REQUEST COURTS LEAVE TO FILE 2ND AMENDED COMPLAINT ALONG WITH DECLARATION OF PLAINTIFF IN SUPPORT OF SELF DECLARATION OF MINGZHI CAO (CREATOR OF THE COPYRIGHT), DECLARATION OF MICHAEL FELDENKRAIS IN SUPPORT OF DECLARATION OF PLAINTIFF AND DECLARATION OF THE EXPERT SUPPORTING THE CREATOR'S DECLARATION OF COPYRIGHT AND REQUEST TO RE-CONSIDER THE COURT'S DENIAL OF PRELINIARY INJUNCTION**

Plaintiff, Guangzhou tinpod Electronic Technology Co., Ltd. (hereinafter referred to as the "Plaintiff"), by and through undersigned counsel, hereby moves a motion to request leave

of this court to file 2nd-amended complaint along with declaration of Plaintiff in support of self-declaration of Mingzhi Cao (creator of the copyright), declaration of Michael Feldenkrais in support of declaration of Plaintiff and declaration of the expert supporting the creator's declaration of copyright pursuant to Rule 15 of the Federal Rule of Civil Procedure in interest of justice and request to re-consider the court's denial of preliminary injunction. The Plaintiff states as follows:

Plaintiff is the owner of a one (1) United States Copyright, No. VAu 1-517-249, for 2-dimensional artwork for Black Castor Oil 1, Black Castor Oil 2, Black Castor Oil 3 and Black Castor Oil 4 (hereinafter "Plaintiff's Copyright") registered with the United States Copyright Office and protected from infringement under federal copyright law. Plaintiff has filed this copyright infringement lawsuit against Defendants, as e-commerce sellers who are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of Plaintiff's copyrighted art within this District through various Internet based e-commerce platforms, including but not limited to; Amazon, eBay, Walmart and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs"). Every time Defendants offer to sell and/or sell a product using Plaintiff's copyrighted artwork there is a direct loss, for which monetary damages cannot adequately compensate because monetary damages fail to address the loss of control over Plaintiff's intellectual property and goodwill. See Declaration of Guangzhou tinpod Electronic Technology Co., Ltd., 13 November, 2024 ("Plaintiff Decl.") (ECF No. 12), attached hereto.

The Copyright Act allows Plaintiff to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. *See* 17 U.S.C § 504. To preserve that disgorgement remedy, Plaintiff filed for an *Ex Parte* motion for temporary restraining order, including preliminary injunction and an order restraining transfer

of assets including funds specifically transmitted through all possible online marketplace payment providers, including but not limited to Amazon, Amazon Pay, Walmart, eBay, PayPal, platforms (collectively referred to as "financial entities"). (ECF No. 14) and motion for Alternate Service (ECF No. 16). Plaintiff requested this remedy because as a result of Defendants flooding the e-commerce marketplace with unauthorized reproductions and derivatives using Plaintiff's copyright artwork, it is highly probable that Plaintiff will continue to suffer irreparable harm unless Defendants' infringing activity is stopped by this Court. See Plaintiff Decl. (ECF No. 12). Accordingly, this Court granted an *Ex-Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets.

Through a paperless order dated December 22nd, 2024, this court denied without prejudice the Plaintiff's motion for preliminary injunction. (ECF No. 47). Subsequently, the Plaintiff humbly submits this motion to request court's leave to file re-amended complaint, amended Plaintiff's declaration and amended Attorney's declaration, to rectify the error in not mentioning the creation date of the 2-dimensional artwork and substantiating it with evidences and also in the interest of justice.

Rule 15 (a) (2) of the Federal Court of Civil Procedure provides that "*In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires*". A litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. The reason for the same is that a court must be guided by the underlying purpose of Rule 15, that is, to facilitate decision on the merits rather than on the pleadings or technicalities. *See, Eldridge v. Block,* 832 F.2d 1132 (9th Cir. 1987). A litigant is entitled to procedural protections, including right to amend complaint unless futile. *See*, *United States v. Webb,* 655 F.2d 977, 979.

Further, it is also an established rule that Rule 15's policy of favouring amendments to pleadings should be applied with "extreme liberality". *See*, *Rosenberg Brothers Co. v. Arnold,* 283 F.2d 406 (9th Cir. 1960). In the absence of any substantial reason to deny the motion, such as undue prejudice to defendant, undue delay, bad faith or dilatory motive on the part of the plaintiffs, repeated failure to cure deficiencies or futility, the interests of justice require that leave should be freely given*. See*, *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Hargett v. Valley Fed. Savings Bank* , 60 F. 3d 754, 761 (11th Cir. 1995).

The Plaintiff submits that Mingzhi Cao in the capacity of work for hire at the Plaintiff created the 2-dimensional artwork of Black Castor Oil which was completed on dated August 18th, 2022. Plaintiff's Copyright has been registered with the United States Copyright Office ("USCO") on January 31, 2024 and is protected from infringement under federal Copyright law. To substantiate the claim, the created file having the the 2-dimensional artwork of Black Castor Oil is attached as (**Exhibit-A)** and the screenshots of the metadata of the 2-dimensional artwork of Black Castor Oil is attached as **(Exhibit B)** in the declaration of the Plaintiff in support of self-declaration of Mingzhi Cao (creator of the copyright).

The precise creation date of the artwork is a critical factor in determining ownership in the present matter. Therefore, it is imperative to amend the pleadings to accurately reflect the creation date of the copyrighted artwork. Thus, such an amendment is essential to ensure a fair adjudication of the case and to uphold the interests of justice since there exist no undue delay, bad faith or dilatory motive on the part of the Plaintiffs, thereby, fulfilling principles underlying Rule 15 of the Federal Rules of Civil Procedure.

Further, the Plaintiff submits that an "Author" involves originating, making, producing, as the inventive or mastermind, the thing which is to be protected, whether it be a drawing, or a painting, or a photograph. Further, photography is to be treated for the purposes of the Act as

an art, and the author is the man who really creates the idea, fancy, or imagination. Therefore, an author is described as a person who creates the work originally or for the very first time. *See, Burrow-Giles Lithographic Company v. Sarony, 111 U.S. 53 (1884)*. Thus, by virtue of "first to create" principle copyright of the 2-Dimensional artwork subsists with the Plaintiff who under work for hire created the 2-Dimensional artwork prior to a work by the Defendants (ECF No 42), even if the Defendants publishes their work first, since the Plaintiff is able to demonstrate that he is the owner/creator of the work.

Generally, a party seeking a preliminary injunction must show: (1) he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). Also, "The movant has the burden of proof as to each of these elements." See *Sprint Commc'ns, Inc. v. Calabrese*, No. 18-cv-60788, 2018 WL 6653079, at *4 (S.D. Fla. July 5, 2018) (citing *Cafe 207, Inc. v. St. Johns Cnty.,* 989 F.2d 1136, 1137 (11th Cir. 1993)), report and recommendation adopted, 2018 WL 6653070 (S.D. Fla. Nov. 7, 2018). Considering the fact that the Plaintiff created the 2-Dimensional artwork prior to the Defendants and considering that the Defendants' Counterfeit Copies contain every aspect of the claimed 2-dimensional artwork on the Plaintiff's Copyright and have an overall appearance that is confusingly similar to the claimed 2-dimensional artwork in the Plaintiff's Copyright. Therefore, Defendants are directly liable for infringing Plaintiff's Copyright under the Copyright Act, 17 U.S.C. § 501 and if the court's order denying the preliminary injunction in favour of the Plaintiff is not re-considered, the Plaintiff shall suffer an irreparable harm since the balance of equities tips in his favor and an injunction is in the public interest.

WHEREFORE, Plaintiff respectfully requests for this Court to grant the leave to file re-amended complaint along with declaration of Plaintiff in support of self-declaration of

Mingzhi Cao (creator of the copyright), declaration of Michael Feldenkrais in support of declaration of Plaintiff and declaration of the expert supporting the creator's declaration of copyright and to re-consider the court's denial of preliminary injunction and grant the preliminary injunction in favour of the Plaintiff.

Respectfully submitted on this 3rd day of January, 2025.

**FELDENKRAIS LAW, P.A.**

Attorneys for Plaintiffs

20533 Biscayne Blvd. Suite 469

Aventura, FL 33180

Telephone: (305) 528-9614

Email: mfeldenkrais@gmail.com

By: /s/ Michael Feldenkrais, Esq.

Florida Bar No. 991708