UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 0:24-cv-61886

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

Defendants,

_____/

**NOTICE OF FILING DECLARATION OF MICHAEL FELDENKRAIS IN SUPPORT OF THE DECLARATION OF THE PLAINTIFF AND EXPERT SUPPORTING THE CREATOR'S DECLARATION OF COPYRIGHT.**

Plaintiff, by and through undersigned counsel, hereby notices his filing of Declaration of Michael Feldenkrais in support of declaration of Plaintiff and declaration of the Expert supporting the creator's declaration of copyright.

Respectfully Submitted this 03rd day of January, 2025:

**FELDENKRAIS LAW, P.A.**
Attorneys for Plaintiffs
20533 Biscayne Blvd. Suite 469
Aventura, FL 33180
Telephone: (305) 528-9614
Email: mfeldenkrais@gmail.com
By: /s/ Michael Feldenkrais, Esq.
Florida Bar No. 991708

1

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 0:24-cv-61886

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

_____/

**DECLARATION OF MICHAEL FELDENKRAIS IN SUPPORT OF THE DECLARATION OF PLAINTIFF AND DECLARATION OF THE EXPERT SUPPORTING THE CREATOR'S DECLARATION OF COPYRIGHT**

I, Michael Feldenkrais, declare and state as follows:

1. I am over 18 years of age and I have personal knowledge of the facts set forth herein.

2. I am counsel of record for Plaintiff, Guangzhou tinpod Electronic Technology Co., Ltd. ("Plaintiff") and I make this declaration in support of declaration of Plaintiff and declaration of the expert supporting the creator's declaration of copyright. If called upon to do so, I could and would competently testify to the following facts set forth below.

3. The Mingzhi Cao (hereinafter referred to as the "creator") in the capacity of work for hire at the Plaintiff created the 2-dimensional artwork of Black Castor Oil which was completed on dated August 18th, 2022. Plaintiff's Copyright has been registered with the United States Copyright Office ("USCO") and is protected from infringement under federal Copyright law.

4. I, to substantiate this claim, authenticated and re-verified the metadata provided by the Plaintiff mentioning the creation date of the 2-dimensional artwork of Black Castor Oil as August 18th, 2022, from an expert **Julien Craan** from **Craan Designs, Inc.,** being an expert organization in analyzing and verifying all types of data and digital documents, media, etc. The Report generated is attached as **(Exhibit C).**

5. The individuals, partnerships, and unincorporated associations ("Defendants") identified on Schedule "A" of the Amended Complaint conduct their e-commerce business through Amazon, Ebay, Walmart among other e-commerce platforms.

6. Based upon the data and information collected and provided in connection with this action, Defendants' as identified on Schedule "A" of the Amended Complaint, Internet based e-commerce stores ship infringing goods using unauthorized copies into the United States, including the Southern District of Florida.

7. Defendants are promoting, advertising, distributing, selling and/or offering for sale, through Seller IDs provided by the e-commerce stores, goods using counterfeit and infringing Plaintiff's Copyright for 2-dimensional artwork and unauthorized reproductions without authorization. Attached hereto as Schedule "B"[1] are representative web page captures and order

---

[1] Schedule B consists of web captures and samples of each of the Defendant's Copyright for 2-dimensional artwork infringement. This Schedule B has been organized per Defendant for convenience and presentation purposes. Schedule B also contains a side by side between Plaintiff's Copyright for 2-dimensional artwork as appearing in retail and the infringing/counterfeit product.

3

samples from Defendants' Internet based e- commerce stores operating under the Seller IDs.

8. Defendants have structured their e-commerce store businesses so that the means for customers to purchase Defendants' infringing goods, at issue, is by placing an order electronically. Defendants receive and confirm orders online and rely on electronic means to receive payment.

9. Defendants obtain their sales proceeds, from the e-commerce platforms, by using money transfer, and/or retention processing services with PayPal, Inc., and/or having their sales processed using an aggregate escrow account in order to receive monies from the sale of infringing goods.

10. The escrow accounts on these e-commerce platforms are held in various financial institutions, including Amazon, Amazon Pay, Ebay, Paypal, Walmart, among others.

11. Most of the time, Defendants must provide an email address and physical address to the third-party platforms through which Defendants operate (such as Ebay, Amazon, and Walmart), however, few Defendants purport to provide any type of a physical address to these third-party platforms much less a valid, accurate, and verifiable physical address. Also, many of the Defendants appear to reside in China, neighboring states (and other foreign jurisdictions) and some use Chinese characters for their names and addresses. Store operator can input any physical address so that it is not verifiable and typically false and or inaccurate. Even where a physical address is known, it is not a reliable way to locate and or identifying Defendants.

12. There are reports that confirm the unreliability of and uncertainty of physical addresses. A January 2020 publication on counterfeiting by the Department of Homeland Security cites a "lack of relevant policies and procedures to verify sellers' true names and addresses" by third party platforms, which "contributes to a range of impediments to effective enforcement."

13. Based upon the data and information collected and provided in connection with Defendants' Internet based e- commerce stores, including the shipping information and payment

data provided in connection with Defendants' Seller IDs, Plaintiff has good cause to suspect Defendants are all residing and/or operating outside of the United States and/or redistribute products from sources outside of the Unites States.

14. Defendants have complete control of their e-commerce stores, at issue. If notice of this action and or this proceeding, Defendants can modify the ownership of the e-commerce store, data, content, payment accounts, redirect consumers to other seller identification names, and transfer assets to other seller identification numbers.

15. Absent the granting of Plaintiff's Motion for TRO, without notice, Defendants can and will likely alter the status quo before the Court can determine the parties' respective rights. Particularly because Defendants can transfer, conceal and dissipate assets or modify e-commerce data within minutes after obtaining notice of this action. Such result would also frustrate the Court's ability to grant meaningful relief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 03rd day of January, 2025.

**FELDENKRAIS LAW, P.A.**

Attorneys for Plaintiffs

20533 Biscayne Blvd. Suite 469

Aventura, FL 33180

Telephone: (305) 528-9614

Email: mfeldenkrais@gmail.com

By: /s/ Michael Feldenkrais, Esq.

Florida Bar No. 991708