UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61886-JB

XYZ CORPORATION,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

## *SECOND UNOPPOSED* MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The eighteen Aliver Defendants, DE 42, pursuant to Fed. R. Civ. P. 6(b)(1), Local Rule 7.1, and the Court's order, DE 6, move for a second extension of time to respond to plaintiff's first amended complaint.

The Aliver Defendants originally moved (unopposed) for an extension of time to respond to plaintiff's first amended complaint on December 26, 2024. DE 57. The Court granted that motion, and provided a new deadline of January 14, 2025, for a response. DE 62.

Then, on January 3, 2025, plaintiff moved for leave to file a second amended complaint. DE 67. The Court denied that motion without prejudice for failure to include the required good faith conferral pursuant to Local Rule 7.1(a)(3). DE 68. Four days later, an additional 10 defendants appeared, and requested (in an opposed motion) an extension of time to respond to the operative pleading. DE 77. That motion remains pending, and plaintiff's deadline for a response to it is January 21, 2025. Local Rule 7.1(c)(1).

Then, on January 8, 2025, plaintiff engaged in a good faith conferral with the Aliver Defendants, who agreed to provide their consent for plaintiff to file its proposed second amended complaint, DE 67-1. On January 9, 2025, the undersigned circulated a proposed joint consent pursuant to Rule 15(a)(2) to plaintiff and the newly-appearing defendants represented by Mr. Darren Heitner (being all the parties that have appeared to date). Unfortunately, neither plaintiff nor the 10 new defendants have provided a response to that proposed consent, though the Aliver Defendants understand that plaintiff and those 10 defendants may be close to settling, which appears to be the reason why Mr. Heitner has not timely responded to the undersigned.

Given the Court's order requiring at least three business days' advance filing of motions for extension of time prior to a deadline, DE 6, the Aliver Defendants, in an abundance of caution, therefore file this motion for a further extension of time. That additional time will obviate the need for them to respond to the First Amended Complaint which they understand will soon be mooted by plaintiff's filing of a second amended complaint.[1] Upon plaintiff's filing of the consent previously circulated by the Aliver Defendants and separate filing of its second amended complaint, all defendants would then have 14 days from the date of that filing to respond, "[u]nless the court orders otherwise." Fed. R. Civ. P. 15(a)(3). Accordingly, the Court should grant this request for a second extension of time for filing its response to Plaintiff's First Amended Complaint.

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

---

[1] Procedurally, the Aliver Defendants understand that if the plaintiff and the 10 new defendants settle, that will obviate the need for their consent under Rule 15, and plaintiff will proceed to counter-sign and file the previously-circulated consent (already signed by counsel for the Aliver Defendants), and immediately thereafter plaintiff will then file its proposed second amended complaint.

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Thus, the Court, in its discretion, may order the period for responding to pleadings extended if a request is made, as here, before the expiration of the period originally prescribed. The standard is a liberal one, and "an application for enlargement of time under Rule 6(b)(1) will normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4b CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. AND PROCEDURE, § 1165, at 552 (3d ed. 2002).

For the reasons discussed above, the Aliver Defendants have good cause for the requested extension, namely being forced to respond to a pleading that will soon be inoperative and replaced by the filing a second amended complaint. The Aliver Defendants do not seek this extension in bad faith or for the purpose of delay and no party will be prejudiced if the Court grants this extension.

**WHEREFORE**, the eighteen Aliver Defendants, DE 42, request the Court:

a) enter an order granting this second unopposed motion for extension of time to file a response to plaintiff's first amended complaint;

b) provide a deadline of 14 days from the date plaintiff files its second amended complaint; and

c) for such further relief as the Court deems just and proper.

**CERTIFICATE OF COUNSEL**

Counsel for the movant certifies that he conferred with counsel for plaintiff by telephone on January 10, 2025, and plaintiff does not oppose the relief requested herein. Counsel for the movant further certifies that he was unable to reach counsel for the newly-appearing defendants, Mr. Darren Heitner, despite multiple voicemails and emails to him, although the Aliver Defendants do not believe those defendants would be adversely affected by the relief requested herein.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292

Di Li, Esq.
**Di Li Law, P.C.**
18725 Gale Ave., Suite 208
City of Industry, CA 91748
Tel.: (626) 723-4849
Fax: (626) 956-0744
Email: di@dililaw.com
*Admitted Pro Hac Vice*

*Attorneys for the Aliver Defendants, DE 42*