UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61886-JB

XYZ CORPORATION,

 Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

 Defendants.

## JOINT SCHEDULING REPORT

 Plaintiff and the eighteen Aliver Defendants, DE 42, by and through their respective counsel, and pursuant to Local Rule 16.1(b) and Fed. R. Civ. P. 26, files this, joint scheduling report concurrently with the proposed scheduling order. Where there are competing positions, each party's concerns are prefaced with **boldface** "Plaintiff" or "Defendant."

 **Defendants' preliminary statement**: The Aliver Defendants are concerned about the orderly progression of this case given plaintiff's conduct to date, including failing to calendar deadlines, failing to abide by the Court's orders, failing to understand and follow basic Rules of Civil Procedure and the Local Rules, and unreasonably multiplying these proceedings through baseless arguments and objections. The latest example of these concerns lies herein. Plaintiff "oppose" [sic] almost every proposal made by the defendants rather than working in good faith towards mutual agreement on issues that should not be disputed. Defendants urge the Court to take charge in this case with an appropriately-tailored scheduling order to ensure strict compliance with the rules,

deadlines, and professionalism. Therefore, Defendants request a scheduling conference with the Court prior to the entry of a scheduling order to address these concerns as well as the competing positions herein.

**Plaintiffs' preliminary statement**:  The plaintiff does not care to hear and see on Court pleadings about the Defendants "continued complaining" on how Plaintiffs' counsel litigates this matter.  This continued accusations and use of language as follows: "plaintiff's positions as "unreasonable, unprofessional, and vexatious." Coupled with the commentary made above as to failing calendar deadlines, Court orders failure to understand and follow basic rules of civile procedure and the local rules, unreasonably multiplying these proceedings ..." are just merely completely and unnecessary commentary attempting to make plaintiffs' counsel "look like" he is providing ineffective assistance of counsel to his client in order to make an argument on behalf of Defendant that have no basis on the merits of this case.  Defendant's Attorney suggestion that the plaintiff's conduct in this matter has been unprofessional is particularly egregious and wholly without merit. The Plaintiff's Attorney has acted in good faith at all times and remains committed to complying with the Court's orders and applicable rules. Any differences in positions articulated in the joint scheduling report arise from legitimate procedural and substantive considerations, not from any intent to obstruct or delay.  One thing would be if the Defendant's attorney had real issues with the case and the other is whether he has issue with Plaintiff's attorney.  But to date, Plaintiff and Plaintiffs counsel have provided the proof of creation of this copyrighted item and there still has been no showing or even indicia of proof on the part of Defendants showing any evidence of creation prior to that date.  Maybe since Defendant knows he has no case, all he knows

how to do is attack Plaintiff's counsel with rhetoric. Therefore, all this fluff is merely a "TACTIC", one used now too often including against a Co-Defendant's Attorney, Mr. Heitner whom responded to Defendants Attorney Mr. Klema to have his rhetoric be toned down in communications. I echo that sentiment and request that we avoid inflammatory language in future correspondence. We are all professionals, and I trust that we can proceed in a manner that reflects mutual respect. Therefore, as a preliminary statement, Plaintiff's counsel brings this up only in response to the Defendant's preliminary statement above.

I. Discovery Plan

(A) Rule 26(a) Disclosures: Pursuant to the Court's order, DE 6, the Aliver **Defendants** certify that they have provided the disclosures required by Rule 26(a)(1) to plaintiff. Plaintiff has not provided its disclosures, and Defendants are concerned about their timely disclosure in connection with preparing this report and generally to help reduce unnecessary discovery. Defendants propose that plaintiff be disallowed to initiate discovery until full and complete initial disclosures are provided to the defendants in full, as well as disclosure of the discovery plaintiff has received from the e-commerce platforms. Plaintiff's representation that it has provided "all the documents" is demonstrably false.

**Plaintiff** oppose the assertion made by the Defendants since Plaintiff has provided the Defendants with all the documents as shared via Dropbox link as well as the data with respect to the Aliver Defendants as provided by the E-commerce platforms including Amazon, eBay and Walmart. Rather the Defendants has not provided any disclosure with respect to the copyrighted work/images that they claim to have right upon. Plaintiff opposes Defendants proposal to disallow Plaintiff from initiating Discovery. Plaintiff's represents that it has provided "all the documents" as required.

(B) Subjects of Discovery; Phases; Potential Disputes: **Defendant** proposes that discovery be limited in light of their unified interests and common ownership. Discovery should be limited according to the Rules of Civil Procedure as though the Aliver Defendants were one named party. For example, they anticipate that one or a few corporate representative(s) can testify on each of their behalves. Similarly, the Aliver Defendants propose that interrogatories, requests for production, and requests for admission should be directed to the lead defendant, which can answer on behalf of

itself and each of the subsidiaries through a single response and state, where appropriate, differences attributable to each named defendant. Topics of discovery include forensic examination of information technology (IT) infrastructure of plaintiff, including laptops, cell phones, storage devices, and possible other hardware, some or all of which might be located in China. Metadata in this case will play a critical role, and preservation and access to original hardware will be needed to discover information related to plaintiff's alleged creation of the subject copyrighted works. Defendants also anticipate possible disputes with plaintiff about its obligation to disclose information. For example, plaintiff still has not produced all information received from the e-commerce platforms, which is required by the Court's Order, DE 19 at 8-9 ("Plaintiff shall file a notice … attaching a copy of all data received pursuant to this paragraph. … Plaintiff shall post copies of … all other documents filed in this action, on the website"). Other topics of discovery will include plaintiff's existence as a proper juristic entity, and matters that will be framed by the pleadings, including the defendants' answer when it is filed. Plaintiff's position, below, is contrary to the rules of civil procedure.

The **Plaintiff** oppose this proposal. Defendants' proposal to treat all Aliver Defendants as one entity for purposes of discovery is overly broad and unwarranted. Until now the Aliver Defendants have not been able to disclose how there is a common ownership between them. Each defendant should be treated individually, particularly in light of the factual differences between the parties. Further, it is necessary for the Plaintiff to have access to testimony from representatives who can speak to the specific actions and knowledge of each defendant, particularly regarding different corporate entities and their roles in the alleged conduct. Restricting discovery to a few representatives could lead to significant gaps in the Plaintiff's ability to establish the full scope of the alleged infringement. Plaintiff agrees that metadata and forensic examination of information technology infrastructure are important to the case; however, the Defendant's request to examine Plaintiff's IT infrastructure, including devices potentially located in China, is disproportionate. The Defendants' claim that Plaintiff has failed to comply with the Court's prior discovery order is inaccurate and as stated above the Plaintiff has provided the Defendants with all the documents as shared via Dropbox link as well as the data with respect to the Aliver Defendants as provided by the E-commerce platforms including Amazon, eBay and Walmart.

(C) Electronic Discovery: **Defendants** propose all relevant Electronically Stored Information ("ESI") should be preserved until the resolution of this matter. This includes, but is not limited to, information owned and/or controlled by the parties that is contained in electronic documents, cellular phones, emails, text messages, cryptocurrency wallets, social media, and computers and software databases and programs. When discovery

requests are made, they propose to undertake good faith efforts to comply with the terms of the requests. For structured ESI, like database data, they propose to make reasonable efforts to procure and produce ESI in native formats. For unstructured ESI, like emails and word processing, defendants propose to make reasonable efforts to produce discovery in a searchable PDF format and/or native format. Defendants are at a loss to understand the plaintiff's position respecting third parties over whom neither party has control, though they agree that third parties should be required to comply with the terms of any lawfully issued subpoena and the rules of procedure.

The **Plaintiff** oppose this proposal. The proposal does not explicitly address the potential need to request ESI from third parties or external sources that may have relevant information in their possession. Plaintiff requests that the parties agree to ensure the preservation and production of third-party ESI, such as data from e-commerce platforms, service providers, or other external entities that may possess relevant documents or communications related to the case.

(D) Claims of Privilege or Protecting Trial Preparation Materials: In connection with the procedures provided by Fed. R. Civ. P. 26(b)(5), the Parties agree that any inadvertent production of privileged or trial-preparation materials shall not be considered a waiver of any privilege or protection applicable to such materials so long as the party identifies the documents mistakenly produced and requests their return.

(E) Changes in Discovery Limitations: As explained above, the Aliver **Defendants** propose limitations on discovery to reflect their common interest and control, and effectively proceed as a single party for purposes of discovery with corresponding limitations on the number of written discovery requests and number of depositions.

The **Plaintiff** oppose this proposal. As stated above, the Defendants' proposal to treat all Aliver Defendants as one entity for purposes of discovery is overly broad and unwarranted. Till now the Aliver Defendants are not able to disclose how there is a common ownership between them. Each defendant should be treated individually, particularly in light of the factual differences between the parties. Thus, Aliver Defendants shall not proceed as a single party for purposes of discovery.

(F) Other Orders Under Rules 26(c) or 16(b): **Defendant** requests that the initial scheduling order include instructions to preserve ESI, pursuant to Rule 16(b)(3)(B)(iii), given the importance of ESI and metadata to the dispute respecting each party's authorship.

**Plaintiff** requests that initial scheduling order shall not treat all Aliver Defendants as one entity for purposes of discovery and further include

instructions to preserve ESI of separate defendants, pursuant to Rule 16(b)(3)(B)(iii).

II. Conference Report

   A. *Likelihood of Settlement*

   **Defendant**: At this time, the likelihood of settlement is doubtful, as both plaintiff and defendant Shenzhen Moulis each claim original authorship of their respective industrial works, and allege the other party copied their work, and therefore infringed their copyright.

   The **Plaintiff** oppose this proposal. The Plaintiff has time and again given an opportunity to the Defendants for Compromise Offers and Negotiations in accordance with Fed R Evid Rule 408.The Plaintiff is still open for settlement in the interest of justice.

   B. *Likelihood of Appearance of Additional Parties*

   **Defendants**: None anticipated at this time. The **Plaintiff** oppose this proposal. New parties may appear since the Plaintiff has filed motion for Clerk's default.

   C. *Proposed limits on the time*:

   i) <u>To join other parties and to amend the pleadings</u>. **Defendants** propose to limit amendments to plaintiff's complaint by February 28, 2025, given that this action has been pending for over four months and plaintiff represents that it served all the defendants. Defenses may need to be amended as discovery progresses, either to eliminate them or, upon discovering evidence supporting a new defense, to add them. **Plaintiff** opposes the limiting of amendments to Plaintiffs complaint to February 28, 2025 and proposes April 30, 2025 instead.___ .

   ii) <u>To file and hear motions</u>. **Defendants** propose to allow early-filed summary judgment motions, such as its motion for partial summary judgment under 17 U.S.C. § 412, and motion to refer the plaintiff's certificate to the Register of Copyrights under 17 U.S.C. § 411(b)(2) ("In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse

                registration."). A follow-on summary judgment motion respecting validity might obviate the need for other discovery and litigation, depending on the Register's response.

       iii)    <u>To complete discovery</u>. The parties agree to follow the Court's preferred deadlines.

**D.** *Proposals for the Formulation and Simplification of Issues*

The parties will endeavor to stipulate to undisputed facts and issues in advance of trial. **Defendants**: The defendants intend to file dispositive motions in advance of trial in an effort to limit the issues. In particular, the Aliver Defendants will move for early for partial summary judgment concerning plaintiff's right to seek statutory remedies due to the operation of 17 U.S.C. § 412 ("no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for any infringement of copyright in an unpublished work commenced before the effective date of its registration"). Apart from that motion, the defendants anticipate other dispositive motion practice directed to the pleadings, as well as after the close of discovery.

**Plaintiff** oppose this proposal.

**E.** *Necessity or Desirability of Amendments to the Pleadings*

Plaintiff has stated an intent to file a second amended complaint, but has not yet done so. The Aliver **Defendants** intend on moving to dismiss plaintiff's operative complaint before filing an answer, affirmative defenses, and counterclaims. The timing of a ruling on the defendants' forthcoming motion to dismiss may therefore impact the necessity of an amended complaint, if the action is not dismissed without leave to amend.

The **Plaintiff** oppose this proposal. Plaintiff's Motion for Leave to File Second Amended Complaint (the "Motion"), ECF No.67 was denied by the Hon'ble court without prejudice since the Plaintiff failed to include a Certificate of Conferral. There arises no necessity to dismiss plaintiff's operative complaint. The Aliver Defendants shall proceed as per the courts order.

**F.** *Admissions of Fact and Stipulations of Authenticity*

The parties will endeavor to stipulate as to the authenticity and admissibility of documents to avoid unnecessary fact disputes, and to admit to such facts and documents as will avoid unnecessary need for discovery and issues of proof.

**G.**   *Avoidance of Unnecessary Proof/Cumulative Evidence*

Unnecessary proof and cumulative evidence will be eliminated, whenever possible, through the use of admission and stipulations by the Parties.

**H.**   *Advisability of Referring Matters to a Magistrate Judge or Master*

The Parties consent to referring discovery matters to the Magistrate Judge.

**I.**   *Preliminary Estimate of Time Required for Trial*

**Defendants** estimate that trial will take 4-5 days, assuming both plaintiffs claim and the defendants' (likely) counterclaims would remain for a trial. Summary disposition of some portion of either the plaintiff's claims or defendants' counterclaims would likely shorten the time needed for trial.

The **Plaintiff** oppose this proposal. Defendants have acknowledged that both Plaintiff's claims and Defendants' counterclaims will remain for trial. Each side will need sufficient time to present their respective cases in full, including the examination of witnesses, presentation of documents, and the introduction of expert testimony. The time estimated by the Defendants is insufficient to adequately cover both the Plaintiff's claims and the counterclaims, especially considering the potential for extensive documentary evidence and testimony to be introduced at trial. Based on the scope of the case and the need for a thorough examination of both the Plaintiff's claims and Defendants' counterclaims, Plaintiff respectfully requests that the trial be scheduled for a longer period.

**J.**   *Requested dates for conferences before trial, a final pretrial conference, and trial:*

The dates for conferences, pretrial, and trial are specified in the accompanying proposed scheduling order.

**K.**   *Any Issues About:*

(i)   <u>Disclosure, discovery, or preservation of electronically stored information, including the form or forms in it should be produced</u>: **Defendants** have requested that plaintiff ensure it preserves ESI relevant to its action, and to identify either by name or title, the custodians of ESI. They have also requested a list of systems that contain ESI from plaintiff. Neither custodians nor systems have been disclosed. **Plaintiff** has requested to have parties agree on reasonable procedures for discovery of electronically stored information.

  (ii) <u>Claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502</u>: The Parties agree that the "claw-back" of inadvertently produced privileged or trial preparation materials shall be governed by the applicable provisions of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, and that such inadvertent production and "claw back" shall not constitute any waiver of such privileges. The Aliver **Defendants** anticipate that plaintiff will continue to refuse to disclose certain information, such as that required by the Court's order. **Plaintiff** opposes the assertion made by the Defendants since Plaintiff has provided the Defendants with all the documents as shared via Dropbox link as well as the data with respect to the Aliver Defendants as provided by the E-commerce platforms including Amazon, eBay and Walmart.

  (iii) <u>When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist</u>: **Defendants**: Given the importance of ESI in this action, the Aliver Defendants have requested that the Court's ESI Checklist be utilized, and made clear to plaintiff that it must preserve information related to its alleged creation of its claimed works. **Plaintiff**s: Given the computer systems are located in out of country jurisdictions, Plaintiff proposed to agree to work together to develop a mutually agreeable format and checklist for ESI discovery.

 **L.** *Any other information that might be helpful to the Court*

1. *Whether the trial will be jury or non-jury*
    a. Plaintiff has not demanded a jury trial. Defendants' deadline for demanding a jury trial has not yet occurred.

2. *An outline of the legal elements of each claim and defense raised by the pleadings*
    a. **Plaintiff's** Response:
        i. Plaintiff has raised a claim of copyright infringement. To establish infringement, Plaintiff must prove ownership of a valid copyright, and that Defendant copied protected expression contained in the work.
            1. Plaintiff has proved that it created the copyrighted work on dated August 18, 2022 and the same has been registered on dated Jan 31, 2024. It has further proved that the copyrighted artwork is not a direct copy or cast of any product or object, but rather reflects some artistic license. *See*, Motion for TRO [ECF No 14] Lastly, by producing the registration certificate issued by USCO, plaintiff has also produced the prima facie evidence of the ownership of the copyrighted work.

    2. To show copying, Plaintiff must show defendants had access to plaintiff's work(s) and there is substantial similarity between plaintiff's work(s) and defendants' products.  Plaintiff has already proved that without Plaintiff's authorization or license, Aliver Defendants are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate the Plaintiff's Copyrighted artwork. *See*, Schedule attached in Amended Complaint [ECF No. 11] and that there is substantial similarity between plaintiff's work and defendants' product. *See*, Attorney's Declaration [E.C.F. No.13] which provides the tabular representation of the similarity.

b. **Defendant's** Response: While the Aliver Defendants are not yet required to answer plaintiff's operative pleading, they disclose some of their possible affirmative defenses.
   i. Plaintiff's copyright registration is invalid, because, for example, the works were in fact published, yet the registration asserts they were unpublished. Furthermore, the claimant (plaintiff) legally did not or does not exist and the registration contains a further inaccuracy. 17 U.S.C. § 411(b); Unicolors Inc. v. H&M Hennes & Mauritz, L.P., 142 S. Ct. 941 (2022) (willful blindness invalidates a registration).
   ii. The subject works' "creativity" is thin, incorporates unoriginal elements (stock imagery), which is not entitled to protection; only after filtering out unprotectable expression is a similarity comparison then made. Compulife Software Inc. v. Newman, 959 F.3d 1288, 1306 (11th Cir. 2020).
   iii. Plaintiff is not entitled to statutory remedies, which are barred by the Copyright Act, 17 U.S.C. § 412 as a result of the alleged infringement predating plaintiff's claimed date of registration.
   iv. Plaintiff is not entitled to a disgorgement remedy measured by sales of a product that includes an alleged copyrighted work as part of its label or packaging. The Defendants were not selling "the work" but rather a product that allegedly included copyrighted works as part of its label.
   v. The Aliver Defendants may also show innocent good faith use as a mitigation of plaintiff's claimed statutory damages. 17 U.S.C. § 504(c)(2) ("was not aware and had no reason to believe that his or her acts constituted an infringement of copyright").
   vi. Finally, defendants will show that the plaintiff's claim is barred for copyright trolling because plaintiff is engaged in the business of litigation, not licensing, ignores the realities of its limited damages and focuses on the defendant's cost to defend combined with the threat that defendant will also be liable for plaintiff's attorney's fees. Lasercomb America, Inc. v. Reynolds, 911 F.2d 970 (4th Cir. 1990).

3. *A good-faith estimate of the specific dollar valuation of actual damages and other relief at issue*
    a. **Plaintiff's** Response: Plaintiff will provide as and when directed by the court.

4. The need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance
    a. The Parties do not anticipate the need for variance from the discovery limitations imposed by Local Rules and/or the Federal Rules of Civil Procedure, except as already identified, above.

Respectfully submitted on January 28, 2025.

## CONFERRAL CERTIFICATE

The Parties certify and represent that they conferred via Zoom on January 16, 2025, and again by telephone on January 17, 2025.

| | |
|---|---|
| Michael Feldenkrais, Esq.<br>Florida Bar No. 991708<br>mfeldenkrais@gmail.com<br>**FELDENKRAIS LAW, P.A.**<br>20533 Biscayne Blvd. Suite 469<br>Aventura, FL 33180<br>Telephone: (305) 528-9614<br>*Attorneys for Plaintiff*<br><br>By: /s/ Michael Feldenkrais<br>Michael Feldenkrais, Esq.<br>Fla Bar No 991708 | **KLEMA LAW, P.L.**<br>420 W. Kennedy Boulevard<br>Tampa, FL 33606<br>P.O. Box 172381<br>Tampa, FL 33672<br>Telephone: (202) 713-5292<br>griffin@klemalaw.com<br><br>*Attorney for the Aliver Defendants, DE 42*<br><br>By: __/s/ Griffin Klema_____<br>Griffin C. Klema, Esq.<br>Fla. Bar No. 100279 |