UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 0:24-cv-61886

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

_____/

## PLAINTIFF'S, GUANGZHOU TINPOD ELECTRONIC TECHNOLOGY CO., LTD. MOTION FOR FINAL DEFAULT JUDGMENT AGAINST CERTAIN DEFENDANTS AND MEMORAUNDUM OF LAW IN SUPPORT

Plaintiff, Guangzhou tinpod Electronic Technology Co., Ltd. (hereinafter referred to as "Plaintiff"), by and through undersigned counsel and pursuant to the Rule 55(b) and 58(d) of the Federal Rules of Civil Procedure, respectfully moves the Court for an entry of default judgment in favor of Plaintiff and against the Defendants identified on Schedule "A" herewith attached ("Defaulting Defendants" / "Defendants"). There are no allegations of joint liability or possibility of inconsistent liability between the Defaulting Defendants, Plaintiff now moves for entry of a final default judgment. In support thereof, Plaintiff submits the following Memorandum of Law:

**MEMORANDUM OF LAW**

I.     **INTRODUCTION AND PROCEDURAL BACKGROUND**

    Plaintiff is the author and owner of a one (1) United States Copyright, No. VAu 1-517-249, for 2-dimensional artwork for Black Castor Oil 1, Black Castor Oil 2, Black Castor Oil 3 and Black Castor Oil 4 (hereinafter "Plaintiff's Copyright") registered with the United States Copyright Office and protected from infringement under federal copyright law. Plaintiff has filed this copyright infringement lawsuit against Defendants, as e-commerce sellers who are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of Plaintiff's copyrighted art within this District through various Internet based e-commerce platforms, including but not limited to; Amazon, eBay, Walmart and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs").

    The Defaulting Defendants were served with the summons, complaint, preliminary injunction and notice of hearing filed in this case pursuant to the Court's Order Authorizing Alternate Service of Process (ECF No. 18). The time for Defaulting Defendants to respond to the Complaint has expired. Defaulting Defendants have not been granted any extensions of time to respond, nor have they served or filed an Answer or other response as required by law and a Clerk's Entry of Default has been entered against Default Defendants. (ECF No. 95). To Plaintiff's knowledge, none of the Defendants are infants or incompetent persons, and, upon information and belief, the Servicemembers Civil Relief Act does not apply.

    Accordingly, this Court granted an *Ex-Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. (ECF No. 19). On December 22nd, 2024, this court denied without prejudice the Plaintiff's motion for preliminary injunction. (ECF No. 47). However, despite having been served, no parties appeared for Plaintiff's Motion for Preliminary Injunction. Thereafter, Plaintiff filed his Motion for Entry of Clerk's Default

and on January 22, 2025, the Clerk of Court entered default as to the Defaulting Defendants. (ECF No. 95).

Plaintiff now moves the Court to grant Final Default Judgment against Defaulting Defendants and submits this Motion for Entry of Final Default Judgment. The requirements for entry of a default judgment have been met. Judgment on Plaintiff's claim of copyright infringement should be entered against the Defaulting Defendants and damages awarded in the statutory maximum of $150,000 per defaulting defendant pursuant to 17 U.S.C. § 504(c)(2). In addition, pursuant to 17 U.S.C. § 502 a permanent injunction should be entered to permanently enjoin Defaulting Defendants from further infringement

## II.   STATEMENT OF FACTS

### A.   Plaintiff's Copyright

Plaintiff owns and holds one (1) United States Copyright, No. VAu 1-517-249, for 2-dimensional artwork for Black Castor Oil 1, Black Castor Oil 2, Black Castor Oil 3 and Black Castor Oil 4 (hereinafter "Plaintiff's Copyright"). Plaintiff's Copyright has been registered with the United States Copyright Office ("USCO") and is protected from infringement under federal Copyright law. See Pl.'s Am. Compl. (ECF No. 11). Plaintiff demonstrated, he is the owner of the Plaintiff's Copyright by submitting copy of the copyright certificate, Date: Registration Decision Date January 31, 2024. See Pl.'s Am. Compl. (ECF No. 11); see also Plaintiff Decl. at (ECF No. 12 ).

Plaintiff is the owner of all rights, title and interest to the Plaintiff's Copyright. Plaintiff has expended time, money and other resources in creating, developing, and otherwise drawing the "Plaintiff's Copyright" (ECF No. 11). Plaintiff suffers irreparable injury any time unauthorized sellers, such as Defendants, sell or

offer to sell goods using identical or substantially similar copies or derivatives of the "Plaintiff's Copyright" (ECF No. 11). Furthermore, Plaintiff has expended a significant amount of resources in connection with copyright enforcement efforts, including legal fees and investigative fees to protect its Copyright against counterfeit actions. *See* Pl.'s Am. Compl. (ECF No. 11).

B.  **Defendants' Copyright Infringement**

Without Plaintiff's permission or licence, Defendants are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of Plaintiff's copyrighted 2-dimensional artwork within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs"). As set forth in Schedule A of the Amended Complaint. *See* Pl.'s Am. Compl. at "Schedule A" (ECF No. 11); see also Plaintiff Decl. (ECF No.12).

As part of its ongoing investigation regarding the sale of infringing products utilizing Plaintiff's Copyright, Defendants' Internet based e-commerce stores were accessed under their respective Seller IDs through the Amazon, Ebay, and Walmart platforms, as identified on Schedule A. *Id*. Web page captures and screenshots were taken of the Defendants' infringing products, as they appeared on Defendants' online e-commerce stores, and determined that products are being offered for sale using unauthorized and infringing copies of the Plaintiff's Copyright and orders were initiated via each Defendants' Seller IDs. *Id*; *see also* Declaration of Attorney, November 13, 2024 at ("Attorney TRO Decl.") (ECF No. 13), In support of this Motion for TRO, Plaintiff has obtained and provided the court with evidence, clearly demonstrating that Defendants are advertising, offering for sale, selling, and/or

distributing unauthorized copies of Plaintiff's Copyright in U.S. interstate commerce and that Defendants accomplish their sales of infringing goods via the Internet through their e-commerce stores. *see* Plaintiff Decl. (ECF No. 12); see also Attorney TRO Decl. (ECF No. 13).

A simple comparison of Defendants' infringing goods with Plaintiff's Copyright and any layman can observe Defendants' blatant infringement of Plaintiff's exclusive copyright as the images that depict the art are virtually exact duplicates or substantially similar images to Plaintiff's Copyrighted Art. *See* Plaintiff's Copyright (Pl.'s Am. Compl. (ECF No. 11) against screenshots of Defendants' products on their e-commerce stores. See Attorney TRO Decl. (ECF No.13) and Plaintiff Decl. (ECF No. 12).

Defendants obtain their sales proceeds, from the e-commerce platforms, by using money transfer, and/or retention processing services with PayPal, Inc., and/or having their sales processed using an aggregate escrow account in order to receive monies from the sale of infringing goods. *See* Attorney TRO Decl. (ECF No. 13). The escrow accounts on these e-commerce platforms are held in various financial institutions, including Amazon, Ebay, Amazon Pay, Paypal, Walmart among others. *Id.*. The escrow accounts on these e-commerce platforms are held in various financial institutions, including Amazon, Ebay, Amazon Pay, PayPal, Walmart among others. *Id*.

Consequently, Plaintiff is enduring continuous damages to its Copyright at the hands of the Defendants herein, who unlawfully reproduce goods using Plaintiff's Copyright to sell for substantial profits. In addition, the goodwill associated with Plaintiff's Copyright is being harmed and if Defendants' wilful and intentional infringing activities are not preliminarily and permanently enjoined by this Court,

Plaintiff and the consuming public will continue to be harmed. *See* Plaintiff Decl. (ECF No. 12); see also Pl.'s Am. Compl. (ECF No. 11 ).

## III.   ARGUMENT

### A.   Default Judgment Should be Entered Against Defaulting Defendants

This Court has subject matter jurisdiction over this action pursuant to Federal Copyright Act, 17 U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331 and 1338. Personal jurisdiction over Defaulting Defendants and venue in this district are proper under 28 U.S.C. § 1391 as Defaulting Defendants direct business activities toward consumers throughout the United States, including within the State of Florida and this district and cause harm to Plaintiff's business within this jurisdiction through the Internet based e-commerce stores and websites operating under the Seller IDs. (*See* Pl.'s Compl. at (ECF No. 1).

#### 1. Default Judgment is Proper

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a defendant who has failed to respond to a complaint. A "defendant, by his default, admits the Plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established". *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)). "Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered." *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n,* 17-CV-61471-BB, 2017 WL 6949260 (S.D. Fla. Oct. 3, 2017); *see also Buchanan v. Bowman*, 820 F.2d 359,

361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . ..."). Thus, the entirety of the facts set forth in the Complaint (ECF No. 1) are admitted by Defaulting Defendants.

**(i)   Plaintiff has established Defaulting Defendant's liability**

To establish copyright infringement, Plaintiff is required to prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349 (1991); *Compulife Software Inc. v. Newman*, 959 F. 3d 1288, 1301 (11th Cir. 2020) (internal citation omitted). A plaintiff must show factual copying by either (1) direct evidence or (2) indirect evidence "demonstrating that the defendant had access to the copyrighted work and that there are probative similarities between the allegedly infringing work and the copyrighted work." *See Newman*, 959 F. 3d 1288, 1301 (11th Cir. 2020) (citing *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F. 3d 1129, 1148 (11th Cir. 2007); *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 89 F. 3d 1548, 1554 (11th Cir. 1996)).

In this matter, Plaintiff demonstrated he is the owner of a one (1) United States Copyright, No. VAu 1-517-249, for 2-dimensional artwork for Black Castor Oil 1, Black Castor Oil 2, Black Castor Oil 3 and Black Castor Oil 4 (hereinafter "Plaintiff's Copyright") registered with the United States Copyright Office and protected from infringement under federal copyright law, all with an effective date of November 20, 2023. *See* Pl.'s Compl. (ECF No. 1); see also Plaintiff's Decl. (ECF No. 12). Plaintiff respectfully submits that these valid copyright registrations satisfy this prong of the test for copyright infringement.

To satisfy the second prong for establishing copyright infringement, Plaintiff asserts a simple comparison of Defendants' infringing goods with Plaintiff's Copyrighted Art and any layman can observe Defendants' blatant infringement of Plaintiff's exclusive copyrights as the images are virtually exact duplicates or substantially similar images to Plaintiff's Art. *See*, Attorney's Decl. ECF No. 13, against screenshots of Defendants' products on their e-commerce stores; see also Plaintiff's Decl. (ECF No. 12). In accordance with the Copyright Act, the screenshot images demonstrate Defendants' ongoing unauthorized promotion, offer for sale and/or sale of goods bearing Plaintiff's Copyrighted Art in direct violation of Plaintiff's exclusive rights to reproduce, prepare derivatives, distribute, and/or display its Copyrighted Art. 17 U.S.C. § 106; see also *Tiffany (NJ), LLC v. Dongping*, No. 10-cv-61214, 2010 WL 4450451 (S.D. Fla. Oct. 29, 2010) (finding unopposed declarations supporting copyright ownership and exact duplicates of asserted designs were "sufficient to establish liability for copyright infringement").

The well-pled factual allegations of Plaintiff's Complaint, properly allege the elements for copyright infringement. Moreover, the factual allegations in Plaintiff's Complaint, substantiated by the evidence submitted, conclusively establish Defendants' liability for copyright infringement asserted in the Complaint. Accordingly, Final Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against the Defaulting Defendants. Thus, the entirety of the facts set forth in the Complaint (ECF No. 1) are admitted by Defaulting Defendants.

**(ii)     Plaintiff has established Defaulting Defendant's liability**

As set out above and as further detailed below, there are no allegations of joint and several liability with respect to damages. The Defaulting Defendants have not appeared and defaulted. Plaintiff's request for an award of damages is uniform as to each Defaulting Defendant. Therefore, there is no possibility of inconsistent liability between the Defaulting Defendants, and an adjudication may be entered. Entry of default judgment is proper under these circumstances and is often entered in multiparty intellectual property enforcement suits similar to the instant case based upon identical reasoning. *See Frugality Inc. v. The Individuals*, 21-cv-23025-BB (S.D. Fla. Mar. 8, 2022) ("Here, Plaintiff has stated in its Motion that there are no allegations of joint and several liability with respect to damages. The Defaulting Defendants remaining in the case have not appeared and have defaulted. Therefore, there is no possibility of inconsistent liability between the Defaulting Defendants, and an adjudication may be entered."); *Max'is Creations, Inc. v. The Individuals*, 21-cv-22920-BB (S.D., Fla. Jan. 11, 2022); *"H" Safety Nailer LLC v. The Individuals*, 21-cv-22703-BB (S.D. Fla., Dec. 29, 2021) (same). *Lei Tang v. The Individuals*, 22-cv-22198-RNS (S.D., Fla. Oct. 31, 2022).

**B.    Plaintiff's requested relief should be granted**

**1. Entry of a permanent injunction if appropriate**

Permanent injunctive relief is appropriate where a Plaintiff demonstrates 1) it has suffered irreparable injury; 2) there is no adequate remedy at law; 3) the balance of hardship favors an equitable remedy; and 4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391-3 (2006). *See also Belushi v. Woodward*, 598 F. Supp. 36

(D.C. 1984). The court previously found these factors in favor of Plaintiff when it entered the preliminary injunction in this matter. (ECF No. 40). No change has occurred since then, and Plaintiff has carried its burden on each of the four factors warranting permanent injunctive relief. A permanent injunction will protect Plaintiff's intellectual property interests, as well as prevent consumer confusion and deception in the marketplace.

As demonstrated herein and based upon the issuance of the temporary restraining order and preliminary injunction entered in this matter, Plaintiff carried its burden on each of the four factors and warrants permanent injunctive relief. Plaintiff is suffering, and will continue to suffer, irreparable injury if Defendants' infringing activities are not permanently enjoined. (See Declaration of Plaintiff, ("Plaintiff's Default Decl.") attached hereto as Exhibit 2. Plaintiff has lost an immeasurable amount of goodwill, time, resources and money, as a result of the Defendants' infringing activities. Defendants have unlawfully used the Copyrighted Art's goodwill to make a profit and will likely continue their behavior unless the Court orders permanent injunctive relief. Such relief is not only to protect Plaintiff's reputation, but also to protect consumers from being deceived as to the quality and source of products advertised, marketed, and sold using the Copyrighted Art.

Defendants have defaulted upon Plaintiff's factual allegations. Even in a default judgment setting, injunctive relief is available. *See e.g.*, *PetMed Express, Inc.*, 336 F. Supp. 2d 1213, 1222 (S.D. Fla. 2004). Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Additionally, Plaintiff has no adequate remedy at law so long as Defendants continue to use

the Copyrighted Art in connection with the operation of the Defendant's e-commerce stores because Plaintiff will have no control of the use of the Copyrighted Art in the marketplace. An award of money damages alone will not cure the injury to Plaintiff and the Copyrighted Art's reputation and goodwill if Defendants' infringing actions continue. Moreover, it can hardly be said that Defendants face hardship in refraining from their willful infringement of the Copyrighted Art, whereas Plaintiff faces hardship from loss of sales and its inability to control the use of the Copyrighted Art. In reality, Defendants have no cognizable hardship, as they will be prohibited from infringement, which is an illegal act to begin with.

Finally, the public has an interest in the issuance of a permanent injunction against Defendants in order to prevent consumers from being misled by Defendants' products. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior").

The Court has broad powers to compel measures necessary to enforce an injunction against infringement. *Animaccord Ltd. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule A*, 21-CV-21088-BB, 2021 WL 3110021 (S.D. Fla. July 22, 2021). As part of the injunctive relief granted, this Court should order all listings and associated images of the Copyrighted Art permanently removed from Defaulting Defendants' internet stores by the applicable internet marketplace platforms. Unless the listings and images are permanently removed, Defaulting Defendants may continue infringing Plaintiff's intellectual property with impunity and market to the public with their illegal activities.

2. **Damages on Copyright Infringement**

   (i) **Plaintiff is entitled to monetary damages- statutory damages**

   In a case involving copyright infringement, the Copyright Act provides that a "copyright owner may elect, at any time before final judgment is rendered,

to recover, instead of actual damages and profits, an award of statutory damages." *Arista Records, Inc. v. Beker Enters., Inc*., 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). With respect to any one work, the Copyright Act permits a minimum award of $750 and a maximum award of $30,000. 17 U.S.C. § 504(c)(1). In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. 17 U.S.C. § 504(c)(2). Actual damages can be measured by lost revenue or sales, lost opportunities to license, or diminution in the value of the copyright. *Lorentz v. Sunshine Health Prods*., No. 09-cv-61529-FM (S.D. Fla. Sep. 7, 2010). However, obtaining disgorgement of an infringer's profits requires knowledge of the infringer's gross revenue. 17 U.S.C. § 504(b). Defendants control the information needed to accurately determine actual damages and where the lack of information regarding Defendants' sales and profits makes statutory damages especially appropriate in default judgment cases like the instant case. In addition, an award of statutory damages is an appropriate remedy despite a Plaintiff's inability to prove actual damages. See *Volkswagen Group of Am., Inc. v. Varona*, 19- cv-24838-JG, 2021 WL 1997573 (S.D. Fla. May 18, 2021) (finding a statutory damages award particularly appropriate where Plaintiffs were unable to calculate actual damages); Under *Armour, Inc. v. 51nfljersey.com*, No. 13-cv-62809, 2014 U.S. Dist. LEXIS 56475 (S.D. Fla. Apr. 23, 2014) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case

is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent."); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.*, No. 96-cv-6961, 1998 WL 767440 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Pursuant to 17 U.S.C. § 504(c), Plaintiff elects to recover an award of statutory damages as to Count I of the Complaint.

The Court has wide discretion to set an amount of statutory damages. *PetMed Express, Inc.,* 336 F. Supp. 2d at 1219 (citing Cable/Home Commc'n Corp. v. Network Prod., Inc., 902 F. 2d 829, 852 (11th Cir. 1990)). In determining the amount of statutory damages under the Copyright Acts, courts look to see if the amount is calculated to serve the purposes of awarding statutory damages, including compensation for lost profits, punishment of willful conduct, and deterring future infringing activity. *Peer Int'l Corp. v. Pausa Records, Inc*., 909 F. 2d 1332, 1336 (9th Cir. 1990) (a guiding principle in setting the amount of statutory damages, particularly in cases of willful infringement, is "to sanction and vindicate the statutory policy of discouraging infringement" even for an "uninjurious and unprofitable invasion of copyright"). A Plaintiff may elect statutory damages "regardless of the adequacy of the evidence offered as to his actual damages and the amount of Defendant's profits." *Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc.*, 259 F. 3d 1186, 1194 (9th Cir. 2001). Indeed, an award of statutory damages is an appropriate remedy, despite a plaintiff's inability to provide actual damages caused by a defendant's infringement. *See PetMed Express, Inc.,* 336 F. Supp. 2d at 1220 (statutory

damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

A defendant's intent can be of probative value for establishing willfulness, triggering an enhanced statutory award. Id. A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" to a plaintiff's intellectual property rights. *See Arista Records, Inc. v. Beker Enter., Inc.,* 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). Willfulness may also be inferred from the defendant's default. *See PetMed Express, Inc*., 336 F. Supp. 2d at 1217 (upon default, well plead allegations taken as true). In either case, a defendant is deemed to have the requisite knowledge that its acts constitute an infringement.

The Copyrighted Art is registered and owned by Plaintiff, and the fact that Defendants offered for sale and sold goods using unauthorized duplicates and or derivatives of the Copyrighted Art shows their willful infringement. Moreover, Defendants defaulted on Plaintiff's allegations of willfulness. See Pl.'s Compl. (ECF No. 1). *See Arista Records, Inc.,* 298 F. Supp. 2d at 1313 (finding a Court may infer willfulness from the defendants' default). As such, this Court should award a significant amount of statutory damages under the Copyright Act to ensure Defendants do not continue their intentional and willful infringing activities.

Also, this Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.,* No. 06-cv-22020, 2007 WL 3047143 (S.D. Fla. Oct. 18, 2007). An evidentiary hearing

is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth,* 420 F. 3d 1225, 1232 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted) "Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy." *F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 233 (1952). In awarding enhanced damages "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." *Cable/Home Communication Corp. v. Network Productions*, 902 F. 2d 829, 851 (11th Cir. 1990).

Finally, a statutory damages award of $150,000 per Defaulting Defendant, the maximum permitted for willful infringement under 17 U.S.C. § 504(c)(2), will serve to both compensate Plaintiff and to deter the Defaulting Defendants and others who are either now or may in the future infringe upon the Copyrighted Art. This amount is consistent with decisions in similar cases involving smaller merchants who, as here, are forced to bring enforcement actions to protect their intellectual property against online pirating copyright infringers. *See Sun v. The Partnerships*, *et al.,* Case No. 19-cv-5705 (N.D. Ill. January 29, 2020) (awarding $150,000 per defaulting defendant under the Copyright Act); *Safety Nailer LLC v. The Individuals*, 21-cv-22703-BB (S.D. Fla. Dec. 29, 2021) (awarding $150,000 per Defaulting Defendant and finding that "This award is within the statutory

range for a willful violation, and is sufficient to compensate plaintiff, punish the Counterfeit Defendants, and deter Counterfeit Defendants and others from continuing to infringe Plaintiffs' copyrights."); *Max'is Creations, Inc. v. The Individuals*, 21-cv-22920-BB (S.D. Fla. Jan. 11, 2022) (same).

Of importance is the fact that, if these Defaulting Defendants were held accountable for only the units verified as sold, it fails to compensate Plaintiff for the lost customer base in perpetuity. For example, those customers who bought from the Defaulting Defendant, may never come back to purchase from Plaintiff. Any award from actual damages rewards the Defaulting Defendants who did not respond to the instant suit and did not provide any reciprocal discovery reflecting actual sales. The Defaulting Defendants should not get a windfall by failing to appear in this case and provide data which could assist in calculating damages. Therefore, an award that does not provide in excess of any potential actual damages fails to deter infringing conduct in the future. Therefore, this Court should award in excess of actual damages.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter Final Default Judgment against Defaulting Defendants, permanently enjoin Defaulting Defendants from further infringing activities; and award Plaintiff damages for each Defaulting Defendant in the amount of $150,000 per Defaulting Defendant and any other relief the Court deems just and proper. As per the Local Rule 7.1(a)(2), proposed orders for entry of default and final judgment are filed herewith. Respectfully submitted on this 31st day of January, 2025.

**FELDENKRAIS LAW, P.A.**

Attorneys for Plaintiffs

20533 Biscayne Blvd. Suite 469

Aventura, FL 33180

Telephone: (305) 528-9614

Email: mfeldenkrais@gmail.com

By: /s/ Michael Feldenkrais, Esq.

Florida Bar No. 991708