UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 0:24-cv-61886

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

_____/

**[proposed] <u>ORDER ON MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT</u>**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Final Judgment against Certain Defendants ("Motion" ECF No. 104), filed on January 31, 2025. A Clerk's Default was entered against Defendants (ECF No. 95) listed in Schedule "A" herewith enclosed ("Defaulting Defendants" / "Defendants").[1] Defaulting Defendants failed to appear, answer, or otherwise plead to the Complaint (ECF No. 1) despite having been served. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is **GRANTED**:

---

[1] Since the entering of the Clerk Default, certain Defendants have been dismissed or have been given an opportunity to answer; the present order does not apply to them.

I.     **INTRODUCTION**

On October 10, 2024, Guangzhou tinpod Electronic Technology Co., Ltd. ("Plaintiff") filed the present action for copyright infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, using Plaintiff's federally registered copyright images or a substantially similar reflection thereof, in violation of federal copyright law. (ECF No. 1).

Plaintiff is the author and owner of a one (1) United States Copyright, No. VAu 1-517-249, for 2-dimensional artwork for Black Castor Oil 1, Black Castor Oil 2, Black Castor Oil 3 and Black Castor Oil 4 (hereinafter "Plaintiff's Copyright") registered with the United States Copyright Office and protected from infringement under federal copyright law. Plaintiff demonstrated he is the owner of the Copyrighted Art by submitting copies of the U.S. copyright registrations, all with an effective date of November 20, 2023.

Plaintiff further asserts that Defaulting Defendants' use of the unauthorized and infringing copies of the Copyrighted Art in connection with the advertising, distribution, offering for sale, and sale of the retail products depicted in the Copyrighted Art have caused irreparable damage through consumer confusion, loss of control over creative content and garnishment of his valuable copyrights.

In its Motion, Plaintiff seeks the entry of default final judgment against Defaulting Defendants in an action alleging infringement of copyright. Plaintiff further requests that the Court (1) enjoin Defaulting Defendants' unlawful use of Plaintiff's copyrighted works and (2) award Plaintiff damages.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by

the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975)); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). "Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered." *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n,* No. 17-cv-61471-BB, 2017 WL 6949260, (S.D. Fla. Oct. 3, 2017); *see also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . .").

If there are multiple defendants, the Plaintiff must state in the motion for default final judgment that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability. Generally, if one defendant who is alleged to be jointly and severally liable with other defendants defaults, judgment should not be entered against that defendant until the matter is adjudicated against the remaining defendants. *See 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure* § 2690 (3d ed. 1998) (citing Frow v. De La Vega, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.")). "Even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

Here, Plaintiff has stated in its Motion that there are no allegations of joint and several liability with respect to damages. The remaining Defendants in the case have not appeared and have defaulted (Defaulting Defendants). Therefore, there is no possibility of inconsistent liability between the Defaulting Defendants and an adjudication may be entered. The Court thus finds there is a

sufficient basis in the pleading for the default judgment to be entered with respect to the Defaulting Defendants.

## II. FACTUAL BACKGROUND

Plaintiff owns and holds one (1) United States Copyright, No. VAu 1-517-249, for 2-dimensional artwork for Black Castor Oil 1, Black Castor Oil 2, Black Castor Oil 3 and Black Castor Oil 4 (hereinafter "Plaintiff's Copyright"). Plaintiff's Copyright has been registered with the United States Copyright Office ("USCO") and is protected from infringement under federal Copyright law. See Pl.'s Am. Compl. (ECF No. 11). Plaintiff demonstrated, he is the owner of the Plaintiff's Copyright by submitting copy of the copyright certificate, Date: Registration Decision Date January 31, 2024. See Pl.'s Am. Compl. (ECF No. 11); see also Plaintiff Decl. at (ECF No. 12 ). The Copyrighted Art is valid and enforceable.

Without Plaintiff's permission or licence, Defendants are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of Plaintiff's copyrighted 2-dimensional artwork within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs"). Plaintiff has submitted sufficient evidence showing each Defaulting Defendant has infringed at least one or more of the Copyrighted Art. Defaulting Defendants are not now, nor have they ever been, authorized or licensed to use, display, reproduce or distribute the Copyrighted Art.

Plaintiff undertook an investigation that has established that Defaulting Defendants are using various web stores on platforms such as Amazon, Walmart, eBay to sell from foreign countries such as China to consumers in the United States items that are not authorized or approved by Plaintiff by utilizing the Copyrighted Art without Plaintiff's permission. Plaintiff accessed Defaulting Defendants' Internet based e-commerce stores operating under their respective Seller

actively exchanged data with each e-commerce store. Plaintiff captured detailed web pages for each Defaulting Defendant store. Plaintiff personally analyzed Defendants' product listings posted via each of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed web page captures and images of the Copyrighted Art, and concluded that the use of the Copyrighted Art was infringing.

### III. ANALYSIS

#### A. Claims

To prevail on a claim of direct infringement of copyright pursuant to the Copyright Act, 17 U.S.C. §§ 106, Plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 349 (1991).

#### B. Liability

The factual allegations of Plaintiff's Complaint sufficiently allege the elements for Plaintiff's claim of direct copyright infringement. (ECF No. 1). Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defaulting Defendants' liability for copyright infringement. Accordingly, entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b) is appropriate. 1991).

#### C. Injunctive Relief

The Copyright Act provides that courts "may" grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U. S. C. § 502(a). Injunctive relief is available in a default judgment setting. *See* e.g., *PetMed Express, Inc. v. MedPets.Com, Inc.,* 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004). Defaulting Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further

infringement absent an injunction. *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

First, "[i]n copyright cases, irreparable harm is presumed on a showing of a reasonable likelihood of success on the merits." *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F.Supp.2d 1310, 1314 (S.D. Fla. 2003) (citing *Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1109 (9th Cir. 1998)); *Affordable Aerial Photography, Inc. v. Palm Beach Real Estate, Inc.*, 20-cv-81307-RA (S.D. Fla. July 6, 2021). Further, irreparable harm exists where, as here, the infringers' unauthorized use of Plaintiff's intellectual property causes confusion among consumers and damages business reputation and brand confidence. *Kevin Harrington Enterprises, Inc. v. Bear Wolf, Inc.,* No. 98-cv-1039-UU, 1998 WL 35154990 (S.D. Fla. 1998) ("likelihood of irreparable harm shown where infringement leaves plaintiff without the ability to control its own reputation"). Plaintiff has no adequate remedy at law so long as Defaulting Defendants continue to operate the Seller IDs because Plaintiff cannot control the quality of products sold utilizing the Copyright Art or the manner in which the Copyright Art is displayed. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defaulting Defendants' infringing actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and his inability to control his reputation in the marketplace. By contrast, Defaulting Defendants face no hardship if they are

prohibited from the infringement of Plaintiff's copyrights, which are illegal acts.

Finally, the public interest supports the issuance of a permanent injunction against Defaulting Defendants to prevent consumers from being misled by Defaulting Defendants' unauthorized sale of products utilizing Plaintiff's copyright. *See Nike, Inc. v. Leslie*, No. 85-cv960, 1985 WL 5251, (M.D. Fla., J. William Castagna, June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defaulting Defendants' infringing activities. *See*, e.g., *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . (t)he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole."). Defaulting Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, Defaulting Defendants will be free to continue infringing Plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Therefore, the Court will enter a permanent injunction ordering all product listings and images displaying Plaintiff's Copyrighted Art to be permanently removed from Defaulting Defendants' internet stores by the applicable internet marketplace platforms.

D.     **Damages for Copyright Infringement**

Under 17 U.S.C. § 504, Plaintiff is entitled to recover either the actual damages suffered as a result of the infringement plus Defaulting Defendants' additional profits, or statutory damages.

Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." *Lorentz v. Sunshine Health Prods.*, No. 09-cv-61529-FM (S.D. Fla. Sep. 7, 2010). However, here Defaulting Defendants who have not appeared control all the necessary information for a calculation of relief under § 504(b). As a result, Plaintiff cannot calculate an amount recoverable pursuant to 17 U.S.C. § 504(b). Instead, Plaintiff seeks an award of statutory damages for Defaulting Defendants' willful infringement of plaintiff's copyrighted works under 17 U.S.C. § 504(c).

The allegations in the Complaint, which are taken as true, establish that Defaulting Defendants intentionally infringed Plaintiff's Copyrighted Art for the purpose of advertising, marketing, and selling their products not authorized, endorsed or approved by Plaintiff. Plaintiff suggests the Court award the highest award per Work for willful infringement, $150,000. This award is within the statutory range for a willful violation, and is sufficient to compensate Plaintiff, punish the Defaulting Defendants, and deter the Defaulting Defendants and others from continuing to infringe Plaintiffs' copyrights.

### IV.   CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion, [ECF No. 104], is GRANTED with respect to the Defaulting Defendants identified on Schedule "A" herewith enclosed.
2. Default Final Judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida on this _____ day of January, 2025

_____
**Jacqueline Becerra**
**United States District Court Judge**

**cc: Counsel of Record**