**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:24-cv-61886-JB

XYZ CORPORATION,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

---

### ALIVER DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST CERTAIN DEFENDANTS DE 104

The eighteen Aliver Defendants, DE 42, pursuant to Local Rule 7.1, file this memorandum in opposition to plaintiff's motion seeking entry of a default final judgment against certain non-appearing defaulted defendants listed on Schedule A, DE 104.

While the Aliver Defendants are not in default and are not one of the defendants against whom plaintiff seeks a judgment, they would be adversely affected by an order on that motion because the Court would, as part of its disposition of that motion, be required to evaluate whether the operative pleading states a claim for relief. The Aliver Defendants intend, as part of their forthcoming motion to dismiss, to argue that the pleading should be dismissed pursuant to Rule 12(b)(6), among other arguments. A ruling on plaintiff's motion for final judgment prior to a ruling on the Aliver Defendants' motion to dismiss could lead to inconsistent rulings, and therefore the Court should, at a minimum, defer ruling on plaintiff's motion until the Court rules on the defendants' forthcoming motion to dismiss.

**PROCEDURAL HISTORY & FACTS**

This is a Schedule A case predicated on a single claim of copyright infringement against 195 different online retail storefronts. DE 11. The operative complaint is the First Amended Complaint ("FAC") Id. Defendant Shenzhen Moulis contends that it is the original author of the industrial artwork used on its labels and that plaintiff has copied its registered works.[1]

Plaintiff represented that it had served certain defendants "on or about December 19, 2024," DE 41 at ¶ 4, and its counsel then declared that he had "effectuated service of process on the Defendants" on three different dates: December 11, 2024, December 19, 2024, and December 21, 2024, DE 59. The summons, however, was not issued by the Clerk of Court until December 19, 2024. DE 32. Plaintiff's representation of service of the original process on (and thus this Court's personal jurisdiction over) certain defendants is questionable.

Nevertheless, plaintiff moved for a clerk's default under Rule 55(a) as to certain defendants that had not been dismissed or otherwise had not appeared, DE 94, which the Clerk then entered on January 22, 2025, DE 95. The Aliver Defendants have not yet answered the FAC, which is due on February 10, 2025. DE 81 (setting the deadline as Saturday, February 8, 2025, which, under Rule 6(a)(1)(C), causes the deadline to be the following Monday).

Plaintiff has now moved for entry of a default final judgment on the First Amended Complaint as to the non-appearing defendants. DE 104. The Aliver Defendants, while not

---

[1] Which allegations would be made in an answer, affirmative defenses, and counterclaim when that time comes due for the Aliver Defendants.

directly affected by the relief sought (as they are not in default), are indirectly affected by it and therefore oppose the motion.

## ARGUMENT

Plaintiff's motion is due to be denied because the FAC fails to state a claim and the Court's jurisdiction over the non-appearing defendants is, at best, not clear. As concerns the Aliver Defendants in particular, a ruling on plaintiff's motion has the serious potential to lead to inconsistent decisions where the Court would, necessarily, have to pass on the adequacy of the FAC before entering a judgment as to the non-appearing defendants, as well as make certain determinations as to plaintiff's right to claim statutory remedies—all of which the Aliver Defendants contest. The better course of action is to defer ruling on plaintiff's motion. Or it could be denied outright and the FAC dismissed, *sua sponte*.

### I.     Disposition of Plaintiff's Motion for Default Should be Deferred

First, the motion ought to be deferred pending disposition of the Aliver Defendants' forthcoming motion to dismiss the FAC. The standard for both motions is essentially the same.

"[E]ntry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." Singleton v. Dean, 611 F. App'x 671, 671 (11th Cir. 2015) ("The complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, which is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."); Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244-45 (11th Cir. 2015). A court "must first determine whether there is a sufficient basis in the pleading for judgment to be entered." Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n, No. 17-CV-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017). Consequently, plaintiff's motion necessarily calls for this Court to pass upon the adequacy of the allegations of the FAC, just as the Aliver Defendants' motion to dismiss will do.

The orders entered on each motion should be consistent as to their rationale and decision, and there is no reason why the Court would need to dispose of plaintiff's motion for default prior to addressing the defendants' motion to dismiss. Plaintiff would not be prejudiced by a short delay to ensure that adversarial briefing can be submitted on whether the FAC states a claim. The Court has inherent authority to manage its own docket, e.g., Henderson v. Ford Motor Co., 72 F.4th 1237 (11th Cir. 2023) (district courts have 'unquestionable' authority to control their own dockets"); Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (district courts have "inherent authority to manage [their] own docket[s]"), and it would not be an abuse of discretion to defer plaintiff's motion until later adversarial briefing is submitted.

II.     **The Motion Could be Denied and the FAC Dismissed** *Sua Sponte*

Alternatively, the Court could deny the motion outright based on its own review and dismiss the FAC, either because the Court lacks jurisdiction over the non-appearing defendants, or the FAC itself fails to state a claim for which relief could be granted. Plaintiff's asserted damages are also problematic and a decision on them could adversely affect the Aliver Defendants.

Because "a judgment entered 'without personal jurisdiction over a defendant is

void as to that defendant,' the Court must also assure itself of personal jurisdiction over Defendants. United States v. Dinh, no. 8:20-cv-1794 (M.D. Fla. Dec. 20, 2021) (quoting Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 924 (11th Cir. 2007));[2] see also Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2nd Cir. 2010) ("we agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant"). Here, plaintiff failed to abide by the Court's orders respecting proper service by alternative means, see Decl. of Klema (attesting to plaintiff's lack of including court filings in the DropBox link), and representations about that service by plaintiff themselves are inadequate.

Apart from issues respecting the Court's adjudicatory power over the non-appearing defendants, the FAC fails to state a claim for copyright infringement. Among other defects, it fails to adequately allege copying. A claim of copyright infringement requires a plaintiff to prove both "factual copying" and "actionable copying" the former of which requires it to show either direct evidence of copying from plaintiff's work, or indirectly by evidence showing that the defendant had access to the plaintiff's work. Compulife Software Inc. v. Newman, 959 F.3d 1288, 1301 (11th Cir. 2020). The FAC alleges neither, and fails to state a claim, among other reasons.

Plaintiff's registration is for <u>un</u>published works, DE 11 at 12, meaning that it had not offered them for sale or to be distributed by others. 17 U.S.C. § 101 (defining "Publication"); see also Compendium of U.S. Copyright Office Practices § 1902 (3d ed., 2014) (publication occurs only (i) when copies [] are distributed by or with the authority of

---

[2] While district courts have concluded they must address personal jurisdiction when ruling on a Rule 55(b)(2) motion, following the Second, Ninth, Tenth, and D.C. Circuits, it appears this is a novel question in the Eleventh Circuit.

the copyright owner or (ii) when an offer to distribute copies "to others is made "for further distribution … or public display"). The FAC does not allege how plaintiff's works were made available to the public or how each of the many different defendants separately had access to them prior to November 20, 2023.

The Aliver Defendants likewise have concerns respecting plaintiff's purported damages. Plaintiff seeks $150,000, the statutory maximum, for each defendant. But the alleged infringement commenced prior to plaintiff's effective date of registration. E.g., Internet Archive captures, DE 30-9 and 30-10. Therefore, no statutory remedies are available to plaintiff under such circumstances 17 U.S.C. § 412; Cable/Home Commc'ns Corp. v. Network Productions, Inc., 902 F.2d 829, 850 (11th Cir. 1990). That also means that plaintiff is not entitled to willfulness enhancement, as willful infringement is statutory in nature, and not part of a plaintiff's actual damages. S. Credentialing Support Servs., L.L.C., v. Hammond Surgical Hosp., L.L.C., 946 F.3d 780, 783 (5th Cir. 2020) ("Willfulness only matters if any award of statutory damages is permissible.").

Any award of actual damages requires a plaintiff to show a causal nexus between the alleged infringement and the harm suffered. E.g., Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1170-71 (1st Cir. 1994) (a plaintiff must "first establish that the infringement was the cause-in-fact of its loss by showing with reasonable probability that, but for the defendant's infringement, the plaintiff would not have suffered the loss"); accord Thoroughbred Software Int'l, Inc. v. Dice Corp., 488 F.3d 352, 358 (6th Cir. 2007); Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 708 (9th Cir. 2004); see also Eagle Servs. Corp. v. H2O Indus. Servs., Inc., 532 F.3d 620, 623 (7th Cir. 2008) (finding plaintiff's suit "frivolous even if there was a copyright violation" because there are no

nominal damages in copyright and plaintiff's theory of recovery was "groundless"). The FAC doesn't allege that plaintiff licenses its works or that it even sells a black castor oil product using its alleged works.

Both as to statutory and actual damages, the record raises serious concerns about what award, if any, should be made in a default judgment.

## CONCLUSION

The Court should defer ruling on plaintiff's motion for default judgment. The motion may remain pending until the Court satisfies itself that the plaintiff has adequately pleaded a claim for copyright infringement and that the Court has personal jurisdiction over each defendant. The Aliver Defendants' forthcoming motion to dismiss will more fully brief these issues in a truly adversarial setting, rather than the Court being forced to address these deficiencies (and matters respecting plaintiff's claim for damages) in a unilateral proceeding. Nevertheless, the Court could deny the motion outright and *sua sponte* dismiss the First Amended Complaint.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292

Di Li, Esq.
**DI LI LAW, P.C.**
18725 Gale Ave., Suite 208
City of Industry, CA 91748
Tel.: (626) 723-4849

        Fax: (626) 956-0744
        Email: di@dililaw.com
        *Admitted Pro Hac Vice*

        *Attorneys for the Aliver Defendants, DE 42*