UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61886-JB

XYZ CORPORATION,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

## THE ALIVER DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT [ECF 11]

    The eighteen Aliver Defendants, ECF 42, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) move to dismiss the plaintiff's second amended complaint, ECF 11, and file this incorporated memorandum of law pursuant to Local Rule 7.1.

**TABLE OF CONTENTS**

Page

**TABLE OF CONTENTS** ............................................................................................ 2
**INTRODUCTION & PROCEDURAL HISTORY** ................................................... 3
**STANDARD FOR RULE 12 CHALLENGE TO A PLEADING** ........................... 3
**ARGUMENT** ............................................................................................................ 5
    **I.**    **PLAINTIFF LACKS STANDING** ............................................................ 5
    **II.**   **PLAINTIFF FAILES TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT** ........................................................................................ 7
        **A.**    **Elements of a copyright infringement claim** .......................................... 8
        **B.**    **The FAC fails to allege defendants had access to plaintiff's unpublished work** ........................................................................................ 10
        **C.**    **The FAC sounds in unfair competition and trademark, not copyright** .................................................................................................... 11
        **D.**    **Plaintiff failed to allege what original expression was infringed** ....... 12
    **III.**  **PLAINTIFF'S REGISTRATION IS INVALID** ...................................... 13
    **IV.**  **THE ACTION SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND** ... 15
**CONCLUSION** ........................................................................................................ 16
**REQUEST FOR HEARING** .................................................................................... 17

## INTRODUCTION & PROCEDURAL HISTORY

This is an action for a single count of copyright infringement, with the operative pleading being the first amended complaint. ECF 11 ("FAC"). Despite that singular claim, plaintiff repeatedly levels allegations sounding in trademark, including "goodwill associated with Plaintiff's Copyright," "tricking and confusing the public" (¶ 4), "trad[ing] upon Plaintiff's valuable Plaintiff's [sic] Copyright" (¶ 17), "confusingly similar" products (¶¶ 25, 44), and "counterfeits," (¶¶ 25-27, 29, 36, 42-44).

This Court's jurisdiction is invoked pursuant to federal question, predicated solely on the Copyright Act (28 U.S.C. §§ 1331 and 1338(a)). ECF 11. ¶ 14. Consequently, plaintiff's standing and this Court's jurisdiction are intertwined with plaintiff's copyright claim, which requires proof of ownership as an element of the claim itself. Feist Pub'lns, Inc v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (a plaintiff must establish ownership of a copyright). The undisputed material facts make clear, however, that the (still unnamed[1]) plaintiff does not legally exist, and therefore cannot own the alleged copyright. It lacks standing and cannot state a claim for infringement. Even if it has standing, its pleading is due to be dismissed with prejudice for failing to state a claim upon which relief could be granted, since it could not plausibly allege a copyright claim.

## STANDARD FOR RULE 12 CHALLENGE TO A PLEADING

To survive a Rule 12(b)(6) challenge to a complaint, it "must state a claim for relief that is plausible, not merely possible." Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co., 917 F.3d 1249, 1260 (11th Cir. 2019) (en banc). Allegations must be

---

[1] Plaintiff has not yet amended its pleading to restyle it with the plaintiff's name despite the case being unsealed.

"well-pleaded" before a court may accept them as true. See Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, 942 F.3d 1215, 1229 (11th Cir. 2019). A corollary to that rule is that conclusory allegations are properly disregarded in evaluating whether a pleading states a plausible claim for relief. Feldman v. Am. Dawn, Inc., 849 F.3d 1333, 1340 (11th Cir. 2017). Legal conclusions also will not save a pleading that lacks proper factual allegations. Sinaltrainal v. Coca–Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

In addition to the pleading itself, documents "central to or referenced in" it, as well as matters judicially noticed may be considered. See Fed. R. Civ. P. 10(c); Harris v. Ivax, 182 F.3d 799, 802 & n. 2 (11th Cir. 1999); Vargas v. Citrix Sys., Inc., 716 F.Supp.3d 1295, 1303 (S.D. Fla. 2024) ("a document that is central to the case and not in dispute is properly considered in resolving a motion to dismiss") (citing Ehlert v. Singer, 245 F.3d 1313, 1317 n.4 (11th Cir. 2001)).

A district court may also "infer from the factual allegations in the complaint 'obvious alternative explanation[s],'" for the asserted misconduct, which could "suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal). A plaintiff's allegations that "parrot the language" of a statute the defendant allegedly violated "are not well-pleaded facts; they are simply [plaintiff's] legal conclusions" DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007).

Here, plaintiff's standing and thus the Court's subject matter jurisdiction is predicated solely on federal question pursuant to the Copyright Act (28 U.S.C. §§ 1331 and 1338(a)), which is also intertwined with its copyright claim. Consequently, the court's

jurisdiction depends on the legal existence of an organized association of persons, like plaintiff, and must be alleged specifically with sufficient factual predicates to show that it does, in fact, exist. Dismissal is appropriate where a plaintiff cannot allege plausible factual predicates of its legal existence, and where it has not and could not state a claim for relief even on the merits of its legal theory.

## ARGUMENT

### I. PLAINTIFF LACKS STANDING

Standing is a jurisdictional requirement, and "a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting Cone Corp. v. Fla. Dep't of Transp., 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)) (internal quotation marks omitted); see also Fed. R. Civ. P. 9(a); Fed. R. Civ. P. 17(a) ("[a]n action must be prosecuted in the name of the real party in interest"). A pleading may be attacked on the basis of subject matter jurisdiction "factually" under Rule 12(b)(1). Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). Where, as here, "a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." Id. And so a district court is "free to weigh the facts and was not constrained to view them in the light most favorable to" the plaintiff. Id.

Here, the FAC alleges in conclusory and vague fashion that the plaintiff, "Guangzhou tinpod Electronic Technology Co., Ltd. is a corporation from China." ECF 11 at ¶ 6. Being "from" a country does not suffice to plausibly allege the requisite legal existence of a juristic entity and the laws "under" which it is organized. Carl Zeiss Stiftung

v. VEB Carl Zeiss Jena, 433 F.2d 686, 698 (2d Cir. 1970) (the legal existence of a foreign corporate entity "must be determined by the laws of the country where it has been created and continues to exist"); see also Fed. R. Civ. P. 17(b) ("Capacity to sue or be sued is determined … for a corporation, by the law under which it was organized"). Where an association has no legal existence, it lacks standing. Fund Liquidation Holdings v. Bank of Am. Corp., 991 F.3d 370, 384-86 (2d Cir. 2021) ("a plaintiff corporation or partnership must have legal existence to have constitutional standing").

The pleading does not identify its true name in Chinese characters. Instead, it appears to be a phonetic translation. A search online for that phonetic name does not result in any business by that spelling. Nor have the Aliver Defendants located an entity by the name offered by plaintiff when searching Chinese government directories. The address provided in the certificate of registration ("No. 29, DongPhoenix, Baiyun District, Guangzhou, China") does not appear to be a real address. Demands by the defendants to plaintiff for evidence of its real, untranslated name have gone unanswered—despite plaintiff unreasonably and in hypocritical fashion objecting to the Aliver Defendants' existence even in the face of their sworn Chinese business registrations. ECF 42 (providing correlation between plaintiff's seller ID, e-commerce platform name, Chinese name, and English translation); ECF 43-2 (email objecting to the appearance of defendants). All of this shows that plaintiff's "legal existence" is not only doubtful, but cannot rise above the requisite level that would save it from dismissal. See Fed. R. Civ. P. 9(a) (allowing a defendant to raise the issue).

Moreover, plaintiff's singular copyright claim depends on it being the owner of that right. 17 U.S.C. § 501(b) (only the "legal or beneficial owner of an exclusive right under a

copyright is entitled … to institute an action for any infringement"); Feist Pub'lns, Inc v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (a plaintiff must establish ownership of a copyright). Therefore, the plaintiff here must allege sufficient facts plausibly establishing its legal existence as part of the factual predicate for its claim, both as the copyright claimant (merits-based) as well as being the proper plaintiff (procedural). It is, as part of its pleading obligation, "required to show that the court has jurisdiction" by alleging, specifically, its legal existence and capacity to sue in order for this Court to satisfy itself that it has jurisdiction over this action. While the certificate might identify a name ("Guangzhou tinpot Electronic Technology Co., Ltd."), the pleading itself does not allege any plausible facts beyond a conclusory (and thus deficient) allegation that it is "from" China. ECF 11 at ¶ 6. That is insufficient pleading and, therefore, the FAC is subject to dismissal.

## II.  PLAINTIFF FAILES TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

On the substance of its claim, plaintiff's action is due to be dismissed for failing to state a claim upon which this Court could grant plaintiff relief.

First, the whole of plaintiff's pleading makes clear its legal theory is grounded not on copyright infringement, but rather unfair competition, competition which it doesn't even allege it participates in. The pleading is replete with allegations respecting plaintiff's "goodwill," "consumer confusion," alleged "counterfeits," and "trad[ing] upon," plaintiff's claimed rights. But such concepts are not those embodied in copyright, which protects a work from being "reproduce[d] … in copies." 17 U.S.C. § 106(1). The Lanham Act, by comparison, protects against, *inter alia*, using "any word, term, name, symbol, or device … which is likely to cause confusion, or to cause mistake." 15 U.S.C. § 1125(a); see also

§ 1125(c) (dilution); § 1125(d) (cybersquatting). Indeed, plaintiff prays for attorney's fees upon a finding that its action "is exceptional," ECF 11 at 10 ¶ I. Yet there is no exceptionality requirement under the Copyright Act's fee-shifting provision, unlike the Lanham Act. Compare 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."), with 17 U.S.C. § 505 ("the court may also award a reasonable attorney's fee to the prevailing party as part of the costs"). It is hardly surprising that plaintiff's complaint, apparently copied from another court filing asserting a claim for trademark infringement without, does not state a claim for copyright infringement.

Regardless, plaintiff's theory is hopelessly doomed even if it did not sound in unfair competition. That is because it cannot escape a fatal, immutable flaw of logic. Either its registration is invalid because the works were, in fact, published at the time of registration, or it cannot state a claim for relief because its works were unpublished and thus defendants did not have access to them. Both cannot simultaneously be true.

Plaintiff brings an action predicated on a registration for an "unpublished" work. ECF 11 at 12. Consistent with the unpublished status of its works, plaintiff does not allege any defendant had access to them, and therefore does not allege how any defendant could have copied those works. That is fatal to is claim.

**A. Elements of a copyright infringement claim**

To state a claim for copyright infringement, a plaintiff must show that it owns a valid copyright and the defendant copied constituent elements of the work that are original. Singleton v. Dean, 611 F.App'x. 671, 672 (11th Cir. 2015) (citing Beal v. Paramount Pictures Corp., 20 F.3d 454, 459 (11th Cir. 1994)). A "plaintiff is first required to show that

the defendant had access to the plaintiff's work." Beal, 20 F.3d at 459. It is not enough that a work may have been registered and that the accused product is similar. Cf. id. That is because "independent creation is a complete defense to copyright infringement." See Rentmeester v. Nike, Inc., 883 F.3d 1111, 1117 (9th Cir. 2018); see also Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1232 (11th Cir. 2002) ("proof of access **and** substantial similarity raises only a presumption of copying which may be rebutted by the defendant with evidence of independent creation") (emphasis supplied) (quoting Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 828 (11th Cir. 1982)). "[I]n other words, a plaintiff must show both that (1) the defendant 'actually used' the copyrighted work and that (2) the copied elements are 'protected expression' such that the appropriation is legally actionable." Morford v. Cattelan, No. 21-cv-20039, 2023 WL 3971968, at *4 (S.D. Fla. June 12, 2023), aff'd, no. 23-12263 (Aug. 16, 2024).

"Access may not be inferred through mere speculation or conjecture." Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1250 (11th Cir. 1999) (quoting 4 Nimmer, § 13.02[A] at 13-19). Access can be shown by alleging "(1) a particular chain of events is established between the plaintiff's work and the defendant's access to that work or (2) the plaintiff's work has been widely disseminated." Gable v. Nat'l Broad. Co., 727 F.Supp.2d 815, 826-824 (C.D. Cal. 2010). Even "[c]onclusory allegations will not carry a plaintiff's burden of showing a defendant's reasonable opportunity of access even under the permissive Rule 12(b)(6) standard." Kenney v. Warner Bros. Entm't Inc., 984 F.Supp.2d 9, 13 (D.Mass. 2013) (dismissing plaintiff's complaint with prejudice because plaintiff did "not identify even a single instance of [] publication").

**B. The FAC fails to allege defendants had access to plaintiff's unpublished work**

The complaint does not allege the defendants had access to plaintiff's purported works. Instead, plaintiff summarily asserts that its registration and the existence of defendants' products are all it needs to show to substantiate a claim of copyright infringement without connecting those two things. That is not enough. The complaint wholly overlooks the core of any copyright claim: *copying*. Absent "factual copying," there is no actionable infringement. Compulife Software Inc. v. Newman, 959 F.3d 1288, 1301-02 (11th Cir. 2020). And plaintiff here cannot plausibly show copying as a consequence of (1) its purported works being "unpublished" together with (2) the Aliver Defendants' development of its own product designs in 2022, which became published online at least by March 22, 2023. Decl. of Klema, ECF 30-10.[2]

The FAC does not allege when any of the four works covered by its registration would have been made available to the public. The certificate of registration shows that the works were unpublished as of November 20, 2023, consistent with the lack of allegations respecting the defendants' access.

For their part, the Aliver Defendants first marketed a black castor oil product in November 2022,. Decl. of Fu, ECF 30-1 ¶ 6. Consequently, plaintiff would be required to aver that its works were *accessed* by the defendants (not just created by plaintiff) prior to

---

[2] Captures of websites on the Internet Archive are properly considered on a motion to dismiss requesting that a court take judicial notice of them. Pohl v. MH Sub I, LLC, 332 F.R.D. 713, 716 (N.D. Fla. 2019) (collecting cases finding that the Internet Archive and WayBack Machine are sources whose accuracy cannot reasonably be questioned); see also Denis v. Ige, 557 F.Supp.3d 1083, 1087 (D. Haw. 2021) (taking judicial notice in connection with Rule 12 motion to dismiss) (citing Brown v. Google LLC, 525 F.Supp.3d 1049, 1061 (N.D. Cal. 2021)); Capua v. Air Europa Lineas Aereas S.A. Inc., No. 20-cv-61438, 2021 WL 965500, at *2 (S.D. Fla. Mar. 15, 2021); Tobinick v. Novella, No. 14-cv-80781, 2015 WL 1526196, at *2 (S.D. Fla. Apr. 2, 2015).

November 2022. See Hofmann v. Pressman Toy Corp., 790 F.Supp. 498, 505 (D.N.J. 1990) ("to make out her claim, plaintiff must show that defendants had access to her work before" the date which the defendant's product "was publicly displayed in substantially its [then] present form"). Speculation is insufficient to support a claim of access. Id. at 506.

Because there are no allegations of access, the FAC may be dismissed "without reaching the element of substantial similarity." Clay v. Cameron, No. 10-cv-22203, 2012 WL 13008429, at *3 (S.D. Fla. 2012); Jones v. Williams, no. 22-cv-1805 (N.D. Ga. Nov. 1, 2022) (dismissing plaintiff's copyright claim because the pleading "fail[ed] to allege facts sufficient to support an inference that [the defendant] copied [plaintiff's] work"); Tate-Robertson v. Walmart, Inc., No. 19- cv-27, 2019 WL 6448960, at *4 (C.D. Cal. May 16, 2019) ("Simply because a work is available for sale does not mean that the work has been 'widely disseminated'").

**C. The FAC sounds in unfair competition and trademark, not copyright**

It is evident that plaintiff utilized another court filing to prepare its complaint and failed to adapt it properly to allege its copyright infringement claim. While starting from another's document might be shrewd and efficient lawyering, failing to adapt it to a different setting with a wholly distinct legal theory different introduces a host of inapplicable and irrelevant allegations. That is plaintiff's current pleading. The FAC improperly frames the issues for further litigation and discovery, and injects irrelevant issues that will undoubtedly ensnarl the parties in unnecessary disputes and in turn frustrate the Court if not properly framed at the outset, assuming plaintiff's claim should proceed past the pleadings stage, which the Aliver Defendants argue it should not. As

defendants contend, the action should be dismissed without leave to amend, and bring this case to an end.

**D.  Plaintiff failed to allege what original expression was infringed**

Even if plaintiff had not comingled trademark and copyright theories, its pleading still fails to state a claim because it lacks any specific allegations of what original expression was infringed. Stated differently, the pleading does not allege "legal" or "actionable copying." Compulife Software, 959 F.3d at 1302.

A copyright owner has the burden of identifying "what aspects or elements" of its work "it considers to be protectable." Cf. MiTek Holdings, Inc. v. Arce Eng'g Co., 89 F.3d 1548, 1555 (11th Cir. 1996); Anand Vihar LLC v. The Evans Grp. Inc., no. 16-cv-841 (M.D. Fla. Jul. 17, 2017) (noting the plaintiff "fail[ed] to identify the protectable elements of its" work, concluding the plaintiff "fail[ed] to meet its burden" and denying plaintiff's motion for summary judgment); SimplexGrinnell LP v. Integrated Sys. & Power, Inc., 642 F.Supp.2d 206 (S.D.N.Y. 2009) (rejecting the plaintiff's request for a broader injunction because it never "identif[ied] which aspects of [its works] it believes to be copyrightable" and holding that "the mere fact that substantial portions of [plaintiff's work] may be incorporated into unregistered versions provides no evidence that the overlap encompasses protected characteristics").

The FAC does not identify what protectable expression exists in the registered works. A plaintiff cannot merely rely on the existence of a registration to satisfy this burden because not "every element of a work may be protected." MiTek, 89 F.3d at 1554 (quoting Feist, 499 U.S. at 348); Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1215 (11th Cir. 2000) (observing that photographs also include "unoriginal aspects"). Indeed, *failing* to properly

identify the asserted protectable expression in litigation essentially overclaims the rights which may lead to a copyright misuse defense. See <u>Qad. Inc. v. ALN Assocs., Inc.</u>, 770 F.Supp. 1261, 1266-70 (N.D. Ill. 1991) (finding misuse where the plaintiff "used elements over which it had no copyright as an essential vehicle for strong-arming" the defendant in litigation). Two-dimensional industrial artwork, just like the mere existence of a book or the certificate of registration, is a *thing* which is not a proxy for the creative expression contained in each. 17 U.S.C. § 202. Plaintiff should not be allowed, at the pleadings stage, to play fast and loose with its claimed rights.

### III. <u>PLAINTIFF'S REGISTRATION IS INVALID</u>

Section 411 of the Copyright Act also presents an absolute bar to plaintiff's claims. Besides plaintiff (as the purported claimant) being a legally non-existent entity, the certificate states that the works were <u>un</u>published. ECF 11 at 12. A registration for an unpublished work means that the owner had not offered them for sale or to be distributed by others. 17 U.S.C. § 101 (defining "Publication"); <u>see also</u> COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 1902 (3d ed., 2014) (publication occurs only (i) when copies [] are distributed by or with the authority of the copyright owner or (ii) when an offer to distribute copies "to others is made "for further distribution … or public display"). While plaintiff's counsel quickly changed tactics at the preliminary injunction hearing by stating that the publication status was an error—ostensibly in an effort to improperly secure extraordinary equitable relief—it raises serious doubts about the veracity of the plaintiff's representations to the Court. If plaintiff adheres to that position, then it is knowingly embracing and proving the invalidity of its registration pursuant to 17 U.S.C. § 411(b)(1), for which this Court could and ought to immediately request the Register of Copyrights to

provide its position on whether, had it known of the inaccurate information, "would have caused the Register of Copyrights to refuse registration" at the second step, 17 U.S.C. § 411(b)(2).

The answer to that question has already been answered by the Register multiple times, and the district court's decision invalidating a registration based on the Copyright Office's refusal has been affirmed. E.g., Gold Value Int'l Textile v. Sanctuary Clothing, 925 F.3d 1140 (2d Cir. 2019) (affirming invalidity of registration where plaintiff knew its works were published when it registered them as unpublished, the Register of Copyrights stated it would not have registered the copyright had it known of the inaccuracy, and rejecting plaintiff's argument that the defendant must show the inaccuracy was the result of fraud); IMEX Leader, Inc. v. Zest US Wholesale, Inc., no. 8:22-cv-1432 (C.D. Cal. Sept. 20, 2023) (rejecting plaintiff's argument that plaintiff "did not understand the special legal meaning of the word 'published'" and agreeing with the defendant that "[t]he terms 'prior' and 'published' are not nuanced legal terms" and referring questions to the Register, who confirmed it would not register based on an error in publication status[3]) (citing Lieb v. Korangy Publ'g, Inc., 2022 WL 1124850, at *13 (E.D.N.Y. Apr. 14, 2022)); Dmarcian, Inc. v. DMARC Advisor BV, no. 21-cv-67 (W.D. N.Car. May 1, 2024) (finding plaintiff's certificate invalid after Register's response stated that she would not have registered the plaintiff's copyright had the Copyright Office known of the inaccuracy[4]); HEALTHeSTATE,

---

[3] Available at https://storage.courtlistener.com/recap/gov.uscourts.cacd.858894/gov.uscourts.cacd.858894.121.1.pdf

[4] Initial response available at https://storage.courtlistener.com/recap/gov.uscourts.ncwd.103713/gov.uscourts.ncwd.103713.272.1.pdf ("the Copyright Office would not have registered the Work if it had known that the application provided incorrect dates of first publication"); addendum

LLC v. United States, no. 1:18-cv-34 (Ct. Cl. Dec. 15, 2023) (granting summary judgment to defendant after Register stated it would have refused registration where the publication date was inaccurate[5]), appeal pending, no. 24-1336 (Fed. Cir.); Brunson v. Cook, no. 3:20-cv-1056, Doc. No. 186 (M.D. Tenn. Jan. 29, 2024) (motion for summary judgment pending based on the Register's statement that it would have refused registration where the work's publication status was incorrectly stated[6]).

The invariable response of the Register on a similar factual question here would be the same, and consistent with all of the Copyright Office's prior responses in other district courts to have certified questions pursuant to § 411(b). Plaintiff has already admitted on record that the registration includes a knowing error. That ought to be the end of its action at the pleadings stage where it cannot now allege otherwise, having committed itself to that position at the preliminary injunction hearing.

### IV. THE ACTION SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

Finally, a district court's denial of leave to amend the complaint is reviewed for abuse of discretion. Covenant Christian Ministries, Inc. v. City of Marietta, 654 F.3d

---

available at https://storage.courtlistener.com/recap/gov.uscourts.ncwd.103713/gov.uscourts.ncwd.103713.275.1.pdf (reaffirming prior position).

[5] Available at https://storage.courtlistener.com/recap/gov.uscourts.uscfc.36088/gov.uscourts.uscfc.36088.187.0.pdf

[6] Available at https://storage.courtlistener.com/recap/gov.uscourts.tnmd.84730/gov.uscourts.tnmd.84730.186.1.pdf (answering the certified questions by stating that "had the Office been aware prior to registration that" the applicant-plaintiff had posted the work online, then "it would not have registered it" as an unpublished work).

1231, 1239 (11th Cir. 2011). Here, amendment would be futile because of the multiple incurable infirmities of the plaintiff's singular copyright claim.

## CONCLUSION

The Court would not abuse its discretion to dismiss the FAC for failing to state a claim based on the incurable deficiencies of a purported unpublished work to which the defendants never had access because, as the facts would show if this case were to proceed through discovery, defendant Shenzhen Moulis is the true, original source of the product packaging at issue in this case. The purported plaintiff does not even have a legal existence to maintain this action and lacks standing which, in turn, renders this Court without jurisdiction to adjudicate the claim. The pleading, and any proposed amendment to it, simply lacks "enough heft" to set forth a plausible claim for relief. Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).

**WHEREFORE**, the Aliver Defendants respectfully request the Court:

(i) grant this motion;

(ii) take judicial notice of the Internet Archive captures of defendant Shenzhen Moulis' website;

(iii) find that the First Amended Complaint fails to state a claim upon which relief can be granted due to lack of allegations of access prior to December 2022, the date of the defendants' first use of their own industrial artworks;

(iv) find, pursuant to Rule 9(a), that the First Amended Complaint does not sufficiently allege the legal existence of Guangzhou tinpod Electronic Technology Co., Ltd.;

(v) find that the Court does not have subject matter jurisdiction to hear plaintiff's copyright infringement claim absent non-speculative allegations of plaintiff's legal

existence;

(vi) find that certificate of registration VAu 1-517-249 is invalid for naming a non-existent claimant and an incorrect status of publication;

(vii) find that the First Amended Complaint does not state a claim for relief because it fails to allege with particularity what original expression in each of the different works was purportedly copied by defendants;

(viii) dismiss the First Amended Complaint with prejudice and without leave to amend;

(ix) enter a final judgment of dismissal against plaintiff and in favor of defendants; and

(x) for such further relief as the Court deems just and proper.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), defendants respectfully request oral argument at a hearing on the matters raised in this motion given the unique nature of the issues presented, and the anticipated dispute by plaintiff of its legal existence, the defendants' lack of access to an unpublished work, and incurable deficiencies of the pleading. Defendants believe a hearing will help the Court understand and address these issues.

Defendants estimate the time required for oral argument to be one hour.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292

Di Li, Esq.

**DI LI LAW, P.C.**
18725 Gale Ave., Suite 208
City of Industry, CA 91748
Tel.: (626) 723-4849
Fax: (626) 956-0744
Email: di@dililaw.com
*Admitted Pro Hac Vice*

*Attorneys for the Aliver Defendants, ECF 42*