UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 0:24-cv-61886

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, Guangzhou Tinpod Electronic Technology Co., Ltd. (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" (herein collectively referred to as "Defendants"), attached hereto, and in support thereof, states as follows:

### INTRODUCTION

1.      This is a civil action for Copyright infringements pursuant to the Copyright Act, 17 U.S.C. § 102 *et seq.,* including 17 U.S.C. § 501.

2.      Plaintiff owns one (1) United States Copyright, No. VAu 1-517-249, for 2-dimensional artwork for Black Castor Oil 1, Black Castor Oil 2, Black Castor Oil 3 and Black

1

Castor Oil 4 (hereinafter "Plaintiff's Copyright"). Minghzi Cao in the capacity of work for hire at the Plaintiff created the 2-dimensional artwork of Black Castor Oil which was completed on dated August 18th, 2022. Plaintiff's Copyright has been registered with the United States Copyright Office ("USCO") and is protected from infringement under federal Copyright law.

3.      Without Plaintiff's authorization or license, Defendants are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Copyright (Hereinafter referred to as "Infringing packaging") within this District through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs").  Such infringement is both deliberate and willful.

4.      In summary, Plaintiff has spent significant amounts of resources in connection with Copyright enforcement efforts, including legal fees and investigative fees to battle the harm caused by Defendants' infringement actions.

## **PARTIES**

5.      Plaintiff, Guangzhou tinpod Electronic Technology Co., Ltd. is a corporation from China, and is otherwise *sui juris*. It is humbly submitted that the Plaintiff Corporation a duly incorporated and legally recognized entity under the applicable laws of China, thereby holding the requisite legal existence and constitutional standing to file the Amended Complaint before this Honorable Court under 17 U.S.C. § 410(c).

a)      The original name of the Plaintiff Corporation is 广州天罗电子科技有限责

任公司 and the transliterated name of the corporation is "Guangzhou Tianluo Electronic

Technology Co., Ltd." *See,* Affidavit of Jun Lin (Exhibit 1). The same can be seen clearly on

Chinese Government directory, namely, National Enterprise Credit Information Publicity

System. *See*, https://shiming.gsxt.gov.cn/socialuser-use-rllogin.html . *See also*, Exhibit 2 and Exhibit 3.

b)      It is a well-established law that companies operating in different languages often use transliterations or equivalent names when conducting business internationally. Corporate existence and ownership rights remain unchanged, even if the company name appears in Chinese characters in its domestic jurisdiction, phonetic transliteration or in English translation. *See, ChPHina Central Television v. Create New Technology (HK) Ltd., No. CV 15-01869 MMM, 2015 WL 12732432 (C.D. Cal. Dec. 7, 2015)*) [note: A foreign company's name may appear in different transliterations across jurisdictions, but that does not affect legal ownership or standing]. *Also See*, *Sunstar, Inc. v. Alberto-Culver Co., 586 F.3d 487, 491 (7th Cir. 2009)*) [note: A foreign company's name may appear in different transliterations across jurisdictions, but that does not affect legal ownership or standing.

c)      Further, it is also submitted that the Courts recognize substantial compliance with corporate registration requirements and do not require a one to one translation of a foreign company's name in litigation. *See*, *Belmora LLC v. Bayer Consumer Care AG,* 987 F.3d 284, 293 (4th Cir. 2021). In pursuance of the same the Plaintiff has provided with the Business License confirming its legal existence, regardless of the phonetic transliteration used in its copyright application. See, Business License, Exhibit-4.

6.      Plaintiff is the owner of 2 dimensional artwork registered under the seal of USCO Copyright registered, as follows:

a.      Registration Number No. VAu 1-517-249, Date: Registration Decision Date January 31, 2024; *See* true and correct copy of Plaintiff's Copyright attached hereto as Exhibit 5.

      b.      Plaintiff registered the copyright under the translated name of the corporation is "Guangzhou Tinpod Electronic Technology Co., Ltd. *See* true and correct copy of Plaintiff's Copyright attached hereto as Exhibit 5

7.      Upon information and belief, Defendants are individuals, partnerships and/or business entities of unknown makeup, who either reside and/or operate in foreign jurisdictions.

8.      Defendants target their business activities towards consumers throughout the United States, including Florida and this District using the operation of Internet based e-commerce stores, such as Amazon.com, via Internet marketplace websites using their Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiff.

9.      Upon information and belief, Defendants produce and/or distribute products from foreign jurisdictions and ship their goods to fulfillment centers within the United States to redistribute their products from those locations to the American consumer.

10.      Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

11.      Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing infringing reproductions of Plaintiff's Copyright unless preliminarily and permanently enjoined.

12.      Plaintiff has and will continue to suffer damages as a result of Defendants' Copyright infringements unless injunctive and monetary relief is awarded by this Honorable Court.

## JURISDICTION AND VENUE

13.      This Court has subject matter jurisdiction over this case pursuant to the Federal Copyright Act, 17 U.S.C. § 102 *et seq*., and 28 U.S.C. §§ 1331 and 1338.

14.      Defendants are subject to personal jurisdiction in this district because they

purposefully direct their sales of goods, utilizing Plaintiff's Copyright, to Florida residents by operating stores through online Platforms that offer shipping within the United States, including Florida and this District. The Defendants infringe Plaintiff's Copyright in this District by manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing unauthorized reproductions of Plaintiff's Copyright through such Internet based e-commerce stores and fully interactive commercial Internet websites and Plaintiff's claims arise out of these activities.

15.     Venue is proper over Defendants in this District pursuant 28 U.S.C. § 1391 and 28 U.S.C. § 1400, since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this District by advertising, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Copyright into this District and the Defendants are subject to personal jurisdiction within this District with respect to the action brought herein.

## **GENERAL ALLEGATIONS**

16.     Plaintiff has filed this lawsuit against Defendants to enjoin online Copyright infringers who are infringing Plaintiff's valuable Copyright by reproducing, copying, duplicating, distributing, performing and displaying the work publicly.

17.     On November 20, 2023, Plaintiff filed with the USCO for copyright registration ("Plaintiff's Copyright"):

   a. Registration Number No. VAu 1-517-249, Registration Decision Date: January 31, 2024. *See* Exhibit 5.

   b. Plaintiff's date of creation is August 18, 2022 as established by the metadata information provided in Exhibit 7 as analyzed by expert witnesses affidavit attached hereto as well on same Exhibit.

18.     Plaintiff's registration of the Copyright pre-dates Defendants' infringement thereof. See Plaintiff's Copyright Certificate of Registration attached hereto as Exhibit 5.

19.     Plaintiff's Copyright registration is valid, in full force and effect, unrevoked and uncanceled.

20.     Plaintiff has provided Defendant's with notice of its Copyright rights by providing a copy of the registration number (Registration No. VAu 1-517-249) on its sales listings.

21.     Plaintiff has not granted a license or any other authorizations to Defendants to make, use, offer for sale, sell and/or import goods that embody the Plaintiff's copyright which is proprietary to Plaintiff.

22.     Upon information and belief, Defendants willfully and knowingly infringe Plaintiff's Copyright rights.

23.     Upon information and belief, Defendants are advertising, distributing, offering to sell and/or selling unauthorized goods that incorporate and infringe Plaintiff's Copyright in U.S. interstate commerce.

24.      Defendants are copying, duplicating, and distributing the copyrighted artwork of the Plaintiff without their authorization through Internet based e-commerce stores operating under the Seller IDs.

25.      The Defendants' reproduction of the copyrighted artwork of the Plaintiff's is identical to such an extent that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the 2-dimensional artwork so as to be induced to purchase Defendants' products believing them to be the same 2-dimensional artwork as the one protected by Plaintiff's Copyright.

26.     Upon information and belief, Defendants are actively copying, duplicating,

reproducing, and/or distributing the copyrighted artwork of the Plaintiff without authority to use Plaintiff's Copyright.

27.     At all times relevant hereto, Defendants knew or should have known of Plaintiff's ownership of the Copyright, including its exclusive right to use and license such intellectual property.

28.     Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights. If Defendants' willful and intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

29.     Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias seller identification names being used and/or controlled by them.

30.     Upon information and belief, Defendants continuously create new websites and online marketplace accounts using the Seller IDs listed in Schedule A (attached hereto as "Exhibit 6"), as well as other unknown fictitious names and addresses.

31.     Further, upon information and belief, Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff in order to avoid being detected and shut down.

32.     Plaintiff has no adequate remedy at law.

33.     Plaintiff is suffering irreparable harm, injury and substantial damages directly and proximately caused by Defendants' unauthorized and wrongful use of Plaintiff's Copyright.

34.      Defendants must be enjoined from continuing to copy, duplicate, or reproduce the original copyrighted artwork that directly infringe on Plaintiff's Copyright protections pursuant to

7

federal Copyright law.

## COUNT I
## INFRINGEMENT OF UNITED STATES COPYRIGHT NO. VAu 1-517-249, S 17 U.S.C. § 501

35.     Plaintiff reincorporates and realleges paragraphs 1 through 35 of this Amended Complaint as if fully set forth herein.

36.     The registration for Plaintiff's Copyright is valid, subsisting, unrevoked and uncanceled.

37.     Plaintiff is the author of United States Copyright Registration No. VAu 1-517-249, (*See* Exhibit 5) at issue in this lawsuit.

38.     Plaintiff is the owner of all right, title and interest in and to the 2-dimensional artwork covered by the Plaintiff's Copyright, and Plaintiff is entitled to receive all damages and the benefits of all other remedies for Defendants' infringements.

39.     Without Plaintiff's permission or authorization, Defendants have infringed one or more of Plaintiff's exclusive rights under the Copyright Act by unlawfully copying, duplicating, and/or reproducing Plaintiff's federally registered copyrighted artwork in the packaging of their product, which is listed on various e-commerce platforms.

40.     Defendants' infringing packaging contain every aspect of the claimed 2-dimensional artwork on the Plaintiff's Copyright.

41.     Defendants' infringing packaging have an overall appearance that is confusingly similar to the claimed 2-dimensional artwork in the Plaintiff's Copyright.

42.     Defendants are directly liable for infringing Plaintiff's Copyright under the Copyright Act, 17 U.S.C. § 501.

43.     The foregoing acts of infringement have been willful, intentional, and purposeful,

in disregard of and indifferent to Plaintiff's rights in Plaintiff's Copyright.

44.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching themselves at Plaintiff's expense.

45.     As a direct and proximate result of Defendants' continuous infringement of Plaintiff's Copyright, Plaintiff is entitled to injunctive relief as well as monetary damages as provided by the Copyright Act, including Defendants' profits pursuant to 17 U.S.C. §§ 504 and 505.

46.     Plaintiff is further entitled to its attorney's fees pursuant to 17 U.S.C. § 505.

47.     Defendants have actual notice of the Plaintiff's Copyright since at least November 20, 2023, since then Defendants' infringement of the Plaintiff's Copyright has been and continues to be willful.

48.     Defendants' conduct has caused and will continue to cause Plaintiff substantial damages, including irreparable harm, for which Plaintiff has no adequate remedy at law, unless and until Defendant is enjoined from infringing the Plaintiff's Copyright.

49.     Plaintiff is entitled to injunctive relief, as set forth below, because of the continuing infringements of Plaintiff's Copyright and because of the significant threat of future infringement as evidenced herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment, an award of equitable relief and monetary relief against Defendants as follows:

A.      Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C. § 504, and Federal Rule of Civil Procedure 65; enjoining Defendants, their affiliates, officers,

9

agents, representatives, servants, employees, and all persons acting in concert or participation therewith, from infringing Plaintiff's Copyright by reproducing, copying, duplicating and/or distributing the copyrighted artwork.

B.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, associated ecommerce stores and websites, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of. reproducing, copying, duplicating and/or distributing the copyrighted artwork.  The Internet marketplace platforms include but are not limited to; Amazon, eBay, Walmart.

C.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority, that upon Plaintiff's request, any Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court, identify any name, address and e-mail address known to be associated with Defendants' respective Seller IDs.

D.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing infringements of the Copyright via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Plaintiff's Copyright associated with and/or linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to   reproduce, copy, duplicate and/or distribute the

copyrighted artwork.

E.      Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

F.      Entry of a judgment and award that Defendants account for and pay to Plaintiff damages adequate to compensate for Defendants' infringements of the Plaintiff's Copyright, including lost profits but in no event less than a reasonable royalty.

G.      Entry of a judgement and award of Defendants' total profits in an amount subject to proof at trial, pursuant to 17 U.S.C. § 504.

H.      Entry of an Order finding that Defendants' infringement was willful and an award of increased damages for willful infringement, pursuant to 17 U.S.C § 504.

I.      Entry of an Order finding this case is exceptional under 17 U.S.C. § 505 and awarding Plaintiff its costs, expenses and disbursements incurred in this action, including reasonable attorney's fees as available by law to be paid by Defendants.

J.      Entry of an award of prejudgment interest on the judgment amount.

K.      Entry of an Order for such other and further relief as the Court may deem just and proper.

Respectfully submitted on this 24th day of February, 2025

**FELDENKRAIS LAW, P.A.**

Attorneys for Plaintiffs

20533 Biscayne Blvd. Suite 469

Aventura, FL 33180

Telephone: (305) 528-9614

Email: mfeldenkrais@gmail.com

By: / / Michael Feldenkrais, Esq.

Florida Bar No. 991708

Encl:
1. Affidavit of Jun Lin
2. Transliterated name of the Corporation
3. Original name of the Corporation
4. Business License
5. Copyright Certificate
6. Schedule A
7. Expert Declaration with Metadata