**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:24-cv-61886-JB**

XYZ CORPORATION,

      Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

      Defendants.

---

## _AMENDED_ JOINT SCHEDULING REPORT

Plaintiff and the eighteen Aliver Defendants, DE 42, by and through their respective counsel, and pursuant to Local Rule 16.1(b) and Fed. R. Civ. P. 26, files this amended joint scheduling report concurrently with a new proposed scheduling order.

In the prior proposed scheduling order, the parties only disagreed on a single date, [ECF 101 at ¶ ] (the deadline for amended pleadings), while the remainder adhered to the Court's stated preferences. Following the March 7, 2025, hearing, the parties resolved most points of disagreement with exception of one, which the Aliver Defendants intend to address separately by motion, seeking a stay of discovery pending resolution of their motion to dismiss the second amended complaint.

I.      Discovery Plan

(A)     <u>Rule 26(a) Disclosures</u>:  Pursuant to the Court's order, DE 6, the parties certify that they have provided the disclosures required by Rule 26(a)(1) to each other.

(B)     <u>Subjects of Discovery; Phases; Potential Disputes</u>:  The parties have jointly stipulated that discovery be limited in light of the Aliver Defendants' unified interests and common ownership. Topics of discovery include forensic examination of information technology (IT) infrastructure of plaintiff, including laptops, cell phones, storage devices, and possible other hardware, some or all of which might be located in China. Metadata in this case will play a critical role, and preservation and access to original hardware will be needed to discover information related to plaintiff's alleged creation of the subject copyrighted works.

(C)     <u>Electronic Discovery</u>:  The parties propose all relevant Electronically Stored Information ("ESI") should be preserved until the resolution of this matter. This includes, but is not limited to, information owned and/or controlled by the parties that is contained in electronic documents, cellular phones, emails, text messages, cryptocurrency wallets, social media, and computers and software databases and programs. When discovery requests are made, they propose to undertake good faith efforts to comply with the terms of the requests.  For structured ESI, like database data, they propose to make reasonable efforts to procure and produce ESI in native formats.  For unstructured ESI, like emails and word processing, defendants propose to make reasonable efforts to produce discovery in a searchable PDF format and/or native format.

(D)     <u>Claims of Privilege or Protecting Trial Preparation Materials</u>:  In connection with the procedures provided by Fed. R. Civ. P. 26(b)(5), the Parties agree that any inadvertent production of privileged or trial-preparation materials shall not be considered a waiver of any privilege or protection applicable to such materials so long as the party identifies the documents mistakenly produced and requests their return.

(E)     <u>Changes in Discovery Limitations</u>:  As explained above, the parties have stipulated to limitations on discovery.

(F)     <u>Other Orders Under Rules 26(c) or 16(b)</u>:  The parties request that the initial scheduling order include instructions to preserve ESI, pursuant to Rule 16(b)(3)(B)(iii), given the importance of ESI and metadata to the dispute respecting each party's authorship.

II.   Conference Report

    **A.**   *Likelihood of Settlement*

    At this time, the likelihood of settlement is doubtful, as both plaintiff and defendant Shenzhen Moulis each claim original authorship of their respective industrial works, and allege the other party copied their work, and therefore infringed their copyright.

    **B.**   *Likelihood of Appearance of Additional Parties*

    While certain non-appearing defendants have been defaulted, [ECF ], it remains possible that any of them might appear.

    **C.**   *Proposed limits on the time*:

        i)   <u>To join other parties and to amend the pleadings</u>. The parties propose April 30, 2025 instead.

        ii)   <u>To file and hear motions</u>. The parties propose to allow one early-filed partial summary judgment motion, under 17 U.S.C. § 412. Disposition of that motion should occur early in the case given its disproportionate impact on possible settlement and resolution of the case. Defendants also intend to move to refer the plaintiff's certificate to the Register of Copyrights under 17 U.S.C. § 411(b)(2) ("In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."). A follow-on summary judgment motion respecting validity might obviate the need for other discovery and litigation, depending on the Register's response.

        iii)   <u>To complete discovery</u>. The parties agree to follow the Court's preferred deadlines.

    **D.**   *Proposals for the Formulation and Simplification of Issues*

    The parties will endeavor to stipulate to undisputed facts and issues in advance of trial.  The parties have agreed that the Aliver Defendants may file an early dispositive motion in advance of trial in an effort to limit the issues. In particular, the Aliver Defendants will move for partial summary judgment concerning plaintiff's right to seek statutory remedies due to the operation of 17 U.S.C. § 412 ("no award of statutory damages or of

attorney's fees, as provided by sections 504 and 505, shall be made for any infringement of copyright in an unpublished work commenced before the effective date of its registration"). Extensive discovery is not needed as to that issue apart from the date reflected on the certificate of registration and the date the alleged infringement "commenced." Apart from that motion, the defendants anticipate other dispositive motion practice directed to the pleadings, as well as after the close of discovery.

**E.**     *Necessity or Desirability of Amendments to the Pleadings*

The Aliver Defendants intend on moving to dismiss plaintiff's operative complaint before filing an answer, affirmative defenses, and counterclaims. The timing of a ruling on the defendants' forthcoming motion to dismiss may therefore impact the necessity of an amended complaint, if the action is not dismissed without leave to amend.

**F.**     *Admissions of Fact and Stipulations of Authenticity*

The parties will endeavor to stipulate as to the authenticity and admissibility of documents to avoid unnecessary fact disputes, and to admit to such facts and documents as will avoid unnecessary need for discovery and issues of proof.

**G.**     *Avoidance of Unnecessary Proof/Cumulative Evidence*

Unnecessary proof and cumulative evidence will be eliminated, whenever possible, through the use of admission and stipulations by the Parties.

**H.**     *Advisability of Referring Matters to a Magistrate Judge or Master*

The Parties consent to referring discovery matters to the Magistrate Judge.

**I.**     *Preliminary Estimate of Time Required for Trial*

The parties estimate that trial will take 4-5 days, assuming both plaintiffs claim and the defendants' (possible) counterclaims would remain for a trial. Summary disposition of some portion of either the plaintiff's claims or defendants' counterclaims would likely shorten the time needed for trial.

**J.**     *Requested dates for conferences before trial, a final pretrial conference, and trial:*

The dates for conferences, pretrial, and trial are specified in the

accompanying proposed scheduling order.

**K.** *Any Issues About:*

(i)    <u>Disclosure, discovery, or preservation of electronically stored information, including the form or forms in it should be produced</u>: The parties agree to use the ESI Checklist.

(ii)    <u>Claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502</u>:  The Parties agree that the "claw-back" of inadvertently produced privileged or trial preparation materials shall be governed by the applicable provisions of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, and that such inadvertent production and "claw back" shall not constitute any waiver of such privileges.

(iii)    <u>When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist</u>:  The parties have agreed to use the ESI Checklist.

**L.** *Any other information that might be helpful to the Court*

1. *Whether the trial will be jury or non-jury*
   a. Plaintiff has not demanded a jury trial. Defendants' deadline for demanding a jury trial has not yet occurred.

2. *An outline of the legal elements of each claim and defense raised by the pleadings*
   a. **Plaintiff's** Response:
      i. Plaintiff has raised a claim of copyright infringement. To establish infringement, Plaintiff must prove ownership of a valid copyright, and that Defendant copied protected expression contained in the work.
         1. Plaintiff has proved that it created the copyrighted work on dated August 18, 2022 and the same has been registered on dated Jan 31, 2024. It has further proved that the copyrighted artwork is not a direct copy or cast of any product or object, but rather reflects some artistic license. *See*, Motion for TRO [ECF No 14] Lastly, by producing the registration certificate issued by USCO, plaintiff has also produced the prima facie evidence of the ownership of the copyrighted work.
         2. To show copying, Plaintiff must show defendants had access to plaintiff's work(s) and there is substantial similarity between plaintiff's work(s) and defendants' products.  Plaintiff has already proved that without Plaintiff's authorization or license, Aliver Defendants are manufacturing, importing, promoting,

reproducing, offering for sale, selling, and/or distributing goods that incorporate the Plaintiff's Copyrighted artwork. *See*, Schedule attached in Amended Complaint [ECF No. 11] and that there is substantial similarity between plaintiff's work and defendants' product. *See*, Attorney's Declaration [E.C.F. No.13] which provides the tabular representation of the similarity.

b. **Defendant's** Response: While the Aliver Defendants are not yet required to answer plaintiff's operative pleading, they disclose some of their possible affirmative defenses.

  i. Plaintiff's copyright registration is invalid, because, for example, the works were in fact published, yet the registration asserts they were unpublished. Furthermore, the claimant (plaintiff) legally did not or does not exist and the registration contains a further inaccuracy. 17 U.S.C. § 411(b); Unicolors Inc. v. H&M Hennes & Mauritz, L.P., 142 S. Ct. 941 (2022) (willful blindness invalidates a registration).

  ii. The subject works' "creativity" is thin, incorporates unoriginal elements (stock imagery), which is not entitled to protection; only after filtering out unprotectable expression is a similarity comparison then made. Compulife Software Inc. v. Newman, 959 F.3d 1288, 1306 (11th Cir. 2020).

  iii. Plaintiff is not entitled to statutory remedies, which are barred by the Copyright Act, 17 U.S.C. § 412 as a result of the alleged infringement predating plaintiff's claimed date of registration.

  iv. Plaintiff is not entitled to a disgorgement remedy measured by sales of a product that includes an alleged copyrighted work as part of its label or packaging. The Defendants were not selling "the work" but rather a product that allegedly included copyrighted works as part of its label.

  v. The Aliver Defendants may also show innocent good faith use as a mitigation of plaintiff's claimed statutory damages. 17 U.S.C. § 504(c)(2) ("was not aware and had no reason to believe that his or her acts constituted an infringement of copyright").

  vi. Finally, defendants will show that the plaintiff's claim is barred for copyright trolling because plaintiff is engaged in the business of litigation, not licensing, ignores the realities of its limited damages and focuses on the defendant's cost to defend combined with the threat that defendant will also be liable for plaintiff's attorney's fees. Lasercomb America, Inc. v. Reynolds, 911 F.2d 970 (4th Cir. 1990).

3. *A good-faith estimate of the specific dollar valuation of actual damages and other relief at issue*

  a. Plaintiff will provide as and when directed by the court.

4. The need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance
   a. The Parties do not anticipate the need for variance from the discovery limitations imposed by Local Rules and/or the Federal Rules of Civil Procedure, except as already identified, above.

Respectfully submitted on March 10, 2025.

## <u>CONFERRAL CERTIFICATE</u>

The Parties certify and represent that they first conferred via Zoom on January 16, 2025, and again by telephone on January 17, 2025. Following the hearing on March 7, 2025, they further conferred in person respecting this Amended Joint Scheduling Report.

Michael Feldenkrais, Esq.
Florida Bar No. 991708
mfeldenkrais@gmail.com
**FELDENKRAIS LAW, P.A.**
20533 Biscayne Blvd. Suite 469
Aventura, FL 33180
Telephone: (305) 528-9614
*Attorneys for Plaintiff*


By: /s/ Michael Feldenkrais
Michael Feldenkrais, Esq.
Fla Bar No 991708

**KLEMA LAW, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
P.O. Box 172381
Tampa, FL 33672
Telephone: (202) 713-5292
griffin@klemalaw.com

*Attorney for the Aliver Defendants, DE 42*

By: ___/s/ Griffin Klema_____
Griffin C. Klema, Esq.
Fla. Bar No. 100279