**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:24-cv-61886-JB

XYZ CORPORATION,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

---

**DEFENDANTS' MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC***

The eighteen Aliver Defendants, DE 42, pursuant to Fed. R. Civ. P. 6, move for a 1.5 day extension of time, *nunc pro tunc*, respecting service of their draft motion for attorney's fees.

**I.  INTRODUCTION**

This motion seeks to address an extension of time measured in hours respecting the requirement under Local Rule 7.3(b) for service of a party's draft motion for attorney's fees. The backwards-calculated deadline fell on a weekend. By oversight, the Aliver Defendants' draft motion was served just after midnight the following Monday, rather than the Friday *before*, as Rule 6(a) requires when time is calculated backwards from a date.

While plaintiff never raised the issue and declined multiple offers for additional time from the Aliver Defendants, Tinpod has never identified what prejudice it suffered from the difference in receiving the draft motion one and one-half business day later. It appears it suffered none given its full participation in the required pre-filing conferral process and service of a written opposition.

Despite that, the Aliver Defendants believe this separate motion is necessary to address the matter rather than having it subsumed within the merits of the fee application. Plaintiff disputes the relief sought by the defendants.

As articulated herein, however, there is good cause for the extension given the purposes of the pre-filing conferral have been fulfilled, plaintiff has suffered no prejudice, and the slight delay was a result of a miscalendaring of the deadline, constituting excusable neglect.

## II.  FACTS & PROCEDURAL HISTORY

On March 27, 2025, plaintiff XYZ Corporation (Guangzhou Tinpod Electronic Technology Co., Ltd.) ("Tinpod") voluntarily dismissed its claim of copyright infringement against the Aliver Defendants with prejudice. [DE 129]. That event began a 60-day deadline for the defendants to file any motion for attorney's fees pursuant to Local Rule 7.3. They timely filed that motion. [DE 133].

Prior to filing their motion, the Aliver Defendants sought to comply with the Local Rule's purpose "to assist parties in resolving attorney fee and costs disputes by agreement." L.R. 7.3(a). They engaged in a "Good Faith Effort to Resolve Issues" respecting their fees argument "by Agreement" as Local Rule 7.3(b) provides. The rule specifies a backwards-looking timeframe to serve "a draft motion compliant with Local Rule 7.3(a)(1)–(8) ... at least thirty (30) days prior to the deadline for filing a motion for attorneys' fees." L.R. 7.3(b).

As a result of the dismissal, the deadline for the defendants' motion for attorney's fees was Tuesday, May 27, 2025. The thirty-day deadline counting backwards from that date was therefore Sunday, April 27, 2025.

Based on defense counsel's typical calendaring for deadlines falling on weekends to the next business day that is not a weekend or holiday, the deadline was mis-calendared for the following Monday, April 28, 2025. Decl. of Klema, ¶ 3.

Nearing 11:59 PM on Monday, April 28, 2025, defense counsel then attempted to serve plaintiff with the Aliver Defendants' draft motion for attorney's fees. However, the draft motion apparently was not sent until two minutes past midnight on April 29, 2025. Decl. of Klema, ¶ 11 and Ex. 4. By further oversight, the time records of co-counsel Di Li were then served at 9:35 AM, approximately nine hours later. Id. at ¶ 5.

The Aliver Defendants then promptly solicited Tinpod's availability for conferral pursuant to the mechanism under Local Rule 7.3. Decl. of Klema, ¶ 4, Ex. 1. Tinpod's counsel replied that he was reviewing the motion and would respond. Id. Approximately a week later, on May 7, 2025, the undersigned again attempted contact with plaintiff's counsel by phone respecting the required conferral. Id. Mr. Feldenkrais then responded by email later that evening stating that his availability was limited but that he "know[s] the deadline." Id., Ex. 2. Defense counsel suggested an extension of time could be sought, if plaintiff needed additional time. Id. Both counsel then spoke by telephone on May 13, 2025, and defense counsel again reiterated willingness to provide plaintiff's counsel with additional time to review the draft motion if he required it. Id. at ¶ 7. Mr. Feldenkrais declined, but the parties agreed to schedule the conferral for the following day, May 14, 2025. Id.

During the conferral, the parties sought to narrow the areas of potential dispute respecting the Aliver Defendants' draft motion for attorney's fees. Defense counsel solicited Tinpod's position on both entitlement and amount. Most of the conferral,

however, focused on entitlement. Id. at ¶ 8. Concerning the lodestar reasonableness, the parties were able to agree on defense counsel's hourly rates, but not with respect to any specifics of the time entries. Id. Once again, defense counsel suggested the matter could be bifurcated and thereby defer argument on the lodestar, but he declined. Id. He indicated he had already drafted his client's opposition, but wanted to take a few more days to review it prior to serving the finalized document. Id. Defense counsel understood that all issues would be addressed in the forthcoming draft opposition. Id. Plaintiff's counsel did not raise the timeliness of service of the draft motion notwithstanding defense counsel's repeated offers for additional time should he need it. Id.

Plaintiff Tinpod then served its draft memorandum in opposition on Monday, May 19, 2025. Id. at ¶ 9, Ex. 3. For the first time, it objected to the date when the Aliver Defendants served their draft fees motion, arguing that the motion should be denied in its entirety on that basis. And contrary to the telephonic conferral, plaintiff's opposition did not address any matters respecting the amount of fees, focusing instead almost exclusively on threshold question of entitlement, as defense counsel had offered. Decl. of Klema, Ex. 3 at 16.

After receiving the draft opposition, the Aliver Defendants timely filed their motion for attorney's fees on May 20, 2025. [DE 133].

But because plaintiff raised a new objection respecting timeliness of the draft motion, the Aliver Defendants believe this standalone motion is needed to obtain relief. And so they again conferred with plaintiff's counsel respecting that new issue, which Tinpod opposed, id. at ¶ 10, thus forcing the Aliver Defendants to now move for a 33.6-hour extension of time *nunc pro tunc*.

### III. ARGUMENT

#### A. Legal framework for extensions of time

Where "the time has expired" for complying with a deadline, "the court may, for good cause, extend the time" on motion "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Courts may consider various factors in determining whether a party's delay was the result of excusable neglect, including: (1) the danger of prejudice to the other party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 388 (1993) (addressing the meaning of "excusable neglect" in Federal Rule of Bankruptcy Procedure 9006(b)(1)). The Court has broad discretion whether to accept late filings. See McCool v. Bridgestone/Firestone N. Am. Tire, 222 Fed. App'x 847, 857-58 (11th Cir. 2007). "Whether neglect is excusable is an equitable determination 'taking account of all relevant circumstances surrounding the party's omission.'" Fisher v. Office of the State Atty. 13th Judicial Circuit Fla., 162 F. App'x 937, 940 (11th Cir. 2006).

Here, however, the deadline is not one for "filing" a document in court, see id., but rather a deadline respecting pre-filing good faith *conferral*, L.R. 7.3(b). Courts typically reach the merits of fees disputes where a minor, and harmless error is alleged. E.g., J A P Logistics, Inc. v. MT 2005 Integradores Y consultores, S.A., no. 19-cv-21306, 2020 WL 13110797, at *2 (S.D. Fla. 2020) (considering the merits of the applicant's request for fees "[n]otwithstanding [the opponents"] non-compliance with L. R. 7.3(b)" because it provided a detailed opposition); Saleh v. Crunch, LLC, no. 17-cv-62416, 2018 WL

6653076, at *4 n.1 (S.D. Fla. 2018) (even assuming the party's "efforts to confer under 7.3(b) was inadequate, this Court nonetheless has the authority to consider the case on the merits and chooses to do so"); <u>Club Madonna, Inc. v. City of Miami Beach</u>, no. 13-cv-23762, 2015 WL 13740727, at *9 (S.D. Fla. 2015) (declining to deny motion for fees outright "where the party seeking to enforce strict adherence to the rule 'has identified no prejudice suffered from the alleged local rules violation'" but merely reducing the "total amount requested"). Similarly, where the opponent to a fees motion has argued that the applicant had failed to comply with Local Rule 7.3 (and therefore arguing "that the entire attorney's fee motion should be denied"), "it is properly within the Court's discretion to determine that the limited non-compliance did not warrant denial of the entire motion for attorney's fees." <u>Maale v. Kirchgessner</u>, no. 08-cv-80131, 2011 WL 1549058, at * 5 (S.D. Fla. 2011).

Local Rule 7.3 specifies that a party's "draft motion" for attorney's fees "must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorney's fees." L.R. 7.3(b). The purpose of providing a draft well in advance of its actual filing is "to assist parties in resolving attorneys fee and costs disputes by agreement." L.R. 7.3(a). That objective has been fulfilled here.

### B. There has been no unreasonable delay

First, the difference between when the draft motion was served, and when it was ultimately due, was effectively less than 25 hours.[1] The additional, inadvertently omitted timesheets of Attorney Li nine hours later is also minimal.

---

[1] 24.05 hours, or 1,443 minutes, to be exact.

The 30-day backwards-looking deadline from when the defendants' fees motion needed to be filed (May 27, 2025), landed on a weekend: Sunday, April 27, 2025. Defense counsel's normal deadline calendaring routine is, where a deadline falls on a weekend, to ensure that the next business day is identified as the actual deadline. Consequently, the Aliver Defendants believed, and had relied on the deadline being April 28, 2025, to serve their draft fees motion.

However, Rule 6(a)(5), provides that where a deadline is a time period "measured before an event" then the "next day" where the deadline would fall on a holiday or weekend is calculated by "count[ing] … backward." Consequently, the deadline for serving the draft motion fell not on the following Monday (April 27, 2025), but rather the previous Friday (April 24, 2025). The intervening days being Saturday and Sunday, the effective delay between the actual deadline and when the motion was served constituted just a few minutes more than 24 hours, and promptly followed up with the time sheets of Di Li. That delay was not unreasonable given its short duration. Nor did that delay translate into any delay of the proceedings because the defendants timely filed their motion for attorney's fees within the 60-day deadline after having otherwise fully complied with the requirements of Local Rule 7.3. The sole dispute turns on a matter of a few hours, or at most four days, two of which were weekend days.

### C. The Aliver Defendants acted in good faith

The Aliver Defendants also believed they were complying with the timing requirements of Local Rule 7.3(b), and acted in good faith attempting to do so. They did not intentionally seek to delay serving their draft fees motion, but the delay rather was occasioned by excusable neglect. See *infra*, Section III. E. For example, they repeatedly

offered plaintiff additional time, if it so required, to evaluate the arguments raised in the draft motion. Decl. of Klema, ¶¶ 6-8. Plaintiff never lodged any timing concerns, or sought to obtain more time for its review and preparation of a draft opposition memorandum. Id. at ¶ 8. Its ambush argument came in its draft opposition memorandum, which the Aliver Defendants promptly sought to address by agreement, and have timely filed the instant motion after the issue was first raised.

Additionally, plaintiff was able to prepare its extensive, 17-page written opposition, id. at Ex. 3, purportedly having done so even prior to the parties' conferral on May 14, 2025, id. at ¶ 8. Nor did plaintiff accept the Aliver Defendants' proposal to bifurcate the fees issue into two steps, addressing entitlement first prior to addressing reasonableness and amount. Id. Consequently, the goal of "assist[ing the] parties in resolving attorneys fee and costs disputes by agreement," L.R. 7.3(a) has been fulfilled, though points of dispute remain for the Court's adjudication.

### D. Plaintiff has not been prejudiced

Perhaps most fundamentally, plaintiff has not been prejudiced by the delay measured in hours. The Aliver Defendants repeatedly offered to provide plaintiff with additional time, which its counsel refused. They did so not as a consequence of the slight delay in serving their draft motion (believing the draft motion was timely served), but rather purely as a matter of professionalism and courtesy to opposing counsel, who advised that his availability was limited. Never during the conferral process did Tinpod raise the Friday-versus-Monday night deadline issue. Decl. of Klema, ¶ 8. Instead, the matter was raised for the first time in the written draft opposition memorandum served on Monday, May 19, 2025. Id. at Ex. 3.

After being put on notice of a separate basis for opposing the Aliver Defendants' fees motion, they conferred with Tinpod respecting the instant motion for extension of time *nunc pro tunc*. During the further conferral on this motion, defense counsel never articulated what prejudice was caused by the earlier delay. Decl. of Klema, ¶ 10. Instead, the entire basis of plaintiff's refusal to provide the requested extension was "zealous advocacy." Id. To the extent plaintiff, in its opposition to the instant motion, now purports to claim prejudice, the Court ought to view such assertions with a healthy dose of skepticism, as it was never identified in the draft opposition, nor upon direct inquiry during conferral prior to filing this motion.

Again, the Aliver Defendants remain willing to bifurcate the fees matter into the threshold matter of entitlement, while leaving matters respecting reasonableness and amount for later briefing if the Court does find entitlement. Plaintiff does not appear able to demonstrate any prejudice.

Notably, while plaintiff did not accept the defendants' invitation to provide more time or to bifurcate entitlement and amount, it also did not fulfill its own obligations under Rule 7.3(a) to "describe with reasonable particularity each time entry … to which it objects." See Plf.'s Draft Response, Ex. 3 to Decl. of Klema, at 15 ("Plaintiff reserves its right to response to Aliver Defendant's Attorney fees calculation."). Where the opponent fails to comply with its own obligations under Local Rule 7.3 and argues for denial of the applicant's motion based on a failure to comply with the rule, the Court may reject such an argument. See Report and Recommendation, DE 611 at 36-40, Maale v. Kirchgessner, no. 08-cv-80131 (S.D. Fla. Feb. 18, 2011) (rejecting "plaintiff's request to deny the fee application for failure to comply with Rule 7.3(b)."), R&R adopted, 2011 WL

1549058, at * 5 (S.D. Fla. 2011) ("it is properly within the Court's discretion to determine that the limited non-compliance" with Local Rule 7.3 "did not warrant denial of the entire motion for attorney's fees").

### E. Counsel's 1-day miscalendaring of the deadline was excusable neglect

Finally, excusable neglect exists here, where the deadline was inadvertently calendared, having been set on the next business day for deadlines falling on a weekend. The delay was inadvertent, and not an intent to delay the proceedings or otherwise obtain advantage over plaintiff. To the contrary. The Aliver Defendants repeatedly offered plaintiff additional time if it believed it needed it. It refused. Tinpod should not now benefit from those refusals by making a surprise timeliness argument that never prejudiced it in fulfilling Local Rule 7.3's goals of narrowing areas of dispute in a fees motion. It has waived the argument not having raised it earlier.

## IV. CONCLUSION

Local Rule 7.3 is "designed to conserve the Court's resources," Club Madonna v. City of Miami Beach, 2015 WL 5559894, at *8 (S.D. Fla. Sept. 22, 2015), yet plaintiff's refusal to provide the requested short and finite extension occasioned by simple oversight has now caused the Court to incur further effort on a matter which does not prejudice plaintiff. Tinpod provided no good explanation for why it refused the relief sought in this motion, or articulated what prejudice was caused by receiving the defendants' draft motion the following Monday just after midnight rather than the Friday before.

**Wherefore**, the Aliver Defendants [DE 42] request the Court:

a) grant this motion;

b) find the 24.1 hour effective delay in serving the draft fees motion and the additional 9.6 hour delay in providing time sheets of Di Li did not prejudice plaintiff, was not unreasonable, did not delay the proceedings, and was the result of excusable neglect;

c) extend the deadline for serving the defendants' draft motion for attorney's fees to Tuesday, April 29, 2025, the date when it was actually served; and

d) for such further relief as the Court deems just and proper.

## CERTIFICATE OF COUNSEL

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292

Di Li, Esq.
**DI LI LAW, P.C.**
18725 Gale Ave., Suite 208
City of Industry, CA 91748
Tel.: (626) 723-4849
Fax: (626) 956-0744
Email: di@dililaw.com
*Admitted Pro Hac Vice*

*Attorneys for the Aliver Defendants, DE 42*