## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61886-JB

XYZ CORPORATION,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

## **DECLARATION OF GRIFFIN C. KLEMA, ESQ.**

I, Griffin C. Klema, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 of the following is true and correct:

1. I am counsel for the Aliver Defendants in this action. I submit this declaration in support of their motion for extension of time.

2. After plaintiff filed a notice of voluntary dismissal of my clients on March 27, 2025, I proceeded to calculate the 60-day deadline for filing a motion for attorney's fees pursuant to the requirements of Local Rule 7.3. That date was Tuesday, May 27, 2025.

3. I then calculated the 30-day deadline for serving the draft motion, which was Sunday, April 27, 2025. As is my usual practice, I then calendared the deadline as the following business day, which was Monday, April 28, 2025. On April 9, 2025, my clients authorized me to proceed with a motion for attorney's fees. I then diligently prepared the draft motion, together with supporting exhibits, which I then served by email on plaintiff's counsel nearing midnight on April 28, 2025.

4. The following day on April 29, 2025, I emailed plaintiff's counsel advising of need to confer respecting the defendants' motion for attorney's fees. He responded later that day. Attached hereto as Exhibit 1 is a true and correct copy of our email communications.

5. I also determined that I had inadvertently omitted my co-counsel's timesheets to the draft, and therefore emailed Ms. Di Li's timesheets approximately nine hours later, at 9:35 AM on April 29, 2025.

6. On May 7, 2025, I attempted to reach Mr. Feldenkrais at his cellular number, but he did not answer. I did not leave a voicemail. However, he emailed me later that evening advising of his limited availability. I then replied offering potential options, including a possible motion for extension of the deadline. Attached hereto as Exhibit 2 is a true and correct copy of our email communications.

7. On May 13, 2025, Mr. Feldenkrais then reach me by phone, and we discussed timing on a conferral. He noted again some availability concerns, and I again offered additional time if he needed it. He declined. We therefore agreed to schedule the conferral for the following morning of May 14, 2025.

8. During our conferral on the Aliver Defendants' draft motion for attorney's fees, we discussed a number of matters, but primarily entitlement. I attempted to probe other potential areas of agreement respecting amount, and understood that the plaintiff would not object to the hourly rates charged by defense counsel. However, he did not articulate whether any of defense counsel's time entries were objectionable. I thus suggested that the parties could bifurcate the issue of entitlement from amount, noting that if the motion were denied based on entitlement, then the matter of amount would be

mooted, thus avoiding having to brief that aspect. Mr. Feldenkrais declined that invitation. I further suggested that an extension of time could be sought because he preferred to address both entitlement and amount simultaneously in the plaintiff's opposition. He again declined. Mr. Feldenkrais stated he had already drafted the opposition memorandum, but wanted to take some additional time to review it again before serving it. I recall him saying that he would provide the response either the following Monday or Tuesday (which would have been May 19 or 20). I understood that specific objections respecting time entries would be provided. At no time during or prior to the conferral did he raise a possible objection based on the timing of when the defendants served plaintiff with their draft fees motion.

9. On May 19, 2025, I received the plaintiff's draft memorandum in opposition. For the first time, plaintiff raised an issue respecting the timing of when the defendants' draft motion was served. Attached hereto as Composite Exhibit 3 is a true and correct copy of plaintiff's draft opposition documents.

10. As a result of the timing objection, I then sought to confer with plaintiff's counsel on a motion for extension of time *nunc pro tunc*. Mr. Feldenkrais would not agree to the relief sought, stating that it was "zealous advocacy" that prevented him from agreeing to such an extension. I asked what prejudice his client would suffer given that it had already received the draft motion, and a draft opposition was prepared and served. He could not identify any prejudice. I further reminded him that extensions of time are guided by rules of professionalism, such that extensions should be provided so long as the attorney's client is not prejudiced, but he still would not agree to the approximately 24 hour extension of time.

11.     Upon reviewing my file, I then determined that the draft motion was filed two minutes past midnight on April 29, 2025. A true and correct copy of the service email is attached hereto as Exhibit 4.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendants*