UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 0:24-cv-61886

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

_____/

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO ALIVER DEFENDANTS' MOTION</u>**

**<u>FOR EXTENSION OF TIME NUNC PRO TUNC</u>**

Plaintiff, Guangzhou Tinpod Electronic Technology Co., Ltd (hereinafter, referred to as "Plaintiff"), by and through undersigned counsel, respectfully submits this Response in Opposition to the Aliver Defendants' Motion for extension of time *nunc pro tunc*, and in support thereof states as follows**:**

**I.   INTRODUCTION**

On March 27, 2025, Plaintiff, Guangzhou Tinpod Electronic Technology Co., Ltd. (hereinafter, referred to as Plaintiff) voluntarily dismissed its claim of copyright infringement against the Aliver Defendants with prejudice (ECF No. 129) in a Copyright Infringement case filed on October 10, 2024 (ECF No, 1). Following the Voluntary Dismissal order dated March 28, 2025 (ECF No, 131), the Aliver Defendants served the Plaintiff with the draft motion for Attorney's Fees against the Plaintiff on dated April 29, 2025. Pertinently, <u>the service of the draft motion took place by delay of 4 days</u>. Thereafter, the pre-filing telephonic conferral was held between the Plaintiff and Aliver Defendants' Attorneys on dated May 14, 2025, during which the parties were unable to reach any agreement on any aspect related to the motion. *See, Attorney's Declaration*, **Exhibit 1**. Subsequently, the draft response in opposition to the Aliver Defendants' Draft Motion for Attorney's Fee was served to the Aliver Defendants' Attorney on dated May 19, 2025, and the draft response reflects the same matters that were discussed during the telephonic conferral. Due to no agreement between the Parties, the Aliver Defendants filed the Motion for the Attorney's Fees before this Court on dated May 20, 2025. (ECF No. 133). Following these developments, the Aliver Defendants on dated May 23, 2025 has filed the Motion for Extension of Time in *nunc pro tunc* manner (ECF No. 134).

II.  **ARGUMENT**

A. **THE ALIVER DEFENDANTS IS NOT ENTITLED TO EXTENSION OF TIME PURSUANT TO RULE 6(b)(1)(B) OF FEDERAL RULES OF CIVIL PROCEDURE**.

Rule 6(b)(1)(B) of <u>Fed. R. Civ. P.</u> provides that where "the time has expired" for complying with a deadline, "the court may, for good cause, extend the time" on motion "if the party failed to act because of <u>excusable neglect</u>."

In the present case it is submitted that the Aliver Defendants <u>failed to prove the "excusable neglect"</u> for serving the draft motion untimely. It is submitted that the misinterpretation of Rule 6 of the <u>Fed. R. Civ. P.</u> does not amount to excusable neglect and secondly, the Plaintiff has <u>suffered prejudice</u> due to the delayed service, the <u>length of delay was of four days</u> and not merely 24 hours, delay was within the <u>reasonable control</u> of the Aliver Defendants and that the Defendants acted with <u>mala fide intention and bad faith</u>. Lastly, the adherence to Rule 7.3(b) of the Local Rules is <u>mandatory and strict</u>, thus no extension of time can be given in cases of disobedience to such strict provision.

a. **<u>Aliver Defendants' Four Days (4) Miscalculation of the deadline does not amount to Excusable Neglect</u>**

   i. **Legal Framework for Excusable Neglect**

The determination of whether neglect is "excusable" is usually an "equitable inquiry", taking account of all relevant circumstances surrounding the party's omission. See, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The relevant circumstances include: "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." However, the <u>four-part Pioneer standard for determining excusable neglect does not change existing law that a lawyer's misunderstanding of clear law cannot constitute excusable neglect</u>. See, *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997). [note: …Today, we follow the other circuits and hold, as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline. Nothing in *Pioneer* indicates otherwise, and we believe that

the law in this area remains as it was before *Pioneer*…] *See Also*, *Hurley v. Anderson*, 2017 U.S. Dist. LEXIS 83303.

The Court in case of *Advanced Estimating*. Id. affirmed the holding that an Attorney's misunderstanding of the plain language of a rule could not constitute excusable neglect for missing a filing deadline. Excusable neglect could be shown by ignorance of fact, but not ignorance of law. The court further held that if it allows the attorney's misunderstanding of law as excusable neglect, then almost every lawyer would plead his own inability to understand the law when he fails to comply with a deadline. [note: …We do not believe that the Court intended a practice that would require courts to be that lenient about disobedience to plain law…] *See also Kyle v. Campbell Soup Co.,* 28 F.3d 928 (9th Cir.1994) [note: …misunderstanding of law not excusable neglect…]; *See also United States v. Clark*, 51 F.3d 42 (5th Cir.1995) (dicta) [note: …incorrect application of rules in calculating time to file appeal might not be excusable neglect…]; *See also, United States v. Davenport*, 2012 U.S. App. LEXIS 2110 **

### ii. Miscalculation of Deadline constitutes a clear Misapplication/ Misinterpretation of the Plain Language of Law.

In the present case, it is submitted that the order giving rise to the claim of Attorney's fee (Order of Voluntary Dismissal against the Aliver Defendants) was entered on March 28, 2025. (ECF No. 131). Therefore, Aliver Defendants deadline to file motion for Attorney's fees will expire on May 27, 2025, i.e., 60 days from the date of final judgment.[1] Thus, the draft motion must be served at least thirty days prior to May 27, 2025. Now, thirty days prior to the deadline for the filing of motion of Attorney's Fees falls on April 27, 2025, which is Sunday. Pursuant to Fed. R. Civ. P. 6(a)(1) read with 6(a)(5), the deadline will be calculated backward

---

[1] Sixty Days from March 28, 2025 falls on May 27, 2025, which is neither Saturday, Sunday or any other Legal Holiday. Thus, Pursuant to Fed. R. Civ. P. 6(a)(1), the deadline will be May 27, 2025.

<u>when measured before an event</u>, i.e. it will be deemed to fall to the last business day, Friday, April 25, 2025. Therefore, the Aliver Defendants' deadline to serve the draft motion expired on April 25th, 2025. However, the Aliver Defendants did not serve the draft motion by the April 25, 2025 deadline and instead served it on April 29, 2025, resulting in a delay of four days. *See, Grigorian v. FCA US LLC*, 2021 US Dist. LEXIS 190150 [note: …Defendants' Motion for Costs was due sixty days after December 19, 2019, which was February 11, 2020. Because January 12, 2020 was Sunday, Defendant was required to serve its motion on Plaintiff by January 10, 2020. Therefore, Defendant's Motion was served on Plaintiff three days late under the Local Rules…].

The Aliver Defendants attributed the delay in serving the draft motion to a miscalendaring of the deadline, suggesting that it was merely a clerical error. It is humbly submitted that miscalendaring in the present case is nothing but misapplication or misinterpretation of plain language of Rule 6(b) of the <u>Fed. R. Civ. P.</u> which clearly provides the deadline to be calculated backward when measured before an event. Attorney for the Aliver Defendants has <u>cleverly termed its misinterpretation of law as miscaledaring just to cover his disobedience to the plain language of the law</u> as well as with his intention to sidestep the good faith requirement to timely serve the Draft motion.

Further, the Declaration of the Grifin C. Klema clearly states that, "<u>as a usual practice</u>", he misinterpreted the laws of limitation and rather than calculating the deadline in backward manner, calculated it in the forward manner and thereby, calendared it to the following business day and not preceding business day. *See, Dec. of Grifin C. Klema* [note: … I then calculated the 30-day deadline for serving the draft motion, which was Sunday, April 27, 2025. As is my usual practice, I then calendared the deadline as the following business day, which was Monday, April 28, 2025]. It is respectfully submitted that granting the Plaintiff an extension of

time despite the misapplication of the plain language of the law, would effectively excuse the grave conduct in the present matter and permit a misuse of procedural safeguards. *See*, *Advanced Estimating Sys., Inc. v. Riney,* 130 F.3d 996, 998 (11th Cir. 1997) [note: <u>ignorance of fact may excuse; ignorance of law does not excuse</u>]

Therefore, the incorrect application of Rule 6 of the <u>Fed. R. Civ. P.</u> in calculating the time to serve the draft motion would not amount to excusable neglect and thus extension of time shall not be allowed under Rule 6(b)(1)(B) of <u>Fed. R. Civ. P.</u>

### b. **Aliver Defendants does not Fulfil the Factors laid down in Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 388 (1993)**

*Arguendo, Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.,* 507 U.S. 380, 388 (1993) held that Courts may consider various factors in determining whether a party's delay was the result of excusable neglect, including:

1. the danger of prejudice to the other party,
2. the length of the delay and its potential impact on judicial proceedings.
3. the reason for the delay, including whether it was within the reasonable control of the movant,
4. whether the movant acted in good faith.

It is submitted that the Aliver Defendants failed to fulfil the factors laid down in the *Pioneer* Case.

#### i. **Plaintiff is Prejudiced by the delayed service of the Draft motion**

It is respectfully submitted that the Plaintiff is materially prejudiced by the Aliver Defendants' failure to timely serve the draft motion for attorney's fees within the prescribed 30 days' service deadline as per Rule 7.3(b) of the <u>Fed. R. Civ. P.</u> Firstly, after the completion of 30 days from the date of the entry of Voluntary Dismissal, the Plaintiff reasonably believed in good faith that no further Attorney-fee related obligations remained against the Plaintiff and that the matter

has finally concluded in accordance with the Local Rules. This made the Plaintiff to shift away his attention and resources from addressing any prospective motion for attorney's fees. However, the untimely service of the draft motion by a four-day delay, compelled the Plaintiff to re-enter a procedural dispute that had effectively been relinquished by the Aliver Defendants due to their failure to serve the draft motion in a timely manner. Now, due to such delay, the Plaintiff is <u>forced and burdened to expend additional time and legal costs</u>. See, Attorney's Declaration, Exhibit 1

Secondly, the Plaintiff is put at a procedurally disadvantageous position since the delayed service of Draft by four days <u>curtailed the timeframe</u> for reviewing the detailed billing records, conferring internally with the client and with experts on fee reasonableness and draft the objections with "reasonable particularity" in accordance with Rule 7.3 (a) of the Local Rules. *See, Attorney's Declaration*, **Exhibit 1.**

It is further submitted that the argument of the Aliver Defendants that the Plaintiff was repeatedly offered additional time as a matter of professionalism is misleading and lacks merit. It was not an act of professional courtesy, rather the additional time was offered only as a direct consequence of the delay in serving their draft motion however plaintiff never demanded for any additional time by itself. Characterizing the offer of extra time as a professional courtesy is nothing but the calculated ploy of the Aliver Defendants to deflect attention from the core issue, i.e., the Defendants failure to adhere to a clear, unambiguous, and strict procedural rule of timely serving of draft motion.

    ii.    **The length of the delay and its potential impact on judicial proceedings is grave**

It is submitted that the Aliver Defendants' claim that the effective delay amounted to only a "few minutes more than 24 hours" is legally unsound and factually misleading. It is stated in

the Aliver Defendants' Motion for extension of time that "because of the intervening days being Saturday and Sunday, the effective delay between the actual deadline, i.e., April 25, 2025 and when the motion was served, i.e., April 29, 2025, constituted just a few minutes more than 24 hours". The argument is not only patently unreasonable rather also devoid of logic. Rule 6(1) of the Fed. R. Civ. P. provides that in computation of any time period, count every day, including intermediate Saturdays, Sundays, and legal holidays.

In the present case, it is submitted that the calculation of the delay must begin from April 26, 2025, and must include the intervening Saturday and Sunday, in accordance with Rule 6(a)(1). Accordingly, the service of the draft motion was delayed by a total of four days, including the delay in sending the time records of co-counsel Di Li.

It is further submitted that the Aliver Defendants' Attorney's attempt to reframe a four-day delay as a few minutes over 24 hours demonstrates a clear lack of honesty towards the Court and was made in bad faith with the intention to mislead the Court and undermine the Plaintiff's rights.

Further, it is submitted that the delay of four days is not trivial since it is not merely a minor procedural deviance rather it is sidestepping the strict compliance of Rule 7.3(b) of the Local Rules. If such violation is excused merely on the basis of number of days, it would further encourage the sidestepping of the Procedural mandates. Further, the delay of even four days becomes grave since it is compounded by the Aliver Defendants' attempt to mischaracterize the period as being just over 24 hours.

      iii.    **The delay was within the reasonable control of the Aliver sDefendants.**

The *Pioneer* decision clearly establishes that, for a delay to be excused, it must arise from circumstances outside the reasonable control of the movant. In the present case, the four-day delay in serving the draft motion was the result of the Aliver Defendants' Attorney

misinterpreting the plain language of Rule 6 of the Fed. R. Civ. P., and thereby miscalculating the deadline. Such a misinterpretation of law does not constitute an uncontrollable or unforeseeable event, rather, it reflects a failure to exercise reasonable diligence in understanding the applicable rule. Attorney for the Aliver defendants deliberately stated the delay as a mere miscalendaring, however, the error in interpreting Rule 6 clearly suggests a lack of due diligence than a mere clerical oversight. Accordingly, because the delay was entirely avoidable through due diligence and correct interpretation to the plain language of Rule 6, it is wrong to say that the delay was not within the reasonable control of the Aliver Defendants.

      iv.    **The Aliver Defendants did not act in good faith**

It is submitted that the delay in serving the draft motion timely was not in good faith, rather, it was due to reckless conduct and a failure to exercise the necessary diligence required by the Local Rule 7.3 (b). Firstly, Aliver Defendants miscalculated the deadline of the service of Draft Motion due to a misapplication/misinterpretation of the plain language of law, which cannot be held to be an excusable neglect. Secondly, describing the offering of extra time as a professional courtesy and as an act done in good faith is misleading. It is nothing but the calculated ploy of the Aliver Defendants to deflect attention from the core issue, i.e., the Defendants failure to adhere to a clear, unambiguous, and strict procedural rule of timely serving of draft motion. Thirdly, the Aliver Defendants' Attorney's attempt to reframe a four-day delay as a few minutes over 24 hours demonstrates a clear lack of honesty towards the Court and clearly reflects the bad faith and ill-intention of the Aliver Defendants.

Lastly, the Argument of the Aliver Defendants that the Plaintiff did not accept the Aliver Defendants' proposal to bifurcate the fees issue into two steps, i.e., addressing entitlement first prior to addressing reasonableness and amount is misleading, deceptive and attempt to distort

the record. It is humbly submitted that the Plaintiff in its Draft response for Draft Motion for Attorney's Fee has stated in unequivocal terms that the "Plaintiff reserves its right to response to Aliver Defendant's Attorney fees calculation." *See, Draft Response of the Aliver Defendants' Draft Motion for Attorney's Fee,* **Exhibit 2**. The Aliver Defendants' continuous assertion of wrong facts in its Motion for Extension of Time clearly reflects the bad intention and ill-motive of the Aliver Defendants. Therefore, the Aliver Defendants did not act in Good Faith.

**c) Compliance of the Rule 7.3 (A) of The Local Rules of The Southern District of Florida is Strict and Mandatory,**

Rule 7.3(a) of the Local Rules of the Southern District of Florida provides that the motion for the Attorney Fees shall be filed and served within <u>sixty (60) days of the entry of the final judgment or order</u> giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings. It further provides that until a <u>good faith effort</u> to resolve the motion, as described in Rule 7.3(b) of the local rules, has been completed, the Motion for Attorney's Fee cannot be filed. *See, 7.3(a)* of the Local Rules. Rule 7.3(b) provides that a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed <u>at least thirty (30) days prior</u> to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule. That is to say, "the good faith effort to resolve the motion" as described in Rule 7.3(b) requires the movant of the motion to serve a draft motion upon the Respondent at least thirty days prior to the deadline for filing the motion for Attorney's fees. *See, Club Madonna INC and Leroy Griffith v. City of Miami Beach,* Case No. 13-23762-CIV-Lenard/Goodman.

It is submitted that the Local Rule 7.3 requirements are not optional rather it is mandatory. A party's failure to comply with Local Rule 7.3 is sufficient basis to deny its fees and costs

motion. *See, Nattapoom Sriskada v. Harbor Pita, INC,* et al. Case No. 14-20526-CIV-Martinez/Goodman. *See also, Norysch v. Admiral Ins. Co*, NO. 08-60330-CIV-Altonga, 2010 WL 2557502, at 2 (S.D. Fla. June 23, 20210) [note: denying motion because movant admitted that it did not comply with Local Rule 7.3 (b)'s 30-day service requirement or 21-day conferral requirement.]

In the present case, it is submitted that the order giving rise to the claim of Attorney's fee (Order of Voluntary Dismissal against the Aliver Defendants) was entered on March 28, 2025. (ECF No. 131). Therefore, Aliver Defendants deadline to file motion for Attorney's fees will expire on May 27, 2025, i.e., 60 days from the date of final judgment.[2] Thus, the draft motion must be served at least thirty days prior to May 27, 2025. Now, thirty days prior to the deadline for the filing of motion of Attorney's Fees falls on April 27, 2025, which is Sunday. <u>Pursuant to Fed. R. Civ. P. 6(a)(1) read with 6(a)(5), the deadline will be calculated backward when measured before an event</u>, i.e. it will be deemed to fall to the last business day, Friday, April 25, 2025. Therefore, the Aliver Defendants' deadline to serve the draft motion expired on April 25, 2025. However, the Aliver Defendants did not serve the draft motion by the April 25, 2025 deadline and instead served it on April 29, 2025, resulting in a delay of four days. *See, See, Grigorian v. FCA US LLC*, 2021 US Dist. LEXIS 190150 [note: …Defendants' Motion for Costs was due sixty days after December 19, 2019, which was February 11, 2020. Because January 12, 2020 was Sunday, Defendant was required to serve its motion on Plaintiff by January 10, 2020. Therefore, Defendant's Motion was served on Plaintiff three days late under the Local Rules…].

---

[2] Sixty Days from March 28, 2025 falls on May 27, 2025, which is neither Saturday, Sunday or any other Legal Holiday. Thus, Pursuant to Fed. R. Civ. P. 6(a)(1), the deadline will be May 27, 2025.

Accordingly, the draft motion is untimely and thus, the mandatory compliance of Rule 7.3(b) is not fulfilled. Therefore, the Aliver Defendants shall not be granted extension of time under Rule 6 of the Fed. R. Civ. P.

### III.   CONCLUSION

WHEREFORE, the Plaintiff respectfully requests this Court to dismiss the Aliver Defendants' Motion for Extension of time *nunc pro tunc* because the Aliver Defendants failed to prove the excusable neglect since the delay caused due to misinterpretation of plain language of law. Further, the Aliver Defendants acted with mala fide intention and attempted to misled the Court by stating that the delay was merely 24 hours. The delay of four days constitutes a reasonable delay which, consequently, impacts the proceedings in a severe manner while causing prejudice to the Plaintiff as well. Further, the deadline for serving the defendants' draft motion for attorney's fees shall not be extended to Tuesday, April 29, 2025, rather shall be intact to Friday, April, 25, 2025. For the foregoing reasons, Plaintiff respectfully requests that the Aliver Defendants' Motion for Extension of time *nunc pro tunc* be dismissed.

Respectfully submitted on this June 2, 2025

**FELDENKRAIS LAW, P.A.**

Attorneys for Plaintiffs

20533 Biscayne Blvd. Suite 469

Aventura, FL 33180

Telephone: (305) 528-9614

Email: mfeldenkrais@gmail.com

By: /s/ Michael Feldenkrais, Esq.

Florida Bar No. 991708