UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 0:24-cv-61886

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO ALIVER DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Plaintiff, Guangzhou tinpod Electronic Technology Co., Ltd (hereinafter, referred to as "Plaintiff"), by and through undersigned counsel, respectfully submits this Response in Opposition to the Aliver Defendants' Draft Motion for Attorneys' Fees, and in support thereof states as follows:

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................3

II.  ARGUMENT ................................................................................................3

   A. THE DRAFT MOTION OF THE ALIVER DEFENDANTS IS UNTIMELY
      UNDER RULE 7.3(B) OF THE LOCAL RULES OF SOUTHERN
      DISTRICT COURT OF FLORIDA .......................................................4

   B. THE ALIVER DEFENDANTS IS NOT ENTITLED TO THE
      ATTORNEY'S FEE...............................................................................5

      a) The Aliver Defendants is not a Prevailing Party as per 17 U.S.C. § 505 of the
         Copyright Act……………………………………………………………...6

         i.   Voluntary Dismissal with Prejudice does not automatically confer the
              Prevailing Party status on the Defendant…………………………..7

         ii.  Alteration of the Legal Relationship is Required to be Proved…....... 8

         iii. Aliver Defendant failed to rebuff the Plaintiff's Claim………………9

         iv.  No Correct reading of CRST Judgment and misapplication
              Lackey………………………………………………………………10

         v.   The  Reyes  Decision  is  More  On-Point  Than  Defendants
              Acknowledge……………………………………………………..11

      b) Aliver Defendants failed to prove that the Plaintiff's case was frivolous,
         unreasonable, or without foundation ………………………………..11

         i.   District Court can dismiss the Attorney's Fee Motion in its own
              discretion…………………………………………………………11

         ii.  Plaintiff's case is not frivolous, objectively unreasonable, or
              otherwise without a sound factual or legal foundation……………..13

         iii. No evidence of Bad Faith or Improper Motivation…………………14

   C. ALIVER DEFENDANTS' ATTORNEY'S FEES CALCULATION IS NOT
      REASONABLE………………………………………………………15

III. CONCLUSION………………………………………………………………..15

IV.  CERTIFICATE OF SERVICE………………………………………………17

## I.   INTRODUCTION

The Plaintiff is the author and owner of a one (1) United States Copyright, No. VAu 1-517-249, for 2-dimensional artwork for Black Castor Oil 1, Black Castor Oil 2, Black Castor Oil 3 and Black Castor Oil 4 (hereinafter "Plaintiff's Copyright") registered with the United States Copyright Office and protected from infringement under federal copyright law. The Plaintiff filed complaint against the Defendants mentioned in the Schedule A of the Amended Complaint on October 10, 2025 (ECF No. 1). Pursuant to the Amended Complaint, a Motion for Temporary Restraining Order was granted by the Court on dated December 02, 2025 (ECF No. 18). Further, the hearing for the Preliminary Injunction was scheduled on dated December 20, 2024 which was opposed by Aliver Defendants. The same was denied on technical grounds without prejudice on December 22, 2025. (ECF No. 47). Thereafter, the Plaintiff filed for the Second Amended Complaint on dated February 24, 2025 (ECF No. 114) and the Court ordered the Aliver Defendants to file response by no later than March 28, 2025 (ECF No. 119). On March 18, 2025, the Court scheduled Jury trial for September 14, 2026. (ECF No. 126) Thereafter, the Plaintiff filed notice of voluntary dismissal against the Aliver Defendants (ECF No. 129) and the same was entered on dated March 28, 2025 (ECF No. 131). Following these developments, the Aliver Defendants has now served the draft motion for Attorney's Fees against the Plaintiff on dated April 29, 2025.

## II.   ARGUMENT

It is submitted that the Aliver Defendants' Draft Motion for Attorney's Fees fails to meet the standard required under Section 505 of the Copyright Act (17 U.S.C. § 505) read with Rule 7.3(b) of the Local Rules of Southern District Court of Florida. (hereinafter, referred to as "Local Rules"). The draft motion of the Aliver Defendants is untimely under Rule 7.3(b) of the Local Rules, and therefore, the motion should be denied on this mandatory procedural ground

3

alone. Secondly, the Aliver Defendants is not entitled for the Attorney's fees even on the merits since the Aliver defendants failed to establish that it is a "Prevailing Party" as per 17 U.S.C. § 505. Further, the Aliver Defendants also failed to prove that the Plaintiff's Complaint was unreasonable, frivolous, without any ground or motivated by ulterior motive. Lastly, it is submitted that the Aliver Defendants' calculation of the Attorney's fees are also not reasonable.

## A. THE DRAFT MOTION OF THE ALIVER DEFENDANTS IS UNTIMELY UNDER RULE 7.3(B) OF THE LOCAL RULES OF SOUTHERN DISTRICT COURT OF FLORIDA.

Rule 7.3(a) of the Local Rules provides that the motion for the Attorney Fees shall be filed and served within <u>sixty (60) days of the entry of the final judgment or order</u> giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings. It further provides that until a <u>good faith effort</u> to resolve the motion, as described in Rule 7.3(b) of the local rules, has been completed, the Motion for Attorney's Fee cannot be filed. *See, 7.3(a)* of the Local Rules. Rule 7.3(b) provides that a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed <u>at least thirty (30) days prior to the deadline</u> for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule. That is to say, "the good faith effort to resolve the motion" as described in Rule 7.3(b) requires the movant of the motion to serve a draft motion upon the Respondent at least thirty days prior to the deadline for filing the motion for Attorney's fees. *See, Club Madonna INC and Leroy Griffith v. City of Miami Beach,* Case No. 13-23762-CIV-Lenard/Goodman.

It is submitted that the Local Rule 7.3's requirements are not optional rather it is mandatory. A party's failure to comply with Local Rule 7.3 is sufficient basis to deny its fees and costs motion. *See, Nattapoom Sriskada v. Harbor Pita, INC,* et al. Case No. 14-20526-CIV-Martinez/Goodman. *See also, Norysch v. Admiral Ins. Co*, NO. 08-60330-CIV-Altonga,

2010 WL 2557502, at 2 (S.D. Fla. June 23, 20210) [note: denying motion because movant admitted that it did not comply with Local Rule 7.3 (b)'s 30-day service requirement or 21-day conferral requirement.]

In the present case, the order giving rise to the claim of Attorney's fee (Order of Voluntary Dismissal against the Aliver Defendants) was entered on March 28, 2025. (ECF No. 131). Therefore, Aliver Defendants deadline to file motion for Attorney's fees will expire on May 27, 2025, i.e., 60 day from the date of order.[1] Thus, the draft motion must be served at least thirty days prior to May 27, 2025. Therefore, the Aliver Defendants' deadline to serve the draft motion expired on April 25th, 2025[2]. However, the Aliver Defendants did not serve the draft motion by the April 25, 2025 deadline and instead served it on April 29, 2025, resulting in a delay of four days. The copy of the email has been exhibited as **Exhibit-1**.

Accordingly, the draft motion is untimely and thus, the mandatory compliance of Rule 7.3(b) is not fulfilled. Therefore, the Aliver Defendants' Motion for Attorney's Fees is liable to be denied on this ground alone.

## B. THE ALIVER DEFENDANTS IS NOT ENTITLED TO THE ATTORNEY'S FEE.

Section 505 of the Copyright Act provides the discretion to the District Court to award reasonable attorney's fee to either the Plaintiff or Defendant in a Copyright Infringement case. The two major pre-conditions for the award of attorney's fee are:

---

[1] Sixty Days from March 28, 2025 falls on May 27ᐧ2025, which is neither Saturday, Sunday or any other Legal Holiday. Thus, Pursuant to Fed. R. Civ. P. 6(a)(1), the deadline will be May 27ᐧ2025.

[2] Thirty days prior to the deadline for the filing of motion of Attorney's Fees falls on April 27, 2025, which is Sunday. Pursuant to Fed. R. Civ. P. 6(a)(1) read with 6(a)(5), the deadline will be calculated backward when measured before an event, i.e. it will be deemed to fall to the last business day, Friday, April 25, 2025. *See also, Grigorian v. FCA US LLC*, 2021 USDist. LEXIS 190150 [note: Defendants' Motion for Costs was due sixty days after December 19, 2019, which was February 11, 2020. Because January 12, 2020 was Sunday, Defendant was required to serve its motion on Plaintiff by January 10, 2020. Therefore, Defendant's Motion was served on Plaintiff three days late under the Local Rules.]

a) <u>Prevailing Party Requirement</u>: The party seeking attorney's fees must be deemed the "Prevailing Party" in the litigation, that is, the party must have achieved a material alteration in the legal relationship between the parties in its favor, typically through a judgment or comparable relief that affords some benefit sought in the litigation. Further, it is also to be proved that the Plaintiff's claim was rebuffed or rejected by the Defendant.

b) <u>Nature of the Plaintiff's Case</u>: Even if the Prevailing Party status is proved, the party requesting fees, must demonstrate that the Plaintiff's claims were frivolous, objectively unreasonable, or otherwise without a sound factual or legal foundation. Courts may also consider factors such as bad faith, improper motivation, or the need for deterrence when evaluating whether a fee award is appropriate under this provision.

a) **<u>The Aliver Defendants is not a Prevailing Party as per 17 U.S.C. § 505 of the Copyright Act.</u>**

Before deciding whether an award of attorney's fees is appropriate in a given case, a court must determine whether the party seeking fees has "prevailed" in the litigation as per 17 U.S.C. § 505 of the Copyright Act or not. *See, Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U. S. 782, 789 (1989); *Hensley v. Ecker hart,* 461 U. S. 424, 433 (1983). It is submitted that the Aliver Defendants is not a "Prevailing Party" in the present case since, firstly, merely because the Plaintiff executed the Voluntary Dismissal with prejudice against the Aliver Defendants does not automatically make them Prevailing Parties. Secondly, no judicially sanctioned alteration in the legal relationship of the parties took place. Thirdly, the Aliver Defendants failed to rebuff the Plaintiff's claim in such a manner that it affects a material alteration in the legal relationship between the parties.

### i.   Voluntary Dismissal with Prejudice does not automatically confer the Prevailing Party status on the Defendant.

The argument of the Aliver Defendants that merely because the voluntary dismissal <u>with prejudice</u> is effectuated against the Aliver Defendant, a judgment in favour of the Aliver Defendants is issued and thereby, automatically qualifies as Prevailing Party is false and unsupported by legal authorities. A Voluntary Dismissal with prejudice can entitle a defendant to a Prevailing-Party status, it is not that they always entitle a defendant to Prevailing Party status. [note: While Mathews instructs that some voluntary dismissals with prejudice can entitle a defendant to prevailing party status, we have not held that they always entitle a defendant to prevailing party status and the facts here do not warrant such a conclusion]. *See, Affordable Aerial Photography, INC. V. Joris C. Ryes, WC Realty Group INC*. No. 23-12051 (11th Cir. 2024).

The Plaintiff's notice of Voluntary Dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon filing, and thus no further court order is necessary to effectuate the dismissal. That is to say the Dismissal Order under Rule 41(1)(A)(i) takes effect without a court order based on merits and since some judicial action rejecting or rebuffing a plaintiff's claim is necessary to endow a defendant with Prevailing Party status, the voluntary dismissal with prejudice under Rule 41(a)(1)(A)(i) does not automatically make the Aliver Defendants a Prevailing Party. *See, CRST Van Expedited, INC., v. Equal Employment Opportunity Commission,* 578 U.S. 419 (2016) (hereinafter, referred to as CRST Case).

In the present case, the Court never rejected/rebuffed the Plaintiff's Claim, i.e. the copyright infringement of the Copyrighted artwork at the hands of Defendants mentioned in Schedule A of the Amended Complaint, rather it only directed the Clerk of the Court to

terminate the Aliver Defendants from the present case in pursuance of the Notice of the Voluntary Dismissal filed by the Plaintiff against Aliver Defendants. (ECF No. 131)

Thus, it is wrong to suggest that Plaintiff's action of voluntary dismissing Aliver Defendant led to a conclusion being "Plaintiff sued, Defendant won". The Plaintiff never changed its stance on questioning the legal relationship of the Aliver Defendants or the Court adjudging on the infringement claim by the Plaintiff. Rather the Plaintiff only filed a notice for the voluntarily dismissal of the case with prejudice. Thus, there is no question that the Dismissal with Prejudice makes the Defendant a Prevailing Party.

### ii. Alteration of the Legal Relationship is Required to be Proved

Congress has included the term "prevailing party" in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner. *See, Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resource*s, 532 U. S. 598, 602-603, and n. 4 (2001). The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties. *See*, *Texas State Teachers Assn*., 489 U.S. 782, 792–93 (1989). This change must be marked by "judicial imprimatur". *See, Buckhannon,* 532 U. S., at 605, *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC,* 108 F.4th 1358, 1362 (11th Cir.), (first quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist*., 489 U.S. 782, 792-93 (1989); and then quoting *CRST* Case.

Thus, the argument of the Aliver Defendants that *"No enduring material alteration of the legal relationship between the parties is needed for a defendant to prevail. Nor is judicial imprimatur*" is misplaced and unsupported by any relevant legal precedent or authority.

### iii. Aliver Defendant Failed to Rebuff the Plaintiff's Claim

To Determine whether the Aliver Defendants is the Prevailing Party, the pertinent question to be answered is whether the District Court's Voluntary Dismissal judgment rebuffed Plaintiff's Claim or not in such a manner that it affects a material alteration in the legal relationship between the parties. This originates from the fact that in order to obtain prevailing party status, a "court itself must act to reject or rebuff the plaintiff's claims." *See, Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1362 (11th Cir.) [note: "Some judicial action rejecting or rebuffing a Plaintiff's claim is necessary to endow a defendant with prevailing party status…. Given the defendant's objectives, it can attain prevailing-party status "whenever the plaintiff's challenge is rebuffed," even if for a non-merits reason. But this is true only when the rejection of the plaintiff's challenge is "marked by 'judicial imprimatur.']

This means that a defendant does not attain prevailing-party status merely because, as a practical matter, a plaintiff is unlikely or unable to refile its claims. Instead, the court itself must act to reject or rebuff the plaintiff's claims. *See, Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1298 (11th Cir. 2021) [note: To determine whether the City was the prevailing party in this case, we ask whether the district court's judgment rebuffed Beach Blitz's efforts to effect a material alteration in the legal relationship between the parties."]; *See also, Buckhannon*, 532 U.S. at 604 (requiring "a court-ordered 'change in the legal relationship between the plaintiff and the defendant'" (quoting *Tex. State Tchrs. Ass'n*, 489 U.S. at 792)].

In the present case, the Aliver Defendants in no manner was successful to rebuff the claim of the Plaintiff since the case against the Aliver Defendants was voluntarily dismissed by the Plaintiff. In such a situation the Plaintiff filed for the notice of the Voluntary Dismissal against the Aliver Defendants (ECF No. 129) and in pursuant of the same the Court merely terminated the case against the Aliver Defendants only. Accordingly, there was no judicial determination rejecting/rebuffing the Plaintiff's claim of copyright infringement.

The argument of the Aliver Defendants that it successfully rebuffs the Plaintiff's claim since Preliminary Injunction was denied by the Court on merits is false and unfounded. Firstly, the Court denied the Preliminary Injunction on the technical ground and <u>not on merits</u> and the same was denied "without prejudice" while giving the opportunity to the Plaintiff to refile the Complaint after making necessary amendments. In response to the same, the Plaintiff did file the 2nd Amended Complaint after making the required changes. (ECF No. 114). The Court in Preliminary Injunction Order did not make any comment regarding the core issue of Copyright Infringement of the Plaintiff's copyrighted artwork. Moreover, the Court on dated March 8, 2025 dismissed the motion of the Aliver Defendants to dismiss the Plaintiff's Complaint and ordered to file the response to the Plaintiff's 2nd Amended Complaint. (ECF No. 119). The Court on dated March 18, 2025 passed the scheduling order and set a jury trial for September 14, 2026. (ECF No. 126). All this clearly shows that the Court in no manner rejected or rebuffed the Plaintiff's challenge of the copyright infringement, instead, it proceeded with further inquiry to examine the Plaintiff's challenge. Any rejection/rebuff of the Plaintiff's claim would have occurred only after the trial, but the Plaintiff decided, with *bona fide* intention, to voluntarily dismiss the case.

### iv.    Misapplication of *CRST* and *Lackey* v. *Stinnie* Judgment

CRST clarifies that a decision on the merits is not necessary for defendants to qualify as a prevailing party, unlike for plaintiffs, who must secure such a decision. However, the judgment does not reject the principle that a judicially sanctioned change in the legal relationship is essential for any party to attain prevailing party status. In fact, it reinforces that a defendant must successfully <u>rebuff</u> the Plaintiff's claims either on merits or non-merits to be considered the prevailing party.

Further, it is submitted that the threshold argument of the Aliver Defendants that the the *Lackey v. Stinnie*, 604 U.S. ___ (2025) (hereinafter, referred to as "Lackey") clarified that a "different body of case law exists which addresses when a defendant is a prevailing party for the purposes of fee-shifting statutes" and on the basis of same Aliver Defendants came to conclusion that *Lackey* creates a new rule for Prevailing Defendants is misplaced. It is accepted that the *Lackey* judgment differentiated the Prevailing Party status application for Plaintiff and Defendant but it merely reaffirms the dicta of *CRST* that a Defendant need not win on the merits to be a Prevailing party. *Lackey* addressed a specific issue, i.e., whether a Plaintiff qualifies as a prevailing party after obtaining only interim relief (a preliminary injunction). The Court held such relief was insufficient, reinforcing the need for merits-based success for Plaintiff to acquire Prevailing Party Status. Thus, this case has no bearing on defendants' ability to recover fees.

### v.  The Reyes Decision is More On-Point Than What Defendants Acknowledge

Defendants attempt to distinguish *Affordable Aerial Photography v. Reyes*, (11th Cir. Sept. 3, 2024), one litigated by Defendants counsel and denied Writ of Cert in the Supreme Court, but its reasoning aligns more closely with this case than they admit. Like here, the "voluntary dismissal with prejudice" occurred before a substantive ruling, and the court emphasized that judicial rebuffing is necessary to support prevailing party status for a defendant. Therefore, as in *Reyes*, there was no substantive judicial determination rebuffing the Plaintiff's claims.

### b)  Aliver Defendants failed to prove that the Plaintiff's case was frivolous, unreasonable, or without foundation.

#### i.  District Court can dismiss the Attorney's Fee Motion in its own discretion

Even if presuming the Aliver Defendants is a prevailing party, it was consistently held by the Courts that the court would exercise its discretion to deny Attorney's Fees' Motion on the

ground that the Plaintiff's Complaint was not frivolous, Groundless or without any foundation. The Aliver Defendants failed to prove that the Plaintiff's Complaint was frivolous, objectively unreasonable, or otherwise without a sound factual or legal foundation.

Alternatively, even if the defendants were found to be prevailing parties in this matter, the Court opts to exercise its discretion by declining to award them fees and costs in this matter. *See, Bridgeport Music, INC. et al., v. London Music, U.K. et al.* No. 05-5045 (6th Cir. 2007). The Court has made clear that fees are awarded to prevailing parties under the Copyright Act only as a matter of the court's discretion." *See also*, *EMI Blackwood Music Inc. v. KTS Karaoke, Inc., 655 Fed. Appx.* 37, 2016 U.S. App. (2d Cir. N.Y. July 20, 2016) [note: The Copyright Act provides that a district court, in its discretion, may. award a reasonable attorney's fee to the prevailing party. 17 U.S.C. § 505. A district court determining whether to exercise its discretion to award fees under the Copyright Act may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence.] *See also, Casa Duse, LLC v. Merkin*, 791 F.3d 247, 264 (2d Cir. 2015) (quoting *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)).

Thus, in making its determination for Attorney's Fee Motion, courts consider several non-exclusive factors, including: (1) frivolousness; (2) motivation; (3) objective unreasonableness (both factual and legal); and (4) the need for compensation and deterrence is required to be proved. *See, Kirtsaeng v. John Wiley & Sons, Inc.,* 579 U.S. 197, 202 (2016); *See also, Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994). Thus, a prevailing defendant is to be awarded such attorney's fees only when the court, in the exercise of its discretion, has found that the Plaintiff's action was frivolous, objectively unreasonable, or otherwise without a sound factual or legal foundation. *See, Christiansburg Garment Co. v. EEOC,* 434 U.S. 412 (1978). It is submitted

that the Aliver Defendants' failed to prove that the Plaintiff's Complaint was frivolous, objectively unreasonable, or otherwise without a sound factual or legal foundation.

### ii.   Plaintiff's case is not frivolous, objectively unreasonable, or otherwise without a sound factual or legal foundation

The Aliver Defendants failed to substantiate its frivolousness claim against the Plaintiff. Firstly, Plaintiff provided all the evidences showcasing the infringement of the copyrighted artwork of the Plaintiff by the Defendants mentioned in Schedule A of the Amended Complaint. *See* Schedule B of the Attorney's Declaration. On the basis of such evidence the Court also granted Temporary Restraining Order on December 02, 2025 (ECF No. 18). Had the Plaintiff's Complaint been frivolous, the Court would never have granted TRO against the Defendants mentioned in Schedule A of the Amended Complaint.

Secondly, it also provided the valid copyright registration certificate issued by United States Copyright Office, USCO, which is not adjudged as invalid till date by any Court of law. *See*, Schedule A of the Amended Complaint (ECF No. 11). Thus, it is wrong to allege that the Plaintiff is pursuing such a claim on an invalid registration, or with facts that could never be alleged.

Thirdly, the questions regarding the access to the Copyrighted artwork and validity of the copyright registration were the questions of the discovery and to be determined at the stage of discovery. The existence of such complex issues surrounding access and originality further supports the reasonableness of the litigation.

Fourthly, the allegations of the Aliver Defendants regarding the continued naming of "XYZ Corporation" is false as well as well as does not rise to the level of frivolity warranting sanctions. Plaintiff in its Amended Complaint clearly mentioned that the Plaintiff is a corporation from China (ECF No. 11) and provided the English translated name "Guangzhou

tinpod Electronic Technology Co., Ltd," Ltd. since the proceeding was to take place in US Courts. Further, in 2nd Amended Complaint the Plaintiff did provide original name of the Plaintiff in Chinese characters as well as the transliterated name of the Plaintiff (ECF No. 114).

Lastly, the fact that the Court ultimately dismissed the Preliminary Injunction does not render the litigation objectively unreasonable or frivolous since the Preliminary Injunction was denied only on technical ground, and notably, without prejudice giving the Plaintiff opportunity to file the 2nd Amended Complaint after making required amendments. Thereafter, the Court on dated March 08, 2025 ordered the Aliver Defendants to file a response to the Plaintiff's 2nd Amended Complaint. (ECF No. 119). This clearly indicates that the Court saw merit in the Plaintiff's challenge. Further, Court in its order dated March 8, 2025, even dismissed the Aliver Defendants' motion to dismiss the Plaintiff's Complaint and further proceeded with the case. (ECF No. 119). Court proceeded with the case to the extent of scheduling the date of trial on the basis of the Complaint of the Plaintiff. (ECF No. 126). Therefore, suggesting the Plaintiff's Complaint as frivolous, unreasonable, or baseless effectively challenges the Judicial Propriety, which clearly found merit in the case and chose to proceed with it.

The above mentioned arguments also proves that the Aliver Defendants is not able to substantiate the non-exclusive factors including Frivolousness and objective unreasonableness

### iii.    No evidence of Bad Faith or Improper Motivation

There is no evidence that the Plaintiff acted in bad faith or for an improper motive. Schedule A litigation is a common, court-approved mechanism to address mass online infringement. Seeking statutory damages is expressly authorized under the Copyright Act and does not reflect improper motive simply because the Plaintiff pursued available remedies. Unlike the so-called "copyright trolls" described in the case of *Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc*., 77 F.4th 630, 632 (7th Cir. 2023), Plaintiff did not use the

litigation to extract quick settlements under duress. Rather, the Plaintiff has been only vigilant enough to enforce its rights. Notably, it continued to prosecute the matter even when certain defendants, like Aliver Defendants, appeared and mounted a defense.

### C. ALIVER DEFENDANTS' ATTORNEY'S FEES CALCULATION IS NOT REASONABLE

The calculation of the Attorney's Fee under Section 505 of the Copyright Act as per Lodestar Method is based on unreasonable grounds. The Defendant at very outset is not entitled to claim any Attorney's fees and thus Plaintiff reserves its right to response to Aliver Defendant's Attorney fees calculation. *See, Rule 7.3(a)* of the Local Rules [note: Pursuant to Federal Rule of Civil Procedure 54(d)(2)(C), either party may move the Court to determine entitlement prior to submission on the issue of amount.] *See also, Rule 54(d)(2)(C) of Federal Rules of Civil Procedure.* [note: Subject to Rule 23(h), the court must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c) or 78. The court may decide issues of liability for fees before receiving submissions on the value of services. The court must find the facts and state its conclusions of law as provided in Rule 52(a)].

### III.   CONCLUSION

WHEREFORE, the Plaintiff respectfully requests this Court to deny the Aliver Defendants' Motion for Attorney's fee since the Aliver Defendants does not justify the status of "Prevailing Party" as per 17 U.S.C. § 505 and their attempt to recast a discretionary attorney fee award as automatic is misplaced. Aliver Defendants, further, must meet the high bar of demonstrating that Plaintiff's claims were frivolous, unreasonable, or without foundation, a standard they have not and cannot meet. Defendants' reliance on *Lackey* and *CRST* is also

misplaced. For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Aliver Defendants' Motion for Attorneys' Fees.

Respectfully submitted on this May 19th, 2025

**FELDENKRAIS LAW, P.A.**

Attorneys for Plaintiffs

20533 Biscayne Blvd. Suite 469

Aventura, FL 33180

Telephone: (305) 528-9614

Email: mfeldenkrais@gmail.com

By: /s/ Michael Feldenkrais, Esq.

Florida Bar No. 991708

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response to the Aliver Defendants' Attorneys' Fees Draft Motion was served on the Counsel or parties of record on the Service List below via Email on May 19, 2025.

**/s/ Michael Feldenkrais**
Michael Feldenkrais, Esq

## SERVICE LIST

**KLEMA LAW, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Email: Griffin@KlemaLaw.com
By: /s/ Griffin C. Klema, Esq.
Florida Bar No. 100279

**DI LI LAW, P.C.**
18725 Gale Ave., Suite 208
City of Industry, CA 91748
Telephone: (626) 723-4849
Fax: (626) 956-0744
Email: di@dililaw.com
By: /s/ Di Li, Esq.

*Attorneys for the Aliver Defendants*

17

**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO. 0:24-cv-61886**

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

_____/

**<u>NOTICE OF FILING DECLARATION OF MICHAEL FELDENKRAIS IN</u>**

**<u>SUPPORT OF THE PLAINTIFF'S RESPONSE IN OPPOSITION TO ALIVER</u>**

**<u>DEFENDANTS' MOTION FOR ATTORNEYS' FEES.</u>**

Plaintiff, by and through undersigned counsel, hereby notices his filing of Declaration

of Michael Feldenkrais in support of Plaintiff's response in opposition to Aliver Defendants'

Motion for Attorneys' Fees.

Respectfully submitted this May 19th, 2025:

> **FELDENKRAIS LAW, P.A.**
> Attorneys for Plaintiffs
> 20533 Biscayne Blvd. Suite 469
> Aventura, FL 33180
> Telephone: (305) 528-9614
> Email: mfeldenkrais@gmail.com
> By: /s/ Michael Feldenkrais, Esq.
> Florida Bar No. 991708

**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO. 0:24-cv-61886**

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

_____/

<u>**DECLARATION OF MICHAEL FELDENKRAIS IN SUPPORT OF THE**</u>

<u>**PLAINTIFF'S RESPONSE IN OPPOSITION TO ALIVER DEFENDANTS'**</u>

<u>**MOTION FOR ATTORNEYS' FEES**</u>

I, Michael Feldenkrais, declare and state as follows:

1.     I am over 18 years of age and I have personal knowledge of the facts set forth herein.

2.     I am counsel of record for Plaintiff, Guangzhou Tinpod Electronic Technology Co., Ltd. ("Plaintiff") and I make this declaration in support of Plaintiff's Opposition to the Aliver Defendants' Draft Motion for Attorneys' Fees.

3.     That the Aliver Defendants' Draft Motion for Attorney's Fees is untimely. The

final judgment giving rise to the claim of Attorney's fee (Order of Voluntary Dismissal against the Aliver Defendants) was entered on March 28, 2025. (ECF No. 131). Therefore, Aliver Defendants deadline to file motion for Attorney's fees will expire on May 27, 2025, i.e., 60 day from the date of final judgment.[1] Thus, the draft motion must be served at least thirty days prior to May 27, 2025. Therefore, the Aliver Defendants' deadline to serve the draft motion expired on April 25th, 2025[2]. However, the Aliver Defendants did not serve the draft motion by the April 25, 2025 deadline and instead served it on April 29, 2025, resulting in a delay of four days.

4.      That the Aliver Defendants failed to prove the Material Alteration in the legal relationship between the parties.

5.      That the Aliver Defendants failed to rebuff the Plaintiff's claim of Copyright Infringement.

6.      That the Aliver Defendants failed to prove that the Plaintiff's case was frivolous, unreasonable, or without foundation.

7.      That the Aliver Defendants failed to prove the bad faith or improper motivation of the Plaintiff.

8.      That the calculation of the Attorney's fees is based on unreasonable grounds.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19th day of May, 2025.

---

[1] Sixty Days from March 28, 2025 falls on May 27, 2025, which is neither Saturday, Sunday or any other Legal Holiday. Thus, Pursuant to Fed. R. Civ. P. 6(a)(1), the deadline will be May 27, 2025.
[2] Thirty days prior to the deadline for the filing of motion of Attorney's Fees falls on April 27, 2025, which is Sunday. Pursuant to Fed. R. Civ. P. 6(a)(1) read with 6(a)(5), the deadline will be deemed to fall to the last business day, Friday, April 25, 2025.

**FELDENKRAIS LAW, P.A.**

Attorneys for Plaintiffs

20533 Biscayne Blvd. Suite 469

Aventura, FL 33180

Telephone: (305) 528-9614

Email: mfeldenkrais@gmail.com

By: /s / Michael Feldenkrais, Esq.

Florida Bar No. 991708

 **Outlook**

---

## SERVICE OF COURT DOCUMENT - CASE NO. 0:24-cv-61886-JB

---

**From** Griffin Klema <griffin@klemalaw.com>

**Date** <mark>Tue 4/29/2025 9:33 AM</mark>

**To** 'Michael Feldenkrais' <mfeldenkrais@gmail.com>

**Cc** Eservice Feldenkrais Law <eservice@feldenkraislawpa.com>

📎 2 attachments (4 MB)
24-cv-61886 - MTN for atty fees DRAFT.pdf; 24-cv-61886 - MTN for atty fees Klema declaration v1.pdf;

| | |
|---|---|
| **Court:** | The United States District Court for the Southern District Of Florida |
| **Case No.:** | 0:24-cv-61886-JB |
| **Plaintiff(s):** | XYZ Corp |
| **Defendant(s):** | Schedule A defendants |
| **Title of Document(s):** | 1. The Aliver Defendants' motion for attorney's fees<br>2. Declaration of Klema |
| **Sender's Name:** | Griffin C. Klema, Esq. |
| **Sender's Telephone No.:** | 202-713-5292 |

---

[Griffin Klema photograph] **GRIFFIN KLEMA**
Intellectual Property & Litigation
**Klema Law, P.L.**

cell: 202-713-5292
video call: Start Zoom conference
Griffin@KlemaLaw.com

 **Outlook**

---

## RE: SERVICE OF COURT DOCUMENT - CASE NO. 0:24-cv-61886-JB

**From** Griffin Klema <griffin@klemalaw.com>
**Date** <mark>Tue 4/29/2025 9:35 AM</mark>
**To** 'Michael Feldenkrais' <mfeldenkrais@gmail.com>
**Cc** Eservice Feldenkrais Law <eservice@feldenkraislawpa.com>

📎 3 attachments (2 MB)
invoice_5746_compressed.pdf; invoice_6005_compressed.pdf; invoice_6077_compressed.pdf;

I forgot to attach Di's time sheets. Her declaration will follow.

Griffin

---

**From:** Griffin Klema <griffin@klemalaw.com>
**Sent:** Tuesday, April 29, 2025 12:02 AM
**To:** 'Michael Feldenkrais' <mfeldenkrais@gmail.com>
**Cc:** 'Eservice Feldenkrais Law' <eservice@feldenkraislawpa.com>
**Subject:** SERVICE OF COURT DOCUMENT - CASE NO. 0:24-cv-61886-JB

| | |
|---|---|
| **Court:** | The United States District Court for the Southern District Of Florida |
| **Case No.:** | 0:24-cv-61886-JB |
| **Plaintiff(s):** | XYZ Corp |
| **Defendant(s):** | Schedule A defendants |
| **Title of Document(s):** | 1. The Aliver Defendants' motion for attorney's fees<br>2. Declaration of Klema |
| **Sender's Name:** | Griffin C. Klema, Esq. |
| **Sender's Telephone No.:** | 202-713-5292 |

---

**GRIFFIN KLEMA**
Intellectual Property & Litigation
**Klema Law, P.L.**

cell: 202-713-5292
video call: Start Zoom conference
Griffin@KlemaLaw.com