## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 0:24-cv-61886-JB

XYZ CORPORATION,

     Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

---

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC*

     The eighteen Aliver Defendants, DE 42, hereby reply to plaintiff's opposition, DE 135, to their motion for extension of time *nunc pro tunc*, DE 134.

### I.    REPLY

     Plaintiff seeks to use Local Rule 7.3(b) as a shield rather than what it was designed to (and in fact did) facilitate: "to assist parties in resolving attorney fee and costs disputes by agreement." L.R. 7.3(a). Plaintiff's opposition is essentially that it was prejudiced by the short lapse of time, and argues without foundation that the defendants' error of habit was in bad faith. Neither is true. In support of those arguments, plaintiff advances false and unsupported statements. It has not articulated any prejudice, nor argued how the brief delay had any impact on these post-judgment proceedings.

     During the merits phase of this action, the defendants were routinely generous with plaintiff's repeated errors respecting deadlines, including not having calendared the preliminary injunction hearing. See Def's Unopposed Emergency Mot. to Continue, DE

20 at 3. Consistent with plaintiff's goal of "oppos[ing] … all of your filed documents in this matter," DE 43-1, it now opposes even that which professionalism *requires*: a first request for a reasonable extension of time "should be granted between counsel as a matter of courtesy unless time is of the essence" and especially where the extension "do[es] not prejudice the client's opportunity for full, fair, and prompt consideration and adjudication of the client's claim or defense." Fla. Guidelines for Professional Conduct, § B.8., 9. Here, there has been no prejudice, yet professionalism was not forthcoming.

Plaintiff's surreptitious "gotcha" tactics should not be condoned. The motion for extension of time should be granted and the motion for attorney's fees disposed of on its merits.

### A. Plaintiff has not been prejudiced

Plaintiff's prejudice argument is unclear and difficult to follow. It asserts that "after the completion of 30 days from the date of entry of Voluntary Dismissal, the Plaintiff reasonably believed in good faith that no further Attorney-fee related obligations remained against the Plaintiff." Opp'n, DE 135 at 6. Without any sworn testimony, it then claims that the short, over-the-weekend delay "made the Plaintiff to shift away his attention and resources from addressing any prospective motion for attorney's fees." Id. at 7. Plaintiff Tinpod further states that its receipt of the draft fees motion then "compelled the Plaintiff to re-enter a procedural dispute." Id.

First, defendants are unclear what "procedural dispute" preexisted the service deadline such that it was "re-enter[ing]" an extant point of disagreement. And claiming

that an attorney[1] shifting his attention and time to other matters after believing a deadline had passed is not prejudice to the lawyer's *client*. See Club Madonna, Inc. v. City of Miami Beach, no. 13-cv-23762, 2015 WL 13740727, at *9 (S.D. Fla. 2015) (declining to deny motion for fees outright "where the party seeking to enforce strict adherence to the rule 'has identified no prejudice suffered from the alleged local rules violation'"). Tinpod, as the party-plaintiff, will not suffer any burden or expense when it has engaged counsel on a pure contingency-fee basis. See Decl. of Klema, ¶ 3. So its *counsel's* burden of responding to the merits of a motion is not prejudice to *Tinpod* caused by the short delay in serving the draft motion.

More fundamentally, and contrary to Tinpod's argument, its action has not been delayed at all—either as to the defaulted defendants or the Aliver Defendants. Its claim against the defaulted defendants remains pending while the instant post-judgment fees motion was timely filed and plaintiff was able to provide a draft opposition within the timeframe prescribed by the Local Rules.

Plaintiff's counsel also repeatedly rejected extensions of time offered by defendant *after* he advised of his unavailability. Tinpod's assertion that the offers were prompted by a "calculated ploy," Opp'n, DE 135 at 7, are demonstrably false. Defense counsel became aware of plaintiff's counsel's unavailability as a direct consequence of his May 7, 2025, email, refuting counsel's assertion that there was any discussion the week prior. DE 134-3 at 2 ("I'm sorry, I don't recall you having an absence, and I think the last time you and I spoke was a month ago."). Only *thereafter* did the Aliver Defendants first suggest to

---

[1] Presumably plaintiff's argument here respects its counsel's time, not plaintiff's time, as there is no declaration from a representative of plaintiff Tinpod.

Tinpod an extension of time ("you could file a motion to extend the deadline"), which was in direct response to plaintiff's counsel stating "this week and next I am out." Id. A further offer was made six days later. DE 134-1 at ¶ 7. For reasons unexplained, plaintiff did not ask for additional time, but rather ambushed defendants with its timing argument post-conferral. DE 134-1 at ¶ 9.

More alarmingly, the declaration of Mr. Feldenkrais is false that Tinpod's "opposition reflects the same matters that were discussed during the conferral" DE 135-1 at 4, ¶ 4, which is a knowing misrepresentation to the Court, as there was no argument or discussion about the draft motion's date of service or its timliness, DE 134-1 ¶¶ 8-9.[2] Had there been, the Aliver Defendants' instant motion for extension of time *nunc pro tunc* would have been filed earlier—even though it sought relief four days after first being put on notice of the dispute.[3]

Reduced to its nub, Tinpod's argument respecting prejudice is simply naked lapse of time. Opp'n at 3 ("Plaintiff has suffered prejudice due to the delayed service, the length of delay was of four days"). No actual, substantive matter has been impacted. Tinpod has not demonstrated any prejudice. And it can be an abuse of discretion to deny relief when the opposing party has not been prejudiced. Cf. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1356 (11th Cir. 2009) ("the Pioneer factors weighed in

---

[2] Previously, and as a direct consequence of oral statements of plaintiff's counsel in direct contrast to what he later put in writing (see DE 43-2), defense counsel began recording calls between counsel, with notice of same. However, after it appeared that concerns about opposing counsel's candor had dissipated, the undersigned discontinued recording the calls in about January. Unfortunately, therefore, there is no audio recording of counsels' May 14, 2025, conferral to prove, indisputably, what was discussed.
[3] Plaintiff Tinpod served its draft response on Monday, May 19, 2025, and the defendants filed their motion four days later on Friday, May 23, 2025, DE 134.

favor of excusable neglect because the defendant was not prejudiced") (characterizing Cheney v. Anchor Glass Container Corp., 71 F.3d 848 (11th Cir. 1996)).

**B. Defendants did not misunderstand or misinterpret Rule 6**

Tinpod also variously asserts that the defendants' inadvertent miscalendaring was "reckless conduct" "due to a misapplication/misinterpretation of the plain language of law." Opp'n, DE 135 at 9. While there is no disputing that the defendants did not meet the pre-filing deadline to serve the draft motion, Tinpod baselessly claims that was the product of misunderstanding the law. Not so. The miscalendaring was the product of *habit*, calendaring deadlines falling on a weekend to the following business day, not the result of misunderstanding the law. Decl. of Klema, ¶¶ 2-6; see also DE 134-1, ¶ 3. The fact is that an error of fact occurred, not one of law.

"While an attorney error based on a misunderstanding or misinterpretation of the law generally cannot constitute excusable neglect, a mistake of fact, such as miscommunication or a clerical error, may do so under the pertinent factors." United States v. Davenport, 668 F.3d 1316, 1324 (11th Cir. 2012). Here, a clerical error, a fact-based mistake, caused the slight delay.

The Court should, as others routinely have, address the merits of the motion given the facts and circumstances here. Maale v. Kirchgessner, no. 08-cv-80131, 2011 WL 1549058, at * 5 (S.D. Fla. 2011) ("it is properly within the Court's discretion to determine that the limited non-compliance did not warrant denial of the entire motion for attorney's fees"); see also J A P Logistics, Inc. v. MT 2005 Integradores Y consultores, S.A., no. 19-cv-21306, 2020 WL 13110797, at *2 (S.D. Fla. 2020) (considering the merits of the applicant's request for fees "[n]otwithstanding [the opponents''] non-compliance with L.

R. 7.3(b)" because it provided a detailed opposition); <u>Saleh v. Crunch, LLC</u>, no. 17-cv-62416, 2018 WL 6653076, at *4 n.1 (S.D. Fla. 2018) (even assuming the party's "efforts to confer under 7.3(b) was inadequate, this Court nonetheless has the authority to consider the case on the merits and chooses to do so").

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292

Di Li, Esq.
**DI LI LAW, P.C.**
18725 Gale Ave., Suite 208
City of Industry, CA 91748
Tel.: (626) 723-4849
Fax: (626) 956-0744
Email: di@dililaw.com
*Admitted Pro Hac Vice*

*Attorneys for the Aliver Defendants, DE 42*