UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61886-JB

XYZ CORPORATION,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

### DECLARATION OF GRIFFIN C. KLEMA, ESQ.

I, Griffin C. Klema, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 of the following is true and correct:

1.    I am counsel for the Aliver Defendants in this action. I submit this declaration in support of their motion for extension of time *nunc pro tunc*.

2.    I am a true solo practitioner and have been since 2016. I have litigated many matters at all levels of the federal courts and in this District in particular. Since that time, I have never employed any administrative assistant or paralegal. I have always handled all aspects related to my clients' matters. That includes calendaring deadlines. Despite a busy practice, I must always act as my own assistant in addition to handling the substantive legal matters. I do not have anyone to serve as a second set of eyes or double check deadlines. I must rely on my being accurate the first time a matter is placed on my calendar and ensuring my calendar is correct. Only extremely rarely in my thirteen years of practice have I ever missed a deadline inadvertently and can only recall miscalendaring

a hearing once. I cannot claim 100% perfection in my calendaring and organization over my career.

3. I am very well-versed in matters of procedure, including both Federal Rules of Civil Procedure as well as this District's Local Rules—so much so that after my clients were dismissed with prejudice in this action on March 27, 2025, Mr. Feldenkrais called me on April 3, 2025, requesting my assistance to consult on matters of procedure. While flattering, I could not, at that time, agree to such arrangement given my clients' remaining post-judgment claim to attorney's fees. During the call, being a post-judgment discussion among counsel regarding terms of a possible cooperative business arrangement, Mr. Feldenkrais also disclosed to me that he had been engaged by his client, plaintiff Tinpod, on a contingency fee basis—although he had offered to pay me an hourly fee to consult on matters of procedure. I believe it unprofessional for him to now claim the Aliver Defendants' missed service deadline was a "ploy" or that I miscalculated the deadline purportedly as a result of "misapplication/misinterpretation" of Rule 6.

4. I well know, understand, and regularly apply Rule 6 in my practice. Extremely rarely are deadlines calculated backwards from a future date in the cases I handle. Consequently, nearly all deadlines I encounter employ Rule 6(a)(5)'s forward-counting "Next Day" definition, though I have and do correctly calendar backward-counting deadlines.

5. For example, I previously encountered the exact scenario now presented in the present deadline dispute in a prior matter in this District. In <u>Affordable Aerial Photography, Inc. v. Abdelsayed</u>, no. 21-cv-81331 (S.D. Fla.) I represented the defendants. After obtaining a dismissal in that action (like here), I calculated the 60-day

deadline from the plaintiff's filing of the dismissal (January 4, 2023), to fall on Sunday, March 5, 2023. Rule 6 prescribed that the deadline would then be Monday, March 6, 2023. Counting 30 days backwards from that deadline resulted in the Local Rule 7.3(b) draft fees motion deadline to fall on Saturday, February 4, 2023. Because the deadline ran backwards from that future date, the deadline fell on Friday, February 3, 2023. Attached as Exhibit 1 is my email from that action serving the draft fees motion. (Incidentally, counsel in that case agreed to bifurcate the fees matter into entitlement and amount so as to obviate the plaintiff's effort in reviewing my timesheets. For reasons unclear, Mr. Feldenkrais declined my suggestion to do the same in this action.)

6. Again, in this case, the deadline issue occurred as a result of routine and habit and not misunderstanding or ignorance of Rule 6, I simply mis-calendared the deadline for service of my clients' draft fees motion as being due on Monday, April 28, 2025, rather than on the prior Friday, April 25, 2025.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendants*

# Exhibit 1

**Exhibit 1**

**Exhibit 1**

# Griffin Klema

| | |
|---|---|
| **From:** | Griffin C. Klema, Esq. <griffin@klemalaw.com> |
| **Sent:** | Friday, February 3, 2023 9:01 PM |
| **To:** | 'Daniel DeSouza'; 'James D'Loughy'; 'Lauren Hausman'; 'Denise Sosa'; 'Hali Thomas' |
| **Subject:** | SERVICE OF COURT DOCUMENT - CASE NO. 9:21-cv-81331-AMC |
| **Attachments:** | 21-CV-81331 DE __ -  MTN for fees DRAFT.pdf; 21-CV-81331 DE __ -  MTN for fees - Ex A - declaration of Klema.pdf; 21-CV-81331 DE __ -  MTN for fees - Ex B - declaration of Abdelsayed.pdf; 21-CV-81331 DE __ -  MTN for fees - Ex C - R68 offer.pdf |

| Court: | The United States District Court for the Southern District Of Florida |
|---|---|
| Case No.: | 9:21-cv-81331-AMC |
| Plaintiff(s): | Affordable Aerial Photography, Inc. |
| Defendant(s): | John Abdelsayed and Trends Realty USA Corp |
| Title of Document(s): | 1. Defendants' [draft] motion for attorney's fees<br>2. Exhibit A<br>3. Exhibit B<br>4. Exhibit C |
| Sender's Name: | Griffin C. Klema, Esq. |
| Sender's Telephone No.: | 202-713-5292 |



**GRIFFIN KLEMA**
Patent & Trial Attorney
**Klema Law, P.L.**

cell: 202-713-5292

video call:

Griffin@KlemaLaw.com