**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO. 0:24-cv-61886**

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

                                      /

**<u>MOTION FOR CONTEMPT AND IMPOSE SANCTIONS FOR FAILURE TO</u>**

**<u>COMPLY WITH COURT'S DEFAULT FINAL JUDGMENT AND AWARD</u>**

**<u>DAMAGES</u>**

Plaintiff, Guangzhou Tinpod Electronic Technology Co., Ltd. (hereinafter referred to as "Plaintiff"), by and through undersigned counsel and pursuant to Rule 70 (e) of Federal Rules of Civil Procedure and 18 U.S.C. § 401 respectfully moves a motion for contempt and impose sanctions against e-commerce platform Walmart for failure to comply with the Court's order dated September 30, 2025 (ECF No. 139) (hereinafter referred to as "Default Final Judgment", "Order") and award damages to the Plaintiff. In support thereof, Plaintiff respectfully submits the following:

## I.  BACKGROUND

Plaintiff is the author and owner of a one (1) United States Copyright, No. VAu 1-517-249, for 2-dimensional artwork for Black Castor Oil 1, Black Castor Oil 2, Black Castor Oil 3 and Black Castor Oil 4 (hereinafter "Plaintiff's Copyright") registered with the United States Copyright Office and protected from infringement under federal copyright law Plaintiff has filed this copyright infringement lawsuit against Defendants, as e-commerce sellers who are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of Plaintiff's copyrighted art within this District through various Internet based e-commerce platforms, including but not limited to; Amazon, eBay, Walmart and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" (the "Seller IDs").

On December 02, 2024, the Court granted an *Ex-Parte* Motion for Entry of Temporary Restraining Order, and Order Restraining Transfer of Assets. (ECF No. 19). Pursuant to the Court's Order, the Defaulting Defendants were served with the summons, complaint, preliminary injunction and notice of hearing filed in this case pursuant to the Court's Order Authorizing Alternate Service of Process (ECF No. 18). The time for Defaulting Defendants to respond to the Complaint has expired. Defaulting Defendants were not granted any extensions of time to respond, nor they served or filed an Answer or other response as required by law and a Clerk's Entry of Default was entered against Default Defendants. (ECF No. 95). Thereafter, Plaintiff filed Motion for Default Judgment against Defaulting Defendants on dated April 1, 2025, (ECF No. 132). On September 30, 2025, the Order on entry of Default Final judgment was granted with respect to Defaulting Defendants (ECF No. 138) and third parties, including e-commerce platform, Walmart were directed to apply any funds currently in Defaulting Defendants' financial accounts to satisfy the monetary judgments. (ECF No. 139).

## II.  ARGUMENTS

1. <u>**WALMART FAILED TO APPLY ANY FUNDS IN THE DEFAULTING DEFENDANTS' FINANCIAL ACCOUNTS TO SATISFY THE MONETARY JUDGMENT.**</u>

It is submitted that pursuant to the Court's Default Final Judgment entered on dated September 30, 2025 (ECF No. 139), the Plaintiff's Attorney informed the Walmart on October 01, 2026 on the e-mail id: TROLegalComms@walmartlegal.com about the Default judgment against the Defaulting Defendants and requested to remit the awarded funds immediately to the Plaintiff's account. On December 03, 2026 and February 18, 2026, the Walmart informed the Plaintiff's Attorney that they cannot process the remittance of funds against defaulting Defendants since they did not receive the copy of Default Judgment. Pursuant to this information the Plaintiff's Attorney sent the Order on Entry of Default Final Judgment along with Exhibit A (List of Defaulting Defendants), Default Final Judgment, Form FW-9 and Bank Details to the Walmart on dated February 19, 2026.

On March 17, 2026, Walmart provided a partial breakdown of an anticipated wire transfer identifying certain Defaulting Defendants. They additionally stated that due to the volume of requests they receive as well as the approval process, wire timelines are delayed. The Plaintiff's Attorney on March 19, 2026 and March 25, 2026 again followed up with the Walmart about the status of the transfer along with the breakdown of funds of rest of the Defaulting Defendants. However, no update/reply has been given from the Walmart till today.

As of the date of this Motion, more than one month (approx. 40 days) has lapsed after the service of complete documentation to the e-commerce platform Walmart, however, there has been no application of funds in the Defaulting Defendants financial accounts to satisfy the monetary judgment/transfer to the Plaintiff.

The E-mail conversations with e-commerce platform Walmart has been attached as **Exhibit-A**.

## A. WALMART IS IN ACTIVE CONCERT AND PARTICIPATION WITH THE DEFENDANTS

To establish that any e-commerce platform is in active concert or participation with the enjoined Defendants, it must be shown that the e-commerce platform has aided and abetted a violation of the injunction, which in turn "requires showing that the non-party had actual knowledge of the judicial decree and violated it, and that the challenged action was taken for the benefit of, or to assist, a party subject to the decree." *See, Arista Recs., LLC v. Tkach*, 122 F.Supp.3d 32, 36 (S.D.N.Y. 2015). It is submitted that Walmart's failure to apply any funds currently in Defaulting Defendants' financial accounts to satisfy the monetary judgments, despite the notice/service of the Default judgment as well as multiple reminders by the Plaintiff's Attorney, clearly indicates that they are in active concert or participation with the enjoined defendants and in lieu of that Walmart is thereby promoting infringement. The e-commerce platform Walmart has not taken any diligent steps or attempt to comply with the Court's Order and in contrast the Walmart is affirmatively dealing the remittance of the funds to the Plaintiff in disobedience of the Court's Default judgment.

Thereby, it is submitted that Walmart has wilfully and in concert with the enjoining Defendants not remitted the restrained funds of the Defaulting Defendants

## 2. THE ACT OF WALMART AMOUNTS TO CONTEMPT OF THE COURT'S LAWFUL ORDER

It is submitted that the non-compliance with the Courts order authorizing the third party providers including e-commerce platform, Walmart to apply any funds currently in Defaulting Defendants' financial accounts to satisfy the monetary judgments amounts to contempt of the

court's lawful order. The failure to comply with the court's order may result in sanctions, including contempt, when the non-compliance is wilful or in bad faith. *See Societe Internationale v. Rogers*, 357 U.S. 197 (1958) [note: holding that wilful disobedience of a court order may justify contempt sanctions]. Similarly, in *National Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976), the court noted that the imposition of sanctions for failure to comply with a discovery order is justified when the non-compliance is not excused by valid reasons. *See also*, Rule 37(2)(ii) of Fed Rules of Civ. Pro. *See*, 18 U.S. Code § 401 provides that A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, if it is Disobedience or resistance to its lawful writ, process, order, rule, decree, or command. *See also*, Rule 70 (e) of Fed. Rule of Civ. Pro. also provides that the court may hold the disobedient party in contempt.

To initiate proceedings for contempt it is essential that the act of the contemnor was wilful. Wilful contempt is one where the contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply. *See, Skyline Steel, LLC v. PilePro, LLC*, No. 13-CV-8171 (JMF), 2018 WL 6025863, at 1 (S.D.N.Y. Nov. 16, 2018).

It is already established in the above arguments that Walmart had the knowledge of the Default Final Judgment **(Exhibit-B)** and despite the knowledge as well as repeated reminders, Walmart failed to comply with the Order. Thus, Walmart has wilfully and in bad faith disregarded the Court's order without offering any valid justification. Thereby, the contempt is warranted for that conduct.

3.  **THE ACTS OF WALMART HAS CAUSED DAMAGES TO THE PLAINTIFF**

The failure to timely apply any funds currently in Defaulting Defendants' financial accounts to satisfy the monetary judgment and wilfully cause delay to remit the funds to the

Plaintiff, has caused the Plaintiff to suffer a monetary loss/damage. Plaintiff is entitled to Daily Fines, Lump Sum Fines Lost Profits, Corrective Action Costs, Statutory Damages under 35 USC Section 289, Injunctive Relief.  Plaintiff requests $500,000 (Five Hundred Thousand Dollars) in damages. Additionally, it has led to a loss of Attorney's time and additional expenses, entitling the Plaintiff to damages amounting to $200,000 (Two Hundred Thousand Dollars). *See,* Rule 37(b)(2)(C) of Fed. Rule of Civ. Pro. & 18 U.S.C. § 401. *See also, Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645, 658 (2d Cir. 2004) [note: To the extent that the sanction is compensatory, the fine should be correlated with the loss incurred].

## III.  CONCLUSION

As a result of Walmart's failure to timely apply any funds currently in Defaulting Defendants' financial accounts to satisfy the monetary judgment and wilfully cause delay to remit the funds to the Plaintiff is in contempt of court. As a result, Plaintiff respectfully seeks the granting, of this Motion to initiate the contempt proceedings, impose sanctions against e-commerce platform Walmart and award damages including the Attorney's expenses amounting to $700,000 (Seven Hundred Thousand Dollars) to the Plaintiff for failure to comply with the Court's Default Final Judgment dated September 30, 2025 (ECF No. 139).

Respectfully submitted on this 01st Day of April, 2026.

**FELDENKRAIS LAW, P.A.**
Attorneys for Plaintiffs
20533 Biscayne Blvd. Suite 469
Aventura, FL 33180
Telephone: (305) 528-9614
Email: mfeldenkrais@gmail.com
By: /s/ Michael Feldenkrais, Esq.
Florida Bar No. 991708

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served on the

TRO legal team of Walmart via Email trolegalcomms@walmartlegal.com on March 26, 2026**.**

By: /s/ Michael Feldenkrais, Esq.