UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-cv-61886-JB

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants

_____/

## Defendants' Motion to Vacate Default Final Judgment

The Defendants listed on Exhibit 1, attached hereto (referred to individually as "Defendant Group No. 1, and "Defendant Group No. 2," and collectively as the "Defendants"), by and through undersigned counsel, hereby file this Motion to Vacate ("Motion to Vacate") Default Final Judgment ("Default Final Judgment") [D.E. 138, 139] pursuant to Fed. R. Civ. P. 60(b) and, in support thereof, state as follows:

### I.    Overview

1. On October 10, 2024, Plaintiff filed its Complaint against, *inter alia*, Defendants. [D.E. 1]. Plaintiff filed an Amended Complaint on October 28, 2024 [D.E. 11]. On February 24, 2025, Plaintiff filed its Second Amended Complaint [D.E. 114], which was deemed filed per Court Order as of March 8, 2025. [D.E. 119].

2. Plaintiff failed to serve Defendants with any of the aforementioned amended complaints. Specifically, on January 22, 2025, Plaintiff filed Motion for Clerk's Default, which stated that Defendants were "served with Summons and Complaint on December 11, 2024, as

evidence by the Proof of Service filed with this Court on December 27, 2024." [D.E. 94, ¶ 4].

Notwithstanding, on the same, the clerk entered default against Defendants. [D.E. 95].

       3.      On January 31, 2025, Plaintiff filed Motion for Default Judgment [D.E. 105], which the Court denied on March 8, 2025 [D.E. 120]. On April 1, 2025, Plaintiff filed its Section Motion for Final Default Judgment. [D.E. 132]. The evidentiary record does not support a finding that Plaintiff served Defendants with: (i) the Motion for Clerk's Default, or (ii) either of Plaintiff's filed motions for default judgement.

       4.      On September 30, 2025, the Court entered an Order granting Plaintiff's Second Motion for Default Judgment. [D.E. 138, 139].

       5.      The Default Final Judgment entered as against Defendants is void and must be vacated as a matter of law. As further explained, this Court lacks personal jurisdiction to issue any order against Defendants, and Plaintiff has acted in a manner that has completely hindered Defendants' rights to due process.

  II.    **<u>Argument</u>**

      **a.  Legal Standard**

"The proper, and…exclusive method for attacking a default judgment in the district court is by way of a Rule 60(b) motion." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1507 (11th Cir. 1984). Rule 60(b) provides that a court may set aside a default final judgment where the moving party demonstrates: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. *See Pizarro v. Vida Cafe, LLC*, 2012 WL 12964494, at *1 (S.D. Fla. May 10, 2012).

**b.  The Default Final Judgment is Void Due to Lack of Personal Jurisdiction.**

Rule 60(b)(4) authorizes the court to relieve a party from a final judgment if the judgment is void. *See Pizarro*, 2012 WL 12964494, at *2. "A void judgment is a legal nullity." *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010); *see also Hart Dairy Creamery Corp. v. Kea Invs. Ltd.*, 2020 WL 3000209, at *1 (S.D. Fla. June 4, 2020) ("It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment."). Generally, a judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *See also Strange v. Nescio*, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021) ("A judgment rendered in the absence of personal jurisdiction is void and without legal effect."); *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999) ("[a] defendant may defeat subsequent enforcement of a default judgment in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction even if the court entering the default determined that it had personal jurisdiction over the defendant.").

The Defendants are non-resident stores operating out of China, having no direct or indirect affiliation with the State of Florida. *See* Dec. of Jiang, ¶ 3; Dec. of Cheng, ¶ 3. Thus, Defendants have no principal place of business in this district, do not have any contacts with this forum, and Plaintiff is unable to establish general personal jurisdiction with the State of Florida. Therefore, to ascertain whether specific personal jurisdiction exists, the court must apply a two-step inquiry: (1) whether jurisdiction is proper under Florida's long-arm statute; and (2) whether the exercise of jurisdiction comports with due process. *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.,* 598 F. 3d 802, 807 (11th Cir. 2010).

Plaintiff's attempt at asserting specific personal jurisdiction similarly fails due to the fact Defendants have never sold an allegedly infringing product within the State of Florida. *See* Dec. of Jiang, ¶ 4 (stating after diligent search conducted by Defendant Group No. 1, no allegedly infringing product was shipped to the State of Florida); Dec. of Cheng, ¶ 4 (stating after diligent search conducted by Defendant Group No. 2, no allegedly fringing product was sold in the United States). As a result, Defendants have not purposefully availed themselves of doing business in Florida, nor have Defendants engaged in any actual interactions in the state for the purpose of Plaintiff being able to show or otherwise provide that its injuries arose out of Defendants' activities in Florida. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (Specific personal jurisdiction generally requires that (1) "the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state"; (2) the "plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum"; and (3) "whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'"); *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010) (stating plaintiff bears the burden of establishing the first two prongs needed to assert specific jurisdiction).

The accessibility of Defendants' respective e-commerce stores in Florida, alone, is insufficient to establish personal jurisdiction. *See, e.g., Suzhou Jihekai Network Technology Co., Ltd v. The Partnerships and Unincorporated Associations identified in Schedule A*, Case No. 0:25-cv-62217-RS, [D.E. 113] (granting defendant's motion to dismiss for lack of personal jurisdiction, because (1) Courts in this District and the Eleventh Circuit have repeatedly held that the mere accessibility of an interactive website in Florida is insufficient, standing alone, to establish that a tortious injury occurred in Florida, and (2) rather, a plaintiff must demonstrate a nexus between

the defendant's conduct and an injury in Florida, such as proof that infringing products were actually viewed, marketed, sold, or distributed to Florida consumers). In *Suzhou Jihekai Network Technology Co., Ltd.*, the Southern District of Florida specifically granted a motion to dismiss for lack of personal jurisdiction where: (1) the defendant submitted unrebutted declarations establishing that it has never sold products to Florida residents, never shipped products into Florida, never received payment from Florida customers, and never engaged in Florida-directed advertising or promotion, and (2) the plaintiff, by contrast, failed to submit competent evidence that the defendant's online listings resulted in sales in Florida.

Such is the case here. Not only is the evidentiary record is completely void of any proof of sales made by Defendants within the State of Florida for which the court may rely on for the purpose of asserting personal jurisdiction, but Defendants have submitted declarations challenging jurisdiction that neither Defendant Group No. 1 nor Defendant Group No. 2 have made any sale or engaged in any other commercial activity for the purpose of availing itself of the laws of this state and/or otherwise being subject to this Court's jurisdiction. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (stating where a defendant submits evidence challenging jurisdiction, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction).

Due to the absence of any substantiated commercial activity (i.e., sales) or purposeful solicitation or targeting of Florida residents, Defendants have not purposefully availed themselves of the privilege of conducting business in the State of Florida for the purpose of allowing the Court to exercise personal jurisdiction. In addition to the lack of commercial activity required to assert specific jurisdiction, Defendants: (i) have never owned, leased, or utilized an office in Florida; (ii) have never been paid taxes in Florida or been otherwise subject to Florida's tax jurisdiction; (iii) have never advertised, held telephone listing, or maintained a bank account in Florida; and (iv)

have no agents, employees, or contractors in Florida. *See* Dec. of Jiang, ¶ 3; Dec. of Cheng, ¶ 3. In sum, Defendants do not regularly conduct or solicit business in the State of Florida, nor do Defendants have any minimum contacts with the State of Florida.

As a result, this court lacks personal jurisdiction over Defendants. *See, e.g., Organic Mattresses, Inc. v. Environmental Res. Outlet, Inc.,* 2017 WL 5665354 (S.D. Fla. Oct. 6, 2017) (stating plaintiff could not establish personal jurisdiction over the defendant on its infringement claims where the plaintiff failed to offer any proof that the allegedly infringing product was ever sold to a customer in Florida). For such reason, not only should the Default Final Judgment be vacated, but Plaintiff's Complaint against Defendants must be dismissed with prejudice. *See RooR v. Sanz Bros., LLC.,* 2018 WL 1881287, at \*6 (S.D. Fla. Mar. 1, 2018) (stating a district court may, "in denying a motion for entry of default judgment, sua sponte dismiss a complaint, even where the defaulting defendant fails to respond to either the Complaint or the motion for entry of a default judgment.").

> **c. The Default Final Judgment is Void as Entered Against Defendant Group No. 2 Due to Insufficient Service of Process.**

Additionally, the Court lacks personal jurisdiction over Defendant Group No. 2 due to Plaintiff's failure to serve Defendants in accordance with applicable law. Where service of process is insufficient, a court may set aside the final judgment under 60(b)(4) because "the court has no power to render judgment and the judgment is void." *Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805 (11th Cir. 2015). That is because "insufficient service of process implicates personal jurisdiction" and "[a] court cannot enter a binding judgment against a party over which it lacks personal jurisdiction." *Id*. at 805-06.

As nonresident defendant based in China Plaintiff is required to serve Defendant Group No. 2 in accordance with the requirements of the Hague Convention. *See Volkswagenwerk*

*Aktiengesellschaft v. Schlu*nk, 486 U.S. 694, (1988) (stating where service is to occur in a country that is a signatory to the Hague Convention, compliance with the Convention is mandatory); *see also Int'l Designs Corp., LLC v. Qingdao SeaForest Hair Prods. Co.*, No. 17-60431-CIV, 2018 WL 2364297, at *2 (S.D. Fla. Jan. 4, 2018) ("The United States and China are both signatories to the Hague Convention, which applies 'in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.'").

In granting Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants Purchase to Federal Rule of Civil Procedure 4(f)(3) ("Motion for Alternative Service"), the Court stated: (i) an alternative method of service under Rule 4(f)(3) is available without first attempting service by other means, and (ii) alternative means of service may be granted by the Court so long as the signatory nation at issues has not expressly objected to those means. *See* [D.E. 18].

Though Defendant Group No. 2 acknowledges that courts have determined that application of the Hague Convention does not prohibit granting alternate service, such relief is available only upon satisfaction of certain requirements and/or conditions. *See, e.g., Int'l Designs Corp., LLC*, 2018 WL 2364297, at *3 ("Here, the Hague Convention applies. But, this does not prohibit the Court from granting alternate service under Rule 4(f)(3) *if appropriate*.") (emphasis in the original). In setting aside a previous order permitting alternate service, denying plaintiff's motion for alternative service, and granting a motion to dismiss to that plaintiff may serve a defendant pursuant the Hague Convention, the Southern District of Florida stated:

> Although Rule 4(f) does not mandate compliance with the Hague Convention, under the circumstances of this case, Plaintiffs should make an effort to effect Hague Convention service before seeking alternate service….
>
> In applying Rule 4(f)(3), this District has previously authorized several different methods of service on foreign defendants [citation omitted]. **But typically, courts**

**permit such alternate service only where the defendant's foreign address is unknown; the defendant has successfully evaded service; failure to permit alternate service will result in unduly long delays in litigation; or where attempted Hague Convention service has failed**. See, e.g., Codigo Music, 2017 WL 4346968 (denying motion for alternate service without prejudice to renew, even after one unsuccessful attempt to serve Mexican defendant pursuant to Hague Convention, where plaintiffs knew defendant's address, there was no urgency, and defendant was not evading service); In re Takata Prods. Liab. Litig., No. 15-2599, 2017 WL 8809362, 2017 U.S. Dist. LEXIS 71816 (S.D. Fla. Mar. 24, 2017) (Stumphauzer, S.M.) (alternate service granted after plaintiffs had attempted Hague Convention service for more than six months while spending more than $25,000); Abercrombie & Fitch, 2014 WL 11721486, 2014 U.S. Dist. LEXIS 188948 (defendants operated anonymously using false physical address information to conceal their location and avoid liability; plaintiff unable to ascertain address after investigation); Zhixian, 2010 WL 1740695 (defendant's addresses were false, incomplete or invalid, and its phone numbers were invalid, disconnected, or went unanswered, despite plaintiff's investigations).

…

Here, there is no evidence that SeaForest's address is unknown, that SeaForest is evading service, or that any great urgency exists. Further, Plaintiffs have not shown that service is particularly difficult. Rather, although Plaintiffs have known SeaForest's Chinese address since at least August 2016, they have not indicated that they have attempted to submit a request for service to the Chinese Central Authority, even during the nearly six-month pendency of this motion.

…

Given the circumstances in this case, and being heavily influenced by the Advisory Committee Notes and persuasive case law, the Court declines to authorize alternate service at this time, as Plaintiffs have not yet attempted to serve SeaForest through China's Central Authority as contemplated by the Hague Convention. The Court is not satisfied that alternate service is warranted under these facts. Plaintiffs have simply not reasonably attempted to effectuate service on SeaForest through internationally agreed methods or shown that such methods are unduly burdensome or futile. This Court is wary of circumventing the Hague Convention without Plaintiffs first attempting to comply with it…

(emphasis added).

Such is the case here. There is no evidence to support Plaintiff's assertion that Defendant Group No. 2's address was unknown or fraudulent at the time Plaintiff sought alternative service. Specifically, Plaintiff fails to provide any affidavit of diligent search or other record supporting its motion. At all times, Defendant Group No. 2's address has been posted for public view and available for the purpose of accepting service in accordance with the Hague Convention. *See* Dec.

of Cheng, ¶ 5 (stating the stores' address have been posted on the seller profile and/or "Business Information" pages before and throughout this case for public view, are accurate, and mail sent to these addresses can be delivered).

Thus, because Defendant Group No. 2's respective addresses were publicly available, Plaintiff should have been required to effect service in accordance with the Hague Convention. Even so, because China has objected to service via postal channels,[1] Plaintiff was required to serve Defendants via central authority, and Plaintiff's Renewed Motion for Alternative Service fails to establish any exception to such requirement. Moreover, Defendants' respectfully disagree with the Court's finding that China has not expressly objected to service via e-email or website posting. *See, e.g., Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 170-72 (2d Cir. 2025), (stating that substitute service was improper under Fed. R. Civ. P. 4(f)(3) because the Hague Convention prohibits email service on Chinese defendants); *Id.* at 170 ("The relevant question is therefore whether the [Hague] Convention allows for email service on the China-based defendants. **We conclude that it does not**.") (emphasis added).

---

[1] Because China has objected to service by postal channels, Defendants argue the Court did not have authority to grant Plaintiff's Motion for Alternative Service by email. *See D Squared Plant Traps LLC,* 2024 WL 503628, at *2 ("Of particular relevance here is that China has objected to service by postal channels. **Whether a country has objected to service via postal channels is relevant because some courts that have authorized service via email under the Convention have analogized service via email with service by postal channels**. *See, e.g.*, *Aquapaw Brands LLC v. Yan-Peng*, No. 2:21-CV-01784, 2023 WL 3538551, at *2 (W.D. Pa. May 18, 2023) (authorizing service via email on a defendant in Hong Kong where Hong Kong was a party to the Convention and had not objected to service via postal channels). **Some courts have refused to authorize service via email when the receiving country has objected to service via postal channels**. *See e.g.*, *Habas Sinai Ve Tibbi Gazlar Istihsal A.S. v. Int'l Tech. & Knowledge Co., Inc.*, No. CV 19-608, 2019 WL 7049504, at *4 (W.D. Pa. Dec. 23, 2019) (refusing to authorize service via email on a defendant in Turkey where Turkey was a party to the Convention and had objected to service via postal channels); *Luxottica Grp. S.p.A. v. P'ships & Unincorporated Assocs. Identified on Schedule "A"*, 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019) (refusing to authorize service via email on a defendant in China where China was a party to the Convention and had objected to service via postal channels).")

Based on the foregoing, the Order granting Plaintiff's Motion for Alternative Service should be set aside and the Court should be found to be without personal jurisdiction over Defendant Group No. 2 due to lack of insufficient service, which provides further basis for rendering the Default Final Judgment void as a matter of law.

**d. Defendants have sufficient grounds for relief against Final Judgment Order pursuant to Rule 60(b)(5) and/or Rule 60(b)(6).**

Rule 60(b)(5) authorizes a court to set aside a judgment if, *inter alia*, if "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Subdivision (6) of the rule serves as a catchall provision which permits a court to vacate a judgment for any justifiable reason. *See* Fed. R. Civ. P. 60(b)(6); *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) (stating 60(b)(6) "provides a residual equitable authority for vacating judgments[.]"); *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (stating Rule 60(b)(6) permits the Court to exercise its "sound discretion" where "the circumstances are sufficiently extraordinary to warrant relief."). In *Fast Response Marine Towing & Salvage, LLC v. M/V Bad Habits*, 2026 WL 81763, at *3 (S.D. Fla. Jan. 11, 2026), the Southern District of Florida utilized Rule 60(b)(6) to overturn a default final judgment the court found to be extraordinarily unjust based on the award ($150,000.00) being "excessive and inequitable" under the circumstances.

Such is the case here. In addition to the injunctive relief set forth therein, the Default Final Judgment awards statutory damages to Plaintiff in the amount of $150,000.00 from each Defaulting Defendant. *See* [D.E. 139]. Such award is excessive an inequitable given the fact (as it relates to each Defendant):

- Defendant Group No. 1 has sold a total of 4 items of the allegedly-infringing product for a revenue $22.18, which reflects potential actual damages far less than those awarded per the Default Final Judgment. Furthermore, Defendant Group No.

2 previously reached an agreed settlement with Plaintiff meant to be enforced between the parties, which Plaintiff failed to produced that resulted in Defendants' presumption that the matter had previously been resolved based upon the asset freeze being lifted of its account on February 4, 2025 and Defendant Group No. 2 being provided no further notice in this case until March 16, 2026 when its accounts were frozen again. *See* Dec. of Jiang, ¶ 4-5

- Defendant Group No. 2 has not sold any of the allegedly-infringing product in the United States (and, thus, has received no revenue therefrom). As a result, Plaintiff's representation to the Court that Defendant Group No. 2 has sold any infringing product is a misrepresentation of fact for the purpose of inflating its calculated damages, for which Defendant Group No. 2 should not be subjected to such inequitable conduct

III.     **Conclusion**

For the reasons set forth above, Defendants respectfully request that the Court enter an Order vacating the Default Final Judgment against Defendants, dismiss Plaintiff's Complaint against Defendants with prejudice, and granting all such other relief as this Court deems just and appropriate.

**Local Rule 7.1(a)(2) Certification**

On April 16, 2026, counsel for Defendants contacted Plaintiff's counsel to meet and confer regarding the relief sought herein. On April 17, 2026, Plaintiff's counsel responded, stating that Plaintiff opposes the relief requested herein.

Dated          April 17, 2026                                    Respectfully submitted,

                                                                                  /s/Alan Mensa-Wilmot
                                                                                  HEITNER LEGAL, P.L.L.C.
                                                                                  215 Hendricks Isle
                                                                                  Fort Lauderdale, FL 33301
                                                                                  alan@heitnerlegal.com

                                                                                  *Attorney for the Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served April 17, 2026, via transmissions of Notice of Electronic Filing generated by CM/ECF to all parties or counsel of record in this matter.

                                                                                  /s/Alan Mensa-Wilmot

## Exhibit A

### Defendant Group No. 1

| Defendant No. | Store Name | Seller ID |
|---|---|---|
| 52 | BaoHeng | 10001594154 |
| 55 | FuShi | 10001634248 |
| 58 | AiFuDian | 10001650453 |
| 60 | Yinyu | 10001553254 |
| 61 | GuangZhouQiangFengXinShiPinYou XianGongSi | 10001634209 |
| 62 | XiAng | 10001599108 |
| 65 | BeiGaoFu | 10001691707 |

### Defendant Group No. 2

| Defendant No. | Store Name | Seller ID |
|---|---|---|
| 47 | DXOUPM Clothing | 10001599294 |
| 59 | Mei li xue | 10001525759 |