**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO. 0:24-cv-61886**

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

_____/

**PLAINTIFF'S REPLY FOR DEFENDANTS' MOTION TO VACATE DEFAULT**

**FINAL JUDGMENT**

Plaintiff, XYZ Corporation, (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, submits this reply to the Defendants' Motion to vacate Default Final Judgment (ECF No. 148) In support thereof, Plaintiff respectfully submits the following Memorandum of Law.

## I.    HISTORY OF CASE

On October 10, 2024, Plaintiff filed the present action for copyright infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing,

offering for sale, displaying and soliciting for sale, using Plaintiff's federally registered copyright images or a substantially similar reflection thereof, in violation of federal copyright law. (ECF No. 1). On November 13, 2024 Plaintiff filed Motion for Temporary Restraining Order (ECF No. 14) and Ex parte motion for Alternate Service (ECF No. 16) against the Defendants mentioned in Schedule A of the Amended Complaint, including the Defendants mentioned as Group 1 and Group 2 in the Defendants Motion to Vacate Default Judgment (ECF No. 148) (hereinafter, collectively referred to as the "Defendants"). The Court granted motion for Temporary Restraining Order and Motion for Alternate Service on December 2 2024. Pursuant to the Court's Alternate Service Order Plaintiff on December 11, 2024, served the Defendants in full compliance with the Service Order by sending emails to the Defendants and posting all case documents on the designated website. Proof of Service was thereafter filed with the Court on December 19, 2024 (ECF No. 41).

Following the completion of service, and in the absence of any timely Answer or responsive pleading from the Defendants, Plaintiff filed Second Motion for Default Final Judgment on dated April 01, 2025 (ECF No. 132) and obtained a Default Final Judgment against the Defendants on dated September 30, 2025 (ECF No. 138, 139). Defendants now seek, belatedly, to vacate the Default Final Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), on grounds of alleged lack of personal jurisdiction and improper service. As demonstrated herein, both grounds are without merit and must be rejected.

## II.   ARGUMENT

It is humbly submitted that the Default Final Judgment entered by this Court was proper in all respects. The Defendant's Default against the judicial proceedings was both wilful and intentional. This Court has valid personal jurisdiction over the Defendants under the Florida's long-arm Statute as well as it comports with due process Clause of the Fourteenth Amendment

to the United States Constitution. The Defendants deliberately operated "highly interactive" commercial e-commerce storefronts on platforms including Walmart, targeting United States consumers including those residing in Florida, without any geographic restriction.

Secondly, Service of process was effected in strict compliance with this Court's own Service Order of December 2, 2024 (ECF No. 18), which authorized alternate service by email and website posting, a method that was not only judicially sanctioned but also constitutionally adequate and practically effective. Further, the e-mail records affirmatively establish that Defendants had actual notice of this action. On February 07, 2025, counsels for the Defendants made contact with Plaintiff's counsel to inquire on evidence and advise resolution. Having received actual notice and thereafter participating in extended amicable resolution discussions, and chosen not to challenge the Service Order through proper channels under Rule 12 of the Federal Rules of Civil Procedure, Defendants cannot now seek to unwind the Default Final Judgment through the narrow scope of Rule 60(b)(4). Thus, Defendants' Motion to vacate Default Judgment must be denied in its entirety.

## A.  THE DEFENDANTS DEFAULT WAS WILFUL AND INTENTIONAL

The Default Final Judgment entered against the Defendants in the present case ought to be upheld, as their default was both wilful and intentional. The Defendants failed to act promptly to respond to the proceedings and instead made a deliberate, strategic choice to ignore the judicial proceedings and not to enter appearance or to oppose any motion. Such conduct, undertaken in an attempt to avoid or delay litigation, squarely constitutes a wilful default and disentitles them from any relief.

In case of *Martie v. Bedding LLC, Case No. 2:20-cv-43-FtM-SPC-NPM, (S.D. Fla. 2021)*, the court held that defaults are generally disfavored given the judicial preference to resolve cases on their merits. Courts have generally considered whether the defaulted defendant

acted promptly to correct the default and present a meritorious defense, whether setting aside the default would prejudice the party in whose benefit it was entered, and whether the defendant had defaulted wilfully by displaying either an intentional or reckless disregard for the judicial proceedings. But when a default was wilful, "the court need make no other findings in denying relief." It was further held that when a defendant makes a strategic choice to forego the filing of a timely response in an attempt to avoid litigation expense, and even if that choice is made in conjunction with an attempt to effect a settlement, it is well within the discretion of a district court to deem the default wilful and refuse to set it aside. *See Annon Consulting, Inc. v. BioNitrogen Holdings Corp., 650 F. App'x* 729, 732 (11th Cir. 2016)

In the present case, on December 11, 2024 the Attorney Mr. William Nguyen from Ni, Wang & Massand, PLLC and thereafter by Attorneys Mr. Frank Niu from Yue Niu Esq, Mainleaf Law Group PLLC and Darren Heitener from Heitner Legal, P.L.L.C, approached the Counsel for the Plaintiff as counsel representing five (5) Defendants out of the seven Defendants in the Group No. 1 Defendants namely BaoHeng (Def No.52), BeiGaoFu (Def No.65), XiAng (Def No.62), Yinyu (Def No.60), AiFuDian (Def No.58) and inquired about the evidences and advise on resolution. Further, later on Attorneys Mr. Frank Niu along with Darren Heitener also approached the counsel for Plaintiff as counsels representing other two (02) Defendants of Group No. 1 Defendants, namely, FuShi (Def. No. 55) and GuangZhouQiangFengXinS hiPinYouXianGo (Def. No. 61). Likewise, On February 07, 2025, Attorneys Mr. Frank Niu from Yue Niu Esq, Mainleaf Law Group PLLC and Darren Heitener from Heitner Legal, P.L.L.C approached the Counsel for the Plaintiff as counsel representing Group No. 2 Defendants DXOUPM Clothing (Def No. 47) and Mei li Xue (Def No. 59) and inquired about the evidences and advise on resolution. All the aforementioned counsels including the Plaintiff's Counsel were actively and continuously engaged in reaching amicable resolution over a sustained period.

This extended course of conduct unequivocally demonstrates a conscious and strategic decision to forgo timely participation in the proceedings. Having elected to engage in settlement discussions instead of responding, the Defendants cannot now seek to evade the consequences of their wilful default. Accordingly, the Default Final Judgment warrants no interference and ought to be upheld in its entirety.

## B. THE SERVICE OF PROCESS TO THE GROUP NO. 2 DEFENDANTS IS SUFFICIENT

### i. Service was effected pursuant to a valid, binding judicial order that has never been challenged or reversed.

On December 2, 2024, this Court entered its Sealed Order granting Plaintiff's Ex Parte Motion for Order Authorizing Alternate Service of Process Pursuant to Federal Rule of Civil Procedure 4(f)(3) (ECF No. 18) (Hereinafter, referred to as the "Service Order"). The Service Order authorized Plaintiff to serve all Defendants, including those in Defendant Group No. 2, by: (a) sending emails to each Defendant via e-mail accounts associated with their respective e-commerce stores; and (b) posting all documents on Plaintiff's designated website.

In accordance with the Court's Order Plaintiff served the Defendants identified in Group 2 on December 11, 2024, through sending e-mails as well as posting all case documents on Plaintiff's designated website. Proof of Service was also filed on December 19, 2024 (ECF No. 41). Accordingly, service was completed in strict accordance with the express terms of the Service Order. The Service Order has never been appealed, challenged, modified, vacated, or stayed within the limitation period and therefore remains valid and binding.

Defendants, now, seek, through a Rule 60(b)(4) post-judgment motion, to retroactively nullify this Court's own considered judicial Order. That is not a permissible use of Rule 60(b). Rule 60(b)(4) is available where a judgment is "void", a "narrow" class of cases involving true

jurisdictional defects, not arguable procedural disagreements with a court's own discretionary orders. *See, United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 271 (2010). [note:  Rule 60(b)(4) allows a party to seek relief from a final judgment that "is void," but only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard].

Service of process is a jurisdictional requirement. A court lacks jurisdiction over the person of a defendant when that defendant has not been served. See, *Pardazi v. Cullman Med. Ctr.,* 896 F.2d 1313, 1317. However, challenges to service of process will be waived if not raised under Federal Rule of Civil Procedure, rule 12. Under Rule 12, a defendant must raise any challenge to the sufficiency of service of process in the first response to the Plaintiffs complaint; i.e., the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer. *See* Fed.R.Civ.P. 12(b). Once a defendant has waived any objection to insufficient service of process, "the court may not, either upon the defendant's motion or its own initiative," dismiss on that ground." *See, Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.,* 553 F.3d 1351, 1362 (11th Cir. 2008)

Accordingly, Defendants challenge to the sufficiency of service has been waived for failure to timely raise it under Rule 12. The record clearly demonstrates that the service was effected in full compliance with the Court's Service Order on December 12, 2024 through both email and website posting. Further, Defendants received actual notice of this action, as evidenced by their February 07, 2025 communication seeking to engage in amicable resolution with Plaintiff. Despite this the Service Order remains unchallenged and in force under Rule 12 of the Federal Rules of Civil Procedure. Under these circumstances, Defendants cannot now contest personal jurisdiction on the basis of alleged insufficiency of service, and any such argument must be rejected.

ii. **Service by alternative means satisfied constitutional due process and gave Defendants actual notice of the present copyright litigation.**

It is submitted that the service by the Plaintiff through court directed Alternative means was constitutionally sufficient because it was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See, Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). See also *Milliken v. Meyer,* 311 U. S. 457; *Grannis v. Ordean,* 234 U. S. 385.

a. **The Alternate Service to the Defendants in Group No. 2 in the present case is reasonably calculated to apprise the Defendants of the pendency of the action.**

Federal Rule of Civil Procedure Rule 4(h) outlines the proper means of service upon foreign corporations, including "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f), except personal delivery under (f)(2)(C)(i)." An alternative method of service under Rule 4(f)(3) is available without first attempting service by other means. *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *See, Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc., No.* 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries,* 353 F.3d 916, 921, 927 (11th Cir. 2003)). *See also, Shenzhen Hengzechen Technology Co., Ltd., Plaintiff, v. The Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A", Defendants,* Civil Action No. 23-23380-Civ Scola (S.D. Fla. October 19, 2023).

Rule 4(f)(3) of the Federal Rules of Civil Procedure permits the court to order service by any means not prohibited by international agreement, as long as the method of service comports with constitutional notions of due process. Although the United States and China are signatories to The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), The Hague Convention does not specifically preclude service by e-mail and website posting. The courts in Southern District of Florida have consistently observed and taken into cognisance that China has declared that it opposes to the alternative means of service outlined in Article 10 of the Hague Convention. However, the objection is specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via e-mail or website posting. Where a signatory nation to The Hague Convention has objected to an alternative means of service, that objection is limited to those specific means and does not represent an objection to other forms of service, such e-mail or website posting. *See, Stat Med. Devices, Inc. v. HTL-Strefa, Inc.,* No. 15-cv-20590, 2015 WL 5320947, at \*3 (S.D. Fla. Sept. 14, 2015). *See also, XYZ Corporation v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A*," Case No. 24-CV-22237 (S.D. Fla. August. 13, 2024). *See also, Wright v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule "A",* No. 23-24437, 2023 WL 8234577, at \*2 (S.D. Fla. Nov. 28, 2023). *See also, Shenzhen Hengzechen Technology Co., Ltd., Plaintiff, v. The Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A", Defendants,* Civil Action No. 23-23380-Civ Scola (S.D. Fla. October 19, 2023). Thus, all that is required is that the proposed service is not prohibited by international agreement and such service comports with Constitutional due process, meaning that it is "reasonably calculated" to provide the defendants notice and an opportunity to defend. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir.

2002); *see also Chanel, Inc. v. Zhixian,* No. 10-cv-60585, 2010 WL 1740695, at 2–3 (S.D. Fla. Apr. 29, 2010) (Cohn, J.).

Additionally, due process is not offended by the proposed methods of service. The due process in the form of alternate method of service was completely and validly fits to the facts and circumstances to this particular case. See, Plaintiff's Ex-parte Mot. for Alt. Ser. (ECF No. 16) and Court's Order granting Mot. For Alt. Ser. (ECF No. 18). The Plaintiff completed the service by emailing to all the Defendants at least one known and valid form of electronic contact along with website posting. *See Brockmeyer v. May,* 383 F.3d 798, 805 (9th Cir. 2004) (cleaned up); *see also Hinsey v. Better Built Dry Kilns, Inc.,* 2009 WL 1766883, 2, (N.D. Ind. June 22, 2009).[note: Rule 4(f)(3) provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case."]

Further, Defendants heavy reliance on *Smart Study Co., Ltd. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025), for the proposition that The Hague Convention prohibits email service on Chinese defendants is unavailing and misplaced.

Firstly, *Smart Study* is a decision of the United States Court of Appeals for the Second Circuit. It is not binding on this Court, which sits in the Eleventh Circuit. The Eleventh Circuit has not adopted the *Smart Study* holding, and binding Eleventh Circuit authority, that confers broad discretion on district courts to order alternative service methods that are not expressly prohibited. This Court is bound by Eleventh Circuit precedent, not the Second Circuit's minority position. Secondly, *Smart Study* represents a minority view that is squarely in conflict with the great weight of authority from courts across the country, including multiple judges of the Southern District of Florida. Courts in this District have regularly and consistently authorized email service on Chinese defendants without restriction. *See, e.g., Stat Med.*

*Devices, Inc. v. HTL-Strefa, Inc.,* No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015).

Therefore, the alternate service is therefore reasonably calculated, under all circumstances, to apprise Defendants of the pending action and afford them an opportunity to respond. Moreover, these are the most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses.

### b. The Defendants mentioned in Group 2 had actual notice of the present Copyright Litigation.

Even assuming *arguendo* that there exists a small window considering the Defendants objection to mode of service, such objection is immaterial in light of the Defendants' admitted actual and continuing notice of the present proceedings. The Defendant in its Motion admits that Defendant in Group No. 2 and the Plaintiff were negotiating for a settlement. *See*, Defendants Motion to Vacate Default Judgment (ECF No. 148) ¶ 10-11. Courts have repeatedly held that technical defects in service do not warrant dismissal where the defendant has actual notice and suffers no prejudice. *See, Karlsson v. Rabinowitz*, 318 F.2d 666 (4th Cir. 1963).

The defendants particularly mentioned in Group 2 in fact received the notice of this action. On February 07, 2025, Attorneys Mr. Frank Niu from Yue Niu Esq, Mainleaf Law Group PLLC and Darren Heitener from Heitner Legal, P.L.L.C approached the Counsel for the Plaintiff as counsel representing DXOUPM Clothing (Def No. 47) and Mei li Xue (Def No. 59) and inquired about the evidences and advise on resolution. All the aforementioned counsels including the Plaintiff's Counsel were actively and continuously engaged in reaching amicable resolution over a sustained period. This extended course of conduct unequivocally demonstrates that Defendants had actual, ongoing, and informed notice of this action, thereby,

confirming that the purpose of service was fully achieved. Any challenge to service on this basis is therefore without merit and must be rejected.

## C. THE COURT PROPERLY EXERCISED PERSONAL JURISDICTION AGAINST THE DEFENDANTS

To ascertain whether specific personal jurisdiction exists, the court must apply a two-step inquiry: (1) whether jurisdiction is proper under Florida's long-arm statute; and (2) whether the exercise of jurisdiction comports with due process Clause of the Fourteenth Amendment to the United States Constitution. *See, Internet Solutions Corp. V. Marshall 557 F.3d 1293 (11th Cir. 2009)*. The Defendant in its motion to vacate default judgment has argued that the Court lacks personal jurisdiction on the ground that it does not comport with due process. It is submitted that the Defendants' argument is misleading and devoid of any substantive basis.

i. **Defendants' Interactive Commercial Storefronts Establishes that Defendants "Purposefully Availed" Itself of the Privilege of Conducting Activities Within the Forum State.**

The constitutional due process inquiry requires that Defendants have "minimum contacts" with Florida and if the district court's exercising of jurisdiction over that defendant would "offend traditional notions of fair play and substantial justice." *See, Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). *See also, Internet Solutions Corp. V. Marshall 557* F.3d 1293 (11th Cir. 2009). For specific jurisdiction, those contacts must reflect that the defendant "purposefully availed itself of the privilege of conducting activities within the forum State." *See, Hanson v. Denckla*, 357 U.S. 235, 253 (1958). *See also*, *American Girl, LLC v. Zembrka*, No. 21-1381 (2d Cir. Sept. 17, 2024).

The Defendants in its Motion to Vacate Default Judgment submits that the Defendants have not made any sale or engaged in any other commercial activity for the purpose of availing

itself of the laws of this state and/or otherwise being subject to this Court's jurisdiction. The recent decision of the United States Court of Appeals for the Second Circuit in *American Girl, LLC v. Zembrka*, No. 21-1381 (2d Cir. Sept. 17, 2024), which was further confirmed by the Supreme Court of United States in *Zembrka, et al. v. American Girl, LLC* through dismissal of writ of certiorari being filed by the defendant directly refuted similar aforementioned argument compelling rejection of Defendants' personal jurisdiction challenge, thereby upholding 2nd Circuit Court's decision.

In *American Girl*, the defendant Zembrka was a China-based e-commerce seller operating interactive websites through which customers, including those in New York, could place orders by inputting billing, payment, and shipping information and receive order confirmations. The district court dismissed the motion for lack of personal jurisdiction on the ground that that Defendant did not actually ship ordered and paid-for goods to New York. The Court of Appeals for the Second Circuit reversed the District Court's judgement and held that "Long-arm jurisdiction is appropriately exercised over commercial actors who have …. used electronic means to project themselves into the forum state to conduct business transactions." The Court held that the "overriding criterion" is whether the non-domiciliary defendant "purposefully avails itself of the privilege of conducting activities within the forum state or not". The test of purposeful availment may or may not include shipping goods. *See, American Girl* at 13 (quoting *State v. Vayu, Inc.*, 39 N.Y.3d 330, 334 (2023)).

The Court further rejected *Zembrka's* attempt to characterize its websites as merely "accessible" from New York while stating that the defendant's operation of interactive commercial websites through which customers could transact business "can readily be characterized as 'highly interactive'" The same argument is raised by the Defendant in the present case and Defendant quoted its stores on e-commerce platform as merely "accessible". The parallel to the instant case is direct and compelling. The Plaintiff in the present case has

sufficiently evidenced in its Amended Complaint (ECF No. 11) as well Motion for TRO (ECF No. 14) that the Defendants:

i.  Operated fully interactive commercial e-commerce stores on e-commerce platforms including Walmart through which U.S. consumers, including those in Florida, could place orders, submit payment, and receive confirmations;

ii.  Presented those infringing products to the entire U.S. marketplace without geographic restriction, including to Florida consumers;

iii.  Utilized platform-level payment and fulfilment systems that processed orders from Florida; and

iv.  Never blocked or restricted Florida residents from accessing or transacting through their stores.

Accordingly, Defendants in the present case have established sufficient minimum contacts with Florida through their deliberate and sustained operation of highly interactive e-commerce stores that target and serve U.S. consumers, including those within this forum. Their conduct reflects clear purposeful availment of the privilege of conducting business in Florida, and the exercise of jurisdiction arises directly from those contacts. Under these circumstances, the assertion of personal jurisdiction fully comports with constitutional due process, as it neither offends traditional notions of fair play and substantial justice nor imposes any unfair burden on Defendants. Defendants attempt to characterize their online activities as merely "accessible" is unavailing and contrary to well-established precedent, and therefore their challenge to personal jurisdiction must be rejected.

## III.   CONCLUSION

For all the foregoing reasons, Plaintiff XYZ Corporation respectfully requests that this Court deny Defendants' Motion to Vacate Default Final Judgment in its entirety.

Respectfully submitted on this 24th Day of April, 2026

**FELDENKRAIS LAW, P.A**.

Attorneys for Plaintiffs

20533 Biscayne Blvd. Suite 469

Aventura, FL 33180

Telephone: (305) 528-9614

Email: mfeldenkrais@gmail.com

By: /s/ Michael Feldenkrais, Esq.

Florida Bar No. 991708