UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-cv-61886-JB

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants

_____/

### Emergency Motion To Stay Execution Of Default Final Judgment

The Defendants listed on Exhibit 1, attached hereto (referred to individually as "Defendant Group No. 1, and "Defendant Group No. 2," and collectively as the "Defendants"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 62(b) and Local Rule 7.1(d)(1), hereby file the following Emergency Motion to Stay Execution of Default Final Judgment ("Motion to Stay") and, in support thereof, state as follows:

### I.    Overview

1.    On September 30, 2025, the Court entered an Order granting Plaintiff's Second Motion for Default Judgment, pursuant to which the Court: (i) awarded statutory damages of $150,000.00 in favor of Plaintiff from each defaulting defendant, and (ii) entered a permanent injunction against defaulting defendants ("Default Final Judgment"). [D.E. 138, 139].

2.    Specifically, the Default Final Judgment states, in pertinent part:

Each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant and those with notice of this Permanent Injunction, including, without limitation, all financial institutions, payment processors, banks, escrow services, money

transmitters, or marketplace platforms, including but not limited to AliExpress, Amazon, Ebay, Joom, Wish, DHGate and Walmart, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") and their related companies and affiliates on which this Court imposed restraints under the Preliminary Injunction shall:… 2) **Apply any funds currently in Defaulting Defendants' financial accounts to satisfy the monetary judgments**.

*See* [D.E. 139, ¶ 3(a)(ii)] (emphasis added).

3.       The Default Final Judgment entered as against Defendants is void and must be vacated as a matter of law. In furtherance thereof, on April 17, 2026, Defendants filed a Motion to Vacate Default Final Judgment ("Motion to Vacate"). [D.E. 148]. The Court has yet to rule on Defendants' Motion to Vacate.

4.       As the Default Final Judgment remains pending with the Court, Defendants' respectfully request that the Court enter an order staying execution thereof until ruling is issued.

5.       **Emergency:** This Motion is being filed on an **emergency** basis pursuant to Local Rule 7.1(d)(1). A ruling is necessary by **May 1, 2026**, as: (i) Plaintiff's response to Defendants' Motion to Vacate is not due until May 1, 2026, (ii) the timeframe for the automatic stay of proceedings as provided by Fed. R. Civ. P. 62(a) has since expired, and (iii) upon information and belief, Plaintiff is currently in the process of enforcing and/or attempting to enforce the Default Final Judgment as it relates to the monetary relief granted therein by freezing and/or liquidating funds in Defendants' accounts, which efforts are ongoing and would render the relief requested herein moot if not granted prior thereto. As Plaintiff is foreign-based, the likelihood of Defendants clawing back funds obtained by Plaintiff is slim absent **immediate** Court intervention. Furthermore, (i) Defendants' have demonstrated a substantial likelihood of success on the merits of its Motion to Vacate due to lack of personal jurisdiction/insufficient service of process based on the arguments set forth therein [D.E. 148]; (ii) as stated herein, Defendants will suffer

irreparable injury unless the Motion to Stay is granted due to Defendants' inability to reclaim funds wrongfully taken from Defendants' account(s); and (iii) the stay would not be adverse to the public interest, as it would allow the Court to fully brief the Motion to Vacate and subsequently try the case on its merits should such be granted, as courts prefer. *See, e.g., In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1295 (11th Cir.2003) (stating because of court's "strong policy of determining cases on their merits," default judgments are generally disfavored).

## II.   Argument

### a. Legal Standard

Fed. R. Civ. P. 62(b) states "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

### b. Stay of the Default Final Judgment is Warranted.

As an initial matter, Defendants' do not seek a stay on an emergency basis as it relates to the non-monetary relief set forth in the Default Final Judgment. *See* [D.E. 139, ¶ 3(a)(i)]. Rather, Defendants seek emergency stay of the monetary relief, i.e., payment of statutory damages of $150,000.00 by way of applying funds currently in Defendants' respective account(s) to satisfy the monetary judgment(s).

"A stay under Rule 62 becomes **a matter of right** once a bond or other security is posted." *Naval Logistic, Inc. v. M/V Fam. Time*, 2024 WL 4950155, at *2 (S.D. Fla. Dec. 3, 2024) (emphasis added). "Therefore, Defendants "are **entitled** to a stay of execution should they post a bond or other security." *Id*. (emphasis added).

As Defendants are seeking stay of execution of the Default Final Judgment solely as it relates to the monetary relief stated therein, it follows that Defendants are entitled to a stay – as a

matter of right – should a bond or other security be posted with the Court. Based on the such notion alone, Defendants' Motion to Stay should be granted.

### c.  Defendants Should be Excused from Posting Bond.

Notwithstanding the foregoing, Defendants should be excused from posting bond or other security in exchange for obtaining stay of the Default Final Judgment. "The burden is on the party requesting a stay to demonstrate why a bond should not be required under Rule 62(b)." *Strutton v. Anderson*, 2023 WL 8663370, at *3 (S.D. Fla. Dec. 15, 2023). The Defendants "must show that, in the absence of standard security, Plaintiffs will be properly secured against the risk that Defendant[s] will be less able to satisfy the judgment after disposition of the post-[judgment] motions." *Id.*; *see also Havana Docks Corp. v. Carnival Corp.*, 2023 WL 2497884, at *2 (S.D. Fla. March 14, 2023) ("The court can only dispense with the requirement for a bond after the judgment debtor has objectively demonstrated his ability to satisfy the judgment and maintain the same degree of solvency…").

Defendants should be excused from posting bond or other security, as the Default Final Judgment already provides Plaintiff security in the nature of freezing and applying the funds in Defendants' respective accounts for the purpose of satisfying the monetary judgment. Specifically, Defendants' accounts have been liquidated a combined $72,429.10, and on information and belief, such funds are currently with Walmart pending transfer to Plaintiff or have already been sent to Plaintiff. Such amount(s) may be maintained as bond or security by the Court for the purpose of demonstrating Defendants' ability to satisfy the monetary judgment until Defendants' Motion to Vacate is resolved. For such reasons, Plaintiff is properly secured against any risk that Defendants will be less able to satisfy judgment following disposition of Defendants' Motion to Vacate. *See, e.g.*, *Xiaocong Pan v. Zhangzhou guanying dianzi shangwu youxiangongsi*, Case No.:

1:24−cv−02667, (N.D. IL Sept. 20, 2024) [D.E. 32] (directing Amazon to withhold the distribution of funds to Plaintiff as to moving defendant, or alternatively, if the distribution is already in progress, directing Plaintiff's counsel to maintain the funds in a segregated account pending resolution of moving defendant's emergency motion to set aside default judgment).

### III.     Conclusion

For the reasons set forth above, Defendants respectfully request that the Court grant Defendants' Motion to Stay, effectively staying all judgment enforcement actions and/or other proceedings as to Defendants pending resolution of Defendants' Motion to Vacate. Alternatively, should such judgment enforcement actions already be in progress, Defendants' respectfully request that the Court order Plaintiff to deposit all such fund(s) received in a segregated account until Defendants' Motion to Vacate is resolved and/or and grant all such other relief as this Court deems just and appropriate.

### **L. R. 7.1(d)(1) Certification**

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

### **Local Rule 7.1(a)(2) Certification**

On April 21, 2026, counsel for Defendants contacted Plaintiff's counsel to meet and confer regarding the relief sought herein. On April 22, 2026, Plaintiff's counsel responded, stating that Plaintiff opposes the relief requested herein.

Dated        April 24, 2026                          Respectfully submitted,

                                                     /s/Alan Mensa-Wilmot
                                                     HEITNER LEGAL, P.L.L.C.
                                                     215 Hendricks Isle
                                                     Fort Lauderdale, FL 33301
                                                     alan@heitnerlegal.com

                                                     *Attorney for the Defendants*

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served April 24, 2026, via transmissions of Notice of Electronic Filing generated by CM/ECF to all parties or counsel of record in this matter.

                                                     /s/Alan Mensa-Wilmot

**Exhibit A**

**Defendant Group No. 1**

| Defendant No. | Store Name | Seller ID |
|---|---|---|
| 52 | BaoHeng | 10001594154 |
| 55 | FuShi | 10001634248 |
| 58 | AiFuDian | 10001650453 |
| 60 | Yinyu | 10001553254 |
| 61 | GuangZhouQiangFengXinShiPinYou XianGongSi | 10001634209 |
| 62 | XiAng | 10001599108 |
| 65 | BeiGaoFu | 10001691707 |

**Defendant Group No. 2**

| Defendant No. | Store Name | Seller ID |
|---|---|---|
| 47 | DXOUPM Clothing | 10001599294 |
| 59 | Mei li xue | 10001525759 |