**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO. 0:24-cv-61886**

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED

ON SCHEDULE "A",

Defendants,

_____/

**PLAINTIFF'S EMERGENCY MOTION FOR REQUIRING DEFENDANTS TO**

**POST SUPERSEDEAS BOND AS CONDITION OF ANY STAY OF ENFORCEMENT**

**OF DEFAULT JUDGMENT**

Plaintiff, XYZ Corporation, (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, files this motion requiring each defendant, namely BaoHeng (Def No.52), BeiGaoFu (Def No.65), XiAng (Def No.62), Yinyu (Def No.60), AiFuDian (Def No.58), FuShi (Def. No. 55), GuangZhouQiangFengXinShiPinYouXianGo (Def. No. 61), DXOUPM Clothing (Def No. 47) and Mei li Xue (Def No. 59). (hereinafter, collectively referred to as "Defendants") to post supersedeas bond as condition of any stay of enforcement of default

judgment. In support thereof, Plaintiff respectfully submits the following Memorandum of Law.

## I. INTRODUCTION

On October 10, 2024, Plaintiff filed the present action for copyright infringement alleging that Defendants, through e-commerce stores, are advertising, promoting, marketing, offering for sale, displaying and soliciting for sale, using Plaintiff's federally registered copyright images or a substantially similar reflection thereof, in violation of federal copyright law. (ECF No. 1). On November 13, 2024 Plaintiff filed Motion for Temporary Restraining Order (ECF No. 14) and Ex parte Motion for Alternate Service (ECF No. 16) against the Defendants mentioned in Schedule A of the Amended Complaint, including the Defendants mentioned in the Motion. The Court granted motion for Temporary Restraining Order and Motion for Alternate Service on December 2 2024. Pursuant to the Court's Alternate Service Order, Plaintiff on December 11, 2024, served the Defendants in full compliance with the Service Order by sending emails to the Defendants and posting all case documents on the designated website. Proof of Service was thereafter filed with the Court on December 19, 2024 (ECF No. 41).

Following the completion of service, and in the absence of any timely Answer or responsive pleading from the Defendants, Plaintiff filed Second Motion for Default Final Judgment on dated April 01, 2025 (ECF No. 132) and obtained a Default Final Judgment against the Defendants on dated September 30, 2025 (ECF No. 138, 139). Court in its Default Final Judgment awarded the statutory damages of One Hundred Fifty Thousand and 0/100 ($150,000.00) U.S. Dollars in favor of Plaintiff from each Defaulting Defendant pursuant to 17 U.S.C. § 504(c). (ECF No. 139). It is submitted that the Defendants have neither complied with nor satisfied the Default Final Judgment. Instead, Defendants filed a Motion to Vacate

Default Final Judgment on April 17, 2026 (ECF No. 148) as a tactic to delay the payment of the Default Judgment amount. Thereafter, on April 24, 2026, Defendants filed emergency motion to stay execution of Default Final Judgement wherein Defendants took the plea that they should be excused from posting bond or other security in exchange for obtaining stay of the Default Final Judgment. (ECF No. 151). The Court on April 24, 2026 passed a paperless order Defendants' Emergency Motion to Stay Execution of Default Final Judgment while excusing from posting bond or other security in exchange for obtaining stay. (ECF No. 152)

In light of Defendants' continued non-compliance with the Court's Order, the risk of asset dissipation, and the nature of Defendants' online commercial activities, Plaintiff respectfully requests that this Court condition any stay of the Default Final Judgment pending adjudication of the Defendants Motion to Vacate upon the posting of a supersedeas bond in the full amount of the Judgment. Such relief is necessary to preserve the status quo and to secure enforcement of the Court's Judgment during the pendency of the Defendants motion.

## II.     MEMORANDUM OF LAW

i.     <u>**A bond is norm for obtaining stay on any Judgment**</u>

Federal Rule of Civil Procedure 62(b) provides that "at any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security." Fed. R. Civ. P. 62(b). "A bond is the norm for obtaining a stay," and "the purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *See, Balboa Capital Corp. v. Vital Pharmaceuticals, Inc.*, Case No.18-61125-CIV-DIMITROULEAS/HUNT, 2022 WL 17477403, a *3 (S.D. Fla. Oct. 2022) (Hunt, J.) (citations omitted). *See also, Naval Logistic, Inc., v. M/V Family Time, and Andrew Vilenchik*, Civil Action No. 23-22379-Civ-Scola (S.D. Fla. Oct. 2024). Therefore, A stay under Rule 62 becomes a matter of right once a bond or

other security is posted." *See, Naval Logistic, Inc. v. M/V Fam. Time*, 2024 WL 4950155, at *2 (S.D. Fla. Dec. 3, 2024).

ii. **Defendants' Burden of Proof to Justify Stay Without Supersedeas Bond**

"The burden is on the party requesting a stay to demonstrate why a bond should not be required under Rule 62(b)." *See, Strutton v. Anderson*, CASE NO. 22-cv-61294ALTMAN/Hunt, 2023 WL 8663370, at *3 (S.D. Fla. Dec. 15, 2023) (Altman, J.) (citation omitted). The Defendants "must show that, in the absence of standard security, Plaintiffs will be properly secured against the risk that Defendants will be less able to satisfy the judgment after disposition of the post-judgment motions." *Id.* (citation omitted). Additionally, a supersedeas bond may be waived "(1) where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money, and (2) where the requirement would put the defendant's other creditors in undue jeopardy." *See, Havana Docks Corp. v. Carnival Corp.*, Case No. 19-cv-21724 BLOOM/MCALILEY, 2023 WL 2497884, at *2 (S.D. Fla. March 14, 2023) (Bloom, J.) (citation omitted).

It is further held that the court can only dispense with the requirement for a bond after the judgment debtor has objectively demonstrated his ability to satisfy the judgment and maintain the <u>same degree of solvency</u> through the appellate process." *Id*. (citation omitted).

Further, Local Rule 62.1 of Local Rules of Southern District of Florida dictates that "a supersedeas bond or other security staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay. Upon its own motion or upon application of a party the Court may direct otherwise." Therefore, local Rule 62.1 specifically contemplates a bond of 110% of a monetary judgment, "to provide security for interest, costs, and any award of damages for delay". *See, Naval Logistic, Inc. v. M/V Fam. Time*, 2024 WL 4950155, at *2 (S.D. Fla. Dec. 3, 2024)

It is submitted that in circumstances where defendants engage in the business that presents high risk of asset dissipation, have failed to comply with the Default Final Judgment, and have offered no assurance of payment in case their Motion to Vacate is denied, courts are well within their discretion to require the posting of security to safeguard the enforceability of the judgment. The supersedeas bond thus operates as a financial guarantee, ensuring that the judgment amount remains secured while post-judgment proceedings are pending.

### III.    ARGUMENTS

**i.    The Risk of Asset Dissipation Is Acute Given the Nature of Defendants Business**

It is submitted that the Defendants operate through anonymous e-commerce storefronts on platforms such as Walmart. This Court has already recognized the heightened risk of asset dissipation in Schedule A cases, which is precisely why the Temporary Restraining Order and asset freeze were granted in the first instance by this Court. *See, Order granting Ex Parte Motion for Temporary Restraining Order* (ECF No. 19).

Further, the record reflects a consistent pattern of non-compliance and delay on the part of Defendants. Despite being properly served in accordance with this Court's orders, Defendants failed to appear or otherwise participate in the proceedings, resulting in the entry of Default Final Judgment. Even after the entry of judgment, Defendants have not taken any steps to satisfy their obligation.

Permitting these Defendants to obtain a stay of a $150,000.00 (per defendant) judgment amounting to $1,350,000 (US DOLLAR ONE MILLION THREE HUNDRED FIFTY THOUSAND) without posting any bond to the equivalent would give the Defendant opportunity to evade the 150,000.00 judgment against each defendant and expose Plaintiff to irreparable financial harm.

**ii.    Defendants Have Failed to Meet Their Burden of Demonstrating That a Bond Should Be Excused**

It is submitted that the Defendants in its emergency motion to Stay the Default Final Judgment (ECF No. 151) argued that approximately $72,429.10 in liquidated Walmart Account cumulative funds constitutes adequate security in lieu of a supersedeas bond. This argument must be rejected outright. The Default Final Judgment entered by this Court awards Plaintiff $150,000.00 per Defaulting Defendant under 17 U.S.C. § 504(c). (ECF No. 139). The $72,429.10 cited by Defendants represents less than 5.5 % of the total judgment amount (specifically against these nine (09) defaulting Defendants, that is, $1,350,000 (US DOLLAR ONE MILLION THREE HUNDRED FIFTY THOUSAND)), leaving a shortfall of approximately $1,277,571 completely unsecured and unaccounted for.

Defendants have offered no explanation, no financial documentation, and no objective evidence demonstrating their ability to satisfy the remaining balance. This falls far short of what courts in this District require. As established in *Havana Docks Corp. v. Carnival Corp.*, Case No. 19-cv-21724, 2023 WL 2497884, at *2 (S.D. Fla. March 14, 2023): "The court can only dispense with the requirement for a bond after the judgment debtor has objectively demonstrated his ability to satisfy the judgment and maintain the same degree of solvency through the appellate process." Defendants have made no such demonstration. Pointing to a partial seizure of funds that represents miniscule part of the judgment (only approximately less than 5.5%) is not an objective demonstration of solvency.

Furthermore, the standard under Local Rule 62.1 requires security of 110% of the judgment amount, i.e., $1,485,000, to account for accruing interest, costs, and damages for delay. The $72,429.10 cited by Defendants does not even approach this threshold, representing less than 5% of the required security amount under Local Rule 62.1.

## IV.    CONCLUSION

For all the foregoing reasons, Plaintiff XYZ Corporation respectfully requests that this Court enter an Order requiring each Defendant mentioned abov to post a supersedeas bond in an amount equal to the full value of the Default Final Judgment within a time period set by this Court; and granting such other and further relief as this Court deems just and proper.

Respectfully submitted on this 27th Day of April, 2026.

**FELDENKRAIS LAW, P.A**.

Attorneys for Plaintiffs

20533 Biscayne Blvd. Suite 469

Aventura, FL 33180

Telephone: (305) 528-9614

Email: mfeldenkrais@gmail.com

By: /s/ Michael Feldenkrais, Esq.

Florida Bar No. 991708

## CERTIFICATE OF GOOD-FAITH CONFERRAL

I HEREBY CERTIFY that on April 23, 2026, counsel for the Plaintiff contacted Defendants' counsel to meet and confer regarding the Plaintiff's above-mentioned Motion. On April 24, 2026, Defendant's counsel responded, stating that Defendant opposes the above-mentioned Motion.

**FELDENKRAIS LAW, P.A.**
Attorneys for Plaintiffs
20533 Biscayne Blvd. Suite 469
Aventura, FL 33180
Telephone: (305) 528-9614
Email: mfeldenkrais@gmail.com
By:/s/ Michael Feldenkrais, Esq.
Florida Bar No. 991708

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served on April 27, 2026, via transmissions of Notice of Electronic Filing generated by CM/ECF to all parties or Counsel of record in this matter.

By:/s/ Michael Feldenkrais, Esq.