UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-61886-JB

XYZ CORPORATION,

     Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A"

     Defendants.

_____/

## ORDER GRANTING DEFENDANTS'
## MOTION TO VACATE DEFAULT FINAL JUDGMENT

**THIS CAUSE** comes before the Court on the Motion to Vacate Default Final Judgment filed by Defendants BaoHeng, FuShi, AiFuDian, Yinyu, GuangZhouQiangFengXinShiPinYouXianGongSi, XiAng, BeiGaoFu ("Defendant Group No. 1"), DXOUPM Clothing, and Mei Li Xue ("Defendant Group No. 2" and together with Defendant Group No. 1, "Defendants"). ECF No. [148]. Plaintiff filed a Response to the Motion. ECF No. [150]. On May 22, 2026, the Court held oral argument on the Motion. ECF No. [158]. Upon due consideration of the Motion, the arguments of the parties, the relevant legal authorities, and for the reasons explained below and stated at the oral argument which are incorporated herein, Defendants' Motion to Vacate is **GRANTED.**

1

## I.   BACKGROUND

On October 10, 2024, Plaintiff initiated this action for copyright infringement, alleging that Defendants, through e-commerce stores, are manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate Plaintiff's federally-registered copyright images ("Plaintiff's Copyright") or a substantially similar reflection thereof, in violation of federal copyright law.  ECF No. [1].   On November 13, 2024, Plaintiff filed an *Ex Parte* Motion for Order Authorizing Alternative Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3).  ECF No. [16].  On December 2, 2024, the Court granted the Motion, allowing service on Defendants through email and website posting.  ECF No. [18].  In compliance with the Order, Plaintiff served Defendants via email and website posting, and proof of service was filed with the Court.  ECF No. [41].  On February 25, 2025, Plaintiff filed a Second Amended Complaint, which is the operative complaint (the "Complaint").  ECF No. [114].

On April 1, 2025, following completion of service and in the absence of any timely Answer or responsive pleading from Defendants, Plaintiff filed a Second Motion for Default Final Judgment.  ECF No. [132].  On September 30, 2025, the Court granted Plaintiff's Second Motion for Default Final Judgment, ECF No. [138] and entered a Default Final Judgment against Defendants (the "Default Final Judgment"), ECF No. [139].  In the Default Final Judgment, the Court awarded statutory damages in the amount of $150,000.00 from each Defendant, as well as permanent injunctive relief.  ECF No. [139] at ¶¶ 2–3.

More than six months later, on April 17, 2026, Defendants filed the Motion to Vacate.  ECF No. [148].  In the Motion, Defendants argue that vacatur of the Default Final Judgment is warranted on three grounds.  First, Defendants argue that the Default Final Judgment is void due to lack of personal jurisdiction.  *Id.* at 3–6. Second, Defendants argue that the Default Final Judgment is void as entered against Defendant Group No. 2 due to insufficient service of process.  *Id.* at 6–10.  And third, Defendants argue that the Default Final Judgment should be vacated pursuant to Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6) because the statutory damages awarded are "excessive and inequitable."  *Id.*  at 10–11.

In its Response, Plaintiff argues that the Default Final Judgment entered by the Court was proper in all respects.  ECF No. [150] at 2.  First, Plaintiff argues that the Court has personal jurisdiction over Defendants because "Defendants deliberately operated 'highly interactive' commercial e-commerce storefronts on platforms including Walmart, targeting United States consumers including those residing in Florida, without any geographic restriction."  *Id.* at 2–3.  Second, Plaintiff argues that service of process was effectuated in strict compliance with the Court's order authorizing alternative service of process, "a method that was not only judicially sanctioned but also constitutionally adequate and practically effective."  *Id.* at 3.  Third, Plaintiff argues that "Defendants cannot now seek to unwind the Default Final Judgment through the narrow scope of Rule 60(b)(4)."

On April 24, 2026, Defendants filed an Emergency Motion to Stay Execution of the Default Final Judgment pending the Court's ruling on the instant Motion, ECF

No. [151], which the Court granted, ECF No. [152].  Plaintiff thereafter moved the Court for an order requiring Defendants to post a supersedeas bond as a condition of any stay of execution of the Default Final Judgment, ECF No. [156], which the Court denied, ECF No. [156].

## II.    Legal Standard

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside a final default judgment under Rule 60(b)."   Rule 60(b) authorizes a district court to "relieve a party … from a final judgment" in certain limited circumstances, including where "the judgment is void." "[A] default judgment entered against a defendant who is not subject to personal jurisdiction is void." *Fameflynet, Inc. v. Oxamedia Corp.*, No. 17-cv-80879, 2018 WL 8244525, at *1 (S.D. Fla. May 1, 2018) (quoting *CHCC Co. LLC v. Pilgrim Pipeline Holdings, LLC*, No. 16-cv-1954, 2017 WL 4216464 (M.D. Fla. Sept. 22, 2017)).

## III.    Discussion

Defendants argue that the Default Final Judgment is void due to lack of personal jurisdiction, and thus "not only should the Default Final Judgment be vacated, but Plaintiff's Complaint against Defendants must be dismissed with prejudice." ECF No. [148] at 3–6.

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d

1260, 1274 (11th Cir. 2009)).   The complaint must include "properly pleaded facts pertinent to the conduct and activities of the defendant in the forum state[.]" *Borislow v. Canaccord Genuity Grp. Inc.*, No. 14-cv-80134, 2014 WL 12580259, at *4 (S.D. Fla. June 27, 2014) (citing *Elmex Corp. v. Atl. Fed. Sav. & Loan Ass'n of Ft. Lauderdale*, 325 So. 2d 58, 61 (Fla. 4th DCA 1976)) (internal quotation marks omitted).   When a defendant submits evidence in support of its challenge to personal jurisdiction, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *United Techs. Corp.*, 556 F.3d at 1274 (quoting *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (internal quotation marks omitted)).   "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff," *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (citation omitted), and must "accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits," *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

To determine whether personal jurisdiction exists, a federal court undertakes a two-step inquiry.   *Louis Vuitton Malletier*, 736 F.3d at 1350.   First, it must determine whether the exercise of jurisdiction is appropriate under the state long-arm statute.   *Id.*   Second, if jurisdiction under the long-arm statute is proper, the court must then consider whether the exercise of jurisdiction violates with the Due Process Clause of the Fourteenth Amendment.   *Id.*

A defendant can be subject to personal jurisdiction under Florida's long arm-statute in two ways.  *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203–04 (11th Cir. 2015).  "[F]irst, section 48.193(1)(a) lists acts that subject a defendant to *specific* personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida[.]"  *Id.* at 1204 (citing Fla. Stat. § 48.193(1)(a)).  "[S]econd, section 48.193(2) provides that Florida courts may exercise *general* personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in 'substantial and not isolated activity' in Florida."  *Id.* (quoting Fla. Stat. § 48.193(2)).  Because Plaintiff does not argue that Defendants are subject to general personal jurisdiction, *see* ECF No. [150] at 11, the Court considers only whether the exercise of specific personal jurisdiction over Defendants is proper.

Plaintiff alleges that Defendants are subject to personal jurisdiction because "Defendants infringe Plaintiff's Copyright in [Florida] by manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing unauthorized reproductions of Plaintiff's Copyright through … Internet based e-commerce stores and fully interactive commercial Internet websites…."  ECF No. [114] at ¶ 14.  Thus, Plaintiff's argument for personal jurisdiction is based on Fla. Stat. § 48.193(1)(a)(2), which extends specific personal jurisdiction over a nonresident defendant who is "[c]omitting a tortious act within this state."

"Under the committing a tortious act prong, a court may assert jurisdiction over a nonresident defendant who commits a tort outside of the state that causes

injury inside the state, meaning the defendant's physical presence is not required if the tort causes an injury in Florida." *Sutherland v. SATO Glob. Sols., Inc.*, No. 17-cv-61596, 2018 WL 3109627, at *5 (S.D. Fla. Apr. 10, 2018) (alteration adopted; quotation marks and citation omitted). "Copyright infringement is a tortious act within the meaning of § 48.193(1)(b)." *Foreign Imported Prods. & Pub., Inc. v. Grupo Indus. Hotelero, S.A.*, No. 07-cv-22066, 2008 WL 4724495, at *5 (S.D. Fla. Oct. 24, 2008) (citing *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 857 (11th Cir. 1990)).

Here, Defendants argue that "Plaintiff's attempt at asserting specific personal jurisdiction fails due to the fact that Defendants have never sold an allegedly infringing product within the State of Florida" and "[a]s a result, Defendants have not purposefully availed themselves of doing business in Florida, nor have Defendants engaged in any actual interactions in the state for the purpose of Plaintiff being able to show … that its injuries arose out of Defendants' activities in Florida." ECF No. [148] at 4. In support, Defendants provide declarations that establish that they never sold any product in Florida, advertised in Florida, or engaged in any other commercial activities that would subject Defendants to the Court's jurisdiction. *See* ECF Nos. [148-1], [148-2].

In response, Plaintiff asserts that Defendants "operated fully interactive e-commerce platforms including Walmart through which U.S. consumers, including those in Florida, could place orders, submit payment, and receive confirmations," as Defendants "[n]ever blocked or restricted Florida residents from accessing or

transacting through their stores." ECF No. [150] at 13. Based solely on the website accessibility, Plaintiff contends that Defendants "purposeful[ly] avail[ed themselves] of the privilege of conducting business in Florida" and the exercise of specific personal jurisdiction over Defendants is proper. *Id.* In support of this contention, Plaintiff relies on *American Girl, LLC v. Zembrka*, 118 F.4th 271 (2d Cir. 2024), *cert. denied sub nom. Zembrka v. American Girl, LLC*, 145 S. Ct. 1130 (2025).

Plaintiff's reliance on *American Girl* is misplaced. As an initial matter, the Second Circuit's decision is not binding on this Court. Moreover, the Eleventh Circuit precedent on this issue is clear that operation of an interactive website, without more, does not establish purposeful availment of the forum state. *See Louis Vuitton v. Mosseri*, 736 F.3d 1339, 1358 (11th Cir. 2013) ("[P]urposeful availment for due process was shown here because, *in addition to his fully interactive … website* accessible in Florida, Mosseri had *other contacts* with Florida—through selling and distributing infringing goods through his website to Florida consumers—and the cause of action here derives directly from those contacts." (emphasis added)); *World Media All. Label Inc. v. Believe SAS*, No. 23-cv-21894, 2024 WL 1571341, at *3 (S.D. Fla. Jan. 24, 2024) (holding that specific personal jurisdiction over the defendant did not exist and stating that, "[m]ere access to an infringing work online in a state is not sufficient for personal jurisdiction without more"), *aff'd*, No. 24-12079, 2025 WL 2102017 (11th Cir. July 28, 2025).

Further, the Second Circuit's finding of purposeful availment in *American Girl* rested on multiple contacts between the defendant and the State of New York,

with the defendant's "highly interactive" website serving as merely one contact among several. *American Girl, LLC*, 118 F.4th at 277 (holding that the defendant "purposefully availed itself of the privilege of conducting activities within New York" based on evidence demonstrating that the defendant "accepted orders with New York shipping addresses, sent confirmatory emails with New York shipping addresses containing commitments to ship to those New York addresses, and accepted payments from a customer with a New York address" and noting that the defendant's highly interactive websites were merely "*another* contact that contributes to their purposeful availment of New York" (emphasis added)). Here, by contrast, Plaintiff identifies no contacts between Defendants and Florida beyond Defendants' e-commerce websites that Florida consumers could—but never did—use to place an order. *See generally* ECF No. [150]. Accordingly, *American Girl* provides no support for Plaintiff's personal jurisdiction theory.

In addition, Plaintiff specifically alleges that the infringing activity in this case is Defendants "manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Copyright … through various Internet based e-commerce stores and fully interactive commercial Internet websites…." ECF No. [114] ¶ 3. Therefore, as alleged by Plaintiff, Defendants' infringing activity (and therefore, tortious activity) is not simply the posting of a website; but rather, the promotion, selling, and distribution of infringing goods through their websites. *See id.* As the Eleventh Circuit has made clear, in order to satisfy Florida's long-arm statute, an injury must arise from the

specific infringing activities, not merely from the website's accessibility. *See Louis Vuitton*, 736 F.3d at 1354 (concluding that the defendant's tortious acts caused injury in Florida because the infringing goods "were not only accessible on the website, but were sold to Florida customers through that website"); *see also Atmos Nation, LLC v. BnB Enter., LLC*, 16-cv-62083, 2017 WL 3763949, at *4 (S.D. Fla. Apr. 24, 2017) (finding Florida's long-arm statute satisfied where defendant admitted it sold three infringing products on its website to customers in Florida); *Michael Grecco Prods., Inc. v. Imageselect B.V.*, No. 21-cv-21999, 2022 WL 18779105, at *6 (S.D. Fla. Sept. 27, 2022) ("A website's accessibility in Florida does not conclusively satisfy Florida's long-arm statute….").

As stated above, Defendants provided declarations, which establish that they never sold any product in Florida, advertised in Florida, or engaged in any other commercial activities that would subject Defendants to the Court's jurisdiction. *See* ECF Nos. [148-1], [148-2]. Thus, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *United Techs. Corp.*, 556 F.3d at 1274 (quoting *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)) (internal quotation marks omitted).

To support the conclusion that Plaintiff has sustained an injury in Florida sufficient to satisfy the long-arm statute in this case, Plaintiff must come forward with some proof to support that Defendants marketed, sold, promoted, or distributed the infringing products or services to Florida customers as a result of viewing

Defendants' e-commerce websites.  *See Louis Vuitton*, 736 F.3d at 1354.  Plaintiff, however, fails to do so.

In this regard, the Court finds *Organic Mattresses, Inv. v. Envtl. Res. Outlet, Inc.*, No. 17-cv-21905, 2017 WL 5665354, at \*11 (S.D. Fla. Oct. 6, 2017), *report and recommendation adopted*, 2017 WL 5665356, at \*1 (S.D. Fla. Oct. 24, 2017) instructive.  In *Organic Mattresses*, the plaintiff alleged that the defendants used slogans on their websites that infringed on plaintiff's trademarks because the slogans were being used to advertise, market, and promote defendants' products in interstate commerce.  *Id*. at \*1–2.  The Court ultimately determined that there was no injury in Florida, and therefore no personal jurisdiction under Florida's long-arm statute, because there was "no nexus between any of the [d]efendants' activities and an injury suffered in Florida alleged in [the] complaint."  *Id*. at \*11–12.  The Court specifically observed that there was no proof that the defendants' products were ever sold to consumers in Florida who had viewed the allegedly infringing materials on the subject websites.  *Id*. at \*11.

The same is true here.  Plaintiff has provided no evidence to rebut Defendants' declarations which establish that Defendants never sold any products in Florida, advertised in Florida, nor engaged in any other commercial activities in the State.  Plaintiff has therefore failed to demonstrate a nexus between Defendants' activities and an injury suffered in Florida, such that an exercise of specific jurisdiction under Florida's long-arm statute would be proper in this case. *See Imageselect B.V.*, 2022 WL 18779105, at \*6 ("[F]inding that a website's accessibility is determinative of

11

whether a party can be subject to personal jurisdiction would mean any website owner anywhere in the world, even one with zero contacts in Florida, could be sued in Florida").[1]

Because Plaintiff failed to satisfy the requirements under Florida's long-arm statute, the Court does not consider whether the exercise of jurisdiction in this case satisfies the Due Process Clause. *See Estate of Scutieri v. Chambers*, 356 F. App'x 951, 953 (11th Cir. 2010) (concluding that a due process analysis is unnecessary where the long-arm statute is not met). Under these circumstances, the Court also declines to address Defendants' remaining arguments concerning insufficient service of process and the alleged excessiveness of the statutory damages award.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.  Defendants' Motion to Vacate Default Final Judgment, ECF No. [148] is

       **GRANTED**.

---

[1] The Court also notes that Plaintiff does not reside in Florida. ECF No. [114] ¶ 5; *see also Vital Pharms., Inc. v. Bang Diamonds LLC*, No. 22-CV-60155, 2022 WL 3867894, at *4 (S.D. Fla. Aug. 30, 2022) ("Florida's long-arm statute is satisfied by allegations of [copyright] infringement occurring on a website accessible in Florida, 'if the owner of the mark resides in Florida.'" (quoting *Honus Wagner Co. v. Luminary Grp. LLC*, No. 17-cv-61317, 2017 WL 6547889, at *8 (S.D. Fla. Dec. 21, 2017)). Accordingly, the state does not have a strong interest in exercising jurisdiction. *See Imageselect B.V.*, 2022 WL 18779105, at *6 (noting that while a state has a strong interest in exercising jurisdiction over those who commit intention torts against its residents, that interest is absent where the plaintiff is not a Florida resident).

2. The Court's Order on Second Motion for Default Final Judgment, ECF No. [138] is **VACATED** only as to Defendants BaoHeng, FuShi, AiFuDian, Yinyu, GuangZhouQiangFengXinShiPinYouXianGongSi, XiAng, BeiGaoFu, DXOUPM Clothing, and Mei Li Xue.

3. The Default Final Judgment, ECF No. [139] is **VACATED** only as to Defendants BaoHeng, FuShi, AiFuDian, Yinyu, GuangZhouQiangFengXinShiPinYouXianGongSi, XiAng, BeiGaoFu, DXOUPM Clothing, and Mei Li Xue.

4. Defendants BaoHeng, FuShi, AiFuDian, Yinyu, GuangZhouQiangFengXinShiPinYouXianGongSi, XiAng, BeiGaoFu, DXOUPM Clothing, and Mei Li Xue are **DISMISSED** from this action.

5. The Clerk is directed to **TERMINATE** BaoHeng, FuShi, AiFuDian, Yinyu, GuangZhouQiangFengXinShiPinYouXianGongSi, XiAng, BeiGaoFu, DXOUPM Clothing, and Mei Li Xue as Defendants in this action.

6. Plaintiff is **ORDERED** to return all funds collected from the financial accounts of Defendants BaoHeng, FuShi, AiFuDian, Yinyu, GuangZhouQiangFengXinShiPinYouXianGongSi, XiAng, BeiGaoFu, DXOUPM Clothing, and Mei Li Xue pursuant to the Default Final Judgment.

7. Plaintiff is further **ORDERED** to cease and desist all enforcement efforts attendant to the Default Final Judgment as to Defendants

BaoHeng, FuShi, AiFuDian, Yinyu, GuangZhouQiangFengXinShiPinYouXianGongSi, XiAng, BeiGaoFu, DXOUPM Clothing, and Mei Li Xue.

**DONE AND ORDERED** in Miami, Florida this 13th day of July, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**