**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:24-cv-61886-JB**

XYZ CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

Defendants.
_______________________________________________/

**ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

**THIS CAUSE** comes before the Court upon the Aliver Defendants'[1] Motion for Attorney's Fees and Costs (the "Motion). ECF No. [133]. Plaintiff, Guangzhou Tinpod Electronic Technology Co., Ltd. ("Plaintiff"), filed a Response in Opposition to the Motion, ECF No. [136]. No Reply has been filed, and the time to do so has passed. On May 1, 2026, the Court held oral argument on the Motion. ECF No. [146]. Upon due consideration of the parties' submissions, argument of counsel, the pertinent portions of the record, and the relevant legal authorities, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED**.

[1] The Aliver Defendants refers to Defendant Nos. 1 (SHANWU), 8 (KuiyaShangmao), 9 (libanshangmao), 11 (Mianyangchuangshiyou), 12 (yongxudedian), 19 (lihaitengshisanzhan), 20 (Beauty Nature), 21 (tangxiashangmao), 22 (FCZJYUS), 23 (Mcukv Beauty), 25 (Stellar Express), 26 (Yep US), 27 (shenzhenshifeikoushengwukejiyouxiangongsi), 29 (li521322101), 31 (Aliver Official), 32 (Elaimei), 33 (SEFUDUN), and 35 (Oimmal). *See* ECF Nos. [29], [30], [42], [129].

## I. BACKGROUND

On October 10, 2024, Plaintiff initiated this copyright-infringement action against the Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A", including the Aliver Defendants, alleging that they infringed upon Plaintiff's copyrighted artwork through their online storefronts. ECF No. [1]. Plaintiff subsequently filed the Amended Complaint, ECF No. [11], and the Second Amended Complaint, which is the operative complaint, ECF No. [114].

On November 13, 2024, Plaintiff filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "PI Motion"). ECF No. [14]. The Court granted the temporary relief sought in the PI Motion and set a preliminary injunction hearing. ECF No. [19]. On December 14, 2024, Shenzhen Moulis Electronic Co., Ltd. ("Shenzhen Moulis"), on behalf of the Aliver Defendants, filed a Response in Opposition to the PI Motion. ECF No. [30]. In opposing Plaintiff's entitlement to preliminary injunctive relief, the Aliver Defendants asserted "the alleged copyrighted [artwork] was not created by Plaintiff but was instead copied from Shenzhen Moulis's own works" and argued that Plaintiff could not demonstrate a substantial likelihood of success on the merits on its copyright infringement claim. *Id.* at 3, 4–10. The Aliver Defendants further argued that Plaintiff could not establish the remaining factors required for preliminary injunctive relief. *Id.* at 10–14. Plaintiff filed a motion opposing Shenzhen Moulis's appearance on behalf of the Aliver Defendants, arguing that Shenzhen Moulis had not properly appeared for those Defendants and could not oppose preliminary

injunctive relief on their behalf (the "Motion to Oppose"). ECF No. [31] at 1–4. The Aliver Defendants responded that Shenzhen Moulis was authorized to appear and oppose PI Motion on their behalf. ECF No. [43] at 5–9.

The Court held oral argument on the PI Motion and the Motion to Oppose. ECF Nos. [36], [46]. On December 22, 2024, the Court denied Plaintiff's Motion to Oppose as moot because Plaintiff's counsel indicated during oral argument that he no longer opposed Shenzhen Moulis appearance on behalf of the Aliver Defendants, which was the basis of the Motion to Oppose. ECF No. [47]. In addition, the Court denied the PI Motion after finding that Plaintiff's allegations were not likely to succeed given serious infirmities in its Amended Complaint. *Id.*

On February 10, 2025, the Aliver Defendants filed a Motion to Dismiss the Amended Complaint. ECF No. [107]. Rather than respond to the Motion to Dismiss, Plaintiff filed a Motion for Leave to File the Second Amended Complaint. ECF Nos. [113], [114]. On March 8, 2025, the Court entered an order granting Plaintiff leave to file the Second Amended Complaint and requiring the Aliver Defendants to file their response to the Second Amended Complaint by March 28, 2025. ECF No. [119]. The Court's order also denied the Aliver Defendants' Motion to Dismiss the Amended Complaint as moot in light of the Second Amended Complaint. *Id.*

On March 27, 2025, the day before the Aliver Defendants were due to respond to the Second Amended Complaint, Plaintiff filed a notice of voluntary dismissal with prejudice as to the Aliver Defendants pursuant to Rule 41(a)(1)(A)(i). ECF No. [129].

On March 28, 2025, the Court entered an Order dismissing the action with prejudice as between Plaintiff and the Aliver Defendants. ECF No. [131].

The Aliver Defendants thereafter filed the instant Motion, seeking $39,802.50 in attorney's fees pursuant to 17 U.S.C. § 505, Rule 54, and Local Rule 7.3. ECF No. [133]. The Aliver Defendants argue that they are prevailing parties because Plaintiff dismissed its claims against them with prejudice after they appeared in the case, successfully opposed Plaintiff's request for preliminary injunctive relief, and challenged Plaintiff's likelihood of success on the merits. *Id.* at 5–10. The Aliver Defendants further argue that neither a "material alteration of the legal relationship between the parties" nor "judicial imprimatur" is required for a defendant to prevail. *Id.* at 9. Moreover, the Aliver Defendants argue that a fee award is warranted under the Copyright Act because Plaintiff's infringement theory was objectively unreasonable. *Id.* at 12–15. They contend that Plaintiff did not adequately allege access to the copyrighted works and failed to support essential elements of its copyright claims. *Id.* They also argue that Plaintiff's litigation strategy imposed significant defense costs on the Aliver Defendants and that an award of fees is necessary to compensate them and deter similar litigation tactics in future Schedule A copyright cases. *Id.* at 15–17.

Plaintiff filed a Response in Opposition to the Motion. ECF No. [136]. Plaintiff first argues that the Motion should be denied because the Aliver Defendants untimely served their draft of the Motion in violation of Local Rule 7.3. *Id.* at 4–6; *see also* S.D. Fla. L. R. 7.3(b) (requiring that "a draft motion compliant with Local Rule 7.3(a)(1)-

(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule").[2] Next, Plaintiff argues that the Aliver Defendants are not prevailing parties because Plaintiff's notice of voluntary dismissal was filed under Rule 41(a)(1)(A)(i), which is self-executing and does not require judicial approval. *Id.* at 6–9. Plaintiff contends that prevailing-party status requires a material alteration of the parties' legal relationship marked by judicial imprimatur and that no such judicial action occurred here because the dismissal resulted from Plaintiff's unilateral notice rather than from a court order rejecting Plaintiff's claims. *Id.* at 9–10. Plaintiff also argues that the Court's denial of Plaintiff's PI Motion without prejudice does not establish prevailing-party status because it did not finally resolve the merits of Plaintiff's claims. *Id.* at 10. Finally, Plaintiff asserts that the Aliver Defendants are not entitled to claim any attorney's fees and "reserve[d] its right" to respond to the fee calculation. *Id.* at 16. At oral argument, however, Plaintiff's counsel stated he was no longer opposing the fee calculation.

## II. ANALYSIS

The Copyright Act provides that a court "may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The Court must now determine whether the Aliver Defendants are prevailing parties and, if so, whether a

[2] The Aliver Defendants filed a Motion for Extension of Time *Nunc Pro Tunq*, requesting that the Court extend the deadline for service of the draft Motion. ECF No. [134]. The Court held oral argument on the Motion for Extension of Time on May 1, 2026, and ruled on the record that the Motion for Extension of Time was granted. ECF No. [146]. Accordingly, Plaintiff's untimeliness argument is now moot.

fee award is warranted under the discretionary factors governing fee awards under the Copyright Act.

**A. The Aliver Defendants Are Prevailing Parties.**

The first issue is whether the Aliver Defendants are prevailing parties under 17 U.S.C. § 505. Under the facts at hand, there is no clear precedent to guide the Court. To the contrary, whether a defendant prevails after a voluntary dismissal with prejudice under Rule 41(a)(1)(A)(i) is an issue that has not been squarely addressed in our Circuit. The parties have not identified, and the Court has not found, a controlling Eleventh Circuit case addressing this precise issue. Instead, the Eleventh Circuit has left unresolved whether "a voluntary dismissal *with prejudice* by a plaintiff *alone* either lacks or creates the necessary judicial *imprimatur* to establish a claimant 'substantially prevailed.'" *United States v. $8,500.00 in United States Currency*, No. 23-10971, 2025 WL 2406318, at *4 (11th Cir. 2025) (per curiam) (emphasis in original).

There is no dispute that if the dismissal had been without prejudice under Rule 41(a)(1)(A)(i), the Aliver Defendants would not have prevailed for attorney's fees purposes. In *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358 (11th Cir. 2024), the plaintiff voluntarily dismissed its claims without prejudice under Rule 41(a)(1)(A)(i), and the defendant sought attorney's fees under § 505. *Id.* at 1360–61. The Eleventh Circuit held that the defendant was not a prevailing party because "a plaintiff's voluntary decision to dismiss an action without prejudice … fails to confer prevailing-party status on a defendant." *Id.* at 1365. The

Eleventh Circuit explained that "after the voluntary dismissal, the opportunity remain[ed] for [the plaintiff] to re-litigate the exact same claim" and "as a result, [the defendant] remain[ed] at risk." *Id.* This, according to the Eleventh Circuit, "is not the stuff of which a defendant's legal victories are made." *Id.* (alteration adopted) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)). In reaching its holding, the Eleventh Circuit focused on the fact that the plaintiff's voluntary dismissal without prejudice did not supply the necessary "material alteration of the legal relationship of the parties" nor the necessary "judicial imprimatur" on such alteration. *Id.* 1363–66. *See also Royal Palm Vill. Residents, Inc. v. Slider*, 57 F.4th 960, 963 (11th Cir. 2023) (conducting prevailing-party analysis where the notice of voluntary dismissal under Rule 41(a)(1)(A)(i) was *without* prejudice).

Here, of course, there is no dispute that there has been a material alteration of the legal relationship of the parties because the case was dismissed *with prejudice*. *See CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016) (explaining that "touchstone of the prevailing party inquiry" is "the material alteration of the legal relationship of the parties") (quoting *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 789 (1989)). What is not present, given that the dismissal was under Rule 41(a)(1)(A)(i), is the judicial imprimatur because dismissal under that Rule is self-executing. *See Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021) ("[A] plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(i) 'is effective immediately upon [ ] filing,' and thus

no further court order is necessary to effectuate the dismissal.").[3] As such, this Court is left to decide whether a defendant nevertheless prevailed when it litigated the matter and secured a dismissal with prejudice but did so at a point in the litigation (before an answer or motion for summary judgment) where the Court's order of dismissal was merely perfunctory. In short, does a defendant prevail if the dismissal materially changes the relationship between the parties but the dismissal does not require judicial imprimatur other than a perfunctory order closing the matter?

Based on the specific facts present here, the Court finds that the Aliver Defendants are prevailing parties. Plaintiff sought damages and injunctive relief against the Aliver Defendants but obtained neither. *See* ECF No. [114] ¶ 45 ("As a direct and proximate result of Defendants' continuous infringement of Plaintiff's Copyright, Plaintiff is entitled to injunctive relief as well as monetary damages as provided by the Copyright Act[.]"). Instead, after the Aliver Defendants appeared, successfully opposed Plaintiff's request for preliminary injunctive relief, and resisted Plaintiff's claims, Plaintiff voluntarily dismissed its claims against them with prejudice. *See* ECF No. [129].

---

[3] A notice of voluntary dismissal under Rule 41(a)(1)(A)(i) is, by default, without prejudice unless the plaintiff states otherwise. Fed. R. Civ. P. 41(a)(1)(B). Plaintiff's decision here to forgo that default and instead dismiss *with* prejudice at this stage in the litigation, before an answer or motion for summary judgment, is certainly unusual absent some kind of settlement agreement. Notably, Plaintiff has not moved to strike or otherwise change the "with prejudice" designation.

Although the denial of preliminary injunctive relief, standing alone, would not be sufficient to grant the Aliver Defendants prevailing party status,[4] it is important in evaluating the matter in light of the subsequent dismissal with prejudice. At the preliminary injunction hearing, the Aliver Defendants argued—and the Court agreed—that Plaintiff was unlikely to prevail on the merits of its copyright claim against the Aliver Defendants. The Court's denial of preliminary injunctive relief was based on multiple glaring issues with Plaintiff's claim, including that Plaintiff failed to allege or provide evidence to support that the Aliver Defendants had access to or copied Plaintiff's alleged copyrighted artwork and failed to rebut the other issues raised by the Aliver Defendants regarding Plaintiff's creation, ownership, and publishing of the alleged copyrighted artwork. *See Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994) ("To establish copyright infringement, two elements must be proven: ownership of a valid copyright, and copying of constituent elements of the work that are original. [For indirect proof of copying], plaintiff is first required to show that the defendant had access to the plaintiff's work[.]").

It was only after the Court denied Plaintiff's PI Motion, on the basis that Plaintiff was unlikely to prevail on the merits of its claim, that Plaintiff voluntarily dismissed its claims against the Aliver Defendants *with* prejudice. The fact that Plaintiff's notice of voluntary dismissal was *with* prejudice—as opposed to *without* prejudice—is persuasive here even if the dismissal did not require judicial

[4] Ruling on a preliminary injunction does "not conclusively resolve the rights of the parties on the merits" and, standing alone, does "not confer prevailing-party status." *Lackey v. Stinnie*, 604 U.S. 192, 201 (2025).

imprimatur. A voluntary dismissal without prejudice generally leaves the parties as though the action had never been brought and does not prevent the plaintiff from refiling. *See Affordable Aerial,* 108 F.4th at 1364–66. By contrast, Plaintiff's notice of voluntary dismissal with prejudice permanently barred Plaintiff from reasserting the same copyright claims against the Aliver Defendants. *See Great Lakes Ins. SE v. Crabtree*, 176 F.4th 1240, 1245 (11th Cir. 2026) (explaining that once a claim is dismissed with prejudice, "the plaintiff is 'barr[ed] ... from prosecuting any later lawsuit on the same claim'" and that "[b]y its very nature, a 'with prejudice' dismissal 'finally disposes of a party's claim and bars any future action on that claim.'") (quoting *Dismissal With Prejudice* and *With Prejudice*, Black's Law Dictionary (12th ed. 2024)). That dismissal did not only end the litigation as an administrative matter; it changed the legal relationship between the parties because the Aliver Defendants are no longer subject to Plaintiff's copyright claims and Plaintiff cannot bring those claims against the Aliver Defendants again. *See id.* This is precisely the sort of "material alteration in the legal relationship of the parties" that is the "touchstone" of the prevailing-party inquiry. *CRST*, 578 U.S. at 422; *see also Affordable Aerial,* 108 F.4th at 1364 n.6 (in determining whether a party prevailed, distinguishing cases where the plaintiff was prevented from re-litigating the same claim in the future from those where it could refile the claim).

The Court acknowledges that dismissal under Rule 41(a)(1)(A)(i) is self-executing, and that prevailing-party status ordinarily requires "judicial imprimatur." *Absolute Activist Value Master Fund*, 998 F.3d at 1265; *Affordable Aerial,* 108 F.4th

at 1366 ("[F]or a defendant to become the prevailing party, … the rejection of the plaintiff's attempt to alter the parties' legal relationship must be marked by judicial *imprimatur*." (quotation marks omitted)). Here, however, the dismissal with prejudice could never have had that judicial imprimatur because it was done, as a procedural matter, before Defendant answered the Second Amended Complaint. To hold otherwise would mean that a defendant who secures a dismissal with prejudice before an answer would never be entitled to prevailing party status but one who secures that dismissal after the answer would. The distinction here between a dismissal with prejudice before or after the complaint is answered is not a distinction that is meaningful, under these facts, to the Court's determination as to whether the Aliver Defendants prevailed. Indeed, here, the Court denied Plaintiff's PI Motion on the ground that Plaintiff failed to demonstrate a substantial likelihood of success on the merits and identified on the record the specific deficiencies in Plaintiff's allegations against the Aliver Defendants. In doing so, the Court effectively "rebuffed" Plaintiff's claims. *See CRST*, 578 U.S. at 431 (explaining that a defendant "fulfill[s] its primary objective … whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision").

Ultimately, the rights of the parties were conclusively resolved following the preliminary injunction ruling: Plaintiff's subsequent voluntary dismissal with prejudice permanently barred re-litigation of the very claims the Court had already found deficient. The Court's rejection of the viability of Plaintiff's claims coupled with Plaintiff's with-prejudice dismissal renders the Aliver Defendants prevailing parties.

Accordingly, although the unique procedural posture here is not squarely addressed by the Eleventh Circuit, the Court finds that the Aliver Defendants are prevailing parties under 17 U.S.C. § 505 because Plaintiff's voluntary dismissal with prejudice, following the Court's denial of preliminary injunctive relief based on a finding that Plaintiff's claim was not likely to succeed, permanently barred Plaintiff from reasserting the same copyright claims and materially altered the parties' legal relationship in the Aliver Defendants' favor. Under these facts, the Court finds that the Aliver Defendants prevailed.

**A. The Factors Under the Copyright Act Support A Fee Award.**

Under the Copyright Act, courts may award reasonable attorney's fees and costs to the prevailing party in a copyright infringement claim. 17 U.S.C. § 505. "Prevailing plaintiffs and prevailing defendants are to be treated alike," and fees are awarded "only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 (1994). Where a defendant is the prevailing party in a copyright case, the presumption in favor of awarding fees to the defendant is very strong. *See Lil' Joe Wein Music, Inc. v. Jackson*, 2008 WL 2688117, at *4 (S.D. Fla. July 1, 2008).

Courts consider several factors in evaluating a prevailing party's entitlement to fees. These factors include the degree of success obtained, frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence. *See id.* at 535 n.19; *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (identifying "frivolousness, motivation, objective

unreasonableness," including the factual and legal components of the case, "and the need in particular circumstances to advance considerations of compensation and deterrence" as relevant factors to consider when determining whether to award fees). A Court is not required the Court to weigh all of these factors, and "[t]here is no precise rule or formula for making these determinations." *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983). Rather, the factors are a helpful guide in determining whether to award fees, "so long as such factors are faithful to the purposes of the Copyright Act." *Fogerty*, 510 U.S. at 535 n.19.

Here, the relevant factors support an award of fees. As an initial matter, the Aliver Defendants achieved complete success. Plaintiff obtained no damages, no injunction, and no continuing restraint on the Aliver Defendants' conduct. The action ended with prejudice as to the Aliver Defendants, leaving Plaintiff unable to pursue the same copyright claims against them again. ECF Nos. [129], [131].

In addition, the record supports the finding that Plaintiff's copyright theory was objectively unreasonable. Plaintiff alleged infringement of unpublished works but did not adequately allege access, even after the Aliver Defendants identified that deficiency. Plaintiff's theory therefore depended on a factual and legal premise that remained insufficiently supported. The Aliver Defendants also raised substantial issues concerning Plaintiff's ability to establish ownership, copying, and infringement. Those issues undermined Plaintiff's infringement theory and made continued prosecution of the claims unreasonable. Thus, this factor weighs in favor of awarding fees. *See, e.g., Jenkins v. Jury*, No. 07-cv-00133, 2009 WL 248232, at *3

(M.D. Fla. Feb. 2, 2009) (awarding attorney's fees to the defendant because, *inter alia*, there was a "lack of merit" in the claims); *Amadasun v. Dreamworks*, LLC, 359 F. Supp. 2d 1367, 1375-76 (N.D. Ga. 2005) (awarding attorney's fees to the defendant because, *inter alia*, the plaintiff "[made] it impossible for the Court to conclude that Plaintiff ever subjectively believed his positions were reasonable" and because there was a "lack of evidentiary support" for the plaintiff's claims).

Further, compensation and deterrence favor fees. The Aliver Defendants have incurred over $30,000 in fees defending against Plaintiff's claims, claims which Plaintiff ultimately voluntarily dismissed after the Court denied preliminary injunctive relief. *See* ECF Nos. [133-1], [133-2]. An award of fees would thus compensate the Aliver Defendants for the fees incurred. And to deny fees to a successful defendant may encourage plaintiffs without support for their claims "to impose costs [on] defendants or to try to force them to pay settlement fees." *Eclipse Sportswire v. The Sports Mall, LLC*, No. 22-cv-1433, 2025 WL 341711, at *2 (M.D. Fla. Jan. 30, 2025). Fee exposure, by contrast, encourages future plaintiffs to "scrutinize their [case] before bringing suit." *Id.* In addition, "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty*, 510 U.S. at 527. Because Plaintiff failed to support its claims and the Aliver Defendants were required to defend against such claims, the Court finds that an award of attorney's fees promotes considerations of compensation and deterrence.

In sum, the Court finds that the relevant factors weigh in favor of awarding the Aliver Defendants attorneys' fees under the Copyright Act.

**B. The Requested Fees Are Reasonable.**

Reasonable attorney's fees are calculated using the lodestar method, which requires the Court to multiply the reasonable hours expended by a reasonable hourly rate. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). Once calculated, the lodestar carries a "strong presumption" that it represents "the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Here, the Aliver Defendants seek $39,802.50 in attorney's fees, 57.7 hours for attorney Griffin Klema and 33.0 hours for attorney Di Li billed at an hourly rate of $450.00. ECF No. [133] at 18–19. The Aliver Defendants provided supporting declarations and billing records to support their requested fees. ECF Nos. [133-1], [133-2]. Notably, Plaintiff does not oppose the fee calculation, as noted above. Accordingly, the Aliver Defendants are entitled to recover $39,802.50 in reasonable attorney's fees.

## III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Aliver Defendants' Motion for Attorney's Fees, ECF No. [133], is **GRANTED**. Plaintiff shall pay the Aliver Defendants reasonable attorney's fees in the amount of $39,802.50, for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of September, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**